IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE
GUERRA, and KATHERINE
GUERRA,

         Plaintiffs,
vs.                                                     No. CIV  12-827 RHS/LFG

JOE MARTINEZ, CHRISTIAN
LOPEZ, ROBERT VIGIL, DANNY
PACHECO, CITY OF ESPANOLA
EMPLOYEES AND SUPERVISORS
JOHN/JANE DOES 1-5, and CITY
OF ESPANOLA,

         Defendants.

## ORDER ON QUALIFIED IMMUNITY ASSERTION

Defendants may assert qualified immunity as an affirmative defense.  Qualified immunity not only protects governmental employees who perform discretionary functions from liability, but also protects them from the burdens of trial, including discovery.  Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (*citing* Siegert v. Gilley, 500 U.S. 226 (1991)).

In 2001, the United States Supreme Court reminded trial courts of their responsibility to promptly resolve qualified immunity matters at the earliest opportunity lest the defendants lose the very benefit of the qualified immunity defense by having to participate in discovery.  Saucier v. Katz, 533 U.S. 194, 200 (2001); *overruled on other grounds*, Pearson v. Callahan, 555 U.S. 223 (2009).  So, too, the law in this circuit is clear.  When a defendant files a motion for qualified immunity, the defendant is entitled to a stay of discovery.

> Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation. Saucier v. Katz, 533 U.S. 194, 201 (2001). "[E]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." Mitchell, 472 U.S. at 526 (internal quotations omitted).

Jiron, 392 F.3d at 414.

Moreover, the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), makes clear that all discovery for all defendants should be stayed, not just for the individuals asserting qualified immunity. "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" Id. at 685 (internal citation omitted).

> It is no answer . . . to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

Id. at 685-86.

To ensure that Plaintiff has an adequate opportunity to respond to the motion to dismiss or for summary judgment, upon receipt of the potentially dispositive motion, should Plaintiff believe that some discovery on the issue of qualified immunity is necessary, Plaintiff should file a Fed. R. Civ. P. 56(d) (previously Rule 56(f)) affidavit. It will be insufficient for Plaintiff to simply argue that the motion is premature, that discovery is incomplete or that additional discovery must be

undertaken. Rather, Plaintiff must specifically show what discovery is necessary, what the proposed discovery is likely to disclose and how the discovered evidence will assist Plaintiff in overcoming Defendants' *prima facie* showing. *See* Ben Ezra, Weinstein & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir.), *cert. denied*, 531 U.S. 824 (2000) (holding that, under Rule 56(d), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact), *cert. denied*, 531 U.S. 824 (2000); Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1264 (10th Cir. 2006) (Rule 56([d]) affidavit must state with specificity how additional discovery will rebut summary judgment motion), *cert. denied,* 550 U.S. 933 (2007).

    Any 56(d) affidavit should be filed for resolution by the undersigned magistrate judge. The filing of the 56(d) affidavit will serve to stay the response time to the underlying motion. Upon review of the 56(d) affidavit, the magistrate judge will determine if Plaintiff has made a sufficient case for discovery. If so, the Court will issue an order consistent with the "narrowly tailored" requirements of Maxey by Maxey v. Fulton, 890 F.2d 279, 282, 283 (10th Cir. 1989), and will outline what discovery may be taken, the nature and extent of the discovery and the time limit for completing discovery. The Court will also provide Plaintiff with a new response date to the underlying motion.

    Alternatively, if the magistrate judge concludes that Plaintiff has failed to make a sufficient case for discovery, the request for additional discovery on qualified immunity will be denied. In that event, the Plaintiff will still be given a new response date to the underlying motion. All other discovery will be stayed pending the Court's consideration and disposition of the motion on qualified immunity.

_____
Lorenzo F. Garcia
United States Magistrate Judge