## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

                                  Case No. 1:12-CV-00827

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPAÑOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

        Defendants.

### THIRD AMENDED COMPLAINT

1.      This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiffs by the Constitution and laws of the United States and the State of New Mexico. The defendants subjected the plaintiffs to false arrest, unlawful search and seizure, judicial deception, unreasonable or excessive force, conspiracy, assault and battery and the intentional infliction of emotional distress, in contravention of the Constitution and laws of the United States and the Constitution and laws of the State of New Mexico.

### Jurisdiction and Parties

2.      Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3.      During all times mentioned in this action, the plaintiffs ("TONY RAPATZ, ALICE GUERRA and KATHERINE GUERRA") were, and still are, adult citizens of the United States residing in Espanola, New Mexico.

4.      The defendant, City of Española (defendant, "CITY") is a municipal corporation existing under the laws of the State of New Mexico and fully within the boundaries of New Mexico, and is a "person" within the meaning of 42 U.S.C. §1983.  Defendant, CITY, is a governmental entity as that term is used in NMSA 1978 § 41-4-3(B).  The defendant, CITY, operated the Española Police Department and is and was the employer of the all the defendants. Defendant, CITY, was responsible for the hiring, retention, promotion, training, supervision and discipline of employees in the employ of the Española Police Department. The defendant, CITY, had a custom, policy or official act which caused a violation of plaintiffs' constitutional rights.

5.      At all material times the defendant, CITY, had a policymakers, including the Chief of Police, who promulgated "reviewed and approved" the Española Department Directives (hereinafter "EPD Directives").  The EPD Directives were the stated "Policy" of the Española Police Department and which required annual updating by the Chief of Police. The EPD Directives sets forth a procedure by which Commanders and First Line Supervisors draft and submit proposed goals and objectives for the Española Police Department to the Chief and Deputy Chief.  After receipt and review of the proposed goals and objectives, the Chief was responsible for including them in the EPD Directives.  The Chief of Police had final authority regarding what police department goals and objectives were to be included in the EPD Directives.

6.      The defendants, JOE MARTINEZ and CHRISTIAN LOPEZ, were, respectively the Chief of Police and Supervisory Officer for the defendants, ROBERT VIGIL and DANNY

PACHECO. As such the defendants, JOE MARTINEZ and CHRISTIAN LOPEZ, were responsible for the hiring, training, supervision, discipline, and retention of Defendants, ROBERT VIGIL and DANNY PACHECO. Defendant JOE MARTINEZ was a policymaker for the Española Police Department and had authority to set the policy for the Española Police Department. Defendant JOE MARTINEZ the practices and policymaking actions, including omission and commission, of defendant JOE MARTINEZ was the moving force which caused a violation of plaintiffs' constitutional rights.

7.      CHRISTIAN LOPEZ, at all material times, was the Supervisor for defendant ROBERT VIGIL. CHRISTIAN LOPEZ was responsible for ROBERT VIGIL's "training" and "Performance Evaluations" during his employment with the CITY.  Performance Evaluations are a critical part to the training program at the Española Police Department. CHRISTIAN LOPEZ's failure to conduct Performance Evaluations and follow the training policy of the Española Police Department was the moving for and/or cause of the violations of plaintiffs' constitutional rights.

8.      CHRISTIAN LOPEZ, at all material times, failed to do any Performance Evaluations for ROBERT VIGIL nor did CHRISTIAN LOPEZ require that ROBERT VIGIL complete "Use of Force Forms".

9.      The defendants, JOE MARTINEZ and CHRISTIAN LOPEZ, were acting under the existing laws of the State of New Mexico and fully within the boundaries of New Mexico, and are individually a "person" within the meaning of 42 U.S.C. §1983.

10.     At all times material hereto, defendant, JOE MARTINEZ and CHRISTIAN LOPEZ, were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States and the State of New Mexico.

11.    At all material times the defendants, JOE MARTINEZ and CHRISTIAN LOPEZ, acted both individually and through their subordinate employees, agents and representatives and as Supervisory Employees are liable for their acts or omissions pursuant to the doctrine of respondeat superior.

12.    During all times mentioned in this action, the defendant ROBERT VIGIL was duly employed by the City of Española as a police officer, acting in his official capacity. He is sued, however, only in his individual and official capacity.

13.    During all times mentioned in this action, the defendant, DANNY PACHECO, was duly employed by the City of Española as a police officer, acting in his official capacity. He is sued, however, only in his individual and official capacity.

14.    During all times mentioned in this action, the defendant, Chief of Police, JOE MARTINEZ, was duly employed by the City of Española as a police officer, acting in his official capacity. He is sued in his individual and official capacity.

15.    During all times mentioned in this action, the defendant, CHRISTIAN LOPEZ, was duly employed by the City of Española as a Supervisory police officer, acting in his official capacity. He is sued in his individual and official capacity.

16.    During all times mentioned in this Complaint, the defendants, each of them, were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States and the State of New Mexico.

## I.

## FACTUAL BACKGROUND

17.     On May 11, 2010, defendant, ROBERT VIGIL, in open Court, filed an Affidavit for a Search Warrant, in the First Judicial District Court, Rio Arriba County.  In procuring the Affidavit defendant, Robert Vigil, knowingly and intentionally made false statements or statements with reckless disregard for the truth in the Affidavit. It of significance to note that defendant, Robert Vigil, provides no dates or times in the false allegations made in the Affidavit.

18.     For example, and not by way of limitation, Defendant, ROBERT VIGIL, falsely alleges that "Affiant was contacted by two concerned law enforcement entities in reference to a male subject identified as Tony. … Affiant was informed that RAPATZ sells drugs from his residence, and is possibly cooking Methamphetamines at the residence." Further, Affiant falsely alleges that, "according to both entities there is constant traffic in and out of the residence which poses a problem for neighboring citizens." Defendant, ROBERT VIGIL, falsely alleges that, "Affiant had a confidential information (from here on known as IT) visit with the occupants of the home.  It has worked with affiant in previous cases and has been a good and reliable source. It stated that upon visiting Mr. RAPATZ and ALICE GUERRA, he observed items such as but no limited to a flask, heating elements, empty boxes of cold and allergy medication, and acetone."  Further, defendant, ROBERT VIGIL, falsely alleged that "Tony Rapatz, … admitted to cooking methamphamines …" and that "… it [sic] observed firearms in the home to include an assault riffle [sic]."

19.     In 2007 and 2008, the CITY had a policy, custom and practice of not following the EPD Directives involving background checks and the CITY's Personnel Policy regarding background checks.  Police Officers that submitted applications to the CITY for employment as Police Officer were hired without a background check being conducted as required by the CITY. It was discovered that the Defendant ROBET VIGIL was hired without a background check.

Defendant ROBERT VIGIL's background included (1) substantiated citizen complaints with a prior police agency; (2) non-compliance with police department policies and procedures; (3) disciplinary actions by prior police agency employer; (4) docked pay for unprofessional conduct as a police officer; (5) demotion for police captain to patrolman for deficiencies in work performance, including communication and people skills; (6) suspended use of police vehicle for policy violations with former police agency employer; (7) discipline for failure to follow direct orders; (8) arrests for DWI, Battery and Battery Upon a Household Member; and (9) Bankruptcy.

20.     In another instance an officer was hired despite having failed a background check based upon the background investigator's findings and conclusions which included (1) lying on the employment application, (2) documented history of insubordination; (3) failing to show-up for work with a vehicle; (4) violating sick leave policy; and (5) not reporting for duty.

21.     The Chiefs of Police for the CITY, including the defendant Chief JOE MARTINEZ, followed a custom and practice of intentionally and deliberately not conducting Internal Affairs investigations into citizen complaints against officers in the Espanola Police Department.  Defendant Martinez despite having directly received a citizen's complaint of police misconduct deliberately refused to follow the EPD Directives requiring an Internal Affairs Investigation. The CITY policymaker's omission in not following the IAU directives and document and investigate instances of police misconduct was another moving force and cause of Plaintiffs' constitutional violations.

22.     Officers in the CITY's police department were knowingly and intentionally not subject to the CITY's required performance evaluations.  The EPD Directives specifically make performance evaluations a important part of a police officers' training. The CITY's policymakers deliberately indifferent to the rights of the citizens of the CITY had a custom, policy and practice

of failing to properly train police officer who clearly need training in areas material to the instant case. The Policymaker's decision to deliberately ignore the hiring, training and supervision requirements of the EPD Directives and the City's Personnel Policy was the moving force and cause of a violation of Plaintiffs' constitutional rights.

## II.

### JUDICIAL DECEPTION

23.    Plaintiffs re-allege paragraphs 1 through 22.

24.    Defendant's, ROBERT VIGIL, false allegations constitute the tort of Judicial Deception which is a guarantee under the Fourth Amendment to every citizen that his home will be his castle, safe from the arbitrary intrusion of official authority.

25.    Upon information and belief, defendant, ROBERT VIGIL, and defendant, DANNY PACHECO, both Española Police Officers, meet and conspired to submit false information in the Affidavit and Police Reports. For example, and not by way of limitation, defendant, Robert Vigil, listed in his Affidavit that plaintiff possessed "Firearms, firearm accessories, firearm cleaning materials firearms owner's manuals etc…". In addition, Defendant, Robert Vigil, falsely alleges that plaintiffs possessed "Ammunition" and that "Document(s) that establish or tend to establish ownership, possession, use, transfer and/or right to ownership, etc…".

26.    Defendant, ROBERT VIGIL, further failed to disclose to the District Court Judge that defendant, DANNY PACHECO's mother and father were the neighbors of plaintiffs. Defendant did not disclose that DANNY PACHECO's mother and father were complainants in the Affidavit which was used to obtain the Search Warrant. In fact, the Affidavit states "It was brought to my attention by Officer PACHECO that a female (not identified) who resides at 730

Megill got sick …".  However, defendant, ROBERT VIGIL, did not identify the female as defendant, DANNY PACHECO's mother.  Had the false information been omitted and/or the true and correction information regarding the family relationships of the witness as well as other information been revealed, the First Judicial District may not have issued the search warrant. Said conspiracy caused a violation of plaintiffs' Fourth Amendment right to be free from unlawful searches and seizures as set forth under the 1964 Civil Rights Act set forth in 42 U.S.C. §1983.

### III.

### 42 U.S.C. §1983 against the City and Individual Defendants

27.     Plaintiffs re-allege paragraphs 1 through 26.

28.     Plaintiffs' claim damages for the injuries set forth above under 42 U.S.C. §1983 against defendants, CITY, ROBERT VIGIL, DANNY PACHECO, CHRISTIAN LOPEZ and JOE MARTINEZ for violations of their constitutional rights under color of law.

29.     On May 12, 2010, at approximately 6:00 a.m. plaintiffs were sleeping at 732 Megill, Espanola, New Mexico and were, at all times, in full compliance with all laws applicable thereto.  Defendants, along with members of the New Mexico State Police, raided the home of plaintiffs, TONY RAPATZ, ALICE GUERRA and KATHERINE GUERRA.  Present as a guest in plaintiffs' home was Bradley Gonzales.

30.     From the moment defendants broke into plaintiffs' home, none of the plaintiffs were free to leave the scene.

31.     Defendants while executing the "no knock search warrant" did so in a "para-military style" and pointed loaded guns at the plaintiffs.  Defendants approached plaintiffs in an

unreasonably frightening, hostile and aggressive manner. During this time, defendant, ROBERT Vigil, screamed and shouted at the plaintiffs.

32.    Defendants thereafter handcuffed all the plaintiffs including their guest, searched their entire home, their motor vehicles and their personal property without probable cause to do so.

33.    Plaintiffs were taken forcefully out of the residence and in virtually no clothing for showing before all their neighbors.   When plaintiff, TONY RAPATZ, requested that defendants cover his wife, plaintiff, ALICE GUERRA, defendants laughed and ignored his pleas.

34.    During the period of time of the search, the handcuffs on Plaintiffs were so tight that it caused them great pain and suffering. When plaintiff, TONY RAPATZ, brought this to the attention of the defendants, they ignored defendants' pleas to loosen the handcuffs.

35.    After subjecting the plaintiffs to the actions stated herein and holding them in custody and handcuffed for a significant period of time, the defendants admitted that the plaintiffs had committed no crime and released them.   However, defendant, ROBERT VIGIL, alleged to plaintiff, TONY RAPATZ, that he must have been "tipped off" and he (defendant, ROBERT VIGIL) knows plaintiff is a "drug dealer".

36.    During the events described herein, the defendants, CHRISTIAN LOPEZ and/or JOE MARTINEZ, were or were the on-scene supervisor(s). Despite an opportunity and an obligation to prevent the unlawful actions to which the Plaintiffs were subjected, the defendants did not do so.

37.    The actions of the defendants were extreme and outrageous.

38.     The actions of the defendants were intended to cause, or taken with reckless disregard of the likelihood that they might cause, and did cause the Plaintiffs to suffer harm, extreme embarrassment, humiliation and emotional distress.

39.     As a direct and proximate result of the acts of the defendants as described herein, the plaintiffs have suffered severe emotional distress.

40.     As a consequence of the actions of the defendants, the plaintiffs suffered great terror, fear, humiliation, indignity, invasion of privacy, anxiety, stress, emotional and mental upset, injury, were held up to scorn and ridicule, and were publicly treated like criminals.

41.     In the manner described above, the defendants subjected the plaintiffs to false arrest, unlawful search and seizure and unreasonable or excessive force in violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

42.     In the manner described above, the defendants subjected the plaintiffs to false arrest, unlawful search and seizure, unreasonable or excessive force, assault and battery and the intentional infliction of emotional distress, in violation of the Constitution and laws of the State of New Mexico, invoked under this Court's supplemental jurisdiction.

43.     Plaintiffs' injuries were a direct result of Defendants' ratification of citizen complaints alleging assault, battery, excessive force, false arrest and malicious prosecution filed by the Plaintiffs against the Defendants and by their grossly inadequate investigation of citizen complaints. In fact, although Defendants received notice of Plaintiffs' alleged police misconduct on or before Plaintiffs' filed a Torts Claim Notice, no internal-affairs-type investigation was undertaken to determine whether any of the officers involved had acted improperly.

44.     The Defendant, CITY, is liable because it was deliberately indifferent to the obvious need for more or different training, supervision, discipline, and retention of its police

officers with regard to citizen's Fourth Amendment Rights.   This failure to provide proper training, therefore, represents a policy for which the CITY may be held liable.

**IV.**

**Civil Rights Violation - Excessive Use of Force**
(In Violation of the Fourth and Fourteenth Amendments)

45.     Plaintiff re-alleges paragraphs 1 through 44.

46.     Defendants, ROBERT VIGIL and members of the State Police, use of physical force against plaintiffs was without reasonable suspicion or probable cause to believe that Plaintiffs posed any physical danger to anyone, and when plaintiffs had complied with defendants' demands.

47.     The actions of the defendants were intentional.

48.     The actions of the defendants were extreme and outrageous.

49.     The actions of the defendants were intended to cause severe emotional distress.

50.     As a direct and proximate result of the acts of the defendants as described herein the plaintiffs have suffered severe emotional distress.

51.     As a consequence of the actions of the defendants, the plaintiffs have suffered, inter alia, physical injury to their wrists, back, and neck; harm, swelling, bruising, cuts, scrapes and have suffered great terror, fear, humiliation, indignity, invasion of privacy, anxiety, stress, emotional and mental upset and was held up to scorn and ridicule, and were publicly treated like a criminals.

52.     In the manner described above, the defendants subjected the plaintiffs to unreasonable force, false arrest and unlawful search and seizure in violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

53.     Plaintiffs' injuries were a direct result of Defendants' ratification of citizen complaints alleging excessive force filed by the Plaintiffs against the Defendants and by their grossly inadequate investigation of citizen complaints. In fact, although Defendants received notice of Plaintiffs' alleged police misconduct on or before Plaintiffs' filed a Torts Claim Notice, no internal-affairs-type investigation was undertaken to determine whether any of the officers involved had acted improperly.

54.     Defendant ROBERT VIGIL, despite using "force" as set forth in the EPD Directives, never filed a use of force report as required under the directives.

**WHEREFORE,** the plaintiffs request that this Court enter judgment against each of the defendants as follows:

A. Compensatory damages;

B. Punitive damages;

C. Attorney fees and the costs of this action;

D. Such other relief as this Court shall consider fair and equitable.

### Claim for Jury Trial

The plaintiffs claim trial by jury of all issues in this case.

**Respectfully Submitted:**
/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
NEW MEXICO FIRM, LLC
103 St. Francis Drive, Unit A
Santa Fe, NM 87501
(505) 988-9750
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2013, a copy of the foregoing Third Amended Complaint was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system (or CMECF) to:

Robert L. Cole
PO Box 50129
Albuquerque, NM 87181
Email: rlc@rcolelaw.com
*Attorneys for Defendants City of Espanola, Christian D. Lopez, Joe Martinez, Robert Vigil and Danny Pacheco*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins