IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE
GUERRA, and KATHERINE
GUERRA,

        Plaintiffs,
vs.                                                  No. CIV 12-827 RHS/SMV

JOE MARTINEZ, CHRISTIAN
LOPEZ, ROBERT VIGIL, DANNY
PACHECO, CITY OF ESPANOLA
EMPLOYEES AND SUPERVISORS
JOHN/JANE DOES 1-5, and CITY
OF ESPANOLA,

        Defendants.

## ORDER DENYING PLAINTIFFS LIMITED DISCOVERY

THIS MATTER is before the Court on Plaintiff's "Rule 56(d) Affidavit - Supporting Plaintiff's Motion for Continuance Before Decision and Hearing on Motion to Dismiss." [Doc. 63]. Plaintiff requests limited discovery. The request was made necessary due to the Court's stay of discovery. [Doc. 55]

Defendants have filed a motion to dismiss based on qualified immunity. [Doc. 54] Qualified immunity does not just provide immunity from liability, but immunity from suit and other demands of litigation. Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1991) (*citing* Siegert v. Gilley, 500 U.S. 226 (1992)).

Our Circuit precedent, Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004), makes clear that a court has limited discretion and must stay discovery where a defendant asserts a right to qualified immunity. Similarly, the United States Supreme Court has emphasized that "[q]ualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Mitchell v.

Forsyth, 472 U.S. 511, 526 (1985). The privilege "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. at 526 (emphasis added).

Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation. Saucier v. Katz, 533 U.S. 194, 201 (2001), *overruled on other grounds*, Pearson v. Callahan, 555 U.S. 223 (2009). "[E]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." Mitchell, 472 U.S. at 526 (internal quotations and citations omitted).

In Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009), the Supreme Court more recently addressed discovery in terms of a qualified immunity defense. The high Court noted that the defendants who asserted qualified immunity were protected not only from liability, but from the burdens of trial, including discovery. Id. The Supreme Court reasoned that government officials will be distracted from their duties in developing or implementing policy and in performing the responsibilities of their office if forced to participate in discovery while a court determines if immunity is appropriate. Therefore, no discovery should proceed, even with respect to non-qualified immunity defendants.

In this case, although Plaintiffs characterize their request as one for specific and limited discovery, a review of the Rule 56(d) affidavit [Doc. 63] shows that Plaintiffs seek full merits discovery in contravention of Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282, 283 (10th Cir. 1989). For example, Plaintiff want all performance evaluations for all Defendants; information on training manuals and City personnel policy; copies of all citizen complaints against Defendants; information on use of confidential informants; all internal affairs investigations; the written "plan of action" for the "surveillance" conducted on Plaintiffs' residence; the "case plan" for the "Joint Operations" that executed the May 12, 2010 search warrant; documentation showing times, dates,

videos, photographs relevant to the investigation; background investigative reports; all payments made to confidential informants; recorded phone calls between Plaintiff Tony Rapatz and the confidential informant. [Doc. 63 at 4].

It is clear that Plaintiffs are not requesting limited specific discovery directed at the discrete issue of qualified immunity, but seek instead to engage in full, carte blanche discovery. This practice is inappropriate. Should the Court allow Plaintiffs to proceed with such widespread and comprehensive discovery, it would force Defendants to give up the very benefit of their asserted qualified immunity defense, that is, to be free from the burdens of trial, including discovery.

Plaintiffs also contend that a problem arises in this case because Defendants filed an early motion to dismiss before discovery was undertaken. However, the Supreme Court in Saucier, 533 U.S. at 200, directs courts to decide these issues at the earliest possible time. Thus, the timing of Defendants' motion to dismiss is consistent with the Supreme Court's mandate in Saucier. The Court concludes that Plaintiffs have not put forward a compelling case for discovery. *See* Ben Ezra, Weinstein & Co. v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir.), *cert denied*, 531 U.S. 824 (2000).

IT IS THEREFORE ORDERED that Plaintiffs' motion for discovery is DENIED. The Court further denies the request for a "continuance."

                                     *Lorenzo F. Garcia*
                                     Lorenzo F. Garcia
                                     United States Magistrate Judge