UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

    Plaintiffs,

v.                                                  Cause No.:    CIV 12-00827 RHS/LFG

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and
SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

    Defendants.

## DANNY PACHECO'S
## MOTION AND CONSOLIDATED MEMORANDUM
## TO DISMISS THIRD AMENDED COMPLAINT
## AND
## MOTION FOR QUALIFIED IMMUNITY

**COMES NOW,** Defendant, Danny Pacheco, by and through his attorney, Law Office of Robert Cole (Robert Cole) and hereby move the Court for its Order dismissing all claims against him, contained in the Third Amended Complaint [Doc. 78], pursuant to Federal Rules of Civil Procedure 12(c) and 12(b)(6), for failure to state a claim, and to assert his defenses of Qualified Immunity.

### INTRODUCTION

Plaintiffs' Third Amended Complaint asserts claims against multiple defendants, including Defendant Pacheco for "money damages to redress the deprivation by the defendants of rights secured to the plaintiffs by the Constitution and laws of the United States and the State of New Mexico. The Complaint alleges that "the defendants" subjected the plaintiffs to false

arrest, unlawful search and seizure, judicial deception, unreasonable or excessive force, conspiracy, assault and battery and the intentional infliction of emotional distress, in contravention of the Constitution and laws of the United States and the Constitution and laws of the State of New Mexico". [Doc. 78 ¶ 1]

Specifically, Plaintiffs claim damages for the injuries ... under 42 U.S.C. §1983 against defendants, ...DANNY PACHECO, for violations of their constitutional rights under color of law. [Doc. 78 ¶ 28]

Plaintiffs' claims arise out of an incident that occurred on May 12, 2010, when "[d]efendants, along with members of the New Mexico State Police, raided the home of plaintiffs" [Doc. 78, ¶29], while executing a "no knock search warrant". [Doc. 78, ¶ 31]

Plaintiffs' do not allege that Officer Pacheco was present during the incident of May 12, 2010. The basis for Plaintiffs' claims against officer Pacheco is set forth in **Count II** of the Complaint as **Judicial Deception** and consist of allegations that "[u]pon information and belief", Officer Pacheco and Defendant, Officer Robert Vigil "meet (sic) and conspired to submit false information" in Officer Vigil's Affidavit for the search warrant executed on May 12, 2010 [Doc. 78, ¶ 25], and that Officer Vigil "failed to disclose to the District Court Judge that defendant, DANNY PACHECO's mother and father were the neighbors of plaintiffs" and the complaining witnesses. Plaintiffs go on to contend that had the "true and correction information regarding the family relationships of the witness … been revealed, the First Judicial District **may not** have issued the search warrant. [Doc. 78, ¶ 26] (emphasis added)

The allegations contained in Plaintiffs' Third Amended Complaint fail to raise Plaintiffs' claim against Officer Pacheco above the speculative level and ask the court to infer the mere possibility of misconduct by Officer Pacheco. As such, Plaintiffs' Complaint failed to state a plausible claim and should be dismissed.

Alternatively, Officer Pacheco is entitled to Qualified Immunity because the act of directing his parents to Officer Vigil with information regarding the activity at the Rapatz residence is objectively reasonable.

## LAW REGARDING 12(b)(6) MOTIONS

The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). Instead, the Court has emphasized that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Specifically, if a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [the] complaint should be dismissed." *Id.* at 570. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has merely alleged but has not shown that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 1949.

The Tenth Circuit has embraced this standard. Thus, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original). A

complaint cannot survive without "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.,* 493 F.3d 1225, 1235 (10th Cir. 2007).

**LIABILITY UNDER 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress… *42 U.S.C. § 1983*.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Individual, non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. *Martinez v. Carson,* 697 F.3d 1252, 1255 (10th Cir. 2012)

Under § 1983, "Defendants are liable for the harm proximately caused by their conduct." *Martinez v. Carson*, 697 F.3d at 1255.

Thus, government actors may be liable for the constitutional violations that another committed, if the actors "set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights," thus establishing the "requisite causal connection" between the government actor's conduct and a plaintiff's constitutional deprivations. *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

## LAW REGARDING QUALIFIED IMMUNITY

"[G]overnmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 808, 818 (1982). Where qualified immunity is raised as a defense to a Section 1983 claim, it is plaintiff's burden to point to particular facts that overcome the defense. *See Mitchell v. Forysthe*, 472 U.S. 511, 526 (1985). Plaintiffs' burden has been described by the Tenth Circuit as a "heavy two- part burden," entailing first a showing that defendant's actions violated a constitutional right, and second, that those rights were clearly established at the time of the conduct at issue. *Albright v. Rodriquez*, 51 F.3d 1531, 1534 (10th Cir. 1995). The Tenth Circuit has held that:

> [P]laintiff must do more than identify a clearly established legal test and then allege that the defendant has violated it. The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited. The 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'

*Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990)(quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The law is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as plaintiff maintains. *Farmer v. Perrill*, 288 F.3d 1254, 1259 (10th Cir. 2002). It is not necessary to examine this two part burden in any mandatory sequence. *Pearson v. Callahan*, 129 S. Ct. 808 (2009).

The Tenth Circuit stated that, for a theory of judicial deception to survive qualified immunity, there must be a "specific affirmative showing of dishonesty by the applicant." Snell v. Tunnell, 920 F.2d at 698

*PLAINTIFFS FAILED TO STATE A 42 U.S.C. §1983 CLAIM AGAINST OFFICER PACHECO*

Plaintiffs claim damages for their injuries under 42 U.S.C. §1983 against Officer Pacheco for violations of their constitutional rights under color of law. [Doc. 78, ¶ 28]

**Plaintiffs' Allegations Against Officer Pacheco**

For their claim pursuant to the provisions of 42 U.S.C. §1983, Plaintiffs allege, in Count II, Judicial Deception, "[u]pon information and belief", that Officer Pacheco and co-defendant, Officer Robert Vigil, "meet [sic] and conspired to submit false information in the Affidavit and Police Reports" [Doc. 78, ¶ 25, first sentence] and that the "conspiracy caused a violation of plaintiffs' Fourth Amendment right to be free from unlawful searches and seizures as set forth under the 1964 Civil Rights Act set forth in 42 U.S.C." [¶ 25, last full sentence]

**Plaintiffs' Allegations of Conspiracy with Officer Vigil**

According to Plaintiffs' Complaint, Officer Pacheco's alleged participation in the alleged conspiracy with Officer Vigil is the only conduct attributable to Officer Pacheco for which he may be held liable.

The nature of the conspiracy in which Officer Pacheco and Officer Vigil are alleged to have participated, is contained in Count II, Judicial Deception, and allege conduct by Officer Vigil as follows:

- "Defendant, ROBERT VIGIL, further failed to disclose to the District Court Judge that defendant, DANNY PACHECO's mother and father were the neighbors of plaintiffs". [Doc. 78, ¶ 26, first full sentence]

6

- "Defendant did not disclose that DANNY PACHECO's mother and father were complainants in the Affidavit which was used to obtain the Search Warrant." [Doc. 78, ¶ 26, second full sentence]
- 'In fact, the Affidavit states "It was brought to my attention by Officer PACHECO that a female (not identified) who resides at 730 Megill got sick …".' [Doc. 78, ¶ 26, third full sentence]
- "However, defendant, ROBERT VIGIL, did not identify the female as defendant, DANNY PACHECO's mother." [Doc. 78, ¶ 26, fourth full sentences]
- Had the false information been omitted and/or the true and correction (sic) information regarding the family relationships of the witness as well as other information been revealed, the First Judicial District may not have issued the search warrant. [Doc. 78, ¶ 26, fifth full sentences]
- "Said conspiracy caused a violation of plaintiffs' Fourth Amendment right to be free from unlawful searches and seizures as set forth under the 1964 Civil Rights Act set forth in 42 U.S.C. §1983." [¶ 25, last full sentence]

## ARGUMENT

Plaintiffs' claims against Officer Pacheco are based entirely on Officer Pacheco's alleged participation in a conspiracy with Officer Vigil to submit false information in a search warrant affidavit submitted to the state district court by Officer Vigil. Notwithstanding Plaintiffs' attempt to support their claims by selectively quoting portions of Officer Vigil's Affidavit for Search Warrant out of context, Plaintiffs' state that their basis for a claim against officer Pacheco is made on "information and belief". [¶ 25] Plaintiffs do not specify upon what information their allegation is based. Nor do they disclose the basis for their belief that Officer Pacheco conspired with Officer Vigil.

7

Plaintiffs have made a mere allegation of conspiracy without providing the grounds for the allegation. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has merely alleged but has not shown that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The alleged false information consists of failing to disclose in the affidavit that the Officer Pacheco's parents were the individuals who first brought certain activities at the Plaintiffs' residence to the attention of Officer Vigil. Plaintiffs go on to speculate that the First Judicial District Court "**may no**t have issued the search warrant" if the familial relationship of the witness to Officer Pacheco had been revealed in the Affidavit. [Doc. 78, ¶ 26, fifth full sentences] emphasis added. "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555. Specifically, if a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [the] complaint should be dismissed." *Id* at 570.

The only factual allegation regarding any conduct by Officer Pacheco and Officer Vigil is as follows: 'In fact, the Affidavit states "It was brought to my attention by Officer PACHECO that a female (not identified) who resides at 730 Megill got sick …".' [Doc. 78, ¶ 26, third full sentence]. Plaintiffs have merely labeled a referral by Officer Pacheco of his parents' information to Officer Vigil as a conspiracy. Plaintiffs' label of conspiracy is insufficient to support a claim against Officer Pacheco. "[A] plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 570.

The allegations against Officer Pacheco, as set forth in Plaintiffs' third Amended Complaint are not sufficient to sustain a claim against Officer Pacheco for violation of Plaintiffs' constitutional right to be free from unreasonable search and seizure.

### *OFFICER PACHECO IS ENTITLED TO QUALIFIED IMMUNITY*

Notwithstanding the foregoing, Officer Pacheco is entitled to qualified immunity because it was objectively reasonable for Officer Pacheco, any law enforcement officer, or private citizen, to bring information of possible criminal activity from his parents, or any other citizen, to the attention of the proper authority, Officer Vigil, for investigation and appropriate action.

### CONCLUSION

As set forth above, the allegations contained in Plaintiffs' Third Amended Complaint are not sufficient to support a cause of action against Defendant, Espanola Police Officer, Danny Pacheco and, therefore, should be dismissed, pursuant to Rule 12(b)(6).

Notwithstanding the foregoing argument for dismissal of Plaintiffs' cause of action for failure to state a claim, if the Court finds that Plaintiffs' allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss, Officer Pacheco asserts his right to Qualified Immunity.

**WHEREFORE,** Defendant Danny Pacheco respectfully prays the Court for its Order dismissing, with prejudice, all claims against him in Plaintiffs' Third Amended Complaint, and for such relief as the Courts deems proper, or, in the alternative, granting Defendant Pacheco's right to Qualified Immunity.

Respectfully Submitted,

Law Office of Robert Cole

By: /s/ Robert Cole
    Robert Cole,
    Attorney for Defendant Danny Pacheco

I HEREBY CERTIFY that on the 19th day of March, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Nathaniel V. Thompkins: : nate@newmexicofirm.com
*Attorney for Plaintiffs*

/s/ Robert Cole
Robert Cole