IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

    Plaintiffs,

v.                                                  No. 12-cv-0827 RHS/SMV

JOE MARTINEZ, CHRISTIAN LOPEZ,
ROBERT VIGIL, DANNY PACHECO,
CITY OF ESPAÑOLA EMPLOYEES AND
SUPERVISORS JOHN/JANE DOES, and
CITY OF ESPAÑOLA,

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION
## FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER comes before the Court on Plaintiffs' Motion for Partial Summary Judgment (Doc. 96). The Court has now examined and considered the Motion together with Defendants' Response (Doc. 105), Plaintiffs' Reply (110), as well as the pleadings on file in the above-captioned cases, and hereby concludes that the Motion is not well-taken and should be denied.

### BACKGROUND

This case involves the obtaining and execution of a search warrant for certain property owned and occupied by the Plaintiffs. As a result of the execution of the warrant on May 11, 2010, the Plaintiffs bring multiple claims in their Third Amended Complaint (Doc. 78) and now ask the Court to grant partial summary judgment against Defendants Joe Martinez, Christian Lopez and Robert Vigil.

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this assessment, the Court must view the evidence in the light most favorable to the Defendants. Noland v. McAdoo, 39 F.3d 269, 271 (10th Cir. 1994).

The parties may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable, such that a jury could reasonably return a verdict in favor of the non-moving party. Id. at 249-50 (internal citations omitted).

## PLAINTIFFS' MOTION FAILS TO STATE THE CLAIM FOR WHICH THEY SEEK PARTIAL SUMMARY JUDGMENT

The Plaintiffs' Third Amended Complaint (Doc. 78) asserts that the Defendants violated their state and federal constitutional rights. In Count II, the Plaintiffs allege that Defendant Vigil and Defendant Pacheco committed judicial deception by falsifying information on the affidavit for a search warrant. Count III includes 42 U.S.C. §1983 claims against the Defendants; specifically, the Plaintiffs allege that the Defendants violated Plaintiffs' fourth and fourteenth amendment rights when they executed said search warrant, and illegally seized and searched the Plaintiffs' person and property without probable cause. Count IV contains allegations of excessive force during the execution of the search warrant.

After careful consideration of the Plaintiffs' submittals in support of their Motion, it is not apparent on which part of the Third Amended Complaint (See Doc. 78) the Plaintiffs seek partial summary judgment. The Defendants object on the basis that none of the Plaintiffs' asserted undisputed facts support any of their claims in the Third Amended Complaint (See Response, Doc. 105). The Court agrees with the Defendants and sustains their objection.

The first and last paragraphs of the Motion pray for partial summary judgment against the Defendants, Robert Vigil, Christian Lopez and Joe Martinez (See Doc. 96 at 1, 22). A reasonable reading of this prayer for relief indicates that the Plaintiffs seek a favorable judgment for all claims asserted against these named Defendants in the Third Amended Complaint.

However, the Plaintiffs clarify that they are not seeking judgment on their claim of Judicial Deception (Count II) in their Reply in support of their Motion (See Doc. 111 at 5). They assert that their arguments and exhibits in their motion are propounded in support of summary judgment on Count III (See Doc. 111 at 21). It still remains unclear whether the Plaintiffs seek summary judgment on either all or part of Count III.

Count III contains allegations of excessive force, false arrest, and unlawful search and seizure. The Plaintiffs' Statement of Undisputed Material Facts is completely devoid of any factual allegations regarding use of force, or any evidence which tends to support the allegations in Count III that the Plaintiffs were physically searched and seized by the Defendants. Instead, the Statement of Undisputed Material Facts focuses on the insufficiency and invalidity of the affidavit used in obtaining the search warrant; yet, there are no allegations in Count III or anywhere else in the Third Amended Complaint that the affidavit was facially invalid. Further, many of the allegations asserted in the Statement of Undisputed Material Facts are simply legal

conclusions (See, e.g., Doc. 96 at 5, ¶¶ 5, 7-8). Unsupported conclusory allegations are not sufficient under the summary judgment standard. See supra Anderson v. Liberty Lobby, Inc.

The Court cannot begin its analysis under Rule 56 Fed. R. Civ. P. if the Plaintiffs do not specify which claim or subpart of the claim is the intended subject of scrutiny. To the extent the Plaintiffs are seeking summary judgment solely on the element of lack of probable cause in Count III, they are required to specifically request this relief pursuant to Rule 56(a). Therefore, the Court will deny the Plaintiffs' motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (Doc. 96) is hereby DENIED.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE