IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

    Plaintiffs,

v.                                                           No. 12-cv-0827 RHS/SMV

JOE MARTINEZ , CHRISTIAN LOPEZ,
ROBERT VIGIL, DANNY PACHECO,
CITY OF ESPAÑOLA EMPLOYEES AND
SUPERVISORS JOHN/JANE DOES, and
CITY OF ESPAÑOLA,

    Defendants.

**ORDER DENYING DANNY PACHECO'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT AND FOR QUALIFIED IMMUNITY**

THIS MATTER comes before the Court on Danny Pacheco's Motion to Dismiss Third Amended Complaint and for Qualified Immunity (Doc. 95). The Court has reviewed the Motion together with Defendant Pacheco's Response (Doc. 103), the Plaintiffs' Reply (Doc. 109), as well as the Plaintiffs' Sur-Response (Doc. 115), and finds that the Motion should be DENIED.

### BACKGROUND

This case involves the Plaintiffs' alleged violations of their federal and state constitutional rights. The Plaintiffs claim in their Third Amended Complaint (See Doc. 78) that Defendant Robert Vigil made false allegations of the Plaintiffs' illegal drug activity in an

1

affidavit to obtain a search warrant. They assert that Defendant Danny Pacheco conspired with Defendant Vigil to make those false allegations (See Doc. 78 at ¶¶23-26).

The Plaintiffs also assert their "claim damages for the injuries . . . under 42 U.S.C. §1983 against defendants, CITY, ROBERT VIGIL, DANNY PACHECO, CHRISTIAN LOPEZ, AND JOE MARTINEZ for violations of their constitutional rights under the color of law (See Doc. 78 at ¶28). In support of this claim, the Plaintiffs contend that on May 11, 2010, "Defendants . . . raided the home of plaintiffs" and "approached plaintiffs in an unreasonable frightening, hostile and aggressive manner" (See Doc. 78 at ¶¶29, 31). The Plaintiffs assert that "Defendants thereafter handcuffed all the plaintiffs including their guest, searched their entire home, their motor vehicles and their personal property without probable cause to do so" (See Doc. 78 at ¶32). The Plaintiffs continue to make factual assertions to implicate the Defendants for violations of the Plaintiffs' rights to be free from unreasonable searches, seizures, and excessive force throughout the Third Amended Complaint.

Defendant Pacheco filed his motion to dismiss and for qualified immunity, arguing that the Plaintiffs have failed to state a claim for relief against him under Fed. R. Civ. P. 12(b)(6) (See Doc. 95). Defendant Pacheco alleges that the only basis for the Plaintiffs' § 1983 claim is his alleged conspiracy to commit judicial deception with Defendant Vigil. He asserts that the Plaintiffs have asserted only conclusory allegations of conspiracy, and that the Third Amended Complaint is devoid of factual allegations to support this claim (See Doc. 95 at 8-9). He argues that the "Plaintiffs do not allege that Officer Pacheco was present during the [execution of the search warrant]" (See Doc. 95 at 2). Accordingly, Defendant Pacheco submits that he should be dismissed under Rule 12(b)(6).

Alternatively, if the Court does not dismiss on the basis of Rule 12(b)(6), Defendant Pacheco asserts dismissal is appropriate on the basis of qualified immunity. As grounds, he argues that his actions were objectively reasonable when he alerted the authorities of his parents' complaints of possible criminal activity (See Doc. 95 at 9).

The Plaintiffs respond with the assertion that they are not required to plead every fact necessary to win a conspiracy claim at trial, so long as "the court can plausibly infer the necessary unarticulated assumptions" (Response, Doc. 103 at 8). The Plaintiffs argue that the conspiracy by Defendant Pacheco caused injuries to the Plaintiffs under 42 U.S.C. §1983. They do not directly address whether Defendant Pacheco was present for the search warrant, and instead focus their arguments on the conspiracy claims as the moving force behind their §1983 claims against Defendant Pacheco.

The Court, after reviewing the briefing submitted by the Parties, determined that it was unclear as to whether the Plaintiffs were alleging in their Third Amended Complaint that Defendant Pacheco was present at the execution of the search warrant on May 12, 2010. As a result, the Court ordered a Sur-Response from the Plaintiffs to respond to this limited question (See Doc. 113). The Plaintiffs filed their Sur-Response (See Doc. 115) and stated that "Plaintiffs' Third Amended Complaint . . . does allege that the Defendant Danny Pacheco was among the Defendants that raided the home of the Plaintiffs' [sic] on May 12, 2010."

**Rule 12(b)(6) Standard**

Fed. R. Civ. P. 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When deciding a Rule 12(b)(6) motion, the court must accept as true all well-pleaded facts in the complaint and construe them in the light most favorable to the plaintiff. See Stidham v. Peace Officers Standards & Training, 265 F.3d 1144,

1149 (10th Cir. 2001). The Court is not, however, bound by conclusory allegations and legal conclusions within the complaint. See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994). The Court is limited to test the sufficiency of allegations contained only "within the four corners of the complaint" when analyzing a Rule 12(b)(6) motion. Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(internal citations and quotations omitted).

The first step in the Court's analysis is to "identify[] the allegations of the complaint that are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009). The second step is to "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681. "Plausibility" requires more than the "mere possibility of misconduct;" the pleaded facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

**Law on Qualified Immunity**

Qualified immunity recognizes the legitimate "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982)(quoting Butz v. Economou, 438 U.S. 478, 506 (1987)). Qualified immunity therefore "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

When a government official asserts the defense of qualified immunity in the context of a motion to dismiss, the burden shifts to the plaintiff to establish well-pleaded facts in the Complaints which demonstrate "that the defendant's actions violated a constitutional or statutory right." Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001)(citations and internal quotations

4

omitted). If the plaintiff satisfies this first burden, he must demonstrate "that the right at issue was clearly established at the time of the defendant's unlawful conduct." Id. If either prong is not established, the defendant is entitled to qualified immunity. Albright v. Rodriguez, 52 F.3d 1531, 1535 (10th Cir. 1995).

To determine whether the right was "clearly established," the Court assesses the objective legal reasonableness of the action at the time of the alleged violations and whether "the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Wilson v. Layne, 526 U.S. 603, 615 (1999). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992).

## DISCUSSION

### I. Rule 12(b)(6) Analysis

The Court finds that there are sufficient factual allegations contained in the Third Amended Complaint which, taken as true, state a claim for relief under 42 U.S.C. §1983. Despite Defendant Pacheco's assertion that the "Plaintiffs do not assert Defendant Pacheco was present" at the execution of the search warrant (See Doc. 95 at 2), a review of the Third Amended Complaint, on its face, indicates that Defendant Pacheco was allegedly present and participated in the search and seizure. The Plaintiffs repeatedly and collectively refer to the "defendants" throughout Counts III and IV. The Court, bound by the four corners of the Complaint, must assume that "defendants" includes Defendant Pacheco. To the extent there was any ambiguity as to who was included in the term "defendants," the Plaintiffs' Sur-Response

5

(See Doc. 115) resolves this issue by identifying Defendant Pacheco as one of the defendants present for the execution of the search warrant.

Therefore, the Court will analyze all claims against Defendant Pacheco, including Counts III and IV, pursuant the standard in Ashcroft v. Iqbal. The Court first distinguishes factual content allegations from relevant legal conclusions in the Third Amended Complaint with respect to Defendant Pacheco. The Court agrees that the assertions that Defendant Vigil and Defendant Pacheco conspired to submit false information in the affidavit and police reports are conclusory allegations (See Doc. 78 at ¶25). Similarly, the allegations that the Defendants violated the Plaintiffs' constitutional rights under the color of law would be legally conclusory without more factual support.

Nonetheless, the factual allegations in the Third Amended Complaint, taken as true, support the Plaintiffs' claims for relief under 42 U.S.C. §1983. Among other factual allegations, the Plaintiffs pleaded that the Defendants "pointed loaded guns at the plaintiffs," were unreasonably hostile and aggressive, and placed handcuffs on the Plaintiffs which were so tight they caused "great pain and suffering" (See Doc. 78 at ¶¶31, 34). As a result, the Court concludes that there are sufficient well-pleaded facts against Defendant Pacheco to state a claim under which relief may be granted.

## II. Qualified Immunity Analysis

The Court further finds that Defendant Pacheco is not entitled to qualified immunity. The Parties, again, focus their arguments related to qualified immunity on the conspiracy claim. However, Defendant Pacheco is only entitled to qualified immunity if the Plaintiffs cannot establish any violation of their clearly established rights in the Third Amended Complaint.

For the reasons stated above, the Third Amended Complaint's pleaded allegations demonstrate a cause of action for violations of the Plaintiffs' constitutional rights to be free from excessive force and unreasonable searches and seizures. Accordingly, the Plaintiffs have pleaded sufficient allegations in their Third Amended Complaint to establish the first burden of the qualified immunity test.

The next step is to determine whether or not the violation of law committed was clearly established at the time of its occurrence. It was well-established at the time of the incidents described in the Third Amended Complaints that the Plaintiffs had a right to be free from unreasonable searches, seizures, and excessive force. See, e.g., Kentucky v. King, 131 S.Ct. 1849, 1856 (2011); Graham v. Connor, 490 U.S. 386 (1989). As a result, Defendant Pacheco is not entitled to qualified immunity based on the allegations contained in the Third Amended Complaint.

**IT IS THEREFORE ORDERED** that Danny Pacheco's Motion to Dismiss Third Amended Complaint (Doc. 95) is hereby denied.

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE