# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        **Plaintiffs,**

v.                                  Cause No.:    CIV 12-00827 RHS/SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and
SUPERVISORS JOHN/JANE DOES 1
through 5, individually,

        **Defendants.**

## RESPONSE TO PLAINTIFFS' THIRD MOTION TO AMEND COMPLAINT

Defendants, through their attorney of record, hereby Respond to Plaintiffs' Motion to Amend or Supplement Complaint and for leave to file their Fourth Amended Complaint.

**INTRODUCTION**

Plaintiffs' Motion requests leave of the Court to file a Fourth Amended Complaint [Doc. 120, pp. 11-28]. Plaintiffs' proposed Fourth Amended Complaint includes a claim as Count IV "**42 U.S.C. §1983 against the City and Individual Defendants** Execution Of A General Search Warrant Containing No Probable Cause" [Doc. 120, p. 25]

Although the Search Warrant was the focus all prior Complaints, this claim was not raised in any of Plaintiffs' four prior Complaints.

In all prior Complaints, Plaintiffs alleged that the search warrant was obtained by Judicial Deception due to Defendants Pacheco and Vigil's conspiracy to submit false information in Defendant Vigil's Affidavit for Search Warrant. (Third Amended Complaint [Doc. 78 at page 7.])

Plaintiffs now move the Court for leave to amend their Complaint to include additional allegations regarding the search warrant because "[j]ustice [s]o [r]equires". (Plaintiffs Third Amended Motion to Amend or Supplement Complaint [Doc. 120 at page 5] ).

In support of this claim Plaintiffs' proposed Fourth Amended Complaint makes only conclusory allegations that the search warrant was invalid because it was overly broad and lacked probable cause.

Count V of Plaintiffs' proposed Fourth Amended Complaint makes a claim for "false arrest". The allegations contained therein consist of Plaintiffs' conclusions rather than factual allegations.

Plaintiffs' conclusory allegations will not withstand a motion to dismiss pursuant to Rule 12. Therefore, Plaintiffs' Motion to Amend is futile and should be denied.

**STANDARD FOR MOTION TO AMEND**

A party may amend its pleading once as a matter of course within twenty-one days after serving it, or, if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earliest. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely

give leave when justice so requires." Id. The decision to grant leave is within the court's discretion. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). A court may deny leave to amend if granting the amendment would be futile. Grossman, 120 F.3d at 1126. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Courts generally "afford[ the plaintiff] an opportunity to test his claim on the merits," unless there are grounds to deny leave. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Such grounds may include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

## ARGUMENT

**Plaintiffs' Motion is Untimely and Intended for the Purpose of Delaying the Court's decision on Defendants Lopez and Martinez' Motion to Dismiss and for Qualified Immunity. [Doc. 91]**

Plaintiffs compare the circumstances of the instant case to the circumstances cited by the 10th Circuit's decision in *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) as follows:

> "In *Minter* the plaintiff uncovered evidence in discovery that contradicted what the retailer had represented as being the condition of the product which it purchase and sold. The newly discovered evidence changed the plaintiff's theory of the case and claims against the retailer. Armed with an Expert Witness report the Plaintiff amended the Complaint by asserting a new claim in the pre-trial order. *Id.* The District Court struck the amendment from the pretrial order and the decision to strike was reversed by the 10th Circuit Court of Appeals."

(Motion to Amend [Doc.120] p.6, under heading "A. Timeliness")

Plaintiffs urges the Court to infer that the allegations in their proposed Fourth Amended Complaint are the result of newly discovered evidence:

> "Plaintiffs' counsel spoke with several Police Officers on the topic of the Search Warrant and discovered that the Search Warrant did not limit the scope of the search and did not relate the search of the entire house, cars and garage to any particular crime and was therefore a General Search Warrant which violated Plaintiffs' Fourth Amendment Rights. Therefore, the instant Motion is based upon the fact that the Search Warrant and Affidavit which were issued and executed upon in this case violated Plaintiffs' Fourth Amendment Rights as it is a General Search Warrant which lacks probable cause."
> ( Third Motion to Amend [Doc. 120 at p.7, first full paragraph])

As stated in Plaintiffs' Motion, The 10th Circuit focuses on the reason for the delay. *Frank v. U.S. West*, 3 F.3d 1365-66 (10th Cir. 1993). Plaintiffs are also correct in that "the New Mexico Supreme Court, the Tenth Circuit and U.S. Supreme Court, in 42 U.S.C. § 1983 cases, they limit their review in determining probable cause and a general warrant to the four corners of the Search Warrant. See, respectively, *State v. Haidle*, 285 P.3d 668, 673 (2012); *Cassidy v. Goering*, 567 F.3d 628, 643 (10th Cir.); and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986), also see, *United States v. Harvey*, 514 F. Supp. 2d 1257, 1259 (D. Kan. 2007) ("If the judge only considered a supporting affidavit in issuing the warrant, <u>the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners</u>.")." (Motion to Amend [Doc. 120] p.9)

Plaintiffs have had four opportunities to allege that the Search Warrant was invalid on its face. Now they move the Court for a fifth opportunity to file a complaint

in order to raise this issue when the Search Warrant and supporting affidavit have been known and have comprised an integral part of all litigation in this case. The claim that it is newly discovered evidence because Plaintiffs' counsel "spoke with several Police Officers on the topic" at this point is, at best, disingenuous.

## **Plaintiff's Proposed Fourth Amended Complaint Could Not Survive a Motion to Dismiss, Pursuant to Rule 12.**

### **Plaintiffs fail to allege any claims that are not contained in their Third Amended Complaint**

Plaintiffs' proposed Fourth Amended Complaint is substantially the same as Plaintiffs Third Amended Complaint except for the addition of Count IV, alleging that the search warrant was invalid on its face because it was general in nature and lacked probable cause and Count V alleging "false arrest".

Count IV is unclear as to Defendants' liability for the actions for the issuance of the search warrant. As stated by Plaintiff, the Search Warrant was issued by The First Judicial Court. [Doc. 120, Exhibit A, ¶ 19] As such, the extent of the warrant and probable cause were found to be sufficient by the court. With the addition of Count IV, Plaintiffs now challenge the efficacy of that court's decision to issue the search warrant.

However, if Plaintiffs' proposed Fourth Amended Complaint alleges that the issuance of the search warrant was due to the acts or omissions of Defendants, it is duplicative of Plaintiffs' Third Amended Complaint, Count II, Judicial Deception. [Doc. 78, p. 7]

The remaining allegations contained in Plaintiffs' Count IV of their proposed Fourth Amended Complaint are substantially as the same allegations from Plaintiffs' Third Amended Complaint.

<u>58. On or about May 12, 2010, at approximately 6:00 a.m. plaintiffs were sleeping at 732 Megill, Espanola, New Mexico and were, at all times, in full compliance with all laws applicable thereto. Defendants, along with members of the New Mexico State Police, raided the home of plaintiffs, TONY RAPATZ, ALICE GUERRA and KATHERINE GUERRA. Present as a guest in plaintiffs' home was Bradley Gonzales. Defendants placed Plaintiffs in handcuffs and held them for approximately two or more hours before announcing that they found nothing that indicated a crime had been or was being committed.</u> [Doc. 120, ¶ 58]

See Third Amended Complaint [Doc. 78], ¶ 29.

<u>59. Defendants executed a pre-approved "NO KNOCK" Search Warrant without the Affiant, Defendant Robert Vigil, providing in the Affidavit and/or Search Warrant articulable facts that there was a reasonable likelihood that Plaintiffs' would use weapons against the officers if the police knocked and announced their presence and intent. Defendants' actions in not knocking on Plaintiffs' door and announcing their presence and thereby giving Plaintiffs an opportunity to open the door before Defendants entered Plaintiffs' home resulted in Plaintiffs being falsely arrested and falsely imprisoned.</u> [Doc. 120, ¶ 59]

See Third Amended Complaint [Doc. 78], ¶ 31.

Plaintiffs' Count V alleges false arrest as part of the description of the allegations. [Doc. 78, p. 15.] Plaintiffs' Third Amended Complaint contains the same general conclusory contention of "false arrest". See above as well as Third Amended Complaint [Doc. 78], ¶¶ 31, 41, 42.

Plaintiffs' Third Amended Complaint, under the heading "Factual Background" contains the following allegations:

> On May 11, 2010, defendant, ROBERT VIGIL, in open Court, filed an Affidavit for a Search Warrant, in the First Judicial District Court, Rio Arriba County. In procuring the Affidavit defendant, Robert Vigil, knowingly and intentionally made false statements or statements with reckless disregard for the truth in the Affidavit. It of significance to note that defendant, Robert Vigil, provides no dates or times in the false allegations made in the Affidavit. [Doc. 78, ¶ 17]

> For example, and not by way of limitation, Defendant, ROBERT VIGIL,

falsely alleges that "Affiant was contacted by two concerned law enforcement entities in reference to a male subject identified as Tony. … Affiant was informed that RAPATZ sells drugs from his residence, and is possibly cooking Methamphetamines at the residence." Further, Affiant falsely alleges that, "according to both entities there is constant traffic in and out of the residence which poses a problem for neighboring citizens." Defendant, ROBERT VIGIL, falsely alleges that, "Affiant had a confidential information (from here on known as IT) visit with the occupants of the home. It has worked with affiant in previous cases and has been a good and reliable source. It stated that upon visiting Mr. RAPATZ and ALICE GUERRA, he observed items such as but no limited to a flask, heating elements, empty boxes of cold and allergy medication, and acetone." Further, defendant, ROBERT VIGIL, falsely alleged that "Tony Rapatz, … admitted to cooking methamphetamines …" and that "… it [sic] observed firearms in the home to include an assault riffle [sic]." [Doc. 78, ¶ 18]

In Count II, Judicial Deception, Plaintiffs' Third Amended Complaint, they allege:

Upon information and belief, defendant, ROBERT VIGIL, and defendant, DANNY PACHECO, both Española Police Officers, meet and conspired to submit false information in the Affidavit and Police Reports. For example, and not by way of limitation, defendant, Robert Vigil, listed in his Affidavit that plaintiff possessed "Firearms, firearm accessories, firearm cleaning materials firearms owner's manuals etc…". In addition, Defendant, Robert Vigil, falsely alleges that plaintiffs possessed "Ammunition" and that "Document(s) that establish or tend to establish ownership, possession, use, transfer and/or right to ownership, etc…". [Doc. 78, ¶ 25]

Defendant, ROBERT VIGIL, further failed to disclose to the District Court Judge that defendant, DANNY PACHECO's mother and father were the neighbors of plaintiffs. Defendant did not disclose that DANNY PACHECO's mother and father were complainants in the Affidavit which was used to obtain the Search Warrant. In fact, the Affidavit states "It was brought to my attention by Officer PACHECO that a female (not identified) who resides at 730 Megill got sick …". However, defendant, ROBERT VIGIL, did not identify the female as defendant, DANNY PACHECO's mother. Had the false information been omitted and/or the

true and correction information regarding the family relationships of the witness as well as other information been revealed, the First Judicial District may not have issued the search warrant. Said conspiracy caused a violation of plaintiffs' Fourth Amendment right to be free from unlawful searches and seizures as set forth under the 1964 Civil Rights Act set forth in 42 U.S.C.§1983.
[Doc. 78, ¶ 26]

**Plaintiffs Proposed Fourth Amended Complaint consists of conclusory allegations**

Count IV "42 U.S.C. §1983 against the City and Individual Defendants, (Execution Of A General Search Warrant Containing No Probable Cause)" is based Plaintiffs' conclusion that the warrant is invalid of Plaintiffs' proposed Fourth Amended Complaint is, for the most part, comprised of allegations that merely state conclusions consistent with Plaintiffs' new cause of action. As such those allegations would not survive a Motion to Dismiss pursuant to Rule 12. Those allegations are as follows:

55. Plaintiffs' claim damages for the injuries set forth above under 42 U.S.C. §1983 against defendants, CITY, ROBERT VIGIL, DANNY PACHECO, CHRISTIAN LOPEZ and JOE MARTINEZ for violations of Plaintiffs' constitutional rights under color of law in Defendants' execution of a General Search Warrant, wrongful arrest, and false imprisonment that deprived Plaintiffs of their Fourth Amendment Rights to be free from arrest unsupported by a warrant or probable cause. [Doc. 120, ¶ 55]

56. Defendants had neither a valid Search Warrant nor valid evidence for the arrest of Plaintiffs. Defendants had no legal cause or excuse to seize and detain the Plaintiffs.
[Doc. 120, ¶ 56]

57. The General Search Warrant failed to specify, as nearly as possible, the distinguishing characteristics of the goods to be seized from Plaintiffs' home. Further the General Search Warrant did not confined the search in scope to any particularly described evidence relating to a specific crime for which there was demonstrated probable cause. In fact the General Search Warrant lacked probable cause that Plaintiffs' committed any crime(s).
[Doc. 120, ¶ 57]

60. In detaining Plaintiffs without a fair and reliable determination of probable cause,

Defendants abused their power and authority as policymakers of the Espanola Police Department under color of state and/or local law. [Doc. 120, ¶ 60]

61. Defendants intended and did confine all of the Plaintiffs for over two hours and with handcuffs and other restraining devices. [Doc. 120, ¶ 61]

62. The confinement of Plaintiffs was not otherwise privileged. [Doc. 120, ¶ 62]

63. Defendants had neither legal cause nor excuse to detain Plaintiffs. [Doc. 120, ¶ 63]

64. Defendants subjected Plaintiffs to excessive detention in violation of Plaintiffs' civil rights. [Doc. 120, ¶ 64]

65. Defendants' acts and omissions performed under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they subjected Plaintiffs to an unlawful, illegal, and excessive detention, in violation of their rights pursuant to the Fourth Amendment of the United States Constitution. [Doc. 120, ¶ 65]

66. In so acting, Defendants abused their power and authority as officers of the Espanola Police Department under the color of state and/or local law. [Doc. 120, ¶ 66]

67. Defendants had a policy and/or custom of arresting and detaining individuals despite the lack of probable cause. As a result of the above described policies and customs, Plaintiffs were arrested despite the fact that they had not violated any law or committed any crime. [Doc. 120, ¶ 67]

68. It was the policy and/or custom of City of Espanola Police Department to inadequately hire, train, supervise, discipline, and/or terminate its officers, staff agents, and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees. [Doc. 120, ¶ 68]

69. As a result of the above described policies and customs, the officers, staff, agents, and employees of the City of Espanola Police Department believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated. [Doc. 120, ¶ 69]

70. The above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant PD to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein. [Doc. 120, ¶ 70]

71. The above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant PD to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein. [Doc. 120, ¶ 71]

72. By reason of the foregoing, Plaintiff suffered physical and psychological injuries, mental anguish, economic damages including attorney's fees, shame, humiliation, and indignity. All of said injuries may be permanent. [Doc. 120, ¶ 72]

Count V of Plaintiffs' proposed Fourth Amended Complaint ,entitled **42 U.S.C. §1983 against the Individual Defendants** (False Arrest), also contains allegations that are conclusory and, as such, would not withstand a Motion to Dismiss pursuant to Rule 12. Those allegations are as follows:

74. The seizure, detention, and imprisonment of Plaintiffs was unlawful in thatDefendants had no probable cause to detain, arrest, and/or imprison Plaintiffs. [Doc. 120, ¶ 73]

75. Defendants intended to confine Plaintiffs. [Doc. 120, ¶ 75]

76. Plaintiffs were conscious of the confinement and did not consent to the confinement. [Doc. 120, ¶ 76]

77. The confinement was not otherwise privileged. [Doc. 120, ¶ 77]

78. By reason of Defendants' acts and/or omissions, Defendants, acting in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they subjected Plaintiffs to an unlawful, illegal, and excessive detention, in violation of Plaintiffs' Fourth Amendment Rights. [Doc. 120, ¶ 78]

79. By reason of the foregoing, Plaintiff suffered physical injuries, traumatic stress, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent. [Doc. 120, ¶ 79]

In order to survive a motion to dismiss, pursuant to Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is" plausible on its face". *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In *Bell Atl. Corp. v. Twombly,* the Supreme Court

has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

**CONCLUSION**

Plaintiffs' Proposed Fourth Amended Complaint fails to allege a cause of action that is not contained in their Third Amended Complaint except for conclusory allegations contained in the proposed Counts IV and V. As such Plaintiffs' Proposed Fourth Amended Complaint would not survive Defendants' Motion to Dismiss, pursuant to Rule 12. Therefore, the Court's grant of leave to file a Fourth Amended Complaint would be futile.

**WHEREFORE,** Defendants request that this Court enter its Order Denying Plaintiffs' Third Motion to Amend or Supplement Complaint and for such other relief as the Court deems proper.

Respectfully Submitted,

LAW OFFICE OF ROBERT COLE

*/s/ electronically by Robert Cole*
ROBERT COLE
*Attorney for Defendants*
6303 Indian School Road NE, Ste 100
Albuquerque, New Mexico 87102
(505) 872-8626 / 872-8624 (FAX)
Email: rlc@rcolelaw

I HEREBY CERTIFY that on this **27th** day of **July**, *2014*, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Nathanial V. Thompkins, Esq.
    NEW MEXICO FIRM, LLC
    *Attorney for Plaintiffs*
    103 St. Francis Drive, Unit A
    Santa Fe, New Mexico 87501
    (505) 988-9750

*/s/ electronically by Robert Cole*
ROBERT COLE