**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Before the Honorable Stephan M. Vidmar
United States Magistrate Judge

### Clerk's Minutes

*Rapatz v. Martinez*, No. 12-cv-0827 RHS/SMV

---

**July 29, 2014**

| | |
|---|---|
| **Attorney for Plaintiffs:** | Nathaniel V. Thompkins |
| **Attorney for Defendants**: | Robert L. Cole |
| **Proceedings**: | Telephonic Status Conference<br>Liberty – Doña Ana Courtroom |
| *Start Time:* | 9:32 a.m. |
| *Stop Time:* | 9:50 a.m. |
| **Total Time**: | 18 minutes |
| **Clerk**: | SAR |

**Notes**:
— Counsel enter their appearances for the record.
— The Court asks if setting a settlement conference would be fruitful.
— The parties indicate that they would like to hold a settlement conference, and that they would prefer it to be held in Santa Fe.
— **The Court shall set a settlement conference in Santa Fe on August 25, 2014, starting at 9:30 a.m.**
— Mr. Thompkins states that the officers have a consent policy allowing them to veto any settlement agreement.  They will attend the settlement conference in person.
— Counsel and their legal assistants should carefully read the order setting the settlement conference because it contains several steps that are required prior to the settlement conference itself.
— Prior to any settlement conference, if any dispute remains over the issue of special damages, lead trial counsel shall meet and confer on the issue. If lead trial counsel are unable to come to a resolution, lead trial counsel should be prepared to personally

present on the issue of special damages at the settlement conference.
— Pursuant to the forthcoming order setting the settlement conference, the attorneys should include in their confidential position statements their own evaluations of the strengths and weakness of their cases. It is less helpful when the position statements contain nothing more than outlines of the opposing side's case and conclusory statements that the other side is wrong.
— There being nothing further, Court is in recess.