**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TONY RAPATZ, ALICE GUERRA, and KATHERINE GUERRA,**

**Plaintiffs,**

**v.** **No. 12-cv-0827 RHS/SMV**

**JOE MARTINEZ , CHRISTIAN LOPEZ, ROBERT VIGIL, DANNY PACHECO, CITY OF ESPAÑOLA EMPLOYEES AND SUPERVISORS JOHN/JANE DOES, and CITY OF ESPAÑOLA,**

**Defendants.**

**ORDER GRANTING CHRISTIAN LOPEZ AND JOE MARTINEZ'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**

THIS MATTER came before the Court on Defendant Christian Lopez and Joe Martinez's Motion to Dismiss Third Amended Complaint and for Qualified Immunity (Doc. 91). The Court has reviewed the Motion together with the Plaintiffs' Response (Doc. 94), as well as the Defendants' Reply (Doc. 97), and finds that the Motion is well-taken and should be GRANTED.

**BACKGROUND**

This case involves the Plaintiffs' alleged violations of their federal and state constitutional rights. The Plaintiffs' claims arise out of an incident which occurred on May 12, 2010, when the "Defendants . . . [allegedly] raided the home of plaintiffs" while executing a "no knock search warrant". See Third Amended Complaint, Doc. 78, ¶¶ 29, 31. The Plaintiffs assert

in the Third Amended Complaint (See Doc. 78) that Defendant Robert Vigil made false allegations of the Plaintiffs' illegal drug activity in an affidavit to obtain a search warrant. They assert that Defendant Danny Pacheco conspired with Defendant Vigil to make those false allegations (See Doc. 78 at ¶¶23-26).

The Plaintiffs assert their "claim damages for the injuries . . . under 42 U.S.C. §1983 against defendants, CITY, ROBERT VIGIL, DANNY PACHECO, CHRISTIAN LOPEZ, AND JOE MARTINEZ for violations of their constitutional rights under the color of law (See Doc. 78 at ¶ 28). In support of this claim, the Plaintiffs contend that on May 12, 2010, "Defendants . . . raided the home of plaintiffs" and "approached plaintiffs in an unreasonable frightening, hostile and aggressive manner" (See Doc. 78 at ¶¶ 29, 31). The Plaintiffs claim that "Defendants thereafter handcuffed all the plaintiffs including their guest, searched their entire home, their motor vehicles and their personal property without probable cause to do so" (See Doc. 78 at ¶ 32).

The Plaintiffs assert claims specifically against Defendants Joe Martinez and Christian Lopez as supervisors of Defendants Vigil and Pacheco. They allege that Defendants Martinez and Lopez were "responsible for the hiring, training, supervision, discipline, and retention of Defendants, [Vigil and Pacheco]." See Doc. 78 at ¶ 6. They claim that Defendant Martinez engaged in practices and policymaking actions which were the moving force behind the Plaintiffs' constitutional rights violations. Id. They further assert that Defendant Lopez was responsible for Defendant Vigil's training and performance evaluations, and that his failure to following the Espanola Police Department's ("EPD") training policy by conducting said evaluations was the moving force behind the Plaintiff's constitutional rights violations. See Doc.

78 at ¶ 7. The Plaintiffs allege that Defendants Martinez and Lopez "are liable for their acts or omissions pursuant to the doctrine of respondeat superior." See Doc. 78 at ¶ 11.

With respect to the physical execution of the search warrant, the only allegation against Defendants Martinez and Lopez is that they were the on scene supervisors during the raid. See Doc. 78 at ¶ 36. The Plaintiffs submit that "[d]espite an opportunity and an obligation to prevent the unlawful actions to which the Plaintiffs were subjected, the defendants did not do so." Id.

Defendants Lopez and Martinez filed their Motion to Dismiss and for Qualified Immunity). They argue that the Plaintiffs have failed to state a claim for which relief may be granted, and that Defendants Lopez and Martinez are entitled to Qualified Immunity.

Because the Court finds that the Plaintiffs failed to state a claim for which relief may be granted under Rule 12(b)(6) Fed. R. Civ. P., the Court will not discuss the Defendants' Qualified Immunity arguments.

**Rule 12(b)(6) Standard**

The Defendants argue that the Plaintiffs failed to satisfy the pleading standards required to state a claim for relief against Defendants Martinez and Lopez. Rule 12(b)(6) of the federal rules of civil procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When deciding a Rule 12(b)(6) motion, the court must accept as true all well-pleaded facts in the complaint and construe them in the light most favorable to the plaintiff. See Stidham v. Peace Officers Standards & Training, 265 F.3d 1144, 1149 (10th Cir. 2001). The Court is not, however, bound by conclusory allegations and legal conclusions within the complaint. See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994). The Court is limited to test the sufficiency of allegations contained only "within the four corners of the

complaint" when analyzing a Rule 12(b)(6) motion. Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(internal citations and quotations omitted).

The first step in the Court's analysis is to "identify[] the allegations of the complaint that are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009). The second step is to "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681. "Plausibility" requires more than the "mere possibility of misconduct;" the pleaded facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

**DISCUSSION**

The question presently before the Court is whether the Third Amended Complaint states sufficient, well-pleaded facts against Defendants Martinez and Lopez which, accepted as true, state a claim for which the Plaintiffs are entitled to relief. The Defendants argue that the Plaintiffs have failed to state claims against Defendant Martinez and Lopez in their supervisory status because 1) there is no respondeat superior liability under 42 U.S.C. § 1983 (See Doc. 91 at 10) and 2) the Plaintiffs have failed to assert factual allegations which support their conclusory allegations of supervisory liability (See Doc. 91 at 10-12).

The Defendants further argue that the Plaintiffs failed to state a claim under § 1983 for individual liability against Defendants Martinez and Lopez (See Doc. 91 at 12). They assert that the allegation that Defendants Martinez and Lopez were present at the execution of the search warrant, but failed to prevent the unlawful actions from occurring, does nothing more than raise an inference of the mere possibility of misconduct (See Doc. 91 at 12). The Defendants assert that this allegation, therefore, does satisfy the pleading standard in Ashcroft v. Iqbal. Id.

In their Response, the Plaintiffs submit the following arguments, as sectioned into three subparts: (A) Martinez and Lopez approved and adopted an invalid, overly-broad warrant (See Doc. 94 at 9); (B) Martinez and Lopez personally participated and approved the case plan which included the invalid search warrant and other EPD directives (See Doc. 94 at 15); and (C) Martinez and Lopez were grossly negligent in their supervision of their subordinates and acted with deliberate indifference (See Doc. 94 at 17).

**A. The Court will Not Consider Facts Not Pleaded in the Third Amended Complaint**

The Court first notes that the Plaintiffs recite many facts in their Response which they assert must be accepted as true, citing to paragraphs in the Third Amended Complaint. See Doc. 94 at 5-9. However, many of the facts recited misstate the actual pleaded facts or include additional facts which are not within the Third Amended Complaint. For example, the Plaintiffs assert in their Response that Paragraph 31 of their Complaint states that "MARTINEZ, LOPEZ, VIGIL and PACHECO violated Plaintiffs' constitutional rights by breaking into Plaintiffs' home, illegally arresting Plaintiffs, executing a 'no knock search warrant' in a 'para-military style,' pointing loaded guns at the Plaintiffs" (See Doc. 94 at 8, ¶ 18).

This paragraph misstates what was actually pleaded in the Third Amended Complaint by including additional facts (Compare to Doc. 78 at ¶ 31: "Defendants while executing the 'no knock search warrant' did so in a 'para-military style' and pointed loaded guns at the plaintiffs"). More importantly, however, it individually names Defendants Lopez and Martinez as actively and physically participating in the execution of the search warrant.

The Plaintiffs repeatedly state throughout their Third Amended Complaint that Defendants Martinez and Lopez are liable as supervisors of Defendants Vigil and Pacheco. It is evident that the Third Amended Complaint's theory of § 1983 liability against Defendants

Martinez and Lopez is solely related to their supervisory status, and the Court will not consider new claims of individual liability as asserted for the first time in the Plaintiffs' response.

Other factual assertions which were not stated in the Third Amended Complaint, but alleged for the first time in the Plaintiffs' Response, are found in the Plaintiffs' first two arguments. In Subsection A, the allegation that Martinez and Lopez adopted and approved an invalid search warrant is not included in the Third Amended Complaint. Similarly, in Subsection B, the allegation that Defendants Martinez and Lopez approved a case plan which violated EPD Directives is not pleaded in the Third Amended Complaint; rather, the Plaintiffs cite deposition testimony and other exhibits to support this allegation (See Doc. 94 at 15). The Plaintiffs also attach 15 exhibits in support of their arguments throughout the Response.

The Court is bound by the four corners of the Third Amended Complaint when considering a Rule 12(b)(6) motion. See supra Mobley, 40 F.3d at 340. Accordingly, the Court will not consider alleged facts not pleaded in the Third Amended Complaint in its analysis; this includes the Plaintiffs' allegations that Defendants Lopez and Martinez approved the invalid search warrant. Similarly, the Court will not consider the Exhibits attached to the Plaintiffs' Response.

**B. Third Amended Complaint Fails to Satisfy the Pleading Standard in Iqbal**

In order to state a § 1983 claim against Defendants Lopez and Martinez, the Third Amended Complaint must show that these defendants has "personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). There is no respondeat superior liability in § 1983 claims, and supervisory status alone does not create § 1983 liability. Duffield v. Jackson, 545 F.3d 1234, 1239 (10th Cir. 2008). Therefore, the

Plaintiffs' assertion that Defendants Lopez and Martinez are liable pursuant to the doctrine of respondeat superior liability automatically fails.

Rather, the Plaintiffs must assert factual allegations which demonstrate "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participations, his exercise of control or directions, or his failure to supervise." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997). Although the Plaintiffs need not allege that Defendants Lopez and Martinez directly participated in depriving the Plaintiffs of their constitutional rights, they must allege facts which, taken as true, demonstrate that Defendants Lopez and Martinez caused the Plaintiffs to be deprived of their constitutional rights. Buck v. City of Albuquerque, 549 F.3d 1269, 1279 (10th Cir. 2008)(quoting Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990).

Here, the Plaintiffs' allegations fail to demonstrate that the supervisory actions or inactions of Defendants Lopez and Martinez were affirmatively linked to the alleged violations of the Plaintiffs' constitutional rights. Specifically, the Plaintiffs argue that Defendant Martinez's failure to conduct an internal investigation of a citizen's complaint of police misconduct, as required by the EDP Directives, was the moving force or cause of the Plaintiff's constitutional violations. This allegation, without more, is merely conclusory. Although it contains factual allegations of wrongdoing by Defendant Martinez for his failure to follow the Department's policies and procedures, it does not indicate how this wrongdoing is directly linked to the specific constitutional violations described in the Third Amended Complaint. Indeed, the Defendants correctly point out that the Plaintiffs appear to be complaining of Defendant Martinez's failure to conduct an investigation of the May 12, 2010 raid after the relevant incidents of alleged misconduct had already occurred. It cannot be logically inferred that the

failure to conduct an investigation after a wrongful act has occurred somehow contributed to that wrongful act. The Plaintiffs, therefore, failed to demonstrate an affirmative link between Defendant Martinez's actions or inactions as supervisor of Defendants Vigil and Pacheco.

The same is true with respect to Defendant Lopez. The only allegation against Defendant Lopez in his supervisory status is that he failed perform any performance evaluations and he did not require that Defendant Vigil complete a "Use of Force Form." The Plaintiffs argue that these failures were the "moving force" behind the constitutional violations alleged. This allegation is unsupported by any facts which indicate a causal connection between these failures and the alleged constitutional violations. It cannot be reasonably inferred that Defendant Lopez's failure to conduct a general performance evaluation or require the proper paperwork be completed, at some unspecified time, directly caused Defendant Vigil to execute a No-Knock, invalid search warrant. Without additional factual allegations, the Plaintiffs assertion that Defendant Lopez's failures in his supervisory duties were the moving force behind the constitutional violations is merely conclusory.

Finally, the Plaintiffs' allegation that Defendants Lopez and Martinez were present during the raid and did nothing to prevent that actions which occurred does not create the reasonable inference that they directly participated in the alleged constitutional deprivations. For instance, there are no allegations that Defendants Lopez and Martinez physically assisted in the execution of the warrant or the detention of the Plaintiffs; there are no allegations that Defendants Lopez and Martinez knew the warrant lacked probable cause, but nonetheless allowed Defendant Vigil and Pacheco to execute the warrant; and there are no allegations that Defendant Lopez and Martinez knew excessive force was occurring, but failed to interfere. The Court, therefore, agrees with the Defendants' argument that the mere presence of Defendant

Lopez and Martinez at the scene, at most, raises only the possibility of wrongdoing. The mere possibility of misconduct is inadequate to state a claim for relief under the plausibility pleading standard outlined in Iqbal.

In sum, the Court finds that there are no factual allegations which create an affirmative link between Defendant Lopez's and Martinez's actions or inactions as supervisors to the constitutional violations alleged in the Third Amended Complaint. The Court finds that the Plaintiffs have failed to state a claim for which relief may be granted against Defendants Lopez and Martinez, and their claims against these Defendants should be dismissed.

**IT IS THEREFORE ORDERED** that Christian Lopez's and Joe Martinez's Motion to Dismiss is hereby GRANTED, and all claims against Defendants Lopez and Martinez are hereby DISMISSED WITH PREJUDICE.

Robert Hayes Scott

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE