UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

        Case No.: 12-CV-00827 RHS/SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

        Defendants.

## PLAINTIFFS', TONY RAPATZ, ALICE GUERRA AND KATHERINE GUERRA, RULE 50 MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW AND MEMORANDUM IN SUPPORT

**COME NOW** the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra [hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V. Thompkins] and pursuant to Fed. R. Civ. P., Rule 50 moves this Court for an Order granting Partial Judgment as a Matter Of Law (hereinafter "JMOL") against the Defendants, Robert Vigil and Danny Pacheco, individually and jointly, on the following Fourth Amendment and Civil Rights claims under 42 U.S.C. § 1983 and as set forth in Plaintiffs' Third Amended Complaint:

    1.    Fourth Amendment claim for unlawful search of the Plaintiffs' person and property without probable cause; and

    2.    Fourth Amendment claim for unreasonable seizure and unlawful seizure.

Plaintiffs provided Defendants with a copy of this Motion seeking their concurrence or non-concurrence prior to filing it with the Court. Defendants do not concur in the Motion.

## INTRODUCTION

On May 10, 2010, one day before the issuance of an invalid search warrant of Plaintiffs' residence, Defendants Danny Pacheco and Robert Vigil, got together at Officer Pacheco's parents' home and concocted a story about "odors", "cat urine" and the "manufacturing of methamphetamines" at Plaintiffs' residence. The Affidavit and Search Warrant (hereinafter "Warrant") relies upon numerous hearsay statements and fails to provide sufficient underlying circumstances which demonstrates the "veracity" (or "credibility") of the informant and the informant's "basis of knowledge" (or "factual basis") for the hearsay information. The confidential informant, as set forth in the Warrant did not personally observe any criminal activity and he or she did not purchase any drugs. Defendants rely only upon these hearsay statements as probable cause supporting the First Judicial District Court's issuance of the Warrant.

On May 11, 2010, at 6:00 a.m. Plaintiffs were abruptly awakened by approximately 40 heavily armed Police Officers. The Defendants, as well as other police officers were from both the Espanola Police Department and the New Mexico State Police. For the reasons more fully set forth below, the Warrant is does not contain probable cause and violates Plaintiffs' Fourth Amendment Constitutional rights. [*Doc.96-3*,[1] Rio Grande Sun Article 5/20/2010]. The Warrant, attached hereto as *Doc.96-5*, is in every respect lacking probable cause demonstrating that Plaintiffs' engaged in or was engaged in any criminal activity. The Warrant, which incorporates the Affidavit, relies upon numerous levels of hearsay without establishing the "veracity" of the alleged informants and the confidential informant or the informant's basis of knowledge. Plaintiffs, during this invalid and illegal search, were subjected to excessive force, over two hour

---

[1] Pursuant to D.N.M. LR-Civ. Rule 7.1(A), Plaintiffs adopts by reference the Exhibits attached to [*Doc.96*] that are specifically reference herein. Which are the Exhibits for Plaintiffs' Motion for Partial Summary Judgment filed March 30, 2014.

arrest during which time they were paraded upon and down their neighborhood clothed only in their under garments. In the end, Defendants found nothing in the home of the Plaintiffs that even remotely suggested a crime had been committed or that there was criminal activity being conducted at the residence.

None of the Plaintiffs committed any crime. There was no probable cause to seize and arrest any of the Plaintiffs on May 11, 2010.

## LEGAL STANDARD REGARDING JUDGMENT AS A MATTER OF LAW

Fed. R. Civ. P., Rule 50 (a)(2) - Judgment as a Matter of Law – provides, in relevant part that: (2) *Motion*. <u>A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury</u>. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment. (*Id.*) (Emphasis ours). The Rule allows a party to challenge the sufficiency of the evidence prior to submission of the case to the jury and authorizes the Court to grant such motions at the court's discretion. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc*., 546 U.S. 394, 396, 126 S. Ct. 980, 983, 163 L. Ed. 2d 974 (2006). "Rule 50(a) provides that a court may enter judgment as a matter of law on an issue when '<u>there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue</u>.' *Burrows v. City of Tulsa, Okl.*, 25 F.3d 1055 (10th Cir. 1994).[2]

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." An arrest, of course, qualifies as a "seizure" of a "person" under this provision, *Dunaway v. New York*, 442 U.S. 200, 207–208, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), and so must be reasonable under the circumstances. See, *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011).

---

[2] Under CTA 10 Rule 32.1, *et seq.*, this unpublished decision is available on Westlaw and therefore does not require that a copy be attached. The decision may be cited for its "persuasive value".

**STATEMENT OF MATERIAL FACTS**

1. On May 11, 2010, Defendants submitted an Affidavit and Search Warrant to Judge Sherri Raphelson of the First Judicial District Court. [See, *Doc.96-5* (Search Warrant) and *Doc.96-4* (Affidavit)].

2. In the Affidavit, the Affiant alleges that a confidential informant "observed firearms in the home to include an assault riffle [sic]. "It" [sic], means IT for informant, and is stated the he was "unsure what type of riffle [sic] he saw." [See, *Doc.96-4*, pg.6, ¶ 2].

3. The Affiant states that he was "… contacted by two concerned law enforcement entities …". The Affidavit alleges that the entities informed them that Rapatz sells drugs from his residence and is "possibly" cooking Methamphetamines. [See, *Doc.96-4*, pg.5, ¶ 6]. The two law enforcement entities were not identified in the Affidavit.

4. According to the Defendants an unidentified neighbor (Defendant Pacheco's mother) reported smelling a strong odor of chemicals coming from Plaintiffs' home. *Id.*

*5.* Statements in the Affidavit were from the following sources: (1) the confidential informant; (2) the two concerned law enforcement entities; and (3) the neighbor. All the statements from eacj sources are hearsay statements and in some instance are numerous levels of hearsay. *Id.*

6. The Affiant did not attest to personally observing any of the stated hearsay facts and the Affiant did not, through an investigation, confirm any of the hearsay statements or facts. *Id.*

7. The Affiants' statement that he smelled something that "smelt like urine" and is evidence of criminal activity is at purely speculative. [See, *Doc.96-4*, pg.6, ¶ 1].

8. The Affiant stated that a Confidential Informant ("IT" or "It") visited the occupants of the home and that "It [sic] worked with affiant in previous cases and has been a good and reliable source." [See, *Doc.96-4*, pg.6, ¶ 2]. (Emphasis ours).

9. Affiant stated that IT observed "a flask, heating elements, empty boxes of cold and allergy medication and acetone." [*Id.*].

10. Affiant stated that IT reported that Rapatz admitted to cooking methamphetamines in a different room of the house. [*Id.*].

11. Defendants, in the Affidavit, state that on May 10, 2010 they "observed", rather than smelled, a distinct odor of "what appeared to be" cat urine. [See, *Doc.96-4*, pg.6, ¶ 3] (Emphasis ours).

## ARGUMENT

### A. Probable Cause Standard

In the *United States v. Davis*, 94 F.3d 1465, 1467-68 (10th Cir. 1996) the Court held:

> "... **[A]rrests**, the most intrusive of Fourth Amendment seizures and **reasonable only if supported by probable cause**. See, e.g., *Hayes v. Florida*, 470 U.S. 811, 815–16, 105 S.Ct. 1643, 1646–47, 84 L.Ed.2d 705 (1985); *Dunaway v. New York*, 442 U.S. 200, 212–16, 99 S.Ct. 2248, 2256–59, 60 L.Ed.2d 824 (1979)."

*Id.* (Emphasis ours). It has long been recognized that probable cause requires more than a mere suspicion of criminal activity. *Sherouse v. Ratcher*, 573 F.3d 1055, 1062 (10th Cir. 2009). An arrest is distinguished by the involuntary, highly intrusive nature of the encounter. *Manzanares v. Higdon*, 575 F.3d 1135, 1148 (10th Cir. 2009). The use of firearms, handcuffs, and other forcible techniques generally exceed the scope of an investigative detention and enter the realm of an arrest. *Id.* (Emphasis ours). The 10th Circuit noted in *Manzanares v. Higdon*, 575 F.3d 1135, 1148 (10th Cir. 2009) that police have less authority to detain suspects who have witnessed a crime for investigative purposes than to detain criminal suspects. *Id.* at 1149. Further the Court

held that a police officer's refusal to exit the home of a suspect's co-worker after the co-worker revoked his consent to enter constituted a violation of the co-worker's clearly established Fourth Amendment rights due to lack of probable cause. As a matter of law and from the four corners of the Warrant, Defendants lacked probable cause to search, seize and arrest Plaintiffs.

### B. Defendants' Execution Of An Invalid Search Warrant Lacking Probable Cause Violates Plaintiffs' Fourth Amendment Rights

"The Supreme Court has previously stated that the home is entitled to the greatest Fourth-Amendment protection." See, *Kyllo v. United States*, 533 U.S. 27, 31, 121 S. Ct. 2038, 2041-42, 150 L. Ed. 2d 94 (2001). The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." "At the very core" of the Fourth Amendment "stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Id.* Also, "[t]he Fourth Amendment provides that no Warrants shall issue, but upon probable cause, supported by Oath or affirmation …". U.S. Const. amend. IV." *Id.* (emphasis ours). See, *Cassady v. Goering*, 567 F.3d 628, 634-35 (10th Cir. 2009). "[A] violation of the warrant requirement is itself a violation of the Fourth Amendment." *Id.* at 637.

In *United States v. Leon*, 468 U.S. 897, 904, 104 S. Ct. 3405, 3410-11, 82 L. Ed. 2d 677 (1984) the Court held:

> "To the extent that the affidavit set forth facts demonstrating the basis of the informant's knowledge of criminal activity, the information included was fatally stale. The affidavit, moreover, failed to establish the informant's credibility. Accordingly, the Court of Appeals concluded that the information provided by the informant was inadequate under both prongs of the two-part test established in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).[3] The officers' independent investigation neither cured the

---

[3] *Leon*, foot note # 5: In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), decided last Term, the Court abandoned the two-pronged *Aguilar–Spinelli* test for determining whether an informant's tip suffices to establish probable cause for the issuance of a warrant and substituted in its place a "totality of the circumstances" approach.

<u>staleness nor corroborated the details of the informant's declarations</u>. The Court of Appeals then considered whether the affidavit formed a proper basis for the search of the Sunset Canyon residence. In its view, <u>the affidavit included no facts indicating the basis for the informants' statements concerning respondent Leon's criminal activities and was devoid of information establishing the informants' reliability</u>."

*Id.* (Emphasis ours). As noted by the Court in footnote # 5, even under the "totality of the circumstances" approach the affidavit lacked probable cause and violated Plaintiff's Fourth Amendment Rights. *Id.*

The New Mexico Supreme Court, the Tenth Circuit Court of Appeals and United States Supreme Court, in 42 U.S.C. § 1983 cases, limit their review in determining the issue of probable cause in a Warrant to the four corners of the Warrant. See, respectively, *State v. Haidle*, 285 P.3d 668, 673 (2012); *Cassidy v. Goering*, 567 F.3d 628, 643 (10th Cir.); and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986), also see, *United States v. Harvey*, 514 F. Supp. 2d 1257, 1259 (D. Kan. 2007) ("If the judge only considered a supporting affidavit in issuing the warrant, <u>the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners</u>.).

The Supreme Court has held that "[t]he warrant requirement has at least two distinct purposes:

> First, the magistrate's scrutiny is intended to <u>eliminate altogether searches not based on probable cause</u>. The premise here is that any intrusion in the way of search or seizure is an evil, so that no intrusion at all is justified without a careful prior determination of necessity."

See, *Coolidge v. New Hampshire,* 403 U.S. 443, 467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (citations omitted) (emphasis ours). The Warrant in this case, which was jointly crafted by the Defendants, is virtually identical to the Warrant that the Tenth Circuit in *Coolidge* found as being "abhorred by the colonists". *Id.*

1. **Hearsay Statements From "Two Concerned Law Enforcement Entities" And A "Confidential Informant" Are Insufficient, Without Corroboration, Veracity, Or A Basis Of Knowledge To Establish Probable Cause For The Issuance And Execution Of A Search Warrant**

The Affidavit[4] relies upon numerous levels of hearsay that are attributed to statements from undisclosed sources, one of which was a Confidential Informant. The first hearsay statements come from "two concerned law enforcement entities" who stated that "Rapatz sells drugs from his residence, and <u>possibly</u> cooking Methamphetamines." [See, *Doc.96-4*, pg.5, ¶ 6] (Emphasis ours). There is no other information in the Affidavit concerning the hearsay statements of the two law enforcement sources. The Affiant failed to provide either the veracity or basis of knowledge of these two law enforcement sources.

The New Mexico Supreme Court held, under Rule 5-211 (E), N.M.R.A. (Search Warrants) that "… when a showing of probable cause depends <u>in whole or in part</u> on hearsay information, <u>the affidavit must show 'a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished.</u>' As we explicitly recognized in *Cordova*, the components of this two-pronged test, often referred to as the "<u>veracity</u>" (or "<u>credibility</u>") and "<u>basis of knowledge</u>" (or "<u>factual basis</u>") requirements for evaluating information from hearsay sources, "<u>effectuate the principles behind Article II, Section 10, of the New Mexico Constitution</u>." See, *State v. Haidle*, 2012-NMSC-033, 285 P.3d 668, 673 (2012) (Emphasis ours); see also *State v. Perea*, 85 N.M. 505, 509, 513 P.2d 1287, 1291 (Ct.App.1973) ("applying the veracity and basis of knowledge test to double hearsay").

In *Haidle*, supra, the New Mexico Supreme Court defined people who speak directly to the Defendant, i.e. the two concerned citizens, as "level one sources" of hearsay. *Id.* 285 P.3d at

---

[4] Under the New Mexico Constitution, Article II, § 10, "no warrant to search any place" may issue "without a *written* showing of probable cause. (emphasis added). The New Mexico Supreme Court has held that this limits the determination of probable cause to a "review" only of the affidavit. *State v. Haidle*, 285 P.3d 668, 673 (2012).

673. Regarding level one <u>confidential informants</u>, the Court held that the mere allegation that a source is a "confidential source" or a "concerned citizen" is inadequate. *Id.*, see also, *State v. Baca*, 97 N.M. 379, 381, 640 P.2d 485, 487 (1982) ("noting that even where hearsay information is from <u>a confidential informant, there must be 'sufficient underlying circumstances in the affidavit</u> from which the judge could conclude that the informant is credible' ") (Emphasis ours).

In *State v. Cordova*, 1989-NMSC-083, 109 N.M. 211, 217, 784 P.2d 30, 36 (1989), the Court held that the Affidavit failed to state adequately the <u>basis of the informant's knowledge and the deficiency was not cured by independent corroboration</u>. *Id.* (Emphasis ours). In *Cordova,* the Affidavit failed because it did not provide the issuing court with a <u>substantial basis for believing that the information provided was reliable</u>. *Id.* (Emphasis ours). By "<u>stating that his informant had provided reliable information in the past, did not say "when the informant had provided such information, how frequently, or whether the information provided related to a matter under criminal investigation</u> * * *. [F]or all we know, the statement could refer to nothing more than the fact the informant had correctly provided * * * the time of day * * *." *Id.* (Emphasis ours). The Affidavit in the instant case provides even less information than that found insufficient in *Cordova.*

Turning to the "two concerned law enforcement entities" hearsay statements, these statements alone, without any supplementation in the Affidavit, also cannot support a finding of probable cause justifying the issuance of the Warrant by Judge Raphelson. The U.S. Supreme Court, in *Illinois v. Gates,* 103 S. Ct. 2317, 2326 (1983) set forth a couple of examples in which the statements in the Affidavit were held insufficient to establish probable cause. *Gates* relied upon *Nathanson v. United States*, 54 S.Ct. 11 (1933) wherein that Court ruled that "[a] sworn statement of an affiant that '<u>he has cause to suspect and does believe that</u>' liquor illegally

brought into the United States is located on certain premises will not do." "An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause, and the wholly conclusory statement at issue in *Nathanson* failed to meet this requirement." See, *Gates*, 103 S. Ct. at 2332 (emphasis ours). The Court further found that the statement in *Nathanson* gave the magistrate virtually no basis at all for him to make a judgment regarding probable cause. *Id.* Therefore, "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Id.*

The Affiant in the instant case attributes to the confidential informant several hearsay statements that he "observed items not limited to a flask, heating elements, empty boxes of cold and allergy medication, and acetone. [See, *Doc.96-4*, ¶ 2]. In addition, the informant allegedly stated that "during conversations with individuals in the home to include Tony Rapatz, they admitted to cooking methamphetamines in a different room of the house." *Id.* Nothing in the Affidavit supplements or corroborates the hearsay statements of the confidential informant.

For purposes of establishing the informant's veracity (or credibility) Defendants recited that "It [sic] has worked with affiant in previous cases and has been a good and reliable source." *Id.* The Affidavit does not say when the informant had provided reliable information, how frequently, or whether the information provided related to a matter under criminal investigation. Defendants' veracity statement in his Affidavit regarding the confidential informant, as we have already established, is not sufficient as it fails to provide a substantial basis for determining the existence of probable cause. See, *Gates,* supra, 103 S. Ct. a 2326.

The Supreme Court in applying a "totality-of-the-circumstances" analysis has consistently recognized the value of corroboration of details of an informant's tip by independent

police work. See, *Gates*, 103 S. Ct. at 2334 (emphasis ours). An informant's hearsay statement must be corroborated by independent police investigation or other matters within the officer's knowledge. *Id. Gates,* supra, cited *Draper v. United States*, 79 S. Ct. 329 (1959) which found that "… an informant named Hereford reported that Draper would arrive in Denver on a train from Chicago on one of two days, and that he would be carrying a quantity of heroin. <u>The informant also supplied a fairly detailed physical description of Draper, and predicted that he would be wearing a light colored raincoat, brown slacks and black shoes, and would be walking "real fast</u>." *Id*. 79 S. Ct. at 331. The informant, Hereford, gave no indication of the basis for his information." See, *Gates*, 103 S. Ct. at 2334. As noted by the Court in *Gates*, the police officers in *Draper* "had <u>personally verified every facet of the information given him by Hereford</u> except whether petitioner had accomplished his mission and had three ounces of heroin on his person or in his bag. *Id.* (emphasis ours).

In applying *Gates* test to the instant case, the two concerned law enforcement entities, as set forth in the Affidavit, provided <u>no detailed information</u> and the statements attributed to them were merely conclusory statements that "Rapatz sells drugs from his residence, and <u>possibly</u> cooking Methamphetamines." [*Doc.96-4*, pg.5, ¶ 6] (Emphasis ours). There is no veracity or basis of knowledge associated with these hearsay statements. Additionally, there is no supplementation by the Defendants and the Affiant corroborating any of the hearsay statements and facts through any police investigative work. In fact, even though a confidential informant was allegedly used there was no purchase of drugs, no observation of drugs, and no confirmation by the confidential informant that he knows what the specific drugs the police are looking for look like. What the confidential informant actually observed were (1) not drugs; (2) not illegal items; and (3) did not constitute a crime or criminal activity.

The facts contained within the four corners of the Warrant do not support a finding of probable cause as a matter of law. There is insufficient information to support a finding of probable cause. The Defendants' actions cannot be a mere ratification of the bare conclusions of others.

## CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiffs' Motion for Judgment as a Matter of Law or JMOL against Defendants, Pacheco and Vigil, for violating Plaintiffs' Fourth Amendment rights including:

Violations of 42 U.S.C. § 1983 (Count III and Count IV of Third Amended Complaint) that both individually and jointly include:

1. The Fourth Amendment claim for unlawful search of the Plaintiffs' person and property without probable cause;

2. The Fourth Amendment claim for unreasonable seizure and unlawful seizure; and

3. Grant such other and further relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED:

By: /s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
103 St. Francis Drive, Unit A
Santa Fe, NM 87501
505-988-9750
*Attorney for Plaintiffs*

I hereby certify that I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing this 20th day of October 2014.

Robert L. Cole, Esquire: rlc@rcolelaw.com
*Attorneys for the City of Espanola, et al.*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins

Page | 12