UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

        Case No.: 12-CV-00827 RHS/SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

        Defendants.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER
OF LAW**

COME NOW the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra [hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V. Thompkins] and for their Reply to Defendants' Response to Plaintiffs' Motion for Judgment as a Matter of Law ("JMOL") states as follows:

Defendants argue that Plaintiffs' reliance upon Rule 50 is misplaced. However, the United Supreme Court has held, regarding Rule 50, that:

> Rule 50 sets forth the requirements, establishing <u>two stages, for challenging the "sufficiency of the evidence in a civil jury trial</u>. <u>Rule 50(a) allows a challenge prior to the case's submission to the jury, authorizing the district court to grant the motion at the court's discretion</u>. Rule 50(b), by contrast, sets forth the requirements for renewing the challenge after the jury verdict and entry of judgment."

See, *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 394-95, 126 S. Ct. 980, 981-82, 163 L. Ed. 2d 974 (2006). The Supreme Court also recognized that a Court may "reserve a

party's **preverdict** directed motion …". *Id.* at 395. Finally, the Supreme Court held that, "[a] district court may enter judgment as a matter of law when it concludes that the evidence is legally insufficient …". *Id.* at 395-96 (Emphasis ours).

While Defendants rely upon the "in a jury trial" language it is not of the moment as Rule 50(a)(1) requires that opposing party be "fully heard" and this does not require a fully jury trial before a motion may be presented and decided upon. See, Rule 50(a)(1). In *May v. Libby*, 256 Fed. Appx. 825 (7th Cir. 2007) the Court held that despite granting motion before all nonmovant testimony was introduced, nonmovant was "fully heard" because none of evidence nonmovant informed court that he planned to present bore on legal issue or would have affected outcome. *Id.* (Emphasis ours). More specific, the court ruled that, "[u]nder Rule 50, a court should grant judgment as a matter of law when a party has been "fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue. Our review of a mid-trial grant of a Rule 50 motion is "essentially identical" to our review of a grant of summary judgment. See, *May v. Libby*, 256 F. App'x 825, 828 (7th Cir. 2007).

On this latter point, the specific issue presented to the Court on Plaintiffs' Judgment as a Matter of Law concerns probable cause, unreasonable seizure and unlawful seizure. The 10th Circuit has held that in Warrant cases a determination of probable cause is reviewed only from the four corners of the Affidavit. See, *State v. Haidle*, 285 P.3d 668, 673 (2012) ("This review is limited to the contents of the affidavit."); see, *Cassidy v. Goering*, 567 F.3d 628, 643 and 635 (10th Cir.) ("We have previously invalidated warrants substantially more particularized than the one at issue here. … The affidavit, which was incorporated by reference, does not save the warrant."); and *Voss v. Bergsgaard*, 774 F.2d 402, 405 (10th Cir. 1985) ("Even to describe the warrant as limited to evidence relating to federal crimes is an interpretation generous to the

government")' also see, *United States v. Harvey*, 514 F. Supp. 2d 1257, 1259 (D. Kan. 2007) ("If the judge only considered a supporting affidavit in issuing the warrant, the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners"). There is no other evidence which the Court will or can consider on the instant JMOL other than what is contained in the four-corners of the Warrant.

"In *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Court in reliance on *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), a case concededly decided pursuant to Fed.Rule Crim.Proc. 4, nonetheless held that the determination by a magistrate that the affidavit submitted to him made out "probable cause" for purposes of the Fourth and Fourteenth Amendments <u>was subject to later judicial review as to the sufficiency of the affidavit</u>. (Emphasis ours). This rule was later reaffirmed in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The Court has thus for more than a decade rejected the first possible stopping place in judicial re-examination of affidavits in support of warrants, and held that the legal determination as to probable cause was subject to collateral attack. While this conclusion does not seem to me to flow inexorably from the Fourth Amendment, I think that it makes a good deal of sense in light of the fact that a magistrate need not be a trained lawyer, see *Shadwick, supra,* and therefore may not be versed in the latest nuances of what is or what is not "probable cause" for purposes of the Fourth Amendment." See, *Franks v. Delaware*, 438 U.S. 154, 184-85, 98 S. Ct. 2674, 2690, 57 L. Ed. 2d 667 (1978).

The major purpose of the motion for judgment as a matter of law is "to call the claimed deficiency in the evidence to the attention of the court *and to opposing counsel* at a time when the opposing party is still in a position to correct the deficit." See, *Lifshitz v. Walter Drake & Sons,* 806 F.2d 1426, 1429 (9th Cir.1986) (emphasis in original); *see also Farley Transp. Co. v.*

*Santa Fe Trail Transp. Co.,* 786 F.2d 1342, 1345–47 (9th Cir.1985). "This purpose is further demonstrated by the requirement in paragraph (a)(2) of Rule 50 that <u>an initial motion for judgment be made prior to the close of trial</u>: "<u>The purpose of this requirement is to assure the responding party an opportunity to cure any deficiency in that party's proof that may have been overlooked until called to the party's attention by a late motion for judgment</u>." Fed.R.Civ.P. 50 advisory committee's note to 1991 amendment. A properly made motion under Rule 50(a) "specifies the law and the facts on which the moving party is entitled to judgment," Fed.R.Civ.P. 50(a)(2), the motion itself informs the non-moving party of the deficiencies in its proof by identifying the dispositive fact, and the trial court's remaining responsibility will be to afford that party "an opportunity to present any available evidence bearing on that fact" before ruling on the motion. Fed.R.Civ.P. 50 advisory committee's note to 1991 amendment …" See, *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996). Finally, "Federal Rule of Civil Procedure 50 requires district courts to apprise parties of the deficiencies in their proof, and to give them an opportunity to present further evidence on the dispositive facts, before granting judgment as a matter of law against them." *Id.*, 100 F.3d at 1442; see also, *Smith v. Nw. Fin. Acceptance, Inc.,* 129 F.3d 1408, 1415 (10th Cir. 1997).

Given the fact that the Court determines the existence or non-existence of probable cause from the four corners of the Warrant, it is not required to wait until the jury trial has started in order to make a ruling based upon the issue presented in Plaintiffs' motion. As an alternative, the Court may reserve ruling on the motion until some later time in the case. However, there is no basis to conclude that the Defendants would not be fully heard by presenting evidence found in the Warrant and/or Affidavit.

WHEREFORE, for all the foregoing reasons and those specifically set forth in Plaintiffs' Motion [*Doc.139*].

**RESPECTFULLY SUBMITTED:**

By: /s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
103 St. Francis Drive, Unit A
Santa Fe, NM 87501
505-988-9750
Fax: (866) 657-8780
Email: nate@newmexicofirm.com
*Attorney for Plaintiffs*

I hereby certify that I filed the
foregoing electronically through
the CM/ECF system, which caused
the following parties or counsel to be served
by electronic means, as more fully reflected
on the Notice of Electronic Filing this 16th
day of November, 2014.

Robert L. Cole, Esquire: rlc@rcolelaw.com
*Attorneys for the City of Espanola, et al.*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins