## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Before the Honorable Stephan M. Vidmar
United States Magistrate Judge

### Clerk's Minutes

*Rapatz v. Martinez*, No. 12-cv-0827 RHS/SMV

### November 19, 2014

| | |
|---|---|
| **Attorney for Plaintiffs:** | Nathaniel V. Thompkins |
| **Attorney for Defendants**: | Robert L. Cole |
| **Proceedings**: | Telephonic Rule 16 Scheduling Conference<br>Liberty – Doña Ana Courtroom |
| *Start Time:* | 9:30 a.m. |
| *Stop Time:* | 9:55 a.m. |
| **Total Time**: | 25 minutes |
| **Clerk**: | ECT |

**Notes:**
— Counsel enter their appearances for the record.
— The Court notes that the stay of discovery [Doc. 92] was lifted following Judge Scott's memorandum opinion and order [Doc. 135] filed September 30, 2014.
— The Court asks Mr. Cole whether Defendants plan to file any other motions for qualified immunity.
— Mr. Cole states that he anticipates a motion for summary judgment and qualified immunity.
— **The Court will issue a scheduling order assigning the case to a 180-day discovery track with discovery terminating on May 18, 2015.  Plaintiffs' expert reports will be due February 17, 2015; Defendants' expert reports will be due March 19, 2015.**
— The Court will allow 25 interrogatories, 25 requests for production, and 25 requests for admission by each party to another party.
— The Court limits depositions to 10 per side, each (other than of parties and experts) limited to 4 hours, except by agreement.

The Court limits depositions of parties and experts to 8 hours each, unless extended by agreement or court order. Time limits on the length of depositions should be interpreted to mean the amount of time spent answering questions on the record. For example, breaks from questioning and time spent conferring with counsel should not count against the time limit.
— The Court offers the following regarding practices in federal court:
— Counsel and their legal assistants must be familiar with the Local Rules.
— Generally, notices of depositions and their certificates of service should not be filed on the record. D.N.M.LR-Civ. 30.1. Similarly, the filing of notices of nonavailability serves no purpose and they should not be filed on the record. Instead, counsel are encouraged to communicate with each other regarding their respective schedules.
— If a motion is unopposed, it should be clearly identified as such. Additionally, counsel must follow the local rules on unopposed motions. For example, a proposed order is required but should not be filed on the record. Instead, it should be submitted via electronic mail to the appropriate Judge's "proposed text" e-mail address. Judge Vidmar's is smvproposedtext@nmcourt.fed.us.
— Counsel should note D.N.M.LR-Civ. 26.6, which requires that motions to compel be filed within 21 days of service of an objection to discovery requests, unless the response specifies that documents will be produced or inspection allowed. The discovery motions deadline does not trump this local rule.
— When filing motions, counsel shall follow D.N.M.LR-Civ. 7.1(a), which requires a good-faith request for concurrence before filing. Motions failing to reflect that such a request for concurrence was made are routinely dismissed without prejudice.
— Except in rare circumstances, cross motions are highly discouraged because they are extremely difficult to follow in CM/ECF. If a party desires an order from the Court, a motion should be filed on that issue, rather than throwing in a request in the body of a response or reply to another motion.
— The Court strongly encourages the Bates-stamping of all documents exchanged in discovery.
— The parties are encouraged to proceed with discovery sooner rather than later. For example, if an independent medical exam is anticipated, it should be scheduled early on. Similarly, if

experts are involved, the scheduling of expert witness depositions does not have to wait until the experts are disclosed. If counsel knows that an expert may be disclosed on a certain date, a deposition can tentatively be set for one week after disclosure, rather than waiting for disclosure to begin to look at scheduling.
- An expert must be prepared to be deposed at the time the expert is disclosed.
- If the parties encounter discrete discovery disputes, counsel are encouraged to call chambers, and if the Judge is in the office, he will attempt to resolve the dispute. For example, if an attorney asserts a privilege and instructs a witness not to answer a question in a deposition, a phone call to the Judge's chambers may be appropriate and helpful. If more formal measures are needed, the Court may ask the attorneys to submit letters regarding the dispute or may ask that a motion be filed on the record.
- If counsel file a motion and subsequently resolve the dispute that the motion relates to, they should file a notice of withdrawal. If counsel resolve some of the issues in the motion, they should call chambers and inform the clerks about which issues have been resolved and which issues remain unresolved.
- The Court may issue tentative rulings to resolve discovery motions. If a party does not agree with the Court's tentative ruling, such party shall be required to argue first at any hearing scheduled regarding the disputed tentative ruling.
- Counsel should never assume that a ruling by the referral judge alters a ruling or order by the presiding judge.
- The Court inquires whether counsel have any other matters to discuss.
- Mr. Thompkins states that Plaintiffs received the certificate of service of initial disclosures but did not receive the actual disclosures.
- Mr. Cole will provide the initial disclosures.
- There being nothing further, the Court is in recess.