UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

              Plaintiffs,

vs.                                             Case No.: 12-cv-00827 RHS/SMV

CITY OF ESPANOLA, et al.,

              Defendants.

**ORDER DENYING PLAINTIFFS' SECOND MOTION FOR
<u>PARTIAL SUMMARY JUDGMENT</u>**

THIS MATTER came before the Court on the Plaintiffs' Second Motion for Partial Summary Judgment (Doc. 116). The Court has reviewed the Plaintiffs' Motion, together with the Defendants' Response (Doc. 118) and the Plaintiffs' Reply (Doc. 121), and finds that the Motion is not well-taken and should be denied.

The Plaintiffs seek summary judgment against Defendants Robert Vigil, Danny Pacheco, Christian Lopez and Joe Martinez. However, Defendants Lopez and Martinez have been terminated and dismissed from this lawsuit pursuant to the Court's Order Granting Christian Lopez and Joe Martinez's Motion to Dismiss (Doc. 91). As a result, the Court need not consider the Plaintiffs' arguments as they relate to former Defendants Lopez and Martinez. The only issue before the Court is whether the Plaintiffs are entitled to partial summary judgment against Defendants Pacheco and Vigil.

**BACKGROUND**

This case involves the issuance of a search warrant to investigate a possible drug trafficking operation in Plaintiff Rapatz's home. The Plaintiffs' claims in the Third Amended Complaint stem from the theory that Defendant Robert Vigil conspired with Defendant Danny

1

Pacheco to intentionally and knowingly provide false statements in the affidavit submitted to obtain the search warrant.  The Plaintiffs allege that a state judge issued a search warrant based on these allegedly false statements.  Defendant Vigil then executed the search warrant, knowing that the warrant was without probable cause.  The Plaintiffs asserted Section 1983 claims against Defendant Vigil and other Defendants for unreasonable search and seizure, false arrest, and excessive force.

The Plaintiffs first moved for partial summary judgment against Defendants Vigil, Martinez, and Lopez on March 20, 2014 (See Doc. 96).  The Court found that the Plaintiffs failed to state on which portions of the Third Amended Complaint summary judgment was sought.  The introduction of the first Motion for Partial Summary Judgment seemingly sought to address all of the claims in the Third Amended Complaint; yet, the Statement of Undisputed Material Facts ("SUMF") related only to the legality and facial validity of the search warrant.  The Court found that there were no allegations in the Third Amended Complaint which related to the claim that the warrant was facially invalid or illegal.  See Order Denying Motion for Partial Summary Judgment, Doc. 114.  Further, there were no supported allegations in the SUMF regarding any use of force; search or seizure; false statements by Defendant Vigil; or conspiracy.  Finally, many of the alleged "facts" were merely legal conclusions.

As a result of the above deficiencies, the Plaintiffs failed to satisfy their burden pursuant to Rule 56 Fed. R. Civ. P. See Rule 56(a)(requiring a moving party to "identify[] each claim or defense – or the part of each claim or defense – on which summary judgment is sought").  The Court accordingly denied the first Motion for Partial Summary Judgment for the Plaintiffs.  See Doc. 114.

The Plaintiffs filed this Second Motion for Partial Summary Judgment, apparently in an attempt to correct the deficiencies outlined in the Court's order on the first Motion. In this Motion, the Plaintiffs pray for:

> Partial Summary Judgment against the Defendants, Robert Vigil, Christian Lopez; [sic] Joe Martinez and Danny Pacheco on the following Fourth Amendment and Civil Rights claims, individually and jointly, alleged under 42 U.S.C. § 1983 (Count III and Count IV of Third Amended Complaint):
>
> 1. The Fourth Amendment claim for unreasonable seizure and unlawful seizure;
>
> 2. The Fourth Amendment claim for false arrest;
>
> 3. The Fourth Amendment claim for unlawful search of the Plaintiffs' person and property without probable cause;
>
> 4. The Fourth Amendment claim for execution of a facially defective general Search Warrant not based on probable cause; and
>
> 5. Fourth and Fourteenth Amendment claim of excessive force without suspicion or probable cause to believe Plaintiffs posed any physical danger to anyone.

(See Doc. 16).

Although the Plaintiffs unequivocally defined the claims on which summary judgment is sought, the present motion is nearly identical in fact and argument to the first. The Plaintiffs do not attach any new exhibits in support of the present motion, but cite only to the record filed in support of the first motion for partial summary judgment. For the reasons outlined below, the Court finds that the Plaintiffs have still failed to meet their burden under the standard of summary judgment.

### STANDARD OF REVIEW FOR SUMMARY JUDGMENT

As the Parties are aware, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

3

judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this assessment, the Court must view the evidence in the light most favorable to the Defendants. Noland v. McAdoo, 39 F.3d 269, 271 (10th Cir. 1994).

The movant may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is no genuine issue of material fact for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable, such that a jury could reasonably return a verdict in favor of the non-moving party. Id. at 249-50 (internal citations omitted).

As to materiality, "the substantive law will identify which facts are material." Anderson, 477 U.S. at 249. "Factual disputes that are irrelevant or unnecessary will not be counted." Id.

## I.
## The Plaintiffs' Reply in Support of their Motion

The Plaintiffs filed a notice of briefing complete in lieu of a reply on June 6, 2014 (See Doc. 119). The Plaintiffs then filed a Reply, despite having already filed the notice of briefing complete, on July 14, 2014 (See Doc. 121). They also filed an additional notice of briefing complete (See Doc. 122).

The Court acknowledges that the Plaintiffs' Reply is untimely and the second notice of briefing complete is unnecessary. However, in the interest of fairness, the Court has elected to consider the Reply in its decision.

## II.
## Absence of Facts Alleged Against Defendant Pacheco

The Plaintiffs include Defendant Pacheco as a defendant against whom summary judgment is sought in the second motion. However, the Plaintiffs do not provide any supported allegations surrounding Defendant Pacheco which are relevant to the claims against him.

The Plaintiffs make one assertion in the body of their argument regarding Defendant Pacheco, in which they state: "Defendant Pacheco was present and directly participated in the raid on Plaintiffs' home." This allegation is not supported by any citation or reference to the record. The Court will not give weight to this bare allegation. Accordingly, the Plaintiffs have failed to set forth any undisputed material facts with respect to Defendant Pacheco. Any claims against Defendant Pacheco on which summary judgment is sought are denied.

### III.
### Absence of Facts Supportive of Claims 1, 2, and 5

Three of the five enumerated claims on which the Plaintiffs seek summary judgment are stated as follows: 1) unreasonable search and seizure; 2) false arrest; and 5) excessive force. As previously noted, the Court found in the first motion for summary judgment that the Plaintiffs did not present any supported facts necessary to establish that they are entitled to relief on these three claims. Despite this finding, the Plaintiffs still failed to remedy this deficiency in the present motion.

The Plaintiffs add one fact to their nearly identical SUMF section in the second motion which relates to the search of the Plaintiffs' home. Fact 5 provides that "Defendants . . . made a 'No-Knock' raid into Plaintiffs' home at approximately 6:00 a.m. on May 11, 2010." This fact, although probative of a search actually being conducted in the Plaintiffs' home, still fails to outline any details regarding that search. There are no facts related to a seizure of either the Plaintiffs or their property; no facts related to any arrest or detention of the Plaintiffs; and no facts addressing any use of force. Given these substantial deficiencies, the Plaintiffs have failed to demonstrate that they are entitled to summary judgment on claims 1, 2, and 5, as outlined in their Motion.

## IV.
## Failure to Provide Material Facts

The final issue relates to the Plaintiffs' claims that the Defendants raided the Plaintiffs' homes without probable cause and without a facially valid search warrant (claims 3 and 4 as outlined in the Plaintiffs' motion). Because the Court already held that the present motion does not apply to Defendants Pacheco, Martinez, and Lopez, the Court will analyze these arguments only as they apply to Defendant Vigil.

Similar to the Plaintiffs' first motion for summary judgment, the current motion focuses entirely on the legality and facial validity of the search warrant obtained to search the Plaintiffs' house. The Plaintiffs argue that the search warrant was "overly-broad on its face" and not based on probable cause. See Doc. 116 at 10. The Plaintiffs allege in the SUMF that the search warrant contains "no stated justification" for the raid, nor does it "describe, with particularity, the place to be searched, and the persons or things to be seized." See Doc. 116 at 6, ¶¶ 7-8. Further, the Plaintiffs assert that the state judge erroneously issued a "no-knock" search warrant in violation of the Española Police Department Directives ("EPDD").

The Court finds that the Plaintiffs' arguments are problematic because the Plaintiffs never alleged that search warrant was facially invalid in their Third Amended Complaint. Instead and as previously discussed, the Plaintiffs' "theory" of the case, as described in their Third Amended Complaint, is that Defendant Vigil and Pacheco conspired to provide false information in Defendant Vigil's affidavit for a search warrant. See Doc. 78 at 5 ¶ 17-18. The Plaintiffs allege that if this false information was not provided in the affidavit, the judge "many not have issued the warrant." Id.

It is evident from the pleaded facts in the Third Amended Complaint that the Plaintiffs were alleging that the search warrant lacked probable cause because it relied on false

information. This is an entirely different theory than the one presented in the motion currently before the Court. The facts alleged in the Plaintiffs' motion which relate to the facial-validity of the search warrant are therefore not material to the Plaintiffs' claims. Similarly, the remaining allegations surrounding the alleged violations of the EPDD are irrelevant to whether or not Defendant Vigil knowingly falsified his affidavit and proceeded to search the Plaintiffs' home anyways. Given that the Plaintiffs have failed to offer undisputed <u>material</u> facts regarding the claims asserted against Defendant Vigil, they have failed to satisfy their burden of proof under the summary judgment standard. <u>See</u> <u>supra</u> Standard of Review for Summary Judgment.

In sum, there are no facts supported by the record which would entitle the Plaintiffs to relief under the claims pleaded in the Third Amended Complaint against Defendants Pacheco and Vigil. The Court finds that the Plaintiffs have failed to show that they are entitled to summary judgment as a matter of law.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Second Motion for Partial Summary Judgment (Doc. 116) is hereby **DENIED**.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
U.S. MAGISTRATE JUDGE