UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

              Plaintiffs,

vs.

                                     Case No.: 12-CV-00827 JCH-SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

                             Defendants.

**PLAINTIFFS' MOTION TO COMPEL # 1: DEFENDANT CITY
OF ESPANOLA'S FAILURE TO ADEQUATELY ANSWER PLAINTIFFS'
INTERROGATORIES AND RESPOND TO REQUEST FOR PRODUCTION
OF DOCUMENTS AND FOR SANCTIONS**

     COME NOW the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra
[hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V.
Thompkins] and pursuant to Fed.R.Civ.P. 37(a)(2)(A) and D.N.M.LR-Civ. 26.3, state the
following for their Motion to Compel No. I: Defendant City of Espanola's Failure to Adequately
Answer Plaintiffs' Interrogatories and Respond to Requests for Production and for Sanctions:

## INTRODUCTION

     Plaintiffs are entitled to discovery of "any matter, not privileged, which is relevant to the
subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). The relevance standard
"has been broadly construed to encompass any matter that bears on, or could reasonably lead to
other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc.
v. Sanders*, 437 U.S. 340, 351 (1978); *Centurion Industries, Inc. v. Warren Steurer & Assoc.*,

665 F.2d 323, 326 (10th Cir. 1981) (relevancy is interpreted more broadly during discovery than at trial). Courts view discovery requests with the liberality contemplated by the federal rules which are designed, in part to "[m]ake a trial less a game of a blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682 (1958) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Regarding interrogatories, the Federal Rules state that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3).

As contemplated by Rule 26 and the case law construing it, Plaintiffs served the Defendant City of Espanola with discovery requests which sought relevant information about Defendant's defenses and actions as set forth in Plaintiffs' complaint. Having failed to provide complete and accurate discovery responses, this Court should compel Defendants to serve responsive answers to Plaintiffs' interrogatories and complete responses to Plaintiffs' requests for production. Defendant's boilerplate blanket objections are not valid. Pursuant to Fed.R.Civ.P. 37(d), this Court should also require Defendant to pay Plaintiffs' attorney's fees which were incurred in making this motion. For these reasons, this Court should grant Plaintiffs' Motion to Compel No. I.

**STATEMENT OF THE RELEVANT FACTS**

1.       According to the Joint Status Report and Provisional Discovery Plan, Plaintiffs make the following claims:

- Count I – City of Espanola had a custom and practice of not conducting internal affairs investigations into citizen's complaints. City of Espanola negligently hired, failed to train, retained, promoted, failed to properly supervise, failed to discipline employees of the City of Espanola which custom and policy caused a violation of Plaintiffs' constitutional rights.  The City's policy makers approved the decision

to disregard the Espanola Police Department Directives which were a moving force that resulted in Plaintiffs' constitutional rights being violated.

- Count II – Judicial Deception – Defendants Vigil and Pacheco made false allegations and conspired to submitted false information in both the Affidavit and Police Reports.   Deprived Plaintiffs of their liberty and subjected them to unlawful, illegal and excessive detention in violation of the Fourth Amendment;

- Count III – Civil Rights 42 U.S.C. § 1983 for violation of Fourth Amendment Rights against the City of Espanola, Robert Vigil and Danny Pacheco including:

   o Execution of a General Search Warrant that failed to describe the items to be seized with as much specificity that knowledge and circumstances allows;
   o Search warrant failed to specify, as nearly as  possible, the distinguishing characteristics of the goods to be seized;
   o Execution of a Search Warrant based upon hearsay statements and failure to provide the veracity and basis of knowledge of the hearsay declarants;
   o Execution of a Search Warrant that lacks probable cause;
   o Illegally seized the Plaintiffs in violation of their Fourth Amendment Rights; and
   o Falsely arrested the Plaintiffs in violation of the Fourth Amendment Rights;

- Count IV – Excessive Use of Force (4th and 14th Amendments) – without reasonable suspicion or probable cause or cause to believe that Plaintiffs posed a danger to anyone, Defendants pointed loaded guns at the Plaintiffs, handcuffed them and caused physical injuries, great terror, fear, humiliation, indignity, invasion of privacy, anxiety, stress, emotional and mental anguish, and public ridicule.

See, *Doc.142*

2.      Defendants, without specificity, deny all of Plaintiffs' claims. [*Doc. 142*].

3.      In order to discover the facts underlying Defendants' defense raised in this case, Plaintiffs served Defendant City of Espanola with Interrogatories and Requests for the Production of Documents on October 4, 2014. [*Doc.137*].

4.      On December 15, 2014, Defendants served their answers and responses to Plaintiffs' discovery requests. [*Doc.150*].

5.      The parties agreed to extend the time for Plaintiffs to file their Motion to Compel to February 9, 2015. [*Doc.152*].

6.      As required by Fed.R.Civ.P. 37(a)(2)(A) and D.N.M.LR-Civ. 7.1(a), Plaintiffs' counsel sent a letter Defendants' counsel, explaining in detail why Defendants' discovery responses were inadequate.[1]   As suggested by Judge Vidmar, the Motion to Compel was filed the same day that the good faith letter was sent. Plaintiffs' counsel explained to Defendants' counsel that any issues resolved between would or could be removed from the instant motion to compel.

**LEGAL ARGUMENT**

**I.      HAVING FAILED TO PROVIDE COMPLETE AND ACCURATE DISCOVERY RESPONSES, THIS COURT SHOULD COMPEL DEFENDANT TO SERVE RESPONSIVE ANSWERS TO PLAINTIFFS' INTERROGATORIES AND COMPLETE RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION.**

"For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests." *ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc*., 53 F.3d 186, 190 (8th Cir. 1995). It is well-recognized that complete and accurate responses to discovery are imperative to the functioning of the modern trial process. See *Rozier v. Ford Motor Co*., 573 F.2d 1332, 1346 (5th Cir. 1978) (quoting *Dollar v. Long Mfg., N.C.*, 561 F.2d 613, 616 (5th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978)) ("It is axiomatic that '[d]iscovery by interrogatory requires candor in responding.'"). This rule has a simple but important purpose, namely to prevent trial by ambush. See *Reed v. Iowa Marine and Repair Corp*., 16 F.3d 82, 85 (5th Cir. 1994).

Federal Rule of Civil 33(b)(1) states that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting

---

[1] A copy of the letter from Nathaniel V. Thompkins to Robert Cole, Esq., dated February 8, 2015, is attached as Exhibit A.

party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). Interrogatories which do not encompass every allegation, or a significant number of allegations of the Complaint, reasonably place upon the answering party "the duty to answer them by setting forth the material or principal facts." *Hiskette v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D.Kan. 1998) (citing *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321-22 (D. Kan.1998)). The purpose of Interrogatories, such as those propounded by Plaintiffs, is to narrow and define issues for trial beyond what may be ascertained from the parties' pleadings. See, e.g., *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 489 (W.D.N.C. 1998).

Federal Rule of Civil Procedure 34(a) permits a party to request documents or electronically stored information or to inspect, copy, test or sample "tangible things" that are in the respondent's "possession, custody or control." Fed. R. Civ. P. 34(a). The responding party is to produce material within their possession, custody or control, which includes records in their actual possession, custody, or control, or in the possession of others from whom the party has a legal right to demand their return. *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995), *cert. dismissed sub. nom*, *Bankers Trust Co. v. Procter & Gamble Co.*, 517 U.S. 1205 (1996); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). As with initial disclosures and interrogatories, a party and his attorney have a duty to supplement or correct responses to requests for documents "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(b)(2).

**A.  Defendant's Boiler Plate Objections Should Be Overruled**

In answers to ***Interrogatories 2, 4, 7 through 17***, and ***Responses to Request No. 17***, Defendant has raised boiler plate objections that the discovery requests are "vague, overly broad, burdensome and ambiguous" and otherwise possibly inconsistent with the Federal Rules of Civil Procedure.[2] Defendant's objections are merely stated in a conclusory fashion. As held by the Court in *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995):

> "*A party opposing a discovery request* cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, *the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad*."

*Id.* The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (emphasis ours).

The City's boilerplate blanket objections are not valid. See *Oleson v. K-Mart*, 175 F.R.D. 570,571 (D. Kan. 1997); *Tomlinson v. Combined Underwriters Life Ins. Co.,* 2008 WL 4601578 at *1 (N.D. Okla. 2008) (boilerplate objections "evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the 'just, speedy, and inexpensive determination of every action and proceeding.'"). Furthermore, courts have characterized boilerplate objections, without an accompanying affidavit, to lack the specificity required, thus constituting a waiver of such objections. See e.g., *O'Bar v. Lowe's Home Centers, Inc*., 2007 WL 1299180, *5 n. 6 (W.D.N.C. 2007) (noting that an objection based on Rule 26(b)(2)(B) should be stated with particularity "and not in conclusory or boilerplate language;" "the party asserting that [electronically stored information] is not reasonably accessible should be prepared to specify facts that support its contention"). In *Johnson v. Kraft*

---

[2] See Defendant's Answers and Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents attached hereto, respectively, as Exhibits B and C.

*Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'"). Here Defendant has failed to satisfy its burden and should be order to supplement its' answers.

### B.  Defendant's Answers To Interrogator Nos. 2 and 3 Fails To Provide A Proper Answer

The interrogatories, respectively, requests the names and addresses of all persons … who were present at the time of each incident alleged in the Complaint and whether individuals gave a written statement or statements …". Defendant's answer improperly references the Uniform Police Report which does not answer the question. The Rio Grande Sun notes that there were "40 Espanola and State Police Officers". The Uniform Police Report does not identify any State Police Officer or the 40 reported officers that were at the scene. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc*., 236 F.R.D. 535, 545 (D. Kan. 2006). Here Defendant has failed to satisfy its discovery burden and should be ordered to supplement its' answers.

### C.    Defendant Failed To Properly Answer Interrogatory No. 4

In Answer to Interrogatory No.4 the Defendant states that a "declaration page [is] produced herein". However, no declaration page has been produced". More importantly, "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents

"hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See*, Johnson v. Kraft Foods N. Am., Inc*., 236 F.R.D. 535, 545 (D. Kan. 2006). Here Defendant has failed to satisfy its discovery burden and should be ordered to supplement its answers.

### D. Defendant Failure To Seek A Protective Order Waived Any Objection To Number of Interrogatories Or, In The Alternative, Plaintiffs' Interrogatories Do Not Have Discrete Subparts And Are Considered One Interrogatory

Defendants' answers to Interrogatory Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and Request for Production of Documents Nos. 3 and 4, improperly asserts an objection that the interrogatories subparts exceed twenty-five (25). Plaintiffs contend that that Defendant having failed to seek a protective order pursuant to FED. R. CIV. P. 37, have thereby waived their numerosity objections. As held by the Courts, "the better practice is to object to all of the interrogatories as violative of the rule and demand identification of the particular 25 (or other permitted number) to which the requesting party wishes a response." *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C.1998), citing *Herdlein Techs., Inc. v. Century Contractors, Inc*., 147 F.R.D. 103, 104 (W.D.N.C. 1993) (party served with excess number of interrogatories who answered some without first moving for protective order deemed to have waived excess number objection). The decisions found that "[o]therwise the responding party could selectively respond to the interrogatories and thereby strategically omit the most prejudicial information. … [and] the Court essentially would be allowing [the responding party] to determine for itself what information to reveal." *Herlein*, 147 F.R.D. at 104-105.

The Advisory Committee Notes to the 1993 Amendments lends support for the general proposition that the court should not permit a responding party to "pick and choose" which of the interrogatories to answer. "When a case with outstanding interrogatories exceeding the number permitted by this rule is removed to federal court, the interrogating party must seek leave allowing the additional interrogatories, specify which twenty-five are to be answered, or resubmit interrogatories that comply with the rule." The Advisory Committee's Notes chose to address this situation only in the context of removed cases. Other than the above-cited cases from the Western District of North Carolina, counsel for the Plaintiffs is unaware of any other decisions finding a waiver of the numerosity objections in the absence of seeking a protective order in an action originally brought in federal court.

Alternatively, Plaintiffs argue that Defendants' calculation ignores the requirement that only "discrete" subparts may be considered to count against the interrogatory number limitation. See FED. R. CIV. P. 33(a). "[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired may be disputable." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2168.1 at 261 (2d ed. 1994); see also *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte Co.*, 192 F.R.D. 698 (D. Kan. 2000).

In *Jaramillo v. Adams County Sch. Dist. 14,* No. 09-CV-02243-RPM-MEH, 2010 WL 1839329 (D. Colo. May 6, 2010) the court held, "Fed.R.Civ.P. 33 governs Interrogatories, and Fed.R.Civ.P. 34 governs Producing Documents. Rule 33 allows for subparts within interrogatories, and Rule 34 permits a request to include a category of items. The Committee Notes regarding Rule 33 describe how subparts of interrogatories may not "seek information

about discrete separate subjects." 146 F.R.D. 401, 675 (1993). "However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Id. at 675–76. Therefore, subparts "directed at eliciting details concerning a common theme should be considered a single question." *8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure* § 2168.1 (3d. ed.2010).

Most Court have applied the "related question" test to determine whether the subparts are discrete, asking whether the particular subparts are "logically or factually subsumed within and necessarily related to the primary question." *The Mitchell Company, Inc. v. Campus, No*. CA 07-0177-KD-C, 2008 WL 2468564, at *14 (S.D. Ala. June 16, 2008). "If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33(a)." *Oliver v. City of Orlando,* No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (quoting *Williams v. Taser Int'l, Inc*., No. 106-cv-51-RWS, 2007 WL 1630875, at *2 (N.D. Ga. June 4, 2007)).

Courts have done their best to formulate tests for when subparts are discrete. Interrogatory subparts are counted as one interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of America v. Rawstron,* 181 F.R.D. 441, 445 (C.D. Cal.1998); see also *Trevino v. ACB American, Inc*., 232 F.R.D. 612, 614 (N.D. Cal.2006). Subparts relating to a "common theme" should generally be considered a single interrogatory. *Safeco*, 181 F.R.D. at 444 (quoting 8A *Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure* § 2168.1, at 261 (2d ed.1994)). See also Fed. R. Civ. P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place,

persons present, and contents be stated separately for each such communication."). Here Defendant has failed to satisfy its burden and should be ordered to supplement its' discovery responses.

### E. Defendant Improperly References Other Discovery Answers And Documents When Answer Separate Interrogatories and Requests for Production of Documents

The Defendant's answers to **INTERROGATORIES 2, 3, 4, 7(a) through 7(f), 9(a) through 9(d), 11(a) through 11(f), 13** and **Responses to REQUESTS 1, 2, 11, 12, 13, 15, and 18,** improperly references other interrogatory answers or discovery documents. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). Here Defendant has failed to satisfy its discovery burden and should be ordered to supplement both its' answers and responses.

In, *Hiskett v. Wal-Mart Stores, Inc*., 180 F.R.D. 403 (D. Kan. 1998) the Court held that while a party need not "provide a narrative account of its case" nor duplicate its initial disclosures, parties may be required to respond to such inquiries by setting forth the "principal or material" facts. *Id*. at 404-05.

### F. Defendant Failed To Fully And Completely Answer Interrogatory No. 11 *et seq*.

Interrogatory Nos. 11(a) through 11(f) requests the IDENTIY of individuals which would include the names, addresses and telephone numbers.  Additionally it asks for the IDENTFY of the CUSTODIAN of any writings. Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each

interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." Defendant does not answer the interrogatory and fails to IDENTIFY the individuals sought by Plaintiffs.

Defendant's answers are not in compliance with Rule 33, F.R.Civ.P. which requires that each interrogatory be answered separately and fully in writing and under oath, unless objected to. *Union Pacific R. Co. v. Larkin*, 229 F.R.D. 240, 243 (D. N.M. 2005). Here Defendant has failed to satisfy its burden.

### G.  Defendants Failed To Provide Responses To Requests No. 5, 7 and 19

Defendant's simply failed to provide any Responses to Requests No. 5, 7 and 19 of Plaintiffs' Request for Production of Documents. The Fed. R. Civ. P., Rule 33(b)(3) provides that, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Pretrial discovery is ordinarily accorded a broad and liberal treatment. This treatment is based upon the general principal that litigants have a right to "every man's evidence …". *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). Here Defendant has failed to satisfy its burden with respect to Request Nos. 5 and 7 and should be ordered to supplement its' discovery responses.

### H.  Defendants' Responses to Request Nos. 5 and 7 Are Deficient

Plaintiffs' **Request No. 5** seeks, "(5) Any and all written memoranda, reports, correspondence, documents, photographs, video or audio tapes, or other writings or recordings relating in any way to the facts described in plaintiffs' Third Amended Complaint". Plaintiffs' **Request No. 7** seeks, "(7) Any and all records, reports, documents, writings, materials, orders, directives, reports, memoranda, regulations, and summaries which support YOUR Affirmative

Defenses 1 through 12." Plaintiff assumes that Defendant's objection is contained in Responses 6 and 8, and if so they both improperly assert a "privacy" objection to each request.

Patently, on its face, the asserted "privacy" objection of the officers has no application to Requests Nos. 5 and 7, as the requests call for documents etc. related to the facts in the Complaint and Defendant's affirmative defenses. In *Wood v. Breier*, 54 F.R.D. 7 (E.D. Wisc. 1972) the police were ordered to turn over the files of their internal investigation concerning the arrest and beating of the plaintiff. Factors considered important by the court were the purely factual nature of the material in the police file and the fact that the investigation had been conducted "almost immediately after the incident." The court noted "two major congressional and judicial policy decisions" mandating discovery of such files. The first was the broad federal discovery rules already noted. The second, unique to actions under § 1983, is that: enforcement is placed in the hands of the people. Each citizen "acts as a private attorney general who takes on the mantel of the sovereign," guarding for all of us the individual liberties enunciated in the Constitution. § 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden. Defendant, officer's privacy concerns, is not valid objections to the requested discovery.

*Woods* was followed by *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 17 Fed. R. Serv. 2d 16 (E.D. Pa. 1973), which delineated ten "considerations" to be considered in deciding what police files should be discoverable by a § 1983 plaintiff. None of the 10 factors considered the officer's privacy concerns. The courts have consistently ordered production of the information gathered in police investigations of alleged criminal activity and have repeatedly held that § 1983 claims

required complete and generous discovery. See, *Lewis v. City of Chicago*, 2004 WL 2608302 (N.D. Ill. 2004)(ordering discovery of police files with statements and with names of witnesses not yet interviewed). Here Defendant has failed to satisfy its burden with respect to Request Nos. 5 and 7 and should be ordered to supplement its' discovery responses.

### I.  Plaintiffs Are Entitled To Discovery Defendants' Performance Evaluations, Personnel Files, Human Resources Personnel Files and Disciplinary Records

Plaintiffs' **Request No. 6 s**eeks the "performance evaluations" of both Defendants Vigil and Pacheco. Plaintiffs' **Request No. 8 s**eeks documents and materials in the personnel files of Defendants Vigil and Pacheco. Plaintiffs' **Request No. 9 s**eeks the Human Resources Personnel files of Defendants Vigil and Pacheco. Plaintiffs' **Request No. 10 s**eeks the personnel files and disciplinary record for Defendants Vigil and Pacheco. Finally, Plaintiffs' **Request No. 16 s**eeks the internal disciplinary records procedures which Defendants Vigil and Pacheco were subject to.

Defendant improperly relies upon a claimed "federal constitutional right to privacy". Defendants also rely upon *Whalen v. Roe,* 429 U.S. 589 (1977). Defendants' reliance upon *Whalen* is misplaced. The issue in *Whalen* specifically involved a statute authorizing the State's collection of data related to Schedule II prescription drugs. The statute authorized the collection of the "patient's name, address, and age"; the "prescribing physician, dispensing pharmacy, drug and dosage". The lower court enjoined the enforcement of the statute and the Court of Appeals reversed. *Id.* The case is clearly distinguishable from the facts in the instant case.

A 10th Circuit case on point is the *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432 (10th Cir. 1981). In this case, the Defendant filed a motion to compel discovery of personnel and staff inspection bureau (SIB) files of each police officer present at his arrest. The Judge granted the Motion with the understanding that the court would review the requested material *in camera*. *Id.* (emphasis ours). The Court of Appeal reasoned that, "… public officials,

including the President, are not wholly without constitutionally protected <u>privacy rights in</u> <u>matters of personal life unrelated to any acts done by them in their public capacity</u>." The important distinction is that <u>matters in their work or public capacity are not private</u>. As found by the Court, "[w]hile the SIB files at issue here may have some personal data in them, the documents subject to Judge Lichtenstein's order did not contain personal data. <u>Those documents</u> <u>related simply to the officers' work as police officers</u>." *Id.* (emphasis ours).

Further, the Court found two compelling state interest overrides the police officer's legitimate expectation of privacy. First, the Court held that "[a]ssuming that the police officers have a legitimate expectation of privacy, the right may be overridden by a compelling state interest. <u>The compelling state interest involved here is ascertainment of the truth</u>." *Id.* (emphasis ours). Second, the Court found that, "[a]nother compelling state interest in discovery of the SIB files is the defendant's right to exculpatory material. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) teaches us that discovery of exculpatory material is a compelling state interest and is, indeed, an integral part of the right to a fair trial." *Id.*

Finally, the Police Association argued in *Denver Policemen's Protective Ass'n,* that "the officers and citizens who make statements in the course of an investigation have a right to privacy in the SIB files." *Id.* at 435. The Court found that Colorado Supreme Court in *Martinelli v. District Court in and for the City and County of Denver,* 612 P.2d 1083 (Colo.1980) recognized that personal data which is not of a highly personal or sensitive nature <u>may not fall</u> <u>within the zone of confidentiality</u>. *Id.* at 1092. The Court further reasoned that, "[w]e have elected to employ an adversary system of criminal justice in which the parties contest all issues before a court of law. <u>The need to develop all relevant facts in the adversary system is both</u> <u>fundamental and comprehensive</u>. The ends of criminal justice would be defeated if judgments

were to be founded on a partial or speculative presentation of the facts. <u>The very integrity of the</u> <u>judicial system and public confidence in the system depend on full disclosure of all the facts,</u> <u>within the framework of the rules of evidence</u>. To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense. *United States v. Nixon,* 418 U.S. 683, 709, 94 S.Ct. 3090 3108, 41 L.Ed.2d 1039 (1974)." *Id.* (emphasis ours).

A privilege log "has become, by now, the universally accepted means of asserting privileges in discovery in the federal courts." *Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1 (D.D.C. 1999) (referring to the indexing system originated in *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973)). Here Defendant has failed to satisfy its burden and should be ordered to supplement its' responses.

### J.  Defendant Waived Its Objection To Request No. 20 And Has Failed To Meet Its' Discovery Burden In Its' Response To This Request

In Defendant's Response to Request No. 20, Plaintiffs contend that that Defendant having failed to seek a protective order pursuant to FED. R. CIV. P. 37 has waived the objection provided in its' response. See, *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C.1998), citing *Herdlein Techs., Inc. v. Century Contractors, Inc*., 147 F.R.D. 103, 104 (W.D.N.C. 1993) (party served with excess number of interrogatories who answered some without first moving for protective order deemed to have waived excess number objection).

Generally, discovery is allowed of any matter that is relevant to the claim or defense of a party, provided the requested information is not protected by a privilege. Fed.R.Civ.P. 26(b)(1). Information need not be admissible at trial in order to be considered "relevant" under Rule 26. *Id.* The requested discovery, however, must appear "reasonably calculated to lead to the

discovery of admissible evidence." *Id.* The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990).

In objecting to discovery, the moving party must set forth specific facts showing good cause for the issuance of the protective order, not simply conclusory statements. *Gulf Oil Co. V. Bernard*, 452 U.S. 89, 102 n. 16 (1981). See also *Skellerup Ind. Ltd.v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) (The moving party must demonstrate a particular and specific need for a protective order as opposed to the presentation of a conclusory argument.) (citations omitted). When a party contends that information or testimony is protected because of a privilege, the party asserting the privilege bears the burden of proof with respect to showing its entitlement to the privilege. See *Foster v. Hill*, 188 F.3d 1259, 1264 (10th Cir. 1999) ("A party claiming the attorney-client privilege must prove its applicability, which is narrowly construed."). Here Defendant has failed to satisfy its burden.

Request No. 20 seeks the confidential informant's number and other information which the Defendant has assigned to him or her and which was created under the Espanola's Police Directives to keeps their Informant's identity confidential. The information Plaintiffs request does not disclose the actual informant's identity.  In fact the information requested is that information associated with tracking the informant's use by the Espanola Police Department and was created to keep the informant confidential. Pursuant to EPD Directives, 69.1.21, the information specifically requested is used by the EPD to keep the informant confidential. Therefore, any disclosure of this information would not disclose the identity of the informant.

Due process provides a simple rule for disclosure of informants' identities at trial and on summary judgment: absent "acute national security concerns," anonymous testimony is never allowed, and testifying informants' identities must therefore always be disclosed. See *Reich v.*

*Great Lakes Collection Bureau, Inc.*, 172 F.R.D. 58, 62 (W.D.N.Y. 1997) ("The informer's privilege does not override the government's duty to disclose the identity of witnesses who will testify at trial."). Withholding an informant's identity necessarily denies the defendant the chance to depose the informant, a result contrary to both the "broad and liberal" discovery contemplated by the Federal Rules of Civil Procedure,[*Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999)] and the principle that "the public has a right to every man's evidence." See, *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996) (quoting *United States v. Bryan*, 339 U.S. 323, 331 (1950) (quoting 8 *JOHN H. WIGMORE, EVIDENCE* § 2192, at 64 (3d ed. 1940)) (internal quotation marks and ellipsis omitted)).  It is important to point out again that Plaintiffs are not seeking the identity of the informant at this stage and merely seeks the information that the EPD has in tracking the reliability of the confidential informant and possible interest he or she has.

The Supreme Court first recognized the "informant's privilege" in its current form in 1957, holding in *Roviaro v. United States*, 353 U.S. 53 (1957). Under *Roviaro*, the privilege is qualified; when an informant's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* 353 U.S. at 60-61. In criminal cases the requesting party can override the privilege by showing that it needs for disclosure outweighs the government's interest in confidentiality. See, Ethan D. Whol, *Confidential Informants in Privae Litigation¸* Fordham Journal of Corporate & Financial Law, Vol. XII, pgs.566-7. This need is evaluated both by assessing the relationship between the informant and the wrong alleged, as in criminal cases, and also by directly evaluating the relevancy of the informant's identity to the facts at issue in the case. *Id.* Here, Defendant has not asserted any privilege and merely, in conclusory fashion, raised confidentiality as an objection. Here Defendant has failed to satisfy its burden.

**K. Defendant Has Not Answered Plaintiffs' Interrogatories Under Oath And Has Failed To Have The Person Answering The Interrogatories Sign The Answers As Required Under Rule 33(b)(5)**

Fed. R. Civ. P., Rule 33(b)(3) provides that, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In addition, Rule 33(b)(5) requires the signature of the person making the answers. There are no signatures other than yours which is there for only the objections. Here Defendant has failed to satisfy its burden. Here Defendant has failed to satisfy its burden and should be ordered to provide answers under oath and signed by the person making the answers for the Defendant.

**II.   PURSUANT TO Fed. R. Civ. P. 37(d), THIS COURT SHOULD REQUIRE DEFENDANT TO PAY PLAINTIFFS' ATTORNEY FEES WHICH WERE INCURRED IN MAKING THIS MOTION**

When a party fails to answer interrogatories or requests for production, this Court may, in its discretion, impose immediate sanctions under Fed.R.Civ.P. 37(d). *Continental Insurance Co. v. McGraw*, 110 F.R.D. 679, 681 (D. Colo. 1986). Accordingly, Rule 37(d) allows the court to impose sanctions even though the party has not violated a court order. Fed.R.Civ.P. 37(d); *Burnett v. Venturi*, 903 F. Supp. 304, 308 (N.D.N.Y. 1995). Rule 37(d) provides, in part, the following:

> if a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

See, Fed.R.Civ.P. 37(d). Disciplinary sanctions under Rule 37 serve three functions, one of which is to obtain compliance with the ordinary standard of care appropriate for parties and their attorneys. See Burnett, 903 F.Supp. at 308.

A responding party's failure to answer need not be willful in order to impose sanctions. Fed.R.Civ.P. 37(d) advisory committee's note (1970); *Burnett*, 903 F. Supp. at 308 (finding that Fed.R.Civ.P. 37(d) sanctions apply even in cases not rising to level of willfulness); *Continental Insurance Co.*, 110 F.R.D. at 683 (same). The presence or absence of willfulness does remain relevant in the choice of sanction, but this Court has discretion to impose some penalty regardless of the reason for the discovery violation. *Burnett*, 903 F. Supp. At 308.

In this case, Defendant failed to adequately answer Plaintiffs' interrogatories or properly respond to their requests for production and is therefore subject to the immediate sanctions provided in Rule 37(d). Accordingly, Defendant's disregard for his discovery obligations now warrants the imposition of sanctions. Defendant cannot show that its' failure to respond to the Plaintiffs' discovery requests was "substantially justified or that other circumstances make an award of expenses unjust." See Fed. R. Civ. P. 37(d). Therefore, Plaintiffs respectfully request that the Court order Defendant to pay reasonable attorney fees for preparing the instant motion.[3]

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order which provides for the following:

A.      Grants Plaintiffs' Motion to Compel No. I:  Defendant's Failure to Adequately Answer Plaintiffs' Interrogatories and Respond to Requests for Production and for Sanctions;

---

[3] If this Court determines that the requested sanction is appropriate, counsel for Plaintiffs stands ready to submit an affidavit specifying the time expended preparing this motion and counsel's hourly rate.

B.      Order Defendant to serve supplemental answer to Defendant's answer to Plaintiffs' First Set of Interrogatories to Defendant City of Espanola, interrogatory Nos. 1, 2, 3, 4, 7 through 17;

C.      Order Defendant to provide the answers under oath and be signed by the person providing the answers, other than Defendant's attorney.

D.      Order Defendant's to serve supplemental Responses to Plaintiff's First Request for Production of Documents, Request Nos. 1, 2, 3, 4, 5, 6, 7, 11, 12, 13, 15,  17, 18, 19 and 20.

E.      Find that Defendant waived its' numerosity objections to the number of interrogatories Plaintiffs' served by failing to have filed for a protective order;

F.      Find that Defendant waived any privilege objection to Request for Production of Documents No. 20, as Defendant both failed to raise any privilege and failed to file for a protective order;

G.      Award Plaintiffs their attorney fees and costs incurred in making this motion;

H.      Order all other and further relief this Court deems just and proper.

                              **RESPECTFULLY SUBMITTED:**

                              By: /s/ Nathaniel V. Thompkins
                                      Nathaniel V. Thompkins
                                      103 St. Francis Drive, Unit A
                                      Santa Fe, NM 87501
                                      505-988-9750
                                      Fax: (866) 657-8780
                                      Email: nate@newmexicofirm.com
                                      *Attorney for Plaintiffs*

I hereby certify that I filed the
foregoing electronically through
the CM/ECF system, which caused
the following parties or counsel to be served
by electronic means, as more fully reflected
on the Notice of Electronic Filing this 9th
day of February, 2015.

                    Robert L. Cole, Esquire: rlc@rcolelaw.com
                    *Attorneys for the City of Espanola, et al.*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins