

# NEW MEXICO FIRM, LLC

February 8, 2015

Mr. Robert Cole
LAW OFFICE OF ROBERT COLE
6303 Indian School Rd. NE, Suite 100
Albuquerque, NM 87110

**RE:**   Rapatz et al. v. City of Espanola et al.
        Cause No.: 1:12-CV-00827-JCH-SMV

Dear Robert:

As required by Fed.R.Civ.P. 37(a)(2)(A) andD.N.M.LR-Civ. 7.1(a), the purpose of this letter is to discuss Defendant City of Espanola's discovery responses in the above-referenced matter.

*Objections raised to discovery requests.* On December 15, 2014, Defendants served this answers and responses to Plaintiffs' first set of discovery. In answers to **Interrogatories 2, 4, 7 through 17**, and **Responses to Request No. 17**, the City raised boiler plate objections that the discovery requests are "vague, overly broad, burdensome and ambiguous" and otherwise possibly inconsistent with the Federal Rules of Civil Procedure. Defendant's answers merely state their objections in conclusory fashion. Here Defendant has failed to satisfy its burden.

As held by the Court in *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995):

> "*A party opposing a discovery request* cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, *the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.*"

The burden is on the party resisting discovery to *clarify and explain precisely why its objections are proper* given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (emphasis ours).

**Santa Fe**
103 St. Francis Drive, Unit
Santa Fe, NM 87501
Phone: 505-988-8979 | Fax: 866-657-8780



Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

The City's boilerplate blanket objections are not valid. See *Oleson v. K-Mart*, 175 F.R.D. 570,571 (D. Kan. 1997); *Tomlinson v. Combined Underwriters Life Ins. Co.*, 2008 WL 4601578 at *1 (N.D. Okla. 2008) (boilerplate objections "evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the 'just, speedy, and inexpensive determination of every action and proceeding.'"). Furthermore, courts have characterized boilerplate objections, without an accompanying affidavit, to lack the specificity required, thus constituting a waiver of such objections. See e.g., *O'Bar v. Lowe's Home Centers, Inc.*, 2007 WL 1299180, *5 n. 6 (W.D.N.C. 2007) (noting that an objection based on Rule 26(b)(2)(B) should be stated with particularity "and not in conclusory or boilerplate language;" "the party asserting that [electronically stored information] is not reasonably accessible should be prepared to specify facts that support its contention"). In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory Nos. 2 and 3:** These interrogatories, respectively, requests the names and addresses of all persons ... who were present at the time of each incident alleged in the Complaint and whether individuals gave a written statement or statements ...". Defendant's answer improperly references the Uniform Police Report which does not answer the question. The Rio Grande Sun notes that there were "40 Espanola and State Police Officers". The Uniform Police Report does not identify any State Police Officer or the 40 reported officers that were at the scene. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). Here Defendant has failed to satisfy its burden.

**Interrogatory No.4:** The City states that a "declaration page [is] produced herein". However, no declaration page has been produced". More importantly, "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers

# Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006).

**Interrogatory Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and Request for Production of Documents Nos. 3 and 4:** The City improperly asserts the objection that the interrogatories subparts exceed twenty-five (25). However, in *Jaramillo v. Adams County Sch. Dist. 14*, No. 09-CV-02243-RPM-MEH, 2010 WL 1839329 (D. Colo. May 6, 2010) the court held, "Fed.R.Civ.P. 33 governs Interrogatories, and Fed.R.Civ.P. 34 governs Producing Documents. *Rule 33 allows for subparts within interrogatories*, and Rule 34 permits a request to include a category of items. The Committee Notes regarding Rule 33 describe how subparts of interrogatories may not "seek information about discrete separate subjects." 146 F.R.D. 401, 675 (1993). "*However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.*" Id. at 675–76. Therefore, *subparts "directed at eliciting details concerning a common theme should be considered a single question." 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure* § 2168.1 (3d. ed.2010). Most Court have applied the "related question" test to determine whether the subparts are discrete, asking whether the particular subparts are "logically or factually subsumed within and necessarily related to the primary question." *The Mitchell Company, Inc. v. Campus*, No. CA 07-0177-KD-C, 2008 WL 2468564, at *14 (S.D. Ala. June 16, 2008). "If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33(a)." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (quoting *Williams v. Taser Int'l, Inc.*, No. 106-cv-51-RWS, 2007 WL 1630875, at *2 (N.D. Ga. June 4, 2007)).

Courts have done their best to formulate tests for when subparts are discrete. Interrogatory subparts are counted as one interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal.1998); see also *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal.2006). Subparts relating to a "common theme" should generally be considered a single interrogatory. *Safeco,* 181 F.R.D. at 444 (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed.1994)). *See also* Fed. R. Civ. P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place, persons present, and contents be stated separately for each such communication.").



Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

**Improper references to other answers or discovery:** The City, in answering **INTERROGATORIES 2, 3, 4, 7(a) through 7(f), 9(a) through 9(d), 11(a) through 11(f), 13; REQUESTS 1, 2, 11, 12, 13, 15, and 18,** improperly references other interrogatory answers or discovery documents. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006).

**Interrogatory Nos. 11(a) through 11(f):** This Interrogatory requests the IDENTIY of individual which would include the names, addresses and telephone numbers.  Additionally it asks for the IDENTFY of the CUSTODIAN of any writings.  Defendant's answers are not in compliance with Rule 33, F.R.Civ.P. which requires that each interrogatory be answered separately and fully in writing and under oath, unless objected to. *Union Pacific R. Co. v. Larkin*, 229 F.R.D. 240, 243 (D. N.M. 2005). Here Defendant has failed to satisfy its burden.

**Defendants have not provided responses to Request Nos. 5, 7 and 19.** In Defendant's responses to the above-referenced Request for Production of Documents they have failed to respond to each request. Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." Pretrial discovery is ordinarily accorded a broad and liberal treatment. This treatment is based upon the general principal that litigants have a right to "every man's evidence …". *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993).

**Interrogatory Answers must be given under oath:** Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." In addition, Rule 33(b)(5) requires the signature of the person making the answers. There are no signatures other than yours which is there for only the objections. Here Defendant has failed to satisfy its burden.

**Request No. 5** seeks, "(5) Any and all written memoranda, reports, correspondence, documents, photographs, video or audio tapes, or other writings or recordings relating in any way to the facts described in plaintiffs' Third Amended Complaint". **Request No. 7** seeks, "(7) Any and all records, reports, documents, writings, materials, orders, directives, reports, memoranda, regulations, and summaries which support YOUR Affirmative

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

Defenses 1 through 12." Defendant improperly asserts the same "privacy" objection to each request.

Patently, on its face, the asserted "privacy" objection of the officers has no application to Requests Nos. 5 and 7, as the requests call for documents etc. related to the facts in the Complaint and Defendant's affirmative defenses.

In *Wood v. Breier*, 54 F.R.D. 7 (E.D. Wisc. 1972) the police were ordered to turn over the files of their internal investigation concerning the arrest and beating of the plaintiff. Factors considered important by the court were the purely factual nature of the material in the police file and the fact that the investigation had been conducted "almost immediately after the incident." The court noted "two major congressional and judicial policy decisions" mandating discovery of such files. The first was the broad federal discovery rules already noted. The second, unique to actions under § 1983, is that: enforcement is placed in the hands of the people. Each citizen "acts as a private attorney general who takes on the mantel of the sovereign," guarding for all of us the individual liberties enunciated in the Constitution. § 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden. Defendant, officer's privacy concerns, is not valid objections to the requested discovery.

*Woods* was followed by *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 17 Fed. R. Serv. 2d 16 (E.D. Pa. 1973), which delineated ten "considerations" to be considered in deciding what police files should be discoverable by a § 1983 plaintiff. None of the 10 factors considered the officer's privacy. The courts have consistently ordered production of the information gathered in police investigations of alleged criminal activity and have repeatedly held that § 1983 claims required complete and generous discovery. See, *Lewis v. City of Chicago*, 2004 WL 2608302 (N.D. Ill. 2004)(ordering discovery of police files with statements and with names of witnesses not yet interviewed). Here Defendant has failed to satisfy its burden with respect to Request Nos. 5 and 7.

**Request No. 6:** Seeks "performance evaluations" of both Defendants Vigil and Pacheco.  **Request No. 8:** Seeks documents and materials in the personnel files of Defendants Vigil and Pacheco. **Request No. 9:** Seeks the Human Resources Personnel files of Defendants Vigil and Pacheco. **Request No. 10:** Seeks the personnel files and disciplinary record for Defendants Vigil and Pacheco. Finally, **Request No. 16:** Seeks the internal disciplinary records procedures which Defendants Vigil and Pacheco were subject to. Defendant

# Exhibit A

improperly relies upon a claimed "federal constitutional right to privacy". Defendants also rely upon *Whalen v. Roe,* 429 U.S. 589 (1977). Defendants' reliance upon *Whalen* is misplaced. The issue in *Whalen* specifically involved a statute authorizing the State's collection of data related to Schedule II prescription drugs. The statute authorized the collection of the "patient's name, address, and age"; the "prescribing physician, dispensing pharmacy, drug and dosage". The lower court enjoined the enforcement of the statute and the Court of Appeals reversed. *Id.* The case is clearly distinguishable from the facts in the instant case.

A 10th Circuit case on point is the *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432 (10th Cir. 1981). In this case, the Defendant filed a motion to compel discovery of <u>personnel and staff inspection bureau (SIB) files</u> of each police officer present at his arrest. The Judge granted the Motion with the understanding that the court would review the requested material *in camera. Id.* (emphasis ours). The Court of Appeal reasoned that, "... public officials, including the President, are not wholly without constitutionally protected <u>privacy rights in matters of personal life unrelated to any acts done by them in their public capacity.</u>" The important distinction is that <u>matters in their work or public capacity are not private.</u> As found by the Court, "[w]hile the SIB files at issue here may have some personal data in them, the documents subject to Judge Lichtenstein's order did not contain personal data. <u>Those documents related simply to the officers' work as police officers.</u>" *Id.* (emphasis ours).

The Court found two compelling state interest overrides the police officer's legitimate expectation of privacy. First, the Court held that "[a]ssuming that the police officers have a legitimate expectation of privacy, the right may be overridden by a compelling state interest. <u>The compelling state interest involved here is ascertainment of the truth.</u>" *Id.* (emphasis ours). Second, the Court found that, "[a]nother compelling state interest in discovery of the SIB files is the defendant's right to exculpatory material. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) teaches us that discovery of exculpatory material is a compelling state interest and is, indeed, an integral part of the right to a fair trial." *Id.*

Finally, the Police Association argued in *Denver Policemen's Protective Ass'n,* that "the officers and citizens who make statements in the course of an investigation have a right to privacy in the SIB files." *Id.* at 435. The Court found that Colorado Supreme Court in *Martinelli v. District Court in and for the City and County of Denver,* 612 P.2d 1083 (Colo.1980) recognized that personal data which is not of a highly personal or sensitive nature <u>may not fall within the zone of confidentiality</u>. *Id.* at 1092. The Court further reasoned that, "[w]e

# Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies


have elected to employ an adversary system of criminal justice in which the parties contest all issues before a court of law. <u>The need to develop all relevant facts in the adversary system is both fundamental and comprehensive</u>. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. <u>The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence</u>. To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense. *United States v. Nixon,* 418 U.S. 683, 709, 94 S.Ct. 3090 3108, 41 L.Ed.2d 1039 (1974)." Here Defendant has failed to satisfy its burden.

As detailed in this letter, please supplement Defendant's, City of Espanola, discovery answers and responses and serve them on the Plaintiffs by Monday, March 1, 2015 at 12:00 pm. As Judge Vidmar suggested, I will file our Motion to Compel on Monday, February 9, 2015, if we are able to work through some of these issues, we can remove them from the Motion to Compel. To avoid unnecessary costs, I trust that you will timely respond to Plaintiffs' requests.

Should you have any questions, please contact me.


Nathaniel V. Thompkins

cc:   Client


# Exhibit A