UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.                                                                                                  Case No. 1:12-CV-00827

JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

**DEFENDANT CITY OF ESPANOLA'S ANSWERS TO PLAINTIFF'S
INTERROGATORIES TO DEFENDANT, CITY OF ESPANOLA**

### Interrogatories

1.     Please identify the person or persons responding to these Interrogatories on behalf of the City of Espanola. Please identify in your answer each person who has provided information in connection with these interrogatory answers?

ANSWER:

Deputy Chief Miguel Maez. Counsel for Defendant has also provided assistance in answering these Interrogatories.

2.     State the names and addresses of all persons known to you who were present at the time of each incident alleged in the Complaint or who observed or witnesses all or part of the incident.

ANSWER:

Objection. This Interrogatory as written is vague and ambiguous insofar as it seeks names and addresses of all persons present with regard to "each" incident alleged in Plaintiffs' Complaint. Defendant is not the author of Plaintiffs' Complaint, and "incident" is not clearly defined. Notwithstanding said objections and without waiving same, pursuant to Fed. R. Civ. P.


Exhibit B

33(d), Defendant refers you to the Uniform Police Report and relative documents, including the Affidavit for Search Warrant, Search Warrant.

    3.    As to each individual named in response to Interrogatory 2, state whether to your knowledge, or the knowledge of your attorney, such individual has given any written or recorded statement or statements, concerning the subject matter of the Complaint in this lawsuit.

ANSWER:

Pursuant to Fed. R. Civ. P. 33(d), Defendant refers you to the Uniform Police Report and relative documents, including the Affidavit for Search Warrant, Search Warrant.

    4.    If, at the time of the incident alleged in the Complaint, YOU were covered by an insurance policy under which an insurer may be liable to satisfy part or all of a judgment or reimburse you for payments to satisfy part or all of a judgment, state the following:

        A. The name(s) and address(es) of the insured(s);

        B. The amount of coverage under each insurance policy;

        C. The name(s) and address(es) of said insurer(s).

ANSWER:

Objection. This Interrogatory as written is vague and ambiguous insofar as the term "incident" is not clearly defined. Notwithstanding said objections and without waiving same, pursuant to Fed. R. Civ. P. 33(d), see declaration page produced herein.

    5.    State the names and addresses of all experts whom you intend to call to testify at trial.

ANSWER:

Defendant has not yet made a determination as to who it may call to testify as an expert at trial and reserves the right to provide this information in accordance with the Federal Rules of Civil Procedure and deadlines set forth by the Court.

    6.    Please identify all personnel who were assigned to the Espanola Police Department Criminal Investigation Section and handling "Narcotics/Vice Investigations" during any investigation of the Plaintiff, TONY RAPATZ.

# Exhibit B

ANSWER:

Officer Robert Vigil, Lt. Christopher Lopez and Chief Joe Martinez.

7. Identify the "Sergeant" and "Detective(s)" who were assigned to the Espanola Police Department Criminal Investigation Section and handling "Narcotics/Vice Investigations" during the investigation of the Plaintiff, TONY RAPATZ.

   a. Identify the "notification" given by the "Sergeant" of the Espanola Police Department Criminal Investigation Section to the "Region III" task force about the investigation into TONY RAPATZ.

   b. Identify the documentation the results of the investigation YOUR investigation of TONY RAPATZ and the documents which were "referred" to the Sergeant of the Detectives Division.

   c. Identify the "Offense Incident Report" which documented all investigations of TONY RAPATZ and related to the May 11, 2010 Search Warrant.

   d. Identify the person or persons who "reviewed" the information received "through" the investigation of TONY RAPATZ and identify the "criteria" used by "the unit commander" to determine if "follow-up investigation" should be conducted.

   e. Identify the "unit commander" who evaluated the information set forth in Officer Robert Vigil's Affidavit that he was "… contacted by two concerned law enforcement entities in reference to a male subject identified as Tony" and that "… there is constant traffic in and out of the residence which poses a problem for neighboring citizens."

   f. Identify what criteria, information and documents were used to base the decision to obtain a Search Warrant for TONY RAPATZ.

ANSWER:

Objection. This Interrogatory as written is so overly broad, vague and ambiguous it is unclear what exactly the Interrogatory seeks. Defendant further objects to this Interrogatory on the basis it is a compound Interrogatory. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including*, discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate*

Exhibit B

*subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*

The questions set forth in Plaintiff's Interrogatory No. 7 are not logically or factually subsumed within the primary question or necessarily related to the primary question. Further, each discrete subpart is not secondary to the first question. See *Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 685 (D. Nev. 1997).

Notwithstanding said objections and without waiving same, Defendant will attempt to answer these Interrogatories as enumerated separately as follows:

Answer to Interrogatory No. 7:
Officer Robert Vigil, Lt. Christopher Lopez and Sgt. Joe Martinez.

Answer to Interrogatory No. 8: (sub-part "a"):

Pursuant to Fed. R. Civ. P. 33(d), see Answer to Interrogatory No. 3.

Answer to Interrogatory No. 9: (sub-part "b"):

Pursuant to Fed. R. Civ. P. 33(d), see Answer to Interrogatory No. 3.

Answer to Interrogatory No. 10: (sub-part "c"):

Pursuant to Fed. R. Civ. P. 33(d), see Answer to Interrogatory No. 3.

Answer to Interrogatory No. 11: (sub-part "d"):

Pursuant to Fed. R. Civ. P. 33(d), see Answer to Interrogatory No. 3.

Answer to Interrogatory No. 12: (sub-part "e"):

Pursuant to Fed. R. Civ. P. 33(d), see Answer to Interrogatory No. 3.

Answer to Interrogatory No. 13: (sub-part "f"):

Pursuant to Fed. R. Civ. P. 33(s), see Answer to Interrogatory No. 3.

8. Please identify all personnel the Espanola Police Department Criminal Investigation Section who maintained a file regarding the investigation of TONY RAPATZ.

   a. Identify all documents, affidavits or tangible things of which YOU or YOUR counsels are aware that is contained in each file identified in Interrogatory No. 8.

**Exhibit B**

    b. List the names, addresses and phone numbers of all individuals known to YOU or to YOUR counsel who may have knowledge, evidence, or documents in their possession relevant to the investigation of TONY RAPATZ.

    c. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 8(a).

ANSWER:

Objection. This Interrogatory as written is so overly broad, vague and ambiguous it is unclear what exactly the Interrogatory seeks. Defendant further objects to this Interrogatory on the basis it is a compound Interrogatory. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. ***Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects.*** *(Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*

The questions set forth in Plaintiff's Interrogatory No. 8 are not logically or factually subsumed within the primary question or necessarily related to the primary question. Further, each discrete subpart is not secondary to the first question. See *Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 685 (D. Nev. 1997). Sub-part B (Interrogatory No. 15) relates in no way to the primary question, or sub-part A (Interrogatory No. 14), thereby, also making sub-part C (Interrogatory No. 16) vague and ambiguous insofar as it is not possible to know which question or sub-part it is referring to.

    9.    Please identify all "surveillance" operations "plan(s) of action" that were "formulated" in reference to the investigation of TONY RAPATZ.

    a. Identify all documents, affidavits or tangible things of which YOU or YOUR counsels are aware that is part of the "plan(s) of action" identified in Interrogatory No. 9.

    b. List the names, addresses and phone numbers of all individuals known to YOU or to YOUR counsel who may have knowledge, evidence, or documents in their possession which is part of the "plan of action" identified in Interrogatory No. 9.

    c. Please IDENTIFY the present CUSTODIAN of each WRITING identified in



# Exhibit B

      YOUR answer to Interrogatory No. 9(a).

    d. Identify the individual who determined if there were any "legal ramifications" that could jeopardize the surveillance operations goal.

ANSWER:

Objection. This Interrogatory as written is so overly broad. Defendant further objects to this Interrogatory on the basis it is a compound Interrogatory. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *__including,__* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. ***Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).***

Notwithstanding said objections and without waiving same, considering this Interrogatory as Interrogatory Nos. 17-20, pursuant to Fed. R. Civ. P. 33(d), Defendant refers you to the Uniform Incident Report regarding the incident(s) forming the basis of this lawsuit and relative documents, including the Affidavit for Search Warrant and Search Warrant, as well as any court documents.

10. Please identify all "Background Investigations" that were done on TONY RAPATZ.

    a. Identify all documents, affidavits or tangible things of which YOU or YOUR counsels are aware that was obtained during the background investigation.

    b. Identify the "investigator" and the "investigator's report";

    c. Identify any "N.C.I.C. Triple I reports" obtained during any Background Investigation of TONY RAPATZ;

    d. List the names, addresses and phone numbers of all individuals known to YOU or to YOUR counsel who may have knowledge, evidence, or documents in their possession which is part of any "N.C.I.C. Triple I reports" identified in Interrogatory No. 10(b);

    e. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 10(a) and (c); AND

    f. Identify the individual who determined if there were any "legal ramifications" that could jeopardize the surveillance operations goal.

ANSWER:

Objection. This Interrogatory as written is compound. Pursuant to the Joint Status



# Exhibit B

Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties **cannot** evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects.* *(Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*

11. Did the execution of the Search Warrant upon TONY RAPATZ on May 11, 2010, involve the use of personnel from "other law enforcement agencies"? If yes, please identify:

   a. Identify the "Sergeant/Lieutenant" who "approved" the use other law enforcement agencies and who was responsible for notifying and advising the Office of the Chief of Police, prior to the search taking place.

   b. Identify the "Investigating Supervisor" who "requested" the use outside law enforcement agency to "participate" in the execution of the Search Warrant on TONY RAPATZ.

   c. Identify any and all "Case Plan(s)", documents, affidavits or tangible things of which YOU or YOUR counsels are aware that is or are related to TONY RAPATZ and the Search Warrant Issued on May 11, 2010.

   d. Identify the "incident commander" who prepared a Case Plan(s) for the execution of the Search Warrant executed upon TONY RAPATZ.

   e. List the names, addresses and phone numbers of all individuals known to YOU or to YOUR counsel who may have knowledge, evidence, or documents in their possession relevant to the investigation of TONY RAPATZ.

   f. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 11(c).

ANSWER:

Objection. This Interrogatory as written is compound. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties **cannot** evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects.* *(Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*

# Exhibit B

Notwithstanding said objections and without waiving same, to the extent this information is responsive to this compound Interrogatory, Defendant states that Sergeant Mier with New Mexico State Police, members of the New Mexico State Police SWAT Team, members of the Albuquerque Police Department SWAT Team, members of the New Mexico State Police Hazmat Team and members of the Espanola Police Department were involved, as well as Sergeant Dug Bolich, Mike Armendarez, Bill Kirpatrick, Lt. Chris Lopez, Bryan Martinez, Stacy Saez, Chief Joe Martinez. The supervisor in charge was Lt. Chris Lopez.

12. Identify the specific "articulable facts" that provided a "reasonable likelihood" that TONY RAPATZ or anyone else would use weapons against any police officer during the execution of the May 11, 2010 Search Warrant.

ANSWER:

Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* Defendant objects to each of the interrogatories subsequent to Interrogatory No. 11 on the basis that the interrogatory exceeds 25 in number.

13. Identify the Assistant District Attorney who either reviewed and/or approved Officer Robert Vigil's Affidavit used in obtaining the May 11, 2010 Search Warrant before it was presented to the First Judicial District Court Judge.

ANSWER:

Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* Defendant objects to each of the interrogatories subsequent to Interrogatory No. 11 on the basis that the interrogatory exceeds 25 in number.

Notwithstanding the foregoing, please see the Search Warrant.

14. Has any police officer within the Espanola Police Department, within the past five years, 2005 to 2010, ever been the subject of any civilian complaint or internal disciplinary proceeding having to do with alleged abuses of your powers as a law enforcement officer, state as to each such proceeding:

Exhibit B

    a. The substance of any charges made against you in each such proceeding;

    b. The name and address of each person who brought such charges;

    c. The date and outcome of each such proceeding, including the date and nature of any subsequent disciplinary action against you, if any was taken.

    d. IDENTIFY any and all documents, affidavits or tangible things of which YOU or YOUR counsels are aware that set forth any Notices of Torts Claims Act, Complaints or Investigations of Civilian Complaints that are related to YOUR answer to Interrogatory No. 14.

    e. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 14(d).

ANSWER:

Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, ***including,*** discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. ***Parties <u>cannot</u> evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*** Defendant objects to each of the interrogatories subsequent to Interrogatory No. 11 on the basis that the interrogatory exceeds 25 in number.

15. Under the policy, procedures, rules and regulations of the Espanola Police Department that were enforce at all relevant time to Plaintiff's Complaint IDENTIFY the "First Line Supervisor(s)" who performed the following:

    i. Reviewed Citizen Complaints against Robert Vigil and Danny Pacheco between May 2005 and May 2010;

    ii. Reviewed the tardiness of Robert Vigil and Danny Pacheco between May 2005 and May 2010;

    iii. Review the absenteeism of Robert Vigil and Danny Pacheco between May 2005 and May 2010;

    iv. Review any motor vehicle accident(s) of Robert Vigil and Danny Pacheco between May 2005 and May 2010;


Exhibit B

  v. Conducted performance evaluations for Robert Vigil and Danny Pacheco between May 2005 and May 2010;

  vi. Reviewed use of force incident reports for Robert Vigil and Danny Pacheco between May 2005 and May 2010; and

  vii. Reviewed all disciplinary actions against Robert Vigil and Danny Pacheco in order to identify potential problems which could adversely affect either officer's work performance between May 2005 and May 2010.

 a. Please IDENTIFY all documents that that relate to (1) Citizen Complaints, (2) tardiness; (3) absenteeism; (4) motor vehicle accidents; (5) performance evaluations; (6) use of force incident reports and (7) disciplinary actions involving Robert Vigil;

 b. Please IDENTIFY all documents that that relate to (1) Citizen Complaints, (2) tardiness; (3) absenteeism; (4) motor vehicle accidents; (5) performance evaluations; (6) use of force incident reports and (7) disciplinary actions involving Danny Pacheco;

ANSWER:

Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. ***Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*** Defendant objects to each of the interrogatories subsequent to Interrogatory No. 11 on the basis that the interrogatory exceeds 25 in number.

16. IDENTIFY the "Early Warning System" of the Espanola Police Department.

 a. IDENTIFY the "Early Warning Files" that are reviewed on a quarterly basis and analyzed for trends involving the following Officers:

  i. Robert Vigil; and
  ii. Danny Pacheco.

# Exhibit B

    b. IDENTIFY each instance, by time and date, in which the Internal Affairs Commander reviewed the Early Warning System for effectiveness on an annual basis and created a Report of the review.

    c. Please IDENTIFY the present CUSTODIAN of every Early Warning File and every Early Warning System Report identified in your answer to interrogatory number 16(a)(i) through 16(a) and 16(b).

ANSWER:

Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, ***including,*** discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. ***Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*** Defendant objects to each of the interrogatories subsequent to Interrogatory No. 11 on the basis that the interrogatory exceeds 25 in number.

17. IDENTIFY the Espanola Police Department number assigned to the "Confidential Informant" used by Officer Robert Vigil and identified as "IT" in the May 11, 2010 "Affidavit for Search Warrant".

    a. IDENTIFY the number assigned to "IT" the Confidential Informant used by Officer Robert Vigil in the May 11, 2010 Affidavit for Search Warrant.

    b. IDENTIFY the method of payment made to the Confidential Informant for the information he or she provided in the Affidavit for Search Warrant.

    c. IDENTIFY the Confidential Informant Report for the individual informant referred to as "IT" in the May 11, 2010 Affidavit for Search Warrant.

    d. IDENTIFY the Detective assigned as the "handler" for "IT", the confidential informant identified in the May 11, 2010 Affidavit for Search Warrant.

    e. IDENTIFY the complete history of information and the reliability of the information provided by "IT", the confidential informant identified in the May 11, 2010 Affidavit for Search Warrant.

    f. IDENTIFY the "Unit Sergeant" who maintained the Confidential Informant files for "IT", the confidential informant identified in the May 11, 2010 Affidavit for Search Warrant.

    g. IDENTIFY all documents related to the "semi-annual" review and update of "IT's" Confidential Informant file for the periods from May 11, 2009

**Exhibit B**

through May 11, 2014.

ANSWER:

Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *<u>including</u>*, discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties <u>cannot</u> evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* Defendant objects to each of the interrogatories subsequent to Interrogatory No. 11 on the basis that the interrogatory exceeds 25 in number.

Respectfully submitted,

Robert Cole
Attorney for City of Espanola
6303 Indian School Rd. NE, Ste 100
Albuquerque, New Mexico 87110
(505) 872-8626 / 872-8624 (fax)

# Exhibit B