UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.                                                                                          Case No. 1:12-CV-00827

JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

**DEFENDANT CITY OF ESPANOLA'S RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO THE DEFENDANT, CITY OF ESPANOLA**

    1. Any and all materials identified in answer to any interrogatories served upon the defendant by the plaintiffs. Please see documents provided.

    2. Any and all materials used or relied upon by the defendant in preparing answers to any of the plaintiffs' interrogatories.  See answer to No. 1

    3. The names and address of all persons who are or may be witnesses to any of the events which are the subject of this lawsuit or of any defense being offered by the defendant.

    RESPONSE:

    Objection.  This is not a Request for Documents, but rather an Interrogatory improperly posed as a Request for Production and appears to be an attempt by Plaintiff to evade the presumptive limitation of Interrogatories allowed by each party pursuant to the Discovery Plan filed in this matter. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. ***Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects.*** *(Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*

    4. The names and addresses of any and all expert witnesses contacted or retained by the



defendant or defense counsel in connection with any aspect of this litigation.

RESPONSE:

Objection. This is not a Request for Documents, but rather an Interrogatory improperly posed as a Request for Production and appears to be an attempt by Plaintiff to evade the presumptive limitation of Interrogatories allowed by each party pursuant to the Discovery Plan filed in this matter. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. ***Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects.*** *(Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*

5. Any and all written memoranda, reports, correspondence, documents, photographs, video or audio tapes, or other writings or recordings relating in any way to the facts described in plaintiffs' Third Amended Complaint, including but not limited to the following items:

- All demonstrative, physical, photographic or audio evidence which you may introduce at trial;

- any and all photographs, videos, movies, diagrams, and memoranda related to plaintiff's employment;

- any and all general investigative reports, including internal investigations of plaintiff Tony Rapatz;

6. Any and all performance evaluations for both Robert Vigil and Danny Pacheco.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432,435 (lOth Cir. 1981).

7. Any and all records, reports, documents, writings, materials, orders, directives, reports, memoranda, regulations, and summaries which support YOUR Affirmative Defenses 1 through 12. Please separately identify the documents responsive to each numbered Affirmative Defense.

**Exhibit C**

8. All records, reports, documents, writings, materials, orders, directives, interviews, memoranda, or other documents contained in or made part of the Robert Vigil's and Danny Pacheco's personnel file kept at Española Police Department.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432,435 (10th Cir. 1981).

9. All records, reports, documents, writings, materials, orders, directives, interviews, memoranda, or other documents contained in or made part of the Robert Vigil's and Danny Pacheco's personnel file kept at Human Resources Department for the City of Espanola.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432,435 (10th Cir. 1981).

10. The complete personnel files, including the complete disciplinary record for Robert Vigil and Danny Pacheco.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432,435 (10th Cir. 1981).

# Exhibit C

11. Any and all documents evidencing the "approval" of the May 11, 2010 Search Warrant "affidavit" by the "Criminal Investigations commander/supervisor, and the on duty Assistant District Attorney".

Documents Produced

12. Any and all documents evidencing the required "additional probable cause" which must be "outlined" for a search conducted between the hours 10:00 p.m. and 6:00 a.m.

Search Warrant and Affidavit Produced

13. A copy of the "warrant matrix risk assessment packet" required by the Espanola Police Department Directives before a search warrant is delivered.

Search Warrant and Affidavit Produced

14. Any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial of this case.

RESPONSE:

Defendant has not yet determined which materials it may offer as exhibits in this matter and reserves the right to submit this information in accordance with the Federal Rules of Civil Procedure and scheduling deadlines set forth by the Court.

15. Any and all documents evidencing specific "articulable facts" that provided a "reasonable likelihood" that RAPATZ or anyone else would use weapons against any police officer on May 11, 2013.
Search Warrant and Affidavit Produced

16. Any and all police records concerning internal disciplinary procedures, regardless of the outcome, to which Robert Vigil and Danny Pacheco have been subjected while employed as police officers with any and all police departments.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (lOth Cir. 1981).

17. Any and all records, reports, letters, memoranda, exhibits, photographs, etc.,

Exhibit C

concerning any internal investigation by the Police Department of the subject matter of this lawsuit.

RESPONSE:

Objection. This Request as written is overly broad, vague and ambiguous insofar as its use of the term "internal investigation" is not clearly defined. Notwithstanding said objections and without waiving same, to the extent this Request seeks information relative to any internal affairs investigations concerning Officers Vigil or Pacheco, there were none.

18. Any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial of this case.

RESPONSE:

See Response to Request No. 14.

19. Any and all Early Warning Files and Early Warning Reports identified in the answer to interrogatories.

20. A copy of the Confidential Informant Report for the individual informant referred to as "IT" in the May 11, 2010 Affidavit for Search Warrant, including only the following:

a. Confidential Informant Number;
b. Detective assigned as IT's handler;
c. Confidential Informant's code name;
d. Date/time the file was prepared;
e. Citizenship;
f. Comments about the Confidential Informant that the Detective deems necessary;
g. History of the Confidential Informant's information provided;
h. The reliability of the information provided by the Confidential Informant;
i. All transactions that the Confidential Informant was involved in; and
j. Any documents showing the involvement of the Confidential Informant in any actual operations or investigations.

RESPONSE:

Objection. Information relative to Confidential Informants is exempt from discovery.

# Exhibit C

Respectfully submitted,

*/s/ Robert Cole*

Robert Cole
Attorney for City of Espanola
6303 Indian School Rd. NE, Ste 100
Albuquerque, New Mexico 87110
(505) 872-8626 / 872-8624 (fax)

# Exhibit C