# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

                          Case No.: 12-CV-00827 JCH-SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

        Defendants.

## PLAINTIFFS' MOTION TO COMPEL # 1: DEFENDANT ROBERT VIGIL'S FAILURE TO ADEQUATELY ANSWER PLAINTIFFS' INTERROGATORIES AND RESPOND TO REQUEST FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

COME NOW the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra [hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V. Thompkins] and pursuant to Fed.R.Civ.P. 37(a)(2)(A) and D.N.M.LR-Civ. 26.3, state the following for their Motion to Compel No. I: Defendant Robert Vigil's Failure to Adequately Answer Plaintiffs' Interrogatories and Respond to Requests for Production and for Sanctions:

## INTRODUCTION

Plaintiffs are entitled to discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). The relevance standard "has been broadly construed to encompass any matter that bears on, or could reasonably lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Centurion Industries, Inc. v. Warren Steurer & Assoc.*,

665 F.2d 323, 326 (10th Cir. 1981) (relevancy is interpreted more broadly during discovery than at trial). Courts view discovery requests with the liberality contemplated by the federal rules which are designed, in part to "[m]ake a trial less a game of a blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682 (1958) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Regarding interrogatories, the Federal Rules state that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3).

As contemplated by Rule 26 and the case law construing it, Plaintiffs served the Defendant City of Espanola with discovery requests which sought relevant information about Defendant's defenses and actions as set forth in Plaintiffs' complaint. Having failed to provide complete and accurate discovery responses, this Court should compel Defendants to serve responsive answers to Plaintiffs' interrogatories and complete responses to Plaintiffs' requests for production. Defendant's boilerplate blanket objections are not valid. Pursuant to Fed.R.Civ.P. 37(d), this Court should also require Defendant to pay Plaintiffs' attorney's fees which were incurred in making this motion. For these reasons, this Court should grant Plaintiffs' Motion to Compel No. I.

**STATEMENT OF THE RELEVANT FACTS**

1.  According to the Joint Status Report and Provisional Discovery Plan, Plaintiffs make the following claims:

- Count I – City of Espanola had a custom and practice of not conducting internal affairs investigations into citizen's complaints. City of Espanola negligently hired, failed to train, retained, promoted, failed to properly supervise, failed to discipline employees of the City of Espanola which custom and policy caused a violation of Plaintiffs' constitutional rights. The City's policy makers approved the decision

to disregard the Espanola Police Department Directives which were a moving force that resulted in Plaintiffs' constitutional rights being violated.

- Count II – Judicial Deception – Defendants Vigil and Pacheco made false allegations and conspired to submitted false information in both the Affidavit and Police Reports. Deprived Plaintiffs of their liberty and subjected them to unlawful, illegal and excessive detention in violation of the Fourth Amendment;

- Count III – Civil Rights 42 U.S.C. § 1983 for violation of Fourth Amendment Rights against the City of Espanola, Robert Vigil and Danny Pacheco including:

  o Execution of a General Search Warrant that failed to describe the items to be seized with as much specificity that knowledge and circumstances allows;
  o Search warrant failed to specify, as nearly as possible, the distinguishing characteristics of the goods to be seized;
  o Execution of a Search Warrant based upon hearsay statements and failure to provide the veracity and basis of knowledge of the hearsay declarants;
  o Execution of a Search Warrant that lacks probable cause;
  o Illegally seized the Plaintiffs in violation of their Fourth Amendment Rights; and
  o Falsely arrested the Plaintiffs in violation of the Fourth Amendment Rights;

- Count IV – Excessive Use of Force (4th and 14th Amendments) – without reasonable suspicion or probable cause or cause to believe that Plaintiffs posed a danger to anyone, Defendants pointed loaded guns at the Plaintiffs, handcuffed them and caused physical injuries, great terror, fear, humiliation, indignity, invasion of privacy, anxiety, stress, emotional and mental anguish, and public ridicule.

See, *Doc.142*

2. Defendants, without specificity, deny all of Plaintiffs' claims. [*Doc. 142*].

3. In order to discover the facts underlying Defendants' defense raised in this case, Plaintiffs served Defendant Robert Vigil with Interrogatories and Requests for the Production of Documents on October 4, 2014. [*Doc.137*].

4. On December 15, 2014, Defendants served their answers and responses to Plaintiffs' discovery requests. [*Doc.150*].

5.      The parties agreed to extend the time for Plaintiffs to file their Motion to Compel to February 9, 2015. [*Doc.152*].

6.      As required by Fed.R.Civ.P. 37(a)(2)(A) and D.N.M.LR-Civ. 7.1(a), Plaintiffs' counsel sent a letter Defendants' counsel, explaining in detail why Defendants' discovery responses were inadequate.[1]   As suggested by Judge Vidmar, the Motion to Compel was filed the same day that the good faith letter was sent. Plaintiffs' counsel explained to Defendants' counsel that any issues resolved between would or could be removed from the instant motion to compel.

## LEGAL ARGUMENT

**I.      HAVING FAILED TO PROVIDE COMPLETE AND ACCURATE DISCOVERY RESPONSES, THIS COURT SHOULD COMPEL DEFENDANT TO SERVE RESPONSIVE ANSWERS TO PLAINTIFFS' INTERROGATORIES AND COMPLETE RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION.**

"For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests." *ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc*., 53 F.3d 186, 190 (8th Cir. 1995). It is well-recognized that complete and accurate responses to discovery are imperative to the functioning of the modern trial process. See *Rozier v. Ford Motor Co*., 573 F.2d 1332, 1346 (5th Cir. 1978) (quoting *Dollar v. Long Mfg., N.C.*, 561 F.2d 613, 616 (5th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978)) ("It is axiomatic that '[d]iscovery by interrogatory requires candor in responding.'"). This rule has a simple but important purpose, namely to prevent trial by ambush. See *Reed v. Iowa Marine and Repair Corp*., 16 F.3d 82, 85 (5th Cir. 1994).

Federal Rule of Civil 33(b)(1) states that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting

---

[1] A copy of the letter from Nathaniel V. Thompkins to Robert Cole, Esq., dated February 8, 2015, is attached as Exhibit A.

party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). Interrogatories which do not encompass every allegation, or a significant number of allegations of the Complaint, reasonably place upon the answering party "the duty to answer them by setting forth the material or principal facts." *Hiskette v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D.Kan. 1998) (citing *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321-22 (D. Kan.1998)). The purpose of Interrogatories, such as those propounded by Plaintiffs, is to narrow and define issues for trial beyond what may be ascertained from the parties' pleadings. See, e.g., *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 489 (W.D.N.C. 1998).

Federal Rule of Civil Procedure 34(a) permits a party to request documents or electronically stored information or to inspect, copy, test or sample "tangible things" that are in the respondent's "possession, custody or control." Fed. R. Civ. P. 34(a). The responding party is to produce material within their possession, custody or control, which includes records in their actual possession, custody, or control, or in the possession of others from whom the party has a legal right to demand their return. *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995), *cert. dismissed sub. nom*, *Bankers Trust Co. v. Procter & Gamble Co.*, 517 U.S. 1205 (1996); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). As with initial disclosures and interrogatories, a party and his attorney have a duty to supplement or correct responses to requests for documents "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(b)(2).

### A.  Defendant's Boiler Plate Objections Should Be Overruled

In answers to **Interrogatories 1, 2, 4, 5, 6, 9, 10, 13, 15, 16, 17, 18, 19, 20 and Responses to Request No. 20,** Defendant has raised boiler plate objections that the discovery requests are "vague, overly broad, burdensome and ambiguous" and otherwise possibly inconsistent with the Federal Rules of Civil Procedure.[2] Defendant's objections are merely stated in a conclusory fashion. As held by the Court in *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995):

> "*A party opposing a discovery request* cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, *the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.*"

*Id.* The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (emphasis ours).

The Defendant's boilerplate blanket objections are not valid. See *Oleson v. K-Mart*, 175 F.R.D. 570,571 (D. Kan. 1997); *Tomlinson v. Combined Underwriters Life Ins. Co.,* 2008 WL 4601578 at *1 (N.D. Okla. 2008) (boilerplate objections "evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the 'just, speedy, and inexpensive determination of every action and proceeding.'"). Furthermore, courts have characterized boilerplate objections, without an accompanying affidavit, to lack the specificity required, thus constituting a waiver of such objections. See e.g., *O'Bar v. Lowe's Home Centers, Inc*., 2007 WL 1299180, *5 n. 6 (W.D.N.C. 2007) (noting that an objection based on Rule 26(b)(2)(B) should be stated with particularity "and not in conclusory or boilerplate language;" "the party asserting that [electronically stored information] is not reasonably accessible should be prepared to specify facts that support its contention"). In

---

[2] See Defendant's Answers and Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents attached hereto, respectively, as Exhibits B and C.

*Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'"). Here Defendant has failed to satisfy its burden and should be order to supplement its' answers.

**B. Defendant's Answers To Interrogator Nos. 1, 2, 3, 4, 5, 6, 7 and 9 Fail To Provide A Proper Answer**

*Interrogatory No. 1* seeks Defendant's full name, current residence, telephone number and date of birth; any names by which you have been known in the past. Defendant improperly asserts a boiler plate objection and "privacy" claim. Patently, on its face, the asserted "privacy" objection of the officers has no application to Interrogatory No. 1.

Defendant asserts and improper objection on the grounds that the information is private, irrelevant information, and not within the scope of Rule 1-026. This objection is improper as "Rule 1-033 … [is to] be liberally construed in order to insure that a litigant's right to discovery is 'broad and flexible". See, United Nuclear Corp. v. Gen. Atomic Co., 1980-NMSC-094, 96 N.M. 155, 170, 629 P.2d 231, 246 (1980). "'Objections based on alleged irrelevancy must, therefore, be viewed in light of the broad and liberal discovery principle consciously built into' the rules of civil procedure." Id. at 174. "Because courts 'are not shackled with strict interpretations of relevancy,' Cox v. E. I. Du Pont de Nemours and Company, 38 F.R.D. 396, 398 (D.S.C.1965), discovery is permitted as to matters that 'are or may become relevant' or 'might conceivably have a bearing' on the subject matter of the action, or where there is 'any possibility' or 'some possibility' that the matters inquired into will contain relevant information. Id. Here Defendant has failed to satisfy its burden.

***Interrogatory Nos. 2:*** This interrogatory requests the names and addresses of each person with personal knowledge regarding the facts and circumstances surrounding the facts set forth in the "Affidavit". Defendant's answer improperly references the Uniform Police Report which does not answer the question. The Rio Grande Sun notes that there were "40 Espanola and State Police Officers". The Uniform Police Report does not identify any State Police Officer or the 40 reported officers that were at the scene. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 545 (D. Kan. 2006). Here Defendant has failed to satisfy its burden.

***Interrogatory No. 3:*** This Interrogatory requests the Defendant to "state the principal and material facts which support your claim that YOU were "… contacted by two concerned law enforcement entities in reference to a male subject identified as Tony" and that "… there is constant traffic in and out of the residence which poses a problem for neighboring citizens." The interrogatory, subparts a through d, further seeks the IDENTITY of each individual, the details and conversations. Defendant fails to answer the interrogatory and subparts fully and completely. The IDENTIFY asks Defendant for the names, addresses and telephone numbers of individuals. Additionally it asks for the IDENTFY of any writings. Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Defendant is required to supplement his answer and fully answer the interrogatory.

**Interrogatory No.4:** This interrogatory seeks the "principal material facts" which support Defendant's claim that he was "informed that Rapatz sells drugs from his residence and is possibly cooking methamphetamines." In addition to a boiler plate objection, Defendant references the Affidavit and Search Warrant, neither of which answers the interrogatory.

"It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 545 (D. Kan. 2006). The answer to this interrogatory cannot be determined from the Affidavit or Search Warrant. Here Defendant has failed to satisfy its burden.

**Interrogatory Nos.5 and 6:** These two interrogatory seeks the "details" the alleged investigation and "visual observations during the investigation" of Rapatz set forth in his Affidavit. The interrogatory asks the Defendant to "state with specificity any alleged criminal activity" Defendant personally observed. In addition to a boiler plate objection, Defendant references the Affidavit and Search Warrant, neither of which answers these two interrogatory.

"It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 545 (D. Kan. 2006). The answer to this interrogatory cannot be determined from the Affidavit or Search Warrant. Here Defendant has failed to satisfy its burden.

***Interrogatory No.7:*** The interrogatory seeks the identity of any photographs, motion pictures, or visual representations of RAPATZ during the alleged investigation. In addition to a boiler plate objection, Defendant references the Affidavit and Search Warrant, neither of which answers these two interrogatory.

"It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 545 (D. Kan. 2006). The answer to this interrogatory cannot be determined from the Affidavit or Search Warrant. Here Defendant has failed to satisfy its burden.

***Interrogatory No.9:*** The interrogatory asks the number of times that the Defendant "observed a strong odor of what appeared to be Cat urine. In addition to a boiler plate objection, Defendant references the Affidavit and Search Warrant, neither of which answers these two interrogatory.

"It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 545 (D. Kan. 2006). The answer to this interrogatory cannot be determined from the Affidavit or Search Warrant. Here Defendant has failed to satisfy its burden.

**D. Defendant Failure To Seek A Protective Order Waived Any Objection To Number of Interrogatories Or, In The Alternative, Plaintiffs' Interrogatories Do Not Have Discrete Subparts And Are Considered One Interrogatory**

Defendant's answers to ***Interrogatory Nos. 11, 12, 18, 19, 20, 21, 22, 23 and 24*** and ***Request for Production of Documents Nos. 3 and 4*** improperly asserts an objection that the interrogatories subparts exceed twenty-five (25). Plaintiffs contend that that Defendant having failed to seek a protective order pursuant to FED. R. CIV. P. 37, have thereby waived their numerosity objections. As held by the Courts, "the better practice is to object to all of the interrogatories as violative of the rule and demand identification of the particular 25 (or other permitted number) to which the requesting party wishes a response." *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C.1998), citing *Herdlein Techs., Inc. v. Century Contractors, Inc*., 147 F.R.D. 103, 104 (W.D.N.C. 1993) (party served with excess number of interrogatories who answered some without first moving for protective order deemed to have waived excess number objection). The decisions found that "[o]therwise the responding party could selectively respond to the interrogatories and thereby strategically omit the most prejudicial information. … [and] the Court essentially would be allowing [the responding party] to determine for itself what information to reveal." *Herlein*, 147 F.R.D. at 104-105.

The Advisory Committee Notes to the 1993 Amendments lends support for the general proposition that the court should not permit a responding party to "pick and choose" which of the interrogatories to answer. "When a case with outstanding interrogatories exceeding the number permitted by this rule is removed to federal court, the interrogating party must seek leave allowing the additional interrogatories, specify which twenty-five are to be answered, or resubmit interrogatories that comply with the rule." The Advisory Committee's Notes chose to address this situation only in the context of removed cases. Other than the above-cited cases from

the Western District of North Carolina, counsel for the Plaintiffs is unaware of any other decisions finding a waiver of the numerosity objections in the absence of seeking a protective order in an action originally brought in federal court.

Alternatively, Plaintiffs argue that Defendants' calculation ignores the requirement that only "discrete" subparts may be considered to count against the interrogatory number limitation. See FED. R. CIV. P. 33(a). "[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired may be disputable." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2168.1 at 261 (2d ed. 1994); see also *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte Co*., 192 F.R.D. 698 (D. Kan. 2000).

In *Jaramillo v. Adams County Sch. Dist. 14,* No. 09-CV-02243-RPM-MEH, 2010 WL 1839329 (D. Colo. May 6, 2010) the court held, "Fed.R.Civ.P. 33 governs Interrogatories, and Fed.R.Civ.P. 34 governs Producing Documents. Rule 33 allows for subparts within interrogatories, and Rule 34 permits a request to include a category of items. The Committee Notes regarding Rule 33 describe how subparts of interrogatories may not "seek information about discrete separate subjects." 146 F.R.D. 401, 675 (1993). "However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Id. at 675–76. Therefore, subparts "directed at eliciting details concerning a common theme should be considered a single question." *8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure* § 2168.1 (3d. ed.2010).

Most Court have applied the "related question" test to determine whether the subparts are discrete, asking whether the particular subparts are "logically or factually subsumed within and necessarily related to the primary question." *The Mitchell Company, Inc. v. Campus, No*. CA 07-0177-KD-C, 2008 WL 2468564, at *14 (S.D. Ala. June 16, 2008). "If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33(a)." *Oliver v. City of Orlando,* No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (quoting *Williams v. Taser Int'l, Inc*., No. 106-cv-51-RWS, 2007 WL 1630875, at *2 (N.D. Ga. June 4, 2007)).

Courts have done their best to formulate tests for when subparts are discrete. Interrogatory subparts are counted as one interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of America v. Rawstron,* 181 F.R.D. 441, 445 (C.D. Cal.1998); see also *Trevino v. ACB American, Inc*., 232 F.R.D. 612, 614 (N.D. Cal.2006). Subparts relating to a "common theme" should generally be considered a single interrogatory. *Safeco*, 181 F.R.D. at 444 (quoting 8A *Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure* § 2168.1, at 261 (2d ed.1994)). See also Fed. R. Civ. P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place, persons present, and contents be stated separately for each such communication."). Here Defendant has failed to satisfy its burden and should be ordered to supplement its' discovery responses.

E. **Defendant Improperly References Other Discovery Answers And Documents When Answer Separate Interrogatories and Requests for Production of Documents**

The Defendant's answers to **INTERROGATORIES 2, 3, 4, 5, 6, 7, *and 9*** improperly references other interrogatory answers or discovery documents. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). Here Defendant has failed to satisfy its discovery burden and should be ordered to supplement both its' answers and responses.

In, *Hiskett v. Wal-Mart Stores, Inc*., 180 F.R.D. 403 (D. Kan. 1998) the Court held that while a party need not "provide a narrative account of its case" nor duplicate its initial disclosures, parties may be required to respond to such inquiries by setting forth the "principal or material" facts. *Id*. at 404-05.

Defendant's **Response to Request Nos. 16 and 17, 17(2ⁿᵈ)[3], 18(2ⁿᵈ)** improperly refers to the Uniform Incident Report and <u>relative documents</u>, including the Affidavit and Search Warrant. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). The answer to this Request cannot be determined from the Uniform Incident Report and <u>relative documents</u>, including Affidavit or Search Warrant.

---

[3] Plaintiffs' Request for Production uses two numbers 17 and 18. Plaintiffs have delineated the second Requests as 17(2ⁿᵈ) and 18(2ⁿᵈ).

Defendant's response to Request No. 17 and 17(2nd), merely references, the improper response to Request No. 16 and Request No. 5. Here Defendant has failed to satisfy its burden.

**F.  Defendant Failed To Fully And Completely Answer Interrogatory No. 2.**

This Interrogatory requests the IDENTIY of individual which would include the names, addresses and telephone numbers of each person with personal knowledge regarding the facts and circumstances surrounding the facts set forth in the "Affidavit for Search Warrant" dated May 11, 2010 and referred to in plaintiffs' Complaint. Additionally it asks Defendant to IDENTFY the names of all outside agencies and the names of the personnel involved in the execution of the Search Warrant dated May 11, 2010. Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."

Defendant's answers are not in compliance with Rule 33, F.R.Civ.P. which requires that each interrogatory be answered separately and fully in writing and under oath, unless objected to. *Union Pacific R. Co. v. Larkin*, 229 F.R.D. 240, 243 (D. N.M. 2005). Here Defendant has failed to satisfy its burden. The documents referenced by the Defendant do not answer these interrogatories. Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." Defendant does not answer the interrogatory and fails to IDENTIFY the individuals sought by Plaintiffs.

**G.  Defendants' Responses to Request Nos. 1 and 2 Are Deficient**

Defendant's responses fail to correlate the documents that are responsive to each request and therefore are deficient. Defendant's Responses to Plaintiffs' Request for Production of Documents fails to identify each document that is responsive to each request. Instead Defendant stats, "see documents produced" without expressly making a correlation to the specific request

made by Plaintiffs. As held in *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006) "[e]ven if there are no documents responsive to a request for production, the requesting party is entitled to a response pursuant to Fed.R.Civ.P. 34(b). *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D.Iowa 1997). [Plaintiffs are] entitled to individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced. Defendant's responses are deficient as they fail to identify what documents are responsive to each request or state if the responses are partial or complete.

### H. Defendant Waived Its Objection To Interrogatory No. 8 and Request No. 21 And Has Failed To Meet Its' Discovery Burden In Its' Response To This Request

In Defendant's Answer to Interrogatory No. 8 and Response to Request No. 21, Plaintiffs contend that that Defendant failure to seek a protective order pursuant to FED. R. CIV. P. 37 resulted in his waiver of the objection provided in his answer and response. See, *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C.1998), citing *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104 (W.D.N.C. 1993) (party served with excess number of interrogatories who answered some without first moving for protective order deemed to have waived excess number objection).

Generally, discovery is allowed of any matter that is relevant to the claim or defense of a party, provided the requested information is not protected by a privilege. Fed.R.Civ.P. 26(b)(1). Information need not be admissible at trial in order to be considered "relevant" under Rule 26. *Id.* The requested discovery, however, must appear "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990).

In objecting to discovery, the moving party must set forth specific facts showing good cause for the issuance of the protective order, not simply conclusory statements. *Gulf Oil Co. V. Bernard*, 452 U.S. 89, 102 n. 16 (1981). See also *Skellerup Ind. Ltd.v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) (The moving party must demonstrate a particular and specific need for a protective order as opposed to the presentation of a conclusory argument.) (citations omitted). When a party contends that information or testimony is protected because of a privilege, the party asserting the privilege bears the burden of proof with respect to showing its entitlement to the privilege. See *Foster v. Hill*, 188 F.3d 1259, 1264 (10th Cir. 1999) ("A party claiming the attorney-client privilege must prove its applicability, which is narrowly construed."). Here Defendant has failed to satisfy its burden.

Interrogatory No. 8 and Request No. 21 seek the confidential informant's number and other information which the Defendant has assigned to him or her and which was created under the Espanola's Police Directives to keeps their Informant's identity confidential. The information Plaintiffs request does not disclose the actual informant's identity. In fact the information requested is that information associated with tracking the informant's use by the Espanola Police Department and was created to keep the informant confidential. Pursuant to EPD Directives, 69.1.21, the information specifically requested is used by the EPD to keep the informant confidential. Therefore, any disclosure of this information would not disclose the identity of the informant.

Due process provides a simple rule for disclosure of informants' identities at trial and on summary judgment: absent "acute national security concerns," anonymous testimony is never allowed, and testifying informants' identities must therefore always be disclosed. See *Reich v. Great Lakes Collection Bureau, Inc.*, 172 F.R.D. 58, 62 (W.D.N.Y. 1997) ("The informer's

privilege does not override the government's duty to disclose the identity of witnesses who will testify at trial."). Withholding an informant's identity necessarily denies the defendant the chance to depose the informant, a result contrary to both the "broad and liberal" discovery contemplated by the Federal Rules of Civil Procedure,[*Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999)] and the principle that "the public has a right to every man's evidence." See, *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996) (quoting *United States v. Bryan*, 339 U.S. 323, 331 (1950) (quoting 8 *JOHN H. WIGMORE, EVIDENCE* § 2192, at 64 (3d ed. 1940)) (internal quotation marks and ellipsis omitted)). It is important to point out again that Plaintiffs are not seeking the identity of the informant at this stage and merely seeks the information that the EPD has in tracking the reliability of the confidential informant and possible interest he or she has.

The Supreme Court first recognized the "informant's privilege" in its current form in 1957, holding in *Roviaro v. United States*, 353 U.S. 53 (1957). Under *Roviaro*, the privilege is qualified; when an informant's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* 353 U.S. at 60-61. In criminal cases the requesting party can override the privilege by showing that it needs for disclosure outweighs the government's interest in confidentiality. See, Ethan D. Whol, *Confidential Informants in Privae Litigation*, Fordham Journal of Corporate & Financial Law, Vol. XII, pgs.566-7. This need is evaluated both by assessing the relationship between the informant and the wrong alleged, as in criminal cases, and also by directly evaluating the relevancy of the informant's identity to the facts at issue in the case. *Id.* Here, Defendant has not asserted any privilege and merely, in conclusory fashion, raised confidentiality as an objection. Here Defendant has failed to satisfy its burden.

### I. Defendant Has Not Answered Plaintiffs' Interrogatories Under Oath And Has Failed To Have The Person Answering The Interrogatories Sign The Answers As Required Under Rule 33(b)(5)

Fed. R. Civ. P., Rule 33(b)(3) provides that, "[e]ach interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." In addition, Rule 33(b)(5) requires the signature of the person making the answers. There are no signatures other than yours which is there for only the objections. Here Defendant has failed to satisfy its burden. Here Defendant has failed to satisfy its burden and should be ordered to provide answers under oath and signed by the person making the answers for the Defendant.

### II. PURSUANT TO Fed. R. Civ. P. 37(d), THIS COURT SHOULD REQUIRE DEFENDANT TO PAY PLAINTIFFS' ATTORNEY FEES WHICH WERE INCURRED IN MAKING THIS MOTION

When a party fails to answer interrogatories or requests for production, this Court may, in its discretion, impose immediate sanctions under Fed.R.Civ.P. 37(d). *Continental Insurance Co. v. McGraw*, 110 F.R.D. 679, 681 (D. Colo. 1986). Accordingly, Rule 37(d) allows the court to impose sanctions even though the party has not violated a court order. Fed.R.Civ.P. 37(d); *Burnett v. Venturi*, 903 F. Supp. 304, 308 (N.D.N.Y. 1995). Rule 37(d) provides, in part, the following:

> if a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

See, Fed.R.Civ.P. 37(d). Disciplinary sanctions under Rule 37 serve three functions, one of which is to obtain compliance with the ordinary standard of care appropriate for parties and their attorneys. See Burnett, 903 F.Supp. at 308.

A responding party's failure to answer need not be willful in order to impose sanctions. Fed.R.Civ.P. 37(d) advisory committee's note (1970); *Burnett*, 903 F. Supp. at 308 (finding that Fed.R.Civ.P. 37(d) sanctions apply even in cases not rising to level of willfulness); *Continental Insurance Co.*, 110 F.R.D. at 683 (same). The presence or absence of willfulness does remain relevant in the choice of sanction, but this Court has discretion to impose some penalty regardless of the reason for the discovery violation. *Burnett*, 903 F. Supp. At 308.

In this case, Defendant failed to adequately answer Plaintiffs' interrogatories or properly respond to their requests for production and is therefore subject to the immediate sanctions provided in Rule 37(d). Accordingly, Defendant's disregard for his discovery obligations now warrants the imposition of sanctions. Defendant cannot show that its' failure to respond to the Plaintiffs' discovery requests was "substantially justified or that other circumstances make an award of expenses unjust." See Fed. R. Civ. P. 37(d). Therefore, Plaintiffs respectfully request that the Court order Defendant to pay reasonable attorney fees for preparing the instant motion.[4]

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order which provides for the following:

A.      Grants Plaintiffs' Motion to Compel No. I:  Defendant's Failure to Adequately Answer Plaintiffs' Interrogatories and Respond to Requests for Production and for Sanctions;

---

[4] If this Court determines that the requested sanction is appropriate, counsel for Plaintiffs stands ready to submit an affidavit specifying the time expended preparing this motion and counsel's hourly rate.

B.     Order Defendant to serve supplemental answer to Defendant's answer to Plaintiffs' First Set of Interrogatories to Defendant City of Espanola, interrogatory Nos. 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24;

C.     Order Defendant to provide the answers under oath and be signed by the person providing the answers, other than Defendant's attorney;

D.     Order Defendant's to serve supplemental Responses to Plaintiff's First Request for Production of Documents, Request Nos. 1, 2, 3, 4, 17, 18, 17(2nd), 18(2nd) 19 and 20.

E.     Find that Defendant waived its' numerosity objections to the number of interrogatories Plaintiffs' served by failing to have filed for a protective order;

F.     Find that Defendant waived any privilege objection to Interrogatory No. 8 and Request for Production of Documents No. 21, as Defendant both failed to raise any privilege and failed to file for a protective order;

G.     Award Plaintiffs their attorney fees and costs incurred in making this motion;

H.     Order all other and further relief this Court deems just and proper.


**RESPECTFULLY SUBMITTED:**

By: /s/ Nathaniel V. Thompkins
      Nathaniel V. Thompkins
      103 St. Francis Drive, Unit A
      Santa Fe, NM 87501
      505-988-9750
      Fax: (866) 657-8780
      Email: nate@newmexicofirm.com
      *Attorney for Plaintiffs*

I hereby certify that I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing this 9th day of February, 2015.

Robert L. Cole, Esquire: [rlc@rcolelaw.com](mailto:rlc@rcolelaw.com)
*Attorneys for the City of Espanola, et al.*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins