

# NEW MEXICO FIRM, LLC

February 8, 2015

Mr. Robert Cole
LAW OFFICE OF ROBERT COLE
6303 Indian School Rd. NE, Suite 100
Albuquerque, NM 87110

**RE:**   Rapatz et al. v. City of Espanola et al.
              Cause No.: 1:12-CV-00827-JCH-SMV

Dear Robert:

As required by Fed.R.Civ.P. 37(a)(2)(A) andD.N.M.LR-Civ. 7.1(a), the purpose of this letter is to discuss Defendant Robert Vigil's discovery responses in the above-referenced matter.

*Objections raised to discovery requests.* On December 15, 2014, Defendants served this answers and responses to Plaintiffs' first set of discovery. In answers to **Interrogatories 1, 2, 4, 5, 6, 9, 10, 13, 15, 16, 17, 18, 19, 20** and **Responses to Request No. 20**, the Defendant raised boiler plate objections that the discovery requests are "vague, overly broad, burdensome and ambiguous" and otherwise possibly inconsistent with the Federal Rules of Civil Procedure. Defendant's answers merely state their objections in conclusory fashion. Defendant also raised an objection to interrogatory number 6 on the basis of "scope of discovery". Here Defendant has failed to satisfy its burden.

As held by the Court in *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995):

> "*A party opposing a discovery request* cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, *the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.*"

The burden is on the party resisting discovery to *clarify and explain precisely why its objections are proper* given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (emphasis ours).



Santa Fe
103 St. Francis Drive, Unit
Santa Fe, NM 87501
Phone: 505-988-9750   Fax: 866-677-8780

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

The Defendant's boilerplate blanket objections are not valid. See *Oleson v. K-Mart,* 175 F.R.D. 570,571 (D. Kan. 1997); *Tomlinson v. Combined Underwriters Life Ins. Co.,* 2008 WL 4601578 at *1 (N.D. Okla. 2008) (boilerplate objections "evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the 'just, speedy, and inexpensive determination of every action and proceeding.'"). Furthermore, courts have characterized boilerplate objections, without an accompanying affidavit, to lack the specificity required, thus constituting a waiver of such objections. See e.g., *O'Bar v. Lowe's Home Centers, Inc.,* 2007 WL 1299180, *5 n. 6 (W.D.N.C. 2007) (noting that an objection based on Rule 26(b)(2)(B) should be stated with particularity "and not in conclusory or boilerplate language;" "the party asserting that [electronically stored information] is not reasonably accessible should be prepared to specify facts that support its contention"). In *Johnson v. Kraft Foods North America, Inc.,* 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory Nos. 2:** This interrogatory requests the names and addresses of each person with personal knowledge regarding the facts and circumstances surrounding the facts set forth in the 'Affidavit'". Defendant's answer improperly references the Uniform Police Report which does not answer the question. The Rio Grande Sun notes that there were "40 Espanola and State Police Officers". The Uniform Police Report does not identify any State Police Officer or the 40 reported officers that were at the scene. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.,* 236 F.R.D. 535, 545 (D. Kan. 2006). Here Defendant has failed to satisfy its burden.

**Interrogatory No. 3:** This Interrogatory requests the Defendant to "state <u>the principal and material facts</u> which support your claim that YOU were "… contacted by two concerned law enforcement entities in reference to a male subject identified as Tony" and that "… there is constant traffic in and out of the residence which poses a problem for neighboring citizens." The interrogatory, subparts a through d, further seeks the IDENTITY of each

Exhibit A

Page **2** of **8**

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

individual, the details and conversations. Defendant fails to answer the interrogatory and subparts fully and completely.  The IDENTIFY asks Defendant for the names, addresses and telephone numbers of individuals. Additionally it asks for the IDENTFY of any writings. Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." Defendant is required to supplement his answer and fully answer the interrogatory.

**Interrogatory No.4:** This interrogatory seeks the "principal material facts" which support Defendant's claim that he was "informed that Rapatz sells drugs from his residence and is possibly cooking methamphetamines." In addition to a boiler plate objection, Defendant references the Affidavit and Search Warrant, neither of which answers the interrogatory.

"It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). The answer to this interrogatory cannot be determined from the Affidavit or Search Warrant. Here Defendant has failed to satisfy its burden.

**Interrogatory Nos.5 and 6:** These two interrogatory seeks the "details" the alleged investigation and "visual observations during the investigation" of Rapatz set forth in his Affidavit. The interrogatory asks the Defendant to "state with specificity any alleged criminal activity" Defendant personally observed. In addition to a boiler plate objection, Defendant references the Affidavit and Search Warrant, neither of which answers these two interrogatory.

"It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). The answer to this interrogatory cannot be determined from the Affidavit or Search Warrant. Here Defendant has failed to satisfy its burden.

**Interrogatory No.7:** The interrogatory seeks the identity of any photographs, motion pictures, or visual representations of RAPATZ during the

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

alleged investigation. In addition to a boiler plate objection, Defendant references the Affidavit and Search Warrant, neither of which answers these two interrogatory.

"It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). The answer to this interrogatory cannot be determined from the Affidavit or Search Warrant. Here Defendant has failed to satisfy its burden.

**Interrogatory No.9:** The interrogatory asks the number of times that the Defendant "observed a strong odor of what appeared to be Cat urine. In addition to a boiler plate objection, Defendant references the Affidavit and Search Warrant, neither of which answers these two interrogatory.

"It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). The answer to this interrogatory cannot be determined from the Affidavit or Search Warrant. Here Defendant has failed to satisfy its burden.

**Interrogatory Nos. 11, 12, 18, 19, 20, 21, 22, 23 and 24** and **Request for Production of Documents Nos. 3 and 4:** The Defendant improperly asserts the objection that the interrogatories subparts exceed twenty-five (25). However, in *Jaramillo v. Adams County Sch. Dist. 14*, No. 09-CV-02243-RPM-MEH, 2010 WL 1839329 (D. Colo. May 6, 2010) the court held, "Fed.R.Civ.P. 33 governs Interrogatories, and Fed.R.Civ.P. 34 governs Producing Documents. *Rule 33 allows for subparts within interrogatories*, and Rule 34 permits a request to include a category of items. The Committee Notes regarding Rule 33 describe how subparts of interrogatories may not "seek information about discrete separate subjects." 146 F.R.D. 401, 675 (1993). "*However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.*" Id. at 675–76. Therefore, *subparts "directed at eliciting details concerning a common theme*

Page **4** of **8**

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

*should be considered a single question." 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure* § 2168.1 (3d. ed.2010). Most Court have applied the "related question" test to determine whether the subparts are discrete, asking whether the particular subparts are "logically or factually subsumed within and necessarily related to the primary question." *The Mitchell Company, Inc. v. Campus*, No. CA 07-0177-KD-C, 2008 WL 2468564, at *14 (S.D. Ala. June 16, 2008). "If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33(a)." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (quoting *Williams v. Taser Int'l, Inc.*, No. 106-cv-51-RWS, 2007 WL 1630875, at *2 (N.D. Ga. June 4, 2007)).

Courts have done their best to formulate tests for when subparts are discrete. Interrogatory subparts are counted as one interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal.1998); see also *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal.2006). Subparts relating to a "common theme" should generally be considered a single interrogatory. *Safeco,* 181 F.R.D. at 444 (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed.1994)). *See also* Fed. R. Civ. P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place, persons present, and contents be stated separately for each such communication.").

**Rule 33(d) answers are improper:** The Defendant, in answering **INTERROGATORIES 2, 3, 4, 5, 6, 7,** and **9** improperly references other interrogatory answers or discovery documents. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). The documents referenced by the Defendant do not answer these interrogatories.

**REQUEST FOR PRODUCTION OF DOUCUMENTS 1 and 2** the responses fail to correlate the documents that are responsive to each request and therefore are deficient. Defendant's Responses to Plaintiffs' Request for Production of Documents, Defendant has failed to identify each document that is responsive to each request. Instead Defendant stats, "see documents

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

produced" without expressly making a correlation to the specific request made by Plaintiffs. As held in *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006) "[e]ven if there are no documents responsive to a request for production, <u>the requesting party is entitled to a response pursuant to Fed.R.Civ.P. 34(b)</u>. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D.Iowa 1997). [Plaintiffs are] entitled to <u>individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request</u>, regardless of whether the documents have already been produced. Defendants responses are deficient as they fail to identify what documents are responsive to each requests or state if the responses are partial or complete.

**Response to Request Nos. 16 and 17, 17(2nd)[1], 18(2nd):** Defendant improperly refers to the Uniform Incident Report and <u>relative documents</u>, including the Affidavit and Search Warrant. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). The answer to this Request cannot be determined from the Uniform Incident Report and <u>relative documents</u>, including Affidavit or Search Warrant.

Defendant's response to Request No. 17 and 17(2nd), merely references, the improper response to Request No. 16 and Request No. 5. Here Defendant has failed to satisfy its burden.

**Interrogatory No. 1** seeks Defendant's full name, current residence, telephone number and date of birth; any names by which you have been known in the past. Defendant improperly asserts a boiler plate objection and "privacy" claim. Patently, on its face, the asserted "privacy" objection of the officers has no application to Interrogatory No. 1.

In *Wood v. Breier*, 54 F.R.D. 7 (E.D. Wisc. 1972) the police were ordered to turn over the files of their internal investigation concerning the arrest and beating of the plaintiff. Factors considered important by the court were the purely factual nature of the material in the police file and the fact that the investigation had been conducted "almost immediately after the incident." The

---

[1] Plaintiffs' Request for Production uses two numbers 17 and 18. Plaintiffs have delineated the second Requests as 17(2nd) and 18(2nd).

Exhibit A

Page **6** of **8**

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

court noted "two major congressional and judicial policy decisions" mandating discovery of such files. The first was the broad federal discovery rules already noted. The second, unique to actions under § 1983, is that: enforcement is placed in the hands of the people. Each citizen "acts as a private attorney general who takes on the mantel of the sovereign," guarding for all of us the individual liberties enunciated in the Constitution. § 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden. Defendant, officer's privacy concerns, is not valid objections to the requested discovery.

*Woods* was followed by *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 17 Fed. R. Serv. 2d 16 (E.D. Pa. 1973), which delineated ten "considerations" to be considered in deciding what police files should be discoverable by a § 1983 plaintiff. None of the 10 factors considered the officer's privacy. The courts have consistently ordered production of the information gathered in police investigations of alleged criminal activity and have repeatedly held that § 1983 claims required complete and generous discovery. See, *Lewis v. City of Chicago*, 2004 WL 2608302 (N.D. Ill. 2004)(ordering discovery of police files with statements and with names of witnesses not yet interviewed). Here Defendant has failed to satisfy its burden with respect to Request No. 1.

**Interrogatory Answers must be given under oath:** Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." In addition, Rule 33(b)(5) requires the signature of the person making the answers. There are no signatures other than yours which is there for only the objections. Here Defendant has failed to satisfy its burden.

As detailed in this letter, please supplement Defendant's discovery answers and responses and serve them on the Plaintiffs by Monday, March 1, 2015 at 12:00 pm. As Judge Vidmar suggested, I will file our Motion to Compel on Monday, February 9, 2015, if we are able to work through some of these issues, we can remove them from the Motion to Compel. To avoid unnecessary costs, I trust that you will timely respond to Plaintiffs' requests.

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 8, 2015
Discovery Deficiencies

      Should you have any questions, please contact me.

*[signature]*
Nathaniel V. Thompkins

cc:	Client

# Exhibit A