UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T0NY RAPATZ, ALICE GUERRA, and KATHERINE GUERRA,

Plaintiffs,

vs.                                                             Case No. 1:12-CV-RHS/LFG

JOE MARTINEZ, individually; CHRISTIAN LOPEZ, individually;
R0BERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

Defendants.

**DEFENDANT ROBERT VIGILS' ANSWERS & RESPONSES TO PLAINTIFFS' INTERROGATORIES and REQUEST FOR PRODUCTION TO DEFENDANT, ROBERT VIGIL**

**Interrogatories**

1. State your full name, current residence, telephone number and date of birth; any names by which you have been known in the past.

ANSWER:

Objection. This Interrogatory as written seeks information outside the scope of discovery related to matters at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence in so far as it seeks Defendant's date of birth and telephone number. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, law enforcement officers have a recognized expectation of privacy as to personal matters. *Denver Policemen's Protection Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981).

Notwithstanding said objections and without waiving same, Defendant states his full name is Robert Ray Vigil. For purposes of this lawsuit, all communications with Officer Pacheco are to be directed to his counsel of record, Robert Cole, 505-872-8626.

2. State the name, address, and telephone number of each person with personal knowledge regarding the facts and circumstances surrounding the facts set forth in the "Affidavit for

**Exhibit B**

Search Warrant" dated May 11, 2010 and referred to in plaintiffs' Complaint.

    a. Identify the names of all outside agencies and the names of the personnel involved in the execution of the Search Warrant dated May 11, 2010.

ANSWER:

Objection. This Interrogatory as written is overly broad and unduly burdensome. Further the Interrogatory as written is vague and ambiguous insofar as it seeks information relative to **each and every** person with basically any personal knowledge of the facts and circumstances surrounding the "Affidavit for Search Warrant," **or** as "referred to in Plaintiff's Complaint." This could be read to encompass literally every allegation set forth in Plaintiff's Complaint.

Notwithstanding said objections and without waiving same, with regard to the "Affidavit for Search Warrant," Defendant refers Plaintiff to the Search Warrant and Affidavit for Search Warrant from which information responsive to this Interrogatory may be ascertained. See Fed. R. Civ. P. 33(d). If an answer to interrogatory may be determined by examining or summarizing a party's business records, the responding party may answer by specifying the records that must be reviewed.

3. Please state the principal and material facts which support your claim that YOU were "... contacted by two concerned law enforcement entities in reference to a male subject identified as Tony" and that "... there is constant traffic in and out of the residence which poses a problem for neighboring citizens."

    a. Please IDENTIFY and describe in detail the alleged conversation that YOU had with the two concerned law enforcement entities and that "... there is constant traffic in and out of the residence which poses a problem for neighboring citizens.

    b. Please IDENTIFY each individual that you spoke with from the "two concerned law enforcement entities" that YOU allege in YOUR Affidavit.

    c. Identify each and every document or tangible thing of which you or your counsel are aware that is or may be relevant to YOUR allegation that YOU were "... contacted by two concerned law enforcement entities in reference to a male subject identified as Tony" and that "... there is constant traffic in and out of the residence which poses a problem for neighboring citizens."

    d. List the names, addresses and phone numbers of all individuals known to YOU or to YOUR counsel who may have knowledge, evidence, or documents in their possession relevant to YOUR allegation that YOU were "... contacted by two concerned law enforcement entities in reference to a male subject identified as Tony" and that "... there is constant traffic in and out of the residence which poses a problem for neighboring citizens."

# Exhibit B

ANSWER:

The two law enforcement agencies were Espanola Police Department and Rio Arriba County Sheriff's Department. I was contacted in regard to this matter because at all times material thereto, I was acting as a liaison between the police department and the DEA. I spoke Officer Danny Pacheco, Sergeant Martine and a Confidential Informant ("CI"), who was working through the DEA's office. Pursuant to Fed. R. Civ. P. 33(d), please refer to the Affidavit for Search Warrant and Search Warrant for additional information requested.

4. Please state the principal and material facts which support your claim that YOU "… were informed that RAPATZ sells drugs from his residence, and is possibly cooking Methamphetamines."

   a. Please IDENTIFY and describe in detail any alleged conversation that YOU had with anyone that RAPATZ sells drugs from his residence, and is possibly cooking Methamphetamines.

   b. Please IDENTIFY each individual that you spoke with who alleged that "… RAPATZ sells drugs from his residence, and is possibly cooking Methamphetamines."

   c. Identify each and every document or tangible thing of which you or your counsel are aware that is or may be relevant to YOUR allegation that YOU were informed that "… RAPATZ sells drugs from his residence, and is possibly cooking Methamphetamines."

   d. List the names, addresses and phone numbers of all individuals known to YOU or to YOUR counsel who may have knowledge, evidence, or documents in their possession relevant to YOUR allegation that YOU were informed that "… RAPATZ sells drugs from his residence, and is possibly cooking Methamphetamines."

ANSWER:

Objection. This Interrogatory as written is overly broad, compound vague and ambiguous. Notwithstanding said objections and without waiving same, please see the Affidavit for Search Warrant and Search Warrant from which information which may be responsive to this Interrogatory may be ascertained. (If an answer to interrogatory may be determined by examining or summarizing a party's business records, the responding party may answer by specifying the records that must be reviewed. (Fed. R. Civ. P. 33(d)).

5. Please describe in detail the "through [sic] investigation" that YOU allege in your Affidavit for Search Warrant dated May 11, 2010 that YOU conducted on RAPATZ.

   a. Please IDENTIFY and describe in detail all individuals that you spoke with

# Exhibit B

    during YOUR investigation, set forth the time, date and substance of any conversation that YOU had and what YOU personally did in conducting YOUR investigation.

  b. Identify all documents, affidavits or tangible things of which YOU or YOUR counsels are aware that is related or connected with YOUR investigation of RAPATZ.

  c. List the names, addresses and phone numbers of all individuals known to YOU or to YOUR counsel who may have knowledge, evidence, or documents in their possession relevant to YOUR investigation of TONY RAPATZ.

ANSWER:

    Objection. This Interrogatory as written is overly broad, compound vague and ambiguous. Notwithstanding said objections and without waiving same, please see the Affidavit for Search Warrant and Search Warrant from which information which may be responsive to this Interrogatory may be ascertained. (If an answer to interrogatory may be determined by examining or summarizing a party's business records, the responding party may answer by specifying the records that must be reviewed. (Fed. R. Civ. P. 33(d)).

6.   Please state whether YOU conducted any visual observations during your "through [sic] investigation" of TONY RAPTAZ and state with specificity any alleged criminal activity that YOU personally observed and which YOU contend established probable cause for the Judge to issue the Search Warrant on May 11, 2010.

  a. Please IDENTIFY each PERSON who made any observation.

  b. IDENTIFY the location where each observation occurred and the dates, times length of each observation or investigation.

  c. IDENTIFY any documents, affidavits or tangible things of which YOU or YOUR counsel are aware that is or may be relevant to any observation or observations that YOU IDENTY in answering this interrogatory.

  d. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 7(c).

ANSWER:

    Objection. This Interrogatory as written is overly broad, compound vague and ambiguous. Notwithstanding said objections and without waiving same, please see the Affidavit for Search Warrant and Search Warrant, as well as the Incident Report and relative documents from which information which may be responsive to this Interrogatory may be ascertained. (If an answer to interrogatory may be determined by examining or summarizing a party's business

**Exhibit B**

records, the responding party may answer by specifying the records that must be reviewed. (Fed. R. Civ. P. 33(d)).

7. Please state whether YOU took any photographs, motion pictures, or visual representation of RAPATZ or any other plaintiff during the time that YOU conducted YOUR "through [sic] investigation".

   a. Please set forth the total number of photographs, motion pictures, and/or other visual representations that YOU have taken.

   b. Please set forth the date of each photographs, motion pictures, and/or visual representation that YOU have taken.

   c. Please set forth the location where of each photographs, motion pictures, and/or visual representation that YOU have taken.

   d. Please IDENTIFY each PERSON who was a witness to any of the activities depicted in any photograph, motion picture, and/or other visual representation.

   e. Please IDENTIFY each WRITING relating to any photograph, motion picture, and/or other visual representation.

   f. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 7(e).

   ANSWER: No photographs were taken.

Please see the Affidavit for Search Warrant and Search Warrant, as well as the Incident Report and relative documents from which information which may be responsive to this Interrogatory may be ascertained. (If an answer to interrogatory may be determined by examining or summarizing a party's business records, the responding party may answer by specifying the records that must be reviewed. (Fed. R. Civ. P. 33(d)).

8. Please IDENTIFY the department number for the confidential informant who is referenced in the Affidavit for Search Warrant dated May 11, 2010.

   a. IDENTIFY the "Detective handler" of each confidential informant used in YOUR investigation of RAPATZ.

   b. IDENTIFY the confidential informant's code name, "comments about the confidential informant" and contained in the informant's file.

   c. Please describe in detail the history of the confidential informant's information, the reliability of that information, and identify all "transactions" or investigations

# Exhibit B

   in which the confidential informant was used in an investigation or operation.

  d. Identify the times and dates of all meetings YOU had with the confidential informant used in YOUR investigation of RAPATZ.

  e. Identify all persons who were with you when you met with the confidential informant YOU used in the investigation of RAPATZ.

  f. Was the confidential information that YOU used to investigate RAPATZ under any charges at the time he was used or involved in the investigation? If yes, identify each and every charge or charges the informant was under.

  g. If the confidential informant(s) was under any charges, please identify the District Attorney who approved the use of the confidential informant(s).

 ANSWER:

 Objection. Information relative to Confidential Informants is exempt from discovery under federal law.

9. Please state number of instances or times that YOU "observed a strong distinct odor of what appeared to be Cat urine".

  a. Please set forth in detail the exact location or locations from where YOU "observed" what "… appeared to be Cat urine."

  b. Please set forth the date and time of each instance that YOU "observed" what "… appeared to be Cat urine" at the residence YOU describe as RAPATZ residence in the Affidavit for a Search Warrant.

  c. Please IDENTIFY each PERSON who was a witness to any of YOURS or anyone else's observations that you made of what appeared to be Cat urine at the RAPATZ residence.

  d. Please IDENTIFY each WRITING relating to YOUR observation or any witness observation of what "… appeared to be Cat urine" at the residence YOU describe as RAPATZ residence.

  e. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 10(d).

 ANSWER:

 Objection. This Interrogatory as written is overly broad and compound. Notwithstanding said objections and without waiving same, please see the Affidavit for Search Warrant and

# Exhibit B

ANSWER:

Defendant objects to this Interrogatory on the basis it is a compound Interrogatory. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including*, discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties **cannot** evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* The questions set forth in this Interrogatory are not logically or factually subsumed within the primary question or necessarily related to the primary question. Further, each discrete subpart is not secondary to the first question. See *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997). The primary question seeks information specific to the Law Enforcement Academy, sub-parts b and c seek information relative to training by Espanola Police Department.

Notwithstanding said objections and without waiving same, Defendant will make his training certificates available pursuant to entry of a protective order.

12. Describe all training protocol and the Espanola Police Department's Standard Operating Procedures ("SOP") involving the use of "Confidential Informants" in police investigations.

    a. IDENTIFY all training programs and instructors regarding the use of Confidential Informants in criminal investigations.

    b. IDENTIFY all SOPs for the Espanola Police Department regarding the use of Confidential Informants in criminal investigations.

    c. Describe all training that YOU received while at the Espanola Police Department involving the use of Confidential Informants in criminal investigations.

    d. Describe all training that YOU received and which was conducted by the Espanola Police Department involving the use of Confidential Informants in criminal investigations.

    e. Identify the "department numbers" of all confidential informants used in your "through [sic] investigation" of RAPTAZ.

ANSWER:

Objection. This Interrogatory as written is overly broad, unduly burdensome, vague and ambiguous. Defendant further objects to this Interrogatory on the grounds that it is compound. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including*, discrete

# Exhibit B

Search Warrant, as well as the Incident Report and relative documents from which information which may be responsive to this Interrogatory may be ascertained. (If an answer to interrogatory may be determined by examining or summarizing a party's business records, the responding party may answer by specifying the records that must be reviewed. (Fed. R. Civ. P. 33(d)).

10. Has any other person advanced a claim against YOU arising from YOUR alleged violation of their constitutional and/or civil rights being violated which rights are protected under federal law?

   a. Please IDENTIFY each person.

   b. Please IDENTIFY the attorney for each such person.

   c. Please state whether a suit was filed.

   d. Please set forth the title of any action that was filed.

   e. Please set forth the case number of any action that was filed.

   f. Please set forth the court in which each action was filed.

   ANSWER:

   Objection. This Interrogatory seeks information outside the scope of discovery relative to matters at issue in this case and not likely to lead to the discovery of admissible evidence, but meant merely as a means to harass or cause embarrassment to this Defendant. Defendant further objects to this Interrogatory on the basis it is overly broad and unduly burdensome insofar as it is unlimited in scope as to time or matters involving similar circumstances. Notwithstanding said objections and without waiving same, information relative to civil rights violation claims, if any, filed against this Defendant is just as available to counsel for Plaintiffs pursuant to a search of the Federal and State Courts' website.

11. Describe all training protocol for the "specialized training in criminal investigations" and "narcotic investigations" as alleged in the Affidavit for Search Warrant dated May 11, 2010.

   a. IDENTIFY all training programs and instructors for the "specialized training in criminal investigations" and "narcotic investigations" that you received from the New Mexico Law Enforcement Academy.

   b. Describe all training that YOU received while at the Espanola Police Department involving "criminal investigations" and "narcotic investigations".

   c. Describe all training that YOU received and which was conducted by the Espanola Police Department involving "criminal investigations" and "narcotic investigations".

**Exhibit B**

subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties **cannot** evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* The questions set forth in this Interrogatory are not logically or factually subsumed within the primary question or necessarily related to the primary question. Further, each discrete subpart is not secondary to the first question. See *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997). This Interrogatory as written seeks information relative to department standard operating procedures, and then appears to seek information relative to Defendant's specific training and then completely separately, it seeks information specific to actual confidential informants.

13. Did YOU ever state whether you ever uttered any threats to commit physical violence on any citizen or to anyone other person during your police career and while on active duty with any police department, and if so, state:

    A) the person or persons to whom you uttered the threats;

    B) the time and place that each threat was uttered; and

    C) what you said on each occasion.

    ANSWER:

    Objection. This Interrogatory as written is vague and ambiguous, overly broad and seeks information not likely to lead to the discovery of admissible evidence.

14. State whether YOU have ever been arrested and/or charged with the crime of assault and battery, whether on duty or off, and, if so, state:

    A) the date of each arrest;

    B) where each arrest occurred; and

    C) whether your arrest in each case resulted in a conviction, an acquittal, dismissal of charges, or other disposition of the charges against you.

    ANSWER: No.

15. Describe YOUR educational background High School, College and Post-Secondary.

    a. What degrees have YOU obtained from any educational institution identified in your answer to Interrogatory No. 15.

# Exhibit B

    b.    List all training certificates or other proofs of training that you received since you became a law enforcement officer.

ANSWER:

Objection. This Interrogatory as written is overly broad and seeks information not likely to lead to the discovery of admissible evidence. Defendant's educational background outside his career in law enforcement is not relevant to the matters at issue in this lawsuit. Notwithstanding said objections and without waiving same, Defendant states he will make his training file available upon entry of a confidentiality/protective order.

16.    IDENTIFY and describe any actions taken by YOU, YOUR supervisor, any investigative body or court involving any citizen complaint(s) made against YOU during YOUR career as a law enforcement officer.

ANSWER:

Objection. This Interrogatory seeks information outside the scope of discovery relative to matters at issue in this case and not likely to lead to the discovery of admissible evidence, but meant merely as a means to harass or cause embarrassment to this Defendant. Defendant further objects to this Interrogatory on the basis it is overly broad and unduly burdensome insofar as it is unlimited in scope as to time or matters involving similar circumstances.

Notwithstanding said objections and without waiving same, Defendant states that with regard to the incident(s) alleged in Plaintiffs' Complaint forming the basis of the present lawsuit, there have been no actions taken by him, his supervisor or any investigative body or court against him.

17.    Identify and describe all police memoranda, documents, circulars, bulletins, manuals, and general orders of any kind that indicate the amount of force that is permissible in arresting an individual during the execution of a Search Warrant.

ANSWER:

Objection. This Interrogatory as written is vague, ambiguous, overly broad and unduly burdensome. Notwithstanding said objections and without waiving same, Defendant refers you to policies, procedures, SOPs produced herein from which information sought may be ascertained.

18.    Describe all training protocol and the Espanola Police Department's Standard Operating Procedures ("SOP") for Narcotics/Vice Investigations, Surveillance, Electronic Surveillance.

    a.    IDENTIFY all training programs and instructors regarding Narcotics/Vice Investigations, Surveillance, and Electronic Surveillance.



b. IDENTIFY all SOPs for the Espanola Police Department regarding Narcotics/Vice Investigations, Surveillance, and Electronic Surveillance.

c. Describe all training that YOU received while at the Espanola Police Department involving Narcotics/Vice Investigations, Surveillance, and Electronic Surveillance.

d. Describe all training that YOU received and which was conducted by the Espanola Police Department involving Narcotics/Vice Investigations, Surveillance, and Electronic Surveillance.

ANSWER:
Objection. This Interrogatory as written is overly broad, unduly burdensome, vague and ambiguous. Defendant further objects to this Interrogatory on the grounds that it is compound. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* The questions set forth in this Interrogatory are not logically or factually subsumed within the primary question or necessarily related to the primary question. Further, each discrete subpart is not secondary to the first question. See *Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 685 (D. Nev. 1997). This Interrogatory as written appears to seek information relative to any and all training programs and instructors unlimited by entity, time, scope, etc., other than programs and instructors regarding "Narcotics/Vice Investigations, making it impossible for this Defendant to provide an answer. The Interrogatory then appears to seek information relative to department specific SOPs and then goes on to seek information relative to Defendant's specific training. As written it is not possible for this Defendant to provide an Answer. Further, Defendant objects on the basis that this Interrogatory as written in addition with the Interrogatories preceding it, exceed the number of Interrogatories allowed as per the Provisional Discovery Plan filed in this matter [Doc. 142].

19. Identify all investigations of criminal violations of the Controlled Substance Act which "focus on individuals who distribute, manufacture, or derived income from illegal sources, specifically from the unlawful distribution of cocaine, heroin, methamphetamine, marijuana and other controlled substances."

a. Please IDENTIFY and describe in detail each alleged investigation that YOU were involved concerning violations of the Controlled Substance Act and involving from the unlawful distribution of cocaine, heroin, methamphetamine,

# Exhibit B

      marijuana and other controlled substances.

  b. Please IDENTIFY by court cases number all cases which YOU investigated involving the Controlled Substance Act and involving from the unlawful distribution of cocaine, heroin, methamphetamine, marijuana and other controlled substances.

  c. Identify each and every document or tangible thing of which you or your counsel are aware that is related to YOUR cases which are identified in the above interrogatory number 19(b).

  d. List the names, addresses and phone numbers of all individuals known to YOU or to YOUR counsel who may have knowledge, evidence, or documents in their possession relevant to YOUR allegation of each alleged investigation that YOU were involved concerning violations of the Controlled Substance Act and involving from the unlawful distribution of cocaine, heroin, methamphetamine, marijuana and other controlled substances.

ANSWER

    Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, ***including***, discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. ***Parties <u>cannot</u> evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*** Defendant objects to each of the interrogatories subsequent to Interrogatory No. 18 on the basis that the interrogatory exceeds 25 in number. Not withstanding the foregoing. Defendant objects to this interrogatory on the basis it is overly broad and unduly burdensome insofar as it is unlimited in scope as to time or matters involving similar circumstances.

20. Identify all "drug investigations" which YOU and Ernie Romero were either the prime or preliminary investigator(s) and which resulted in criminal charges being filed against any individual or individuals.

  a. Please IDENTIFY and describe in detail each investigation which YOU conducted and resulted in criminal charges being made.

  b. Please IDENTIFY by court cases number all cases which YOU filed charges against any individual or individuals.

  c. Identify each and every document or tangible thing of which you or your counsel is aware that is related to each investigation which YOU conducted and filed criminal charges against any individual or individuals.

# Exhibit B

    d.  List the names, addresses and phone numbers of all individuals known to YOU or to YOUR counsel who may have knowledge, evidence, or documents in their possession relevant to each investigation which YOU conducted and filed criminal charges against any individual or individuals.

ANSWER

Objection on the basis it is overly broad and unduly burdensome insofar as it is unlimited in scope as to time or matters involving similar circumstances as well as the inclusion of information regarding an individual who is not a party to this cause of action and is not a party to the investigation or execution of the search warrant.

Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *__including__,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties __cannot__ evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* Defendant objects to each of the interrogatories subsequent to Interrogatory No. 18 on the basis that the interrogatory exceeds 25 in number.

21.  Relating to your answer to the third amended complaint and your contention that Defendant Vigil actions were objectively reasonable, please:

    a.  IDENTIFY all facts which supports this contention;

    b.  IDENTIFY all documents which supports this contention;

    c.  IDENTIFY all persons who have knowledge of any facts or information relating to this contention;

    d.  As to any PERSON who has knowledge of any fact relating to this contention please IDENTIFY each WRITING relating to such knowledge possessed by that PERSON; and

    e.  IDENTIFY the present CUSTODIAN of any WRITING identified in your answer to this interrogatory.

**ANSWER:**

Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *__including__,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties __cannot__ evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* Defendant objects to each of

# Exhibit B

the interrogatories subsequent to Interrogatory No. 18 on the basis that the interrogatory exceeds 25 in number.

22. Relating to your answer to the third amended complaint and your contention that Plaintiffs' injuries were proximately caused by an independent intervening cause, please:

   a. IDENTIFY all facts which supports this contention;

   b. IDENTIFY all documents which supports this contention;

   c. IDENTIFY all persons who have knowledge of any facts or information relating to this contention;

   d. As to any PERSON who has knowledge of any fact relating to this contention please IDENTIFY each WRITING relating to such knowledge possessed by that PERSON; and

   e. IDENTIFY the present CUSTODIAN of any WRITING identified in your answer to this interrogatory.

   **ANSWER:**

   Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including*, discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. **Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects.** (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added). Defendant objects to each of the interrogatories subsequent to Interrogatory No. 18 on the basis that the interrogatory exceeds 25 in number.

23. Relating to your answer to the third amended complaint and your contention that Defendant Vigil's negligence must be compared with the intentional torts and negligence of Plaintiffs and all other unnamed tortfeasors, please:

   a. IDENTIFY all facts which supports this contention;

   b. IDENTIFY all other tortfeasors that you contend committed intentional torts and/or acted negligently on May 11, 2010;

   c. IDENTIFY all documents which supports this contention;

# Exhibit B

    d. IDENTIFY all persons who have knowledge of any facts or information relating to this contention;

    e. As to any PERSON who has knowledge of any fact relating to this contention please IDENTIFY each WRITING relating to such knowledge possessed by that PERSON; and

    f. IDENTIFY the present CUSTODIAN of any WRITING identified in your answer to this interrogatory.

**ANSWER:**

Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including*, discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. ***Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects.*** *(Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* Defendant objects to each of the interrogatories subsequent to Interrogatory No. 18 on the basis that the interrogatory exceeds 25 in number.

24. Relating to your answer to the third amended complaint and your contention that the Plaintiffs received constitutional due process under the circumstances of their situation, please:

    a. IDENTIFY all facts which supports this contention;

    b. IDENTIFY all documents which supports this contention;

    c. IDENTIFY all persons who have knowledge of any facts or information relating to this contention;

    d. As to any PERSON who has knowledge of any fact relating to this contention please IDENTIFY each WRITING relating to such knowledge possessed by that PERSON; and

    e. IDENTIFY the present CUSTODIAN of any WRITING identified in your answer to this interrogatory.

# Exhibit B

ANSWER:

Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including*, discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* Defendant objects to each of the interrogatories subsequent to Interrogatory No. 18 on the basis that the interrogatory exceeds 25 in number.

Respectfully submitted,

*/s/ Robert Cole*
Robert Cole
Attorney for Robert Vigil
6303 Indian School Rd. NE, Ste 100
Albuquerque, New Mexico  87110
(505) 872-8626 / 872-8624 (fax)

# Exhibit B