UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and KATHERINE GUERRA,

Plaintiffs,

vs.                                                                    Case No. 1:12-CV-RHS/LFG

JOE MARTINEZ, individually; CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

Defendants.

### DEFENDANT ROBERT VIGIL'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, ROBERT VIGIL

1. Any and all materials IDENTIFIED in YOUR answer to any interrogatories served upon YOU by the plaintiffs.

RESPONSE:

See documents produced.

2. Any and all materials used or relied upon by YOU in preparing YOUR answers to any of the plaintiffs' interrogatories.

RESPONSE:

See documents produced.

3. The names and address of all persons who are or may be witnesses to any of the events which are the subject of this lawsuit or of any defense being offered by the defendant.

RESPONSE:

This is not a request for production, but rather an Interrogatory. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including*, discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties cannot evade the*

# Exhibit C

*presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* Defendant objects to each of the interrogatories subsequent to Interrogatory No. 18 on the basis that the interrogatory exceeds 25 in number.

4. The names and addresses of any and all expert witnesses contact or retained by the defendant or defense counsel in connection with any aspect of this litigation.

RESPONSE:

This is not a request for production, but rather an Interrogatory. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).* Defendant objects to each of the interrogatories subsequent to Interrogatory No. 18 on the basis that the interrogatory exceeds 25 in number.

5. Any and all written memoranda, reports, correspondence, documents, photographs, video or audio tapes, or other writings or recordings relating in any way to the facts described in plaintiffs' third amended complaint, including but not limited to the following items:

   a. All demonstrative, physical, photographic or audio evidence which you may introduce at trial;

   b. any and all photographs, videos, movies, diagrams, and memoranda related to plaintiff's employment;

   c. any and all general investigative reports, including internal investigations of plaintiff Tony Rapatz;

RESPONSE:

Defendant has not yet made a determination as to all exhibits he may offer at trial of this matter and reserves his right to submit this information in accordance with the Federal Rules of Civil Procedure and deadlines set forth by the Court. At this time Defendant refers you to the Uniform Police Report regarding the incident(s) forming the basis of Plaintiffs' Complaint, including the Affidavit for Search Warrant, Search Warrant, investigative and court documents.

6. any and all performance evaluations for Defendant Robert Vigil.

RESPONSE:

# Exhibit C

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432,435 (lOth Cir. 1981).

7. Any and all records, reports, documents, writings, materials, orders, directives, reports, memoranda, regulations, and summaries which support YOUR Affirmative Defenses 1 through 12. Please separate identify the documents responsive to each numbered Affirmative Defense.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432,435 (lOth Cir. 1981).

8. All records, reports, documents, writings, materials, orders, directives, interviews, memoranda, or other documents contained in or made part of the Defendant Robert Vigil's personnel file kept at Española Police Department.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432,435 (lOth Cir. 1981).

14. All records, reports, documents, writings, materials, orders, directives, interviews, memoranda, or other documents contained in or made part of the Defendant Robert Vigil's personnel file kept at Human Resources Department for the City of Espanola.

RESPONSE:

# Exhibit C

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (l0th Cir. 1981).

15. The complete personnel files, including the complete disciplinary record for Defendant Robert Vigil.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (l0th Cir. 1981).

16. Any and all documents evidencing the "approval" of the May 11, 2010 Search Warrant "affidavit" by the "Criminal Investigations commander/supervisor, and the on duty Assistant District Attorney".

RESPONSE:

Please refer to the Uniform Police Incident Report and relative documents, including the Affidavit for Search Warrant, Search Warrant, investigative reports and court documents relative to the incident(s) forming the basis of Plaintiffs' lawsuit.

17. Any and all documents evidencing the required "additional probable cause" which must be "outlined" for a search conducted between the hours 10:00 p.m. and 6:00 a.m.

REPSONSE:

See Response to Request No. 16.

18. A copy of the "warrant matrix risk assessment packet" required by the Espanola Police Department Directives before a search warrant is delivered.

RESPONSE:

# Exhibit C

Defendant is not in possession of documents responsive to this Request and reserves the right to supplement this Request if responsive information is obtained.

17. Any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial of this case.

REPSONSE:

See Response to Request No. 5.

18. Any and all documents evidencing specific "articulable facts" that provided a "reasonable likelihood" that RAPATZ or anyone else would use weapons against any police officer on May 11, 2013.

RESPONSE: See the Affidavit for Search Warrant

19. Any and all police records concerning internal disciplinary procedures, regardless of the outcome, to which the defendant has been subjected while employed as a police officer with any and all police departments.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432,435 (10th Cir. 1981).

20. Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department of the subject matter of this lawsuit.

RESPONSE: Defendant objects to this interrogatory on the basis it is overly broad and unduly burdensome insofar as it is unlimited in scope as to time or matters involving similar circumstances.

21. A copy of the Confidential Informant Report for the individual informant referred to as "IT" in the May 11, 2010 Affidavit for Search Warrant, including only the following:

# Exhibit C

a. Confidential Informant Number;
b. Detective assigned as IT's handler;
c. Confidential Informant's code name;
d. Date/time the file was prepared;
e. Citizenship;
f. Comments about the Confidential Informant that the Detective deems necessary;
g. History of the Confidential Informant's information provided;
h. The reliability of the information provided by the Confidential Informant;
i. All transactions that the Confidential Informant was involved in; and
j. Any documents showing the involvement of the Confidential Informant in any actual operations or investigations.

RESPONSE:

Objection. Information relative to Confidential Informants is exempt from discovery under federal law.

Respectfully submitted,

Robert Cole
Attorney for Robert Vigil
6303 Indian School Rd. NE, Ste 100
Albuquerque, New Mexico 87110
(505) 872-8626 / 872-8624 (fax)

# Exhibit C