TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

                             Case No.: 12-CV-00827 JCH-SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

                      Defendants.

### PLAINTIFFS' MOTION TO COMPEL # 1: DEFENDANT DANNY PACHECO'S FAILURE TO ADEQUATELY ANSWER PLAINTIFFS' INTERROGATORIES AND RESPOND TO REQUEST FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

COME NOW the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra [hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V. Thompkins] and pursuant to Fed.R.Civ.P. 37(a)(2)(A) and D.N.M.LR-Civ. 26.3, state the following for their Motion to Compel No. I: Defendant Danny Pacheco's Failure to Adequately Answer Plaintiffs' Interrogatories and Respond to Requests for Production and for Sanctions:

### INTRODUCTION

Plaintiffs are entitled to discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). The relevance standard "has been broadly construed to encompass any matter that bears on, or could reasonably lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Centurion Industries, Inc. v. Warren Steurer & Assoc.*,

665 F.2d 323, 326 (10th Cir. 1981) (relevancy is interpreted more broadly during discovery than at trial). Courts view discovery requests with the liberality contemplated by the federal rules which are designed, in part to "[m]ake a trial less a game of a blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682 (1958) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Regarding interrogatories, the Federal Rules state that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3).

As contemplated by Rule 26 and the case law construing it, Plaintiffs served the Defendant City of Espanola with discovery requests which sought relevant information about Defendant's defenses and actions as set forth in Plaintiffs' complaint. Having failed to provide complete and accurate discovery responses, this Court should compel Defendants to serve responsive answers to Plaintiffs' interrogatories and complete responses to Plaintiffs' requests for production. Defendant's boilerplate blanket objections are not valid. Pursuant to Fed.R.Civ.P. 37(d), this Court should also require Defendant to pay Plaintiffs' attorney's fees which were incurred in making this motion. For these reasons, this Court should grant Plaintiffs' Motion to Compel No. I.

## STATEMENT OF THE RELEVANT FACTS

1.      According to the Joint Status Report and Provisional Discovery Plan, Plaintiffs make the following claims:

- Count I – City of Espanola had a custom and practice of not conducting internal affairs investigations into citizen's complaints. City of Espanola negligently hired, failed to train, retained, promoted, failed to properly supervise, failed to discipline employees of the City of Espanola which custom and policy caused a violation of Plaintiffs' constitutional rights.  The City's policy makers approved the decision

to disregard the Espanola Police Department Directives which were a moving force that resulted in Plaintiffs' constitutional rights being violated.

- Count II – Judicial Deception – Defendants Vigil and Pacheco made false allegations and conspired to submitted false information in both the Affidavit and Police Reports. Deprived Plaintiffs of their liberty and subjected them to unlawful, illegal and excessive detention in violation of the Fourth Amendment;

- Count III – Civil Rights 42 U.S.C. § 1983 for violation of Fourth Amendment Rights against the City of Espanola, Robert Vigil and Danny Pacheco including:

  o Execution of a General Search Warrant that failed to describe the items to be seized with as much specificity that knowledge and circumstances allows;
  o Search warrant failed to specify, as nearly as possible, the distinguishing characteristics of the goods to be seized;
  o Execution of a Search Warrant based upon hearsay statements and failure to provide the veracity and basis of knowledge of the hearsay declarants;
  o Execution of a Search Warrant that lacks probable cause;
  o Illegally seized the Plaintiffs in violation of their Fourth Amendment Rights; and
  o Falsely arrested the Plaintiffs in violation of the Fourth Amendment Rights;

- Count IV – Excessive Use of Force (4th and 14th Amendments) – without reasonable suspicion or probable cause or cause to believe that Plaintiffs posed a danger to anyone, Defendants pointed loaded guns at the Plaintiffs, handcuffed them and caused physical injuries, great terror, fear, humiliation, indignity, invasion of privacy, anxiety, stress, emotional and mental anguish, and public ridicule.

See, *Doc.142*

2.      Defendants, without specificity, deny all of Plaintiffs' claims. [*Doc. 142*].

3.      In order to discover the facts underlying Defendants' defense raised in this case, Plaintiffs served Defendant Robert Vigil with Interrogatories and Requests for the Production of Documents on October 4, 2014. [*Doc.137*].

4.      On December 15, 2014, Defendants served their answers and responses to Plaintiffs' discovery requests. [*Doc.150*].

5.      As required by Fed.R.Civ.P. 37(a)(2)(A) and D.N.M.LR-Civ. 7.1(a), Plaintiffs' counsel sent a letter Defendants' counsel, explaining in detail why Defendants' discovery responses were inadequate.[1]  As suggested by Judge Vidmar, the Motion to Compel was filed the same day that the good faith letter was sent. Plaintiffs' counsel explained to Defendants' counsel that any issues resolved between would or could be removed from the instant motion to compel.

## LEGAL ARGUMENT

**I.      HAVING FAILED TO PROVIDE COMPLETE AND ACCURATE DISCOVERY RESPONSES, THIS COURT SHOULD COMPEL DEFENDANT TO SERVE RESPONSIVE ANSWERS TO PLAINTIFFS' INTERROGATORIES AND COMPLETE RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION.**

"For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests." *ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc*., 53 F.3d 186, 190 (8th Cir. 1995). It is well-recognized that complete and accurate responses to discovery are imperative to the functioning of the modern trial process. See *Rozier v. Ford Motor Co*., 573 F.2d 1332, 1346 (5th Cir. 1978) (quoting *Dollar v. Long Mfg., N.C.*, 561 F.2d 613, 616 (5th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978)) ("It is axiomatic that '[d]iscovery by interrogatory requires candor in responding.'"). This rule has a simple but important purpose, namely to prevent trial by ambush. See *Reed v. Iowa Marine and Repair Corp*., 16 F.3d 82, 85 (5th Cir. 1994).

Federal Rule of Civil 33(b)(1) states that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). Interrogatories which do not encompass every

---

[1] A copy of the letter from Nathaniel V. Thompkins to Robert Cole, Esq., dated February 8, 2015, is attached as Exhibit A.

allegation, or a significant number of allegations of the Complaint, reasonably place upon the answering party "the duty to answer them by setting forth the material or principal facts." *Hiskette v. Wal-Mart Stores, Inc*., 180 F.R.D. 403, 405 (D.Kan. 1998) (citing *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321-22 (D. Kan.1998)). The purpose of Interrogatories, such as those propounded by Plaintiffs, is to narrow and define issues for trial beyond what may be ascertained from the parties' pleadings. See, e.g., *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 489 (W.D.N.C. 1998).

Federal Rule of Civil Procedure 34(a) permits a party to request documents or electronically stored information or to inspect, copy, test or sample "tangible things" that are in the respondent's "possession, custody or control." Fed. R. Civ. P. 34(a). The responding party is to produce material within their possession, custody or control, which includes records in their actual possession, custody, or control, or in the possession of others from whom the party has a legal right to demand their return. *In re Bankers Trust Co*., 61 F.3d 465, 469 (6th Cir. 1995), *cert. dismissed sub. nom*, *Bankers Trust Co. v. Procter & Gamble Co.*, 517 U.S. 1205 (1996); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). As with initial disclosures and interrogatories, a party and his attorney have a duty to supplement or correct responses to requests for documents "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(b)(2).

## A. Defendant's Boiler Plate Objections Should Be Overruled

In answers to ***Interrogatories 1, 2, 3, 5, 6 7, 8, 9, 10, 11, 13, 14, 15, 16 and Responses to Request No. 5, 18 and 19,*** Defendant has raised boiler plate objections that the discovery

requests are "vague, overly broad, burdensome and ambiguous" and otherwise possibly inconsistent with the Federal Rules of Civil Procedure.[2] Defendant's objections are merely stated in a conclusory fashion. As held by the Court in *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995):

> "*A party opposing a discovery request* cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, *the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.*"

*Id.* The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (emphasis ours).

The Defendant's boilerplate blanket objections are not valid. See *Oleson v. K-Mart*, 175 F.R.D. 570,571 (D. Kan. 1997); *Tomlinson v. Combined Underwriters Life Ins. Co.,* 2008 WL 4601578 at *1 (N.D. Okla. 2008) (boilerplate objections "evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the 'just, speedy, and inexpensive determination of every action and proceeding.'"). Furthermore, courts have characterized boilerplate objections, without an accompanying affidavit, to lack the specificity required, thus constituting a waiver of such objections. See e.g., *O'Bar v. Lowe's Home Centers, Inc.*, 2007 WL 1299180, *5 n. 6 (W.D.N.C. 2007) (noting that an objection based on Rule 26(b)(2)(B) should be stated with particularity "and not in conclusory or boilerplate language;" "the party asserting that [electronically stored information] is not reasonably accessible should be prepared to specify facts that support its contention"). In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held

---

[2] See Defendant's Answers and Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents attached hereto, respectively, as Exhibits B and C.

that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'"). Here Defendant has failed to satisfy its burden and should be order to supplement its' answers.

**B. Defendant's Answers To Interrogator Nos. 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 Fail To Provide A Proper Answer**

*Interrogatory No. 1:* This interrogatory seeks Defendant's full name, current residence, telephone number and date of birth; any names by which you have been known in the past. Defendant improperly asserts a boiler plate objection and "privacy" claim. Patently, on its face, the asserted "privacy" objection of the officers has no application to Interrogatory No. 1.

In *Johnson v. Kraft Foods North America, Inc.,* 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

Defendant asserts and improper objection on the grounds that the information is private, irrelevant information, and not within the scope of Rule 1-026. This objection is improper as "Rule 1-033 … [is to] be liberally construed in order to insure that a litigant's right to discovery is 'broad and flexible''. See, *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, 96 N.M. 155, 170, 629 P.2d 231, 246 (1980). "'Objections based on alleged irrelevancy must, therefore, be viewed in light of the broad and liberal discovery principle consciously built into' the rules of civil procedure." *Id.* at 174. "Because courts 'are not shackled with strict interpretations of relevancy,' *Cox v. E. I. Du Pont de Nemours and Company*, 38 F.R.D. 396, 398 (D.S.C.1965), discovery is permitted as to matters that 'are or may become relevant' or

'might conceivably have a bearing' on the subject matter of the action, or where there is 'any possibility' or 'some possibility' that the matters inquired into will contain relevant information. Id. Here Defendant has failed to satisfy its burden.

*Interrogatory Nos. 2*: This interrogatory requests the names and addresses of each person with personal knowledge regarding the facts and circumstances surrounding the facts set forth in the 'Affidavit'". Defendant's answer improperly references the Uniform Police Report which does not answer the question. The Rio Grande Sun notes that there were "40 Espanola and State Police Officers". The Uniform Police Report does not identify any State Police Officer or the 40 reported officers that were at the scene. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc*., 236 F.R.D. 535, 545 (D. Kan. 2006). Here Defendant has failed to satisfy its burden.

*Interrogatory No. 3:* This Interrogatory requests the Defendant "state whether [he] made any visual or sensory observations of TONY RAPATZ when [he] met with Officer Robert Vigil on May 10, 2010." Defendant, in addition to making a boiler plate objection, fails to answer the interrogatory and its' subparts fully and completely. The term "IDENTIFY" asks Defendant for the names, addresses and telephone numbers of individuals. Additionally it asks for the IDENTFY of any writings. Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing

under oath." In light of the Affidavit, Defendant is required to supplement his answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

***Interrogatory No. 5:*** This interrogatory asks the Defendant to IDENTIFY the female reported in the Affidavit. In addition to a boiler plate objection, Defendant improperly raises an objection on privacy grounds.

In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

Patently, on its face, the asserted "privacy" objection has no application to this interrogatory. In *Wood v. Breier*, 54 F.R.D. 7 (E.D. Wisc. 1972) the police were ordered to turn over the files of their internal investigation concerning the arrest and beating of the plaintiff. Factors considered important by the court were the purely factual nature of the material in the police file and the fact that the investigation had been conducted "almost immediately after the incident." The court noted "two major congressional and judicial policy decisions" mandating discovery of such files. The first was the broad federal discovery rules already noted. The second, unique to actions under § 1983, is that: enforcement is placed in the hands of the people.

Each citizen "acts as a private attorney general who takes on the mantel of the sovereign," guarding for all of us the individual liberties enunciated in the Constitution. § 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden. Defendant, officer's privacy concerns, is not valid objections to the requested discovery.

*Woods* was followed by *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 17 Fed. R. Serv. 2d 16 (E.D. Pa. 1973), which delineated ten "considerations" to be considered in deciding what police files should be discoverable by a § 1983 plaintiff. None of the 10 factors considered privacy. The courts have consistently ordered production of the information gathered in police investigations of alleged criminal activity and have repeatedly held that § 1983 claims required complete and generous discovery. See, Lewis v. City of Chicago, 2004 WL 2608302 (N.D. Ill. 2004)(ordering discovery of police files with statements and with names of witnesses not yet interviewed). Here Defendant has failed to satisfy its burden with respect to Request Nos. 5 and 7.

***Interrogatory Nos. 6:*** This interrogatory asks the Defendant to state the number of times he "observed a strong distinct odor of what appeared to be Cat urine". Defendant improperly references his answer to interrogatory no. 9 which has nothing to do with this interrogatory. More importantly, Defendant's answer is inconsistent with his answer to interrogatory no. 3. Defendant in his answer to interrogatory no. 3 stated that he did not make any sensory or visual observations. However in his answer to interrogatory no. 6 he states that he observed a strong odor on May 10, 2010.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

***Interrogatory No.7:*** This interrogatory asks the Defendant whether any person advanced a claim against him involving a violation of their constitutional rights and/or civil rights. Defendant improperly references his answer to interrogatory no. 12 which has nothing to do with this interrogatory. Next Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

***Interrogatory No.8:*** Asks the Defendant to describe his training protocol for the "specialized training in criminal investigations" and "narcotic investigations". Defendant improperly references his answer to interrogatory no. 11 which has nothing to do with this interrogatory. Then the Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

***Interrogatory No. 9:*** The interrogatory asks if the Defendant ever uttered any threats to commit physical violence on any citizen or any other person during his police career and while on active duty. Defendant improperly references his answer to interrogatory no. 12 which has nothing to do with this interrogatory. Then the Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory No. 10:** The interrogatory asks if the Defendant if he has ever been arrested and/or charged with the crime of assault and battery, whether on or off duty. Defendant improperly references his answer to interrogatory no. 12 which has nothing to do with this interrogatory. Then the Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory No. 11:** The interrogatory asks if the Defendant his educational background. Defendant improperly references his answer to interrogatory no. 13 which has nothing to do with this interrogatory. Then the Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc.,* 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

***Interrogatory No. 12:*** The interrogatory asks if the Defendant about any investigations involving citizen complaints against him. Defendant improperly references his answer to interrogatory no. 14 which has nothing to do with this interrogatory. Then the Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

*Interrogatory Nos. 13, 14, 15, 16:* These are contention interrogatories asking the Defendant the basis of his contentions in answering Plaintiffs' Third Amended Complaint. Interrogatories which do not encompass every allegation, or a significant number of allegations of the Complaint, reasonably place upon the answering party "the duty to answer them by setting forth the material or principal facts." *Hiskette v. Wal-Mart Stores, Inc.,* 180 F.R.D. 403, 405 (D. Kan. 1998) (citing ***IBP, Inc. v. Mercantile Bank***, 179 F.R.D. 316, 321-22 (D. Kan.1998)). The purpose of contention Interrogatories, such as those propounded by Plaintiffs, is to narrow and define issues for trial beyond what may be ascertained from the parties' pleadings. See, e.g., *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 489 (W.D.N.C. 1998) (proper contention interrogatories include those which ask a party to "articulate the facts underlying a contention")..

### D. Defendant Failure To Seek A Protective Order Waived Any Objection To Number of Interrogatories Or, In The Alternative, Plaintiffs' Interrogatories Do Not Have Discrete Subparts And Are Considered One Interrogatory

Defendant's answers to ***Interrogatory Nos. 3 and 5*** and ***Request for Production of Documents No.4*** improperly asserts an objection that the interrogatories subparts exceed twenty-five (25). Plaintiffs contend that that Defendant having failed to seek a protective order pursuant to FED. R. CIV. P. 37, have thereby waived their numerosity objections. As held by the Courts, "the better practice is to object to all of the interrogatories as violative of the rule and demand identification of the particular 25 (or other permitted number) to which the requesting party wishes a response." *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C.1998), citing *Herdlein Techs., Inc. v. Century Contractors, Inc*., 147 F.R.D. 103, 104 (W.D.N.C. 1993) (party served with excess number of interrogatories who answered some without first moving for protective order deemed to have waived excess number objection). The

decisions found that "[o]therwise the responding party could selectively respond to the interrogatories and thereby strategically omit the most prejudicial information. … [and] the Court essentially would be allowing [the responding party] to determine for itself what information to reveal." *Herlein*, 147 F.R.D. at 104-105.

The Advisory Committee Notes to the 1993 Amendments lends support for the general proposition that the court should not permit a responding party to "pick and choose" which of the interrogatories to answer. "When a case with outstanding interrogatories exceeding the number permitted by this rule is removed to federal court, the interrogating party must seek leave allowing the additional interrogatories, specify which twenty-five are to be answered, or resubmit interrogatories that comply with the rule." The Advisory Committee's Notes chose to address this situation only in the context of removed cases. Other than the above-cited cases from the Western District of North Carolina, counsel for the Plaintiffs is unaware of any other decisions finding a waiver of the numerosity objections in the absence of seeking a protective order in an action originally brought in federal court.

Alternatively, Plaintiffs argue that Defendants' calculation ignores the requirement that only "discrete" subparts may be considered to count against the interrogatory number limitation. See FED. R. CIV. P. 33(a). "[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired may be disputable." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2168.1 at 261 (2d ed. 1994); see also *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte Co.*, 192 F.R.D. 698 (D. Kan. 2000).

In *Jaramillo v. Adams County Sch. Dist. 14,* No. 09-CV-02243-RPM-MEH, 2010 WL 1839329 (D. Colo. May 6, 2010) the court held, "Fed.R.Civ.P. 33 governs Interrogatories, and Fed.R.Civ.P. 34 governs Producing Documents. Rule 33 allows for subparts within interrogatories, and Rule 34 permits a request to include a category of items. The Committee Notes regarding Rule 33 describe how subparts of interrogatories may not "seek information about discrete separate subjects." 146 F.R.D. 401, 675 (1993). "However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Id. at 675–76. Therefore, subparts "directed at eliciting details concerning a common theme should be considered a single question." *8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure* § 2168.1 (3d. ed.2010).

Most Court have applied the "related question" test to determine whether the subparts are discrete, asking whether the particular subparts are "logically or factually subsumed within and necessarily related to the primary question." *The Mitchell Company, Inc. v. Campus, No*. CA 07-0177-KD-C, 2008 WL 2468564, at *14 (S.D. Ala. June 16, 2008). "If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33(a)." *Oliver v. City of Orlando,* No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (quoting *Williams v. Taser Int'l, Inc*., No. 106-cv-51-RWS, 2007 WL 1630875, at *2 (N.D. Ga. June 4, 2007)).

Courts have done their best to formulate tests for when subparts are discrete. Interrogatory subparts are counted as one interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of America v. Rawstron,* 181 F.R.D. 441, 445 (C.D. Cal.1998); see also *Trevino v. ACB American, Inc*., 232

F.R.D. 612, 614 (N.D. Cal.2006). Subparts relating to a "common theme" should generally be considered a single interrogatory. *Safeco*, 181 F.R.D. at 444 (quoting 8A *Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure* § 2168.1, at 261 (2d ed.1994)). See also Fed. R. Civ. P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place, persons present, and contents be stated separately for each such communication."). Here Defendant has failed to satisfy its burden and should be ordered to supplement its' discovery responses.

### E. Defendant Improperly References Other Discovery Answers And Documents When Answer Separate Interrogatories and Requests for Production of Documents

The Defendant's answers to **INTERROGATORIES 2, 13, 14, 15 AND 16** improperly references other interrogatory answers or discovery documents. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). Here Defendant has failed to satisfy its discovery burden and should be ordered to supplement both its' answers and responses.

In, *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403 (D. Kan. 1998) the Court held that while a party need not "provide a narrative account of its case" nor duplicate its initial disclosures, parties may be required to respond to such inquiries by setting forth the "principal or material" facts. *Id.* at 404-05.

***REQUEST FOR PRODUCTION OF DOUCUMENTS 1, 2, 7 and 14:*** Defendant's responses fail to correlate the documents that are responsive to each request and therefore are deficient. Defendant's Responses to Plaintiffs' Request for Production of Documents, Defendant has failed to identify each document that is responsive to each request. Instead Defendant stats, "see documents produced" without expressly making a correlation to the specific request made by Plaintiffs. As held in *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006) "[e]ven if there are no documents responsive to a request for production, the requesting party is entitled to a response pursuant to Fed.R.Civ.P. 34(b). *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D.Iowa 1997). [Plaintiffs are] entitled to individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced. Defendants responses are deficient as they fail to identify what documents are responsive to each requests or state if the responses are partial or complete.

"It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc*., 236 F.R.D. 535, 545 (D. Kan. 2006). The documents referenced by the Defendant do not properly respond to the specific request. Here Defendant has failed to satisfy its burden.

### F. Defendant Failed Respond to Request No. 3.

In Defendant's responses to the above-referenced Request for Production of Documents he has failed to respond to each request. Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each

interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Pretrial discovery is ordinarily accorded a broad and liberal treatment. This treatment is based upon the general principal that litigants have a right to "every man's evidence …". *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

Defendant's response is not in compliance with Rule 33, F.R.Civ.P. which requires that each interrogatory be answered separately and fully in writing and under oath, unless objected to. *Union Pacific R. Co. v. Larkin*, 229 F.R.D. 240, 243 (D. N.M. 2005). Here Defendant has failed to satisfy its burden. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."

### G. Defendants' Responses to Request Nos. 1, 2, 7 and 14 Are Deficient

Defendant's responses 1, 2, 7 and 14 fail to correlate the documents that are responsive to each request and therefore are deficient. Defendant's Responses to Plaintiffs' Request for Production of Documents fail to identify each document that is responsive to each request. Instead Defendant states "see documents produced" without expressly making a correlation to the specific request made by Plaintiffs. As held in *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006) "[e]ven if there are no documents responsive to a request for production, the requesting party is entitled to a response pursuant to Fed.R.Civ.P. 34(b). *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D.Iowa 1997). [Plaintiffs are] entitled to individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced. Defendant's responses are deficient as they fail to identify what documents are responsive to each request or state if the responses are partial or complete.

### H. Defendant Has Not Answered Plaintiffs' Interrogatories Under Oath And Has Failed To Have The Person Answering The Interrogatories Sign The Answers As Required Under Rule 33(b)(5)

Fed. R. Civ. P., Rule 33(b)(3) provides that, "[e]ach interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." In addition, Rule 33(b)(5) requires the signature of the person making the answers. There are no signatures other than Defendant's counsel which, under the rule, is only there for the objections. Here Defendant has failed to satisfy its burden and should be ordered to provide answers under oath and signed by the person making the answers for the Defendant.

### II. PURSUANT TO Fed. R. Civ. P. 37(d), THIS COURT SHOULD REQUIRE DEFENDANT TO PAY PLAINTIFFS' ATTORNEY FEES WHICH WERE INCURRED IN MAKING THIS MOTION

When a party fails to answer interrogatories or requests for production, this Court may, in its discretion, impose immediate sanctions under Fed.R.Civ.P. 37(d). *Continental Insurance Co. v. McGraw*, 110 F.R.D. 679, 681 (D. Colo. 1986). Accordingly, Rule 37(d) allows the court to impose sanctions even though the party has not violated a court order. Fed.R.Civ.P. 37(d); *Burnett v. Venturi*, 903 F. Supp. 304, 308 (N.D.N.Y. 1995). Rule 37(d) provides, in part, the following:

> if a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

See, Fed.R.Civ.P. 37(d). Disciplinary sanctions under Rule 37 serve three functions, one of which is to obtain compliance with the ordinary standard of care appropriate for parties and their attorneys. See Burnett, 903 F.Supp. at 308.

A responding party's failure to answer need not be willful in order to impose sanctions. Fed.R.Civ.P. 37(d) advisory committee's note (1970); *Burnett*, 903 F. Supp. at 308 (finding that Fed.R.Civ.P. 37(d) sanctions apply even in cases not rising to level of willfulness); *Continental Insurance Co.*, 110 F.R.D. at 683 (same). The presence or absence of willfulness does remain relevant in the choice of sanction, but this Court has discretion to impose some penalty regardless of the reason for the discovery violation. *Burnett*, 903 F. Supp. At 308.

In this case, Defendant failed to adequately answer Plaintiffs' interrogatories or properly respond to their requests for production and is therefore subject to the immediate sanctions provided in Rule 37(d). Accordingly, Defendant's disregard for his discovery obligations now warrants the imposition of sanctions. Defendant cannot show that its' failure to respond to the Plaintiffs' discovery requests was "substantially justified or that other circumstances make an award of expenses unjust." See Fed. R. Civ. P. 37(d). Therefore, Plaintiffs respectfully request that the Court order Defendant to pay reasonable attorney fees for preparing the instant motion.[3]

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order which provides for the following:

A.      Grants Plaintiffs' Motion to Compel No. I:  Defendant's Failure to Adequately Answer Plaintiffs' Interrogatories and Respond to Requests for Production and for Sanctions;

---

[3] If this Court determines that the requested sanction is appropriate, counsel for Plaintiffs stands ready to submit an affidavit specifying the time expended preparing this motion and counsel's hourly rate.

B.    Order Defendant to serve supplemental answer to Defendant's answer to Plaintiffs' First Set of Interrogatories to Defendant City of Espanola, interrogatory Nos. 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15,  and 16;

C.    Order Defendant to provide the answers under oath and be signed by the person providing the answers, other than Defendant's attorney;

D.    Order Defendant's to serve supplemental Responses to Plaintiff's First Request for Production of Documents, Request Nos. 1, 2, 3, 4, 7, 14, 15 and 16;

E.    Find that Defendant waived its' numerosity objections to the number of interrogatories Plaintiffs' served by failing to have filed for a protective order;

F.    Award Plaintiffs their attorney fees and costs incurred in making this motion;

G.    Order all other and further relief this Court deems just and proper.

**RESPECTFULLY SUBMITTED:**

By: /s/ Nathaniel V. Thompkins
   Nathaniel V. Thompkins
   103 St. Francis Drive, Unit A
   Santa Fe, NM 87501
   505-988-9750
   Fax: (866) 657-8780
   Email: nate@newmexicofirm.com
   *Attorney for Plaintiffs*

I hereby certify that I filed the
foregoing electronically through
the CM/ECF system, which caused
the following parties or counsel to be served
by electronic means, as more fully reflected
on the Notice of Electronic Filing this  9th
day of February, 2015.

   Robert L. Cole, Esquire: rlc@rcolelaw.com
   *Attorneys for the City of Espanola, et al.*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins