

# NEW MEXICO FIRM, LLC

February 9, 2015

Mr. Robert Cole
LAW OFFICE OF ROBERT COLE
6303 Indian School Rd. NE, Suite 100
Albuquerque, NM 87110

**RE:**   Rapatz et al. v. City of Espanola et al.
<u>Cause No.: 1:12-CV-00827-JCH-SMV</u>

Dear Robert:

As required by Fed.R.Civ.P. 37(a)(2)(A) and D.N.M.LR-Civ. 7.1(a), the purpose of this letter is to discuss Defendant Danny Pacheco's discovery responses in the above-referenced matter.

*Objections raised to discovery requests.* On December 15, 2014, Defendants served this answers and responses to Plaintiffs' first set of discovery. In answers to **Interrogatories 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16** and **Responses to Request No. 5**, **18 and 19,** the Defendant raised boiler plate objections that the discovery requests are "vague, overly broad, burdensome and ambiguous" and otherwise possibly inconsistent with the Federal Rules of Civil Procedure. Defendant's answers merely state their objections in conclusory fashion. Defendant also raised an objection to interrogatory number 6 on the basis of "scope of discovery". Here Defendant has failed to satisfy its burden.

As held by the Court in *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995):

> "*A party opposing a discovery request* cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, *the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.*"

The burden is on the party resisting discovery to *clarify and explain precisely why its objections are proper* given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (emphasis ours).

**Santa Fe**
103 St. Francis Drive, Unit
Santa Fe, NM 87501
Phone: 505-988-9972 • Fax: 866-6?7-8780



Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 9, 2015
Discovery Deficiencies

The Defendant's boilerplate blanket objections are not valid. See *Oleson v. K-Mart,* 175 F.R.D. 570,571 (D. Kan. 1997); *Tomlinson v. Combined Underwriters Life Ins. Co.,* 2008 WL 4601578 at *1 (N.D. Okla. 2008) (boilerplate objections "evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the 'just, speedy, and inexpensive determination of every action and proceeding.'"). Furthermore, courts have characterized boilerplate objections, without an accompanying affidavit, to lack the specificity required, thus constituting a waiver of such objections. See e.g., *O'Bar v. Lowe's Home Centers, Inc.,* 2007 WL 1299180, *5 n. 6 (W.D.N.C. 2007) (noting that an objection based on Rule 26(b)(2)(B) should be stated with particularity "and not in conclusory or boilerplate language;" "the party asserting that [electronically stored information] is not reasonably accessible should be prepared to specify facts that support its contention"). In *Johnson v. Kraft Foods North America, Inc.,* 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory No. 1** seeks Defendant's full name, current residence, telephone number and date of birth; any names by which you have been known in the past. Defendant improperly asserts a boiler plate objection and "privacy" claim. Patently, on its face, the asserted "privacy" objection of the officers has no application to Interrogatory No. 1.

In *Johnson v. Kraft Foods North America, Inc.,* 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

Defendant asserts and improper objection on the grounds that the information is private, irrelevant information, and not within the scope of Rule 1-026. This objection is improper as "Rule 1-033 … [is to] be liberally construed in order to insure that a litigant's right to discovery is 'broad and flexible". See, *United Nuclear Corp. v. Gen. Atomic Co.,* 1980-NMSC-094, 96 N.M. 155, 170, 629 P.2d 231, 246 (1980). "'Objections based on alleged irrelevancy must, therefore, be viewed in light of the broad and liberal discovery principle consciously built into' the rules of civil procedure." *Id.* at 174. "Because courts 'are not shackled with strict interpretations of relevancy,' *Cox*

Exhibit A

Page **2** of **10**

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 9, 2015
Discovery Deficiencies

*v. E. I. Du Pont de Nemours and Company,* 38 F.R.D. 396, 398 (D.S.C.1965), discovery is permitted as to matters that 'are or may become relevant' or 'might conceivably have a bearing' on the subject matter of the action, or where there is 'any possibility' or 'some possibility' that the matters inquired into will contain relevant information. *Id.* Here Defendant has failed to satisfy its burden.

**Interrogatory Nos. 2:** This interrogatory requests the names and addresses of each person with personal knowledge regarding the facts and circumstances surrounding the facts set forth in the 'Affidavit'". Defendant's answer improperly references the Uniform Police Report which does not answer the question. The Rio Grande Sun notes that there were "40 Espanola and State Police Officers". The Uniform Police Report does not identify any State Police Officer or the 40 reported officers that were at the scene. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). Here Defendant has failed to satisfy its burden.

**Interrogatory No. 3:** This Interrogatory requests the Defendant "state whether [he] made any visual or sensory observations of TONY RAPATZ when [he] met with Officer Robert Vigil on May 10, 2010." Defendant, in addition to making a boiler plate objection, fails to answer the interrogatory and its' subparts fully and completely. The IDENTIFY asks Defendant for the names, addresses and telephone numbers of individuals. Additionally it asks for the IDENTFY of any writings. Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." In light of the Affidavit, Defendant is required to supplement his answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory No. 5:** This interrogatory asks the Defendant to IDENTIFY the female reported in the Affidavit. In addition to a boiler plate objection, Defendant improperly raises an objection on privacy grounds.

Exhibit A

Page **3** of **10**

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 9, 2015
Discovery Deficiencies

In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

Patently, on its face, the asserted "privacy" objection has no application to this interrogatory. In *Wood v. Breier*, 54 F.R.D. 7 (E.D. Wisc. 1972) the police were ordered to turn over the files of their internal investigation concerning the arrest and beating of the plaintiff. Factors considered important by the court were the purely factual nature of the material in the police file and the fact that the investigation had been conducted "almost immediately after the incident." The court noted "two major congressional and judicial policy decisions" mandating discovery of such files. The first was the broad federal discovery rules already noted. The second, unique to actions under § 1983, is that: enforcement is placed in the hands of the people. Each citizen "acts as a private attorney general who takes on the mantel of the sovereign," guarding for all of us the individual liberties enunciated in the Constitution. § 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden. Defendant, officer's privacy concerns, is not valid objections to the requested discovery.

*Woods* was followed by *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 17 Fed. R. Serv. 2d 16 (E.D. Pa. 1973), which delineated ten "considerations" to be considered in deciding what police files should be discoverable by a § 1983 plaintiff. None of the 10 factors considered privacy. The courts have consistently ordered production of the information gathered in police investigations of alleged criminal activity and have repeatedly held that § 1983 claims required complete and generous discovery. See, *Lewis v. City of Chicago*, 2004 WL 2608302 (N.D. Ill. 2004)(ordering discovery of police files with statements and with names of witnesses not yet interviewed). Here Defendant has failed to satisfy its burden with respect to Request Nos. 5 and 7.

**Interrogatory Nos. 6:** This interrogatory asks the Defendant to state the number of times he "observed a strong distinct odor of what appeared to be Cat urine". Defendant improperly references his answer to interrogatory no. 9 which has nothing to do with this interrogatory. More importantly, Defendant's answer is inconsistent with his answer to interrogatory no. 3. Defendant in his

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 9, 2015
Discovery Deficiencies

answer to interrogatory no. 3 stated that he did not make any sensory or visual observations. However in his answer to interrogatory no. 6 he states that he observed a strong odor on May 10, 2010.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory No.7:** This interrogatory asks the Defendant whether any person advanced a claim against him involving a violation of their constitutional rights and/or civil rights. Defendant improperly references his answer to interrogatory no. 12 which has nothing to do with this interrogatory. Next Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory No.8:** Asks the Defendant to describe his training protocol for the "specialized training in criminal investigations" and "narcotic investigations". Defendant improperly references his answer to interrogatory no. 11 which has nothing to do with this interrogatory. Then the Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 9, 2015
Discovery Deficiencies

under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory No. 9:** The interrogatory asks if the Defendant ever uttered any threats to commit physical violence on any citizen or any other person during his police career and while on active duty. Defendant improperly references his answer to interrogatory no. 12 which has nothing to do with this interrogatory. Then the Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory No. 10:** The interrogatory asks if the Defendant if he has ever been arrested and/or charged with the crime of assault and battery, whether on or off duty. Defendant improperly references his answer to interrogatory no. 12 which has nothing to do with this interrogatory. Then the Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 9, 2015
Discovery Deficiencies

objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory No. 11:** The interrogatory asks if the Defendant his educational background. Defendant improperly references his answer to interrogatory no. 13 which has nothing to do with this interrogatory. Then the Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory No. 12:** The interrogatory asks if the Defendant about any investigations involving citizen complaints against him. Defendant improperly references his answer to interrogatory no. 14 which has nothing to do with this interrogatory. Then the Defendant makes a boiler plate objection and refuses to answer the interrogatory.

The Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In light of Defendant's inconsistent answers, he is required to supplement this answer and fully answer the interrogatory.

In *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to make any meaningful effort to show the application of those general objections to specific requests; ordered defendants to serve additional responses "without consideration of their purported 'general objections'").

**Interrogatory Nos. 13, 14, 15, 16:** These are contention interrogatories asking the Defendant the basis of his contentions in answering Plaintiffs' Third Amended Complaint. Interrogatories which do not encompass every allegation,

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 9, 2015
Discovery Deficiencies

or a significant number of allegations of the Complaint, reasonably place upon the answering party "the duty to answer them by setting forth the material or principal facts." *Hiskette v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998) (citing *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321-22 (D. Kan.1998)). The purpose of contention Interrogatories, such as those propounded by Plaintiffs, is to narrow and define issues for trial beyond what may be ascertained from the parties' pleadings. See, e.g., *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 489 (W.D.N.C. 1998) (proper contention interrogatories include those which ask a party to "articulate the facts underlying a contention").

**Interrogatory Nos. 3, and 5** and **Request for Production of Documents No. 4:** The Defendant improperly asserts the objection that the interrogatories subparts exceed twenty-five (25). However, in *Jaramillo v. Adams County Sch. Dist. 14*, No. 09-CV-02243-RPM-MEH, 2010 WL 1839329 (D. Colo. May 6, 2010) the court held, "Fed.R.Civ.P. 33 governs Interrogatories, and Fed.R.Civ.P. 34 governs Producing Documents. *Rule 33 allows for subparts within interrogatories*, and Rule 34 permits a request to include a category of items. The Committee Notes regarding Rule 33 describe how subparts of interrogatories may not "seek information about discrete separate subjects." 146 F.R.D. 401, 675 (1993). "*However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.*" Id. at 675–76. Therefore, *subparts "directed at eliciting details concerning a common theme should be considered a single question."* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1 (3d. ed.2010). Most Court have applied the "related question" test to determine whether the subparts are discrete, asking whether the particular subparts are "logically or factually subsumed within and necessarily related to the primary question." *The Mitchell Company, Inc. v. Campus*, No. CA 07-0177-KD-C, 2008 WL 2468564, at *14 (S.D. Ala. June 16, 2008). "If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33(a)." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (quoting *Williams v. Taser Int'l, Inc.*, No. 106-cv-51-RWS, 2007 WL 1630875, at *2 (N.D. Ga. June 4, 2007)).

Courts have done their best to formulate tests for when subparts are discrete. Interrogatory subparts are counted as one interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal.1998); see also *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal.2006). Subparts relating to a "common theme" should generally be considered a single

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 9, 2015
Discovery Deficiencies

interrogatory. *Safeco,* 181 F.R.D. at 444 (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed.1994)). *See also* Fed. R. Civ. P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place, persons present, and contents be stated separately for each such communication.").

**Rule 33(d) answers are improper:** The Defendant, in answering **INTERROGATORIES 2, 13, 14, 15, 16** improperly references other interrogatory answers or discovery documents. "It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.,* 236 F.R.D. 535, 545 (D. Kan. 2006). The documents referenced by the Defendant do not answer these interrogatories. Additionally, Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." Defendant is required to supplement his answers and fully answer each interrogatory seperately.

**REQUEST FOR PRODUCTION OF DOUCUMENTS 1, 2, 7 and 14:** Defendant's responses fail to correlate the documents that are responsive to each request and therefore are deficient. Defendant's Responses to Plaintiffs' Request for Production of Documents, Defendant has failed to identify each document that is responsive to each request. Instead Defendant stats, "see documents produced" without expressly making a correlation to the specific request made by Plaintiffs. As held in *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D. Cal. 2006) "[e]ven if there are no documents responsive to a request for production, <u>the requesting party is entitled to a response pursuant to Fed.R.Civ.P. 34(b)</u>. *Fishel v. BASF Group,* 175 F.R.D. 525, 531 (S.D.Iowa 1997). [Plaintiffs are] entitled to <u>individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request</u>, regardless of whether the documents have already been produced. Defendants responses are deficient as they fail to identify what documents are responsive to each requests or state if the responses are partial or complete.

"It is well settled in this jurisdiction that a party 'may not merely refer' another party to documents "hoping [the other party] will be able to glean the requested information from them." Indeed, "[t]he court generally finds such practice unacceptable." "Absent compliance with Rule 33(d) or attachment of

Exhibit A

Robert Cole, Esq.
Rapatz et al. v. City of Espanola et al.
February 9, 2015
Discovery Deficiencies

appropriate documents, [a party] may not direct [another party] to find answers from previously produced documents." See, *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006). The documents referenced by the Defendant do not properly respond to the specific request.

**Defendant has not provided responses to Request Nos. 3.** In Defendant's responses to the above-referenced Request for Production of Documents he has failed to respond to each request. Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." Pretrial discovery is ordinarily accorded a broad and liberal treatment. This treatment is based upon the general principal that litigants have a right to "every man's evidence …". *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993).

**Interrogatory Answers must be given under oath:** Fed. R. Civ. P., Rule 33(b)(3) provides that, "Each interrogatory must, to the extent it is not objected to, be answered <u>separately and fully in writing under oath</u>." In addition, Rule 33(b)(5) requires the signature of the person making the answers. There are no signatures other than yours which is there for only the objections. Here Defendant has failed to satisfy its burden.

As detailed in this letter, please supplement Defendant's discovery answers and responses and serve them on the Plaintiffs by Monday, March 1, 2015 at 12:00 pm. As Judge Vidmar suggested, I will file our Motion to Compel on Monday, February 9, 2015, if we are able to work through some of these issues, we can remove them from the Motion to Compel. To avoid unnecessary costs, I trust that you will timely respond to Plaintiffs' requests.

Should you have any questions, please contact me.

Nathaniel V. Thompkins

cc:     Client

Exhibit A