UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and KATHERINE GUERRA,

    Plaintiffs,

vs.                                                          Case No. 1:12-CV-RHS/LFG

JOE MARTINEZ, individually; CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

    Defendants.

### DANNY PACHECO'S ANSERS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES and REQUEST FOR PRODUCTION TO DEFENDANT, DANNY PACHECO

COMES NOW Defendant, DANNY PACHECO, by and through his counsel of record, LAW OFICE OF ROBERT COLE (by Robert Cole), and pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, hereby responds to Plaintiff's First Set of Interrogatories and First Request for Production of Documents as follows:

### Interrogatories

1. State your full name, current residence, telephone number and date of birth; any names by which you have been known in the past.

ANSWER:

    Objection. This Interrogatory as written seeks information outside the scope of discovery related to matters at issue in this lawsuit and unlikely to lead to the discovery of admissible evidence in so far as it seeks Defendant's date of birth and telephone number. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, law enforcement officers have a



Exhibit B

recognized expectation of privacy as to personal matters. *Denver Policemen's Protection Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981).

Notwithstanding said objections and without waiving same, Defendant states his full name is Daniel Anthony Pacheco. For purposes of this lawsuit, all communications with Officer Pacheco are to be directed to his counsel of record, Robert Cole, 505-872-8626.

2. State the name, address, and telephone number of each person with personal knowledge regarding the facts and circumstances surrounding the facts set forth in the "Affidavit for Search Warrant" dated May 11, 2010 and referred to in plaintiffs' Complaint.

   a. Identify the names of all outside agencies and the names of the personnel involved in the execution of the Search Warrant dated May 11, 2010.

ANSWER:

Objection. This Interrogatory as written is overly broad and unduly burdensome. Further the Interrogatory as written is vague and ambiguous insofar as it seeks information relative to ***each and every*** person with basically any personal knowledge of the facts and circumstances surrounding the "Affidavit for Search Warrant," ***or*** as "referred to in Plaintiff's Complaint." This could be read to encompass literally every allegation set forth in Plaintiff's Complaint.

Notwithstanding said objections and without waiving same, with regard to the "Affidavit for Search Warrant," Defendant refers Plaintiff to the Search Warrant itself from which information which may be responsive to this Interrogatory may be ascertained. See Fed. R. Civ. P. 33(d). If an answer to interrogatory may be determined by examining or summarizing a party's business records, the responding party may answer by specifying the records that must be reviewed.

3. Please state whether YOU made any visual or sensory observations of TONY RAPTAZ when YOU met with Officer Robert Vigil on May 10, 2010 at approximately 1000 hours.

   a. Please IDENTIFY what observations YOU or anyone else made.

   b. IDENTIFY the location where each observation occurred and the dates, times length of each observations.

   c. IDENTIFY any documents, affidavits or tangible things of which YOU or YOUR counsel are aware that is or may be relevant to any observation or observations that YOU made and that is IDENTIFIED in YOUR answer to this interrogatory.

   d. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 3(c).

ANSWER:

# Exhibit B

Objection. This Interrogatory as written is so overly broad, vague and ambiguous it is unclear what exactly the Interrogatory seeks. Defendant further objects to this Interrogatory on the basis it is a compound Interrogatory. Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. *Parties **cannot** evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*

The questions set forth in Plaintiff's Interrogatory No. 3 are not logically or factually subsumed within the primary question or necessarily related to the primary question. Further, each discrete subpart is not secondary to the first question. See *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997). The primary question, although vague and ambiguous, in Interrogatory No. 3 appears to seek observations by Defendant Danny Pacheco specific to Tony Rapatz when Officer Pacheco met with Officer Robert Vigil on May 10, 2010 at approximately 1000 hours. The remainder of Interrogatory No. 3 appears to seek information relative to *any* observation by *any* person, undefined by time, place or subject and finally, subparts c and d seek information regarding written materials more properly sought through a Request for Production of Documents.

Notwithstanding said objections and without waiving same, with regard only to observations by Danny Pacheco, he did not make any sensory or visual observations of Tony Rapatz when he met with Officer Vigil at 1000 hours at 730 Megill.

4.  Please state whether YOU took any photographs, motion pictures, or visual representation of RAPATZ or any other plaintiff during the time that YOU met with Officer Robert Vigil as set forth in the Affidavit for Search Warrant dated May 11, 2010.

    a. Please set forth the total number of photographs, motion pictures, and/or other visual representations that YOU have taken.

    b. Please set forth the date of each photographs, motion pictures, and/or visual representation that YOU have taken.

    c. Please set forth the location where of each photographs, motion pictures, and/or visual representation that YOU have taken.

    d. Please IDENTIFY each PERSON who was a witness to any of the activities depicted in any photograph, motion picture, and/or other visual representation.

    e. Please IDENTIFY each WRITING relating to any photograph, motion picture, and/or other visual representation.

# Exhibit B

  f. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 4(e).

ANSWER:

Defendant Danny Pacheco did not take any photographs, motion pictures, or visual representation of Rapatz or any other plaintiff during the time he was with Officer Vigil as set forth in the Affidavit for Search Warrant dated May 11, 2010.

5. Please IDENTIFY the female that you reported to Officer Robert Vigil that resides at 730 Megill.

  a. IDENTIFY the facts which you provided to Officer Robert Vigil regarding the fact that the female got "sick" a "couple of days prior due to the smell."

  b. IDENTIFY what observations you made on May 10, 2010 and reported to Officer Robert Vigil regarding the plaintiffs Tony Rapatz and Alice Guerra.

  c. Please describe in detail YOUR personal history and involvement with the plaintiffs Tony Rapatz and Alice Guerra.

  d. IDENTIFY the times and dates of any personal, physical or verbal involvement that you had with the plaintiffs Tony Rapatz and Alice Guerra between January 1, 2010 to May 11, 2010.

  e. IDENTIFY all persons who were with YOU during the time that you had any personal, physical or verbal involvement with the plaintiffs Tony Rapatz and Alice Guerra between January 1, 2010 to May 11, 2010.

  f. Please IDENTIFY each WRITING relating to any personal, physical or verbal involvement with the plaintiffs Tony Rapatz and Alice Guerra between January 1, 2010 to May 11, 2010.

  g. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 5(f).

ANSWER:

Defendant objects to this Interrogatory on the basis it is a compound Interrogatory and overly broad. Further, Defendant objects to this Interrogatory on the basis it is extremely vague and ambiguous in so far as it does not even clearly define what is sought other than what appears to the be the identity of a female reported by Officer Pacheco to Officer Vigil. The questions set forth in Interrogatory No. 5 are not logically or factually subsumed within the primary question or necessarily even related to the primary question and each discrete subpart is not secondary to

# Exhibit B

the primary question. See *Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 685 (D. Nev. 1997). Pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including,* discrete subparts upon another party. Each discrete subpart is considered a separate Interrogatory. ***Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).***

The only sub-part in Interrogatory No. 5, in fact, which may even possibly relate to the primary question is sub-part "a" in so far as it seeks information relative to a "female" reported to Officer Vigil by Defendant Pacheco. Sub-parts "b" through "g," are therefore, separate Interrogatories in and of themselves.

Notwithstanding said objections and without waiving same, setting forth his Answers to these Interrogatories as separate enumerated interrogatories, Defendant states as follows:

Interrogatory No. 5 (sub-part a):   Objection. This Interrogatory seeks information outside the scope of discovery as it relates to this matter and in violation of a non-party's right to privacy insofar as it seeks the disclosure of the identity of a confidential informant or source. A private citizen who provides police with tip information leading to a defendant's arrest or investigation may be afforded confidential informant status. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe,* 429 U.S. 59, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut,* 381 U.S. 479 (1965). Notwithstanding said objections and without waiving same, information which is not exempt from disclosure pursuant to *IPRA* is just as available to counsel for Plaintiffs as it is to this Defendant. Notwithstanding same, pursuant to Fed. R. Civ. P. 33(d), Defendant refers you to the police investigative report associated with this matter, Espanola Police Uniform Incident Report, Incident No.: 10-05-170.

Interrogatory No. 6 (sub-part b):   Objection. This Interrogatory as written is vague and ambiguous insofar as it is unclear whether observations regarding Tony Rapatz and Alice Guerra encompasses observations of the residence known as the Rapatz residence at 732 Migill. To the extent it does, Defendant states that he observed an odor which smelled like cat urine and reported this observation to Officer Vigil.

Interrogatory No. 7 (sub-part c):   None.
Interrogatory No. 8 (sub-parts d-g):   None.

6. Please state number of instances or times that YOU "observed a strong distinct odor of what appeared to be Cat urine".

   a. Please set forth in detail the exact location or locations from where YOU "observed" what "… appeared to be Cat urine."

# Exhibit B

b. Please set forth the date and time of each instance that YOU "observed" what "… appeared to be Cat urine" at the residence describe as the RAPATZ residence in the Affidavit for a Search Warrant.

c. Please IDENTIFY each PERSON who was a witness to any of YOURS or anyone else's observations that you made of what appeared to be Cat urine at the RAPATZ residence.

d. Please IDENTIFY each WRITING relating to YOUR observation or any witness observation of what "… appeared to be Cat urine" at the residence YOU describe as RAPATZ residence.

e. Please IDENTIFY the present CUSTODIAN of each WRITING identified in YOUR answer to Interrogatory No. 6(d).

ANSWER:

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 9, based on the preceding Interrogatories being compound. For his Answer, he states:

On May 10, 2010, at approximately 1000 hours, Defendant Pacheco accompanied Officer Robert Vigil to 730 Migill where he observed a strong odor of what smelled like cat urine. The only written documentation known to Defendant is the Espanola Police Department Uniform Incident Report, Incident No. 10-05-170, and relative documents, including the Affidavit for Search Warrant. This defendant is not an author to these materials.

7. Has any other person advanced a claim against YOU arising from YOUR alleged violation of their constitutional and/or civil rights being violated which rights are protected under federal law?

a. Please IDENTIFY each person.

b. Please IDENTIFY the attorney for each such person.

c. Please state whether a suit was filed.

d. Please set forth the title of any action that was filed.

e. Please set forth the case number of any action that was filed.

f. Please set forth the court in which each action was filed.

ANSWER:

# Exhibit B

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 10, based on the preceding Interrogatories being compound. For his Answer, he states:

Objection. This Interrogatory seeks information outside the scope of discovery relative to matters at issue in this case and not likely to lead to the discovery of admissible evidence, but meant merely as a means to harass or cause embarrassment to this Defendant. Defendant further objects to this Interrogatory on the basis it is overly broad and unduly burdensome insofar as it is unlimited in scope as to time or matters involving similar circumstances. Notwithstanding said objections and without waiving same, information relative to civil rights violation claims, if any, filed against this Defendant is just as available to counsel for Plaintiffs pursuant to a search of the Federal Court's website.

8. Describe all training protocol for the "specialized training in criminal investigations" and "narcotic investigations" YOU have received during YOUR career as a police officer.

   a. IDENTIFY all training programs and instructors for the "specialized training in criminal investigations" and "narcotic investigations" that you received from the New Mexico Law Enforcement Academy.

   b. Describe all training that YOU received while at the Espanola Police Department involving "criminal investigations" and "narcotic investigations".

   c. Describe all training that YOU received and which was conducted by the Espanola Police Department involving "criminal investigations" and "narcotic investigations".

ANSWER:

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 11, based on the preceding Interrogatories being compound. For his Answer, he states:

Objection. This Interrogatory seeks information outside the scope of discovery of matters at issue in this lawsuit and not likely to lead to the discovery of admissible evidence. Officer Pacheco was not a party to the investigation or execution of search warrant which forms the subject of this lawsuit and thus, his training with regard to criminal investigations or narcotic investigations is not relevant to the facts and circumstances of this matter and this Interrogatory is written merely as a means to cause embarrassment or harassment to this Defendant.

9. Have YOU ever uttered any threats to commit physical violence on any citizen or to anyone other person during your police career and while on active duty with any police department, and if so, state:

# Exhibit B

    A) the person or persons to whom you uttered the threats;

    B) the time and place that each threat was uttered; and

    C) what you said on each occasion.

ANSWER:

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 12, based on the preceding Interrogatories being compound. For his Answer, he states:

Objection. This Interrogatory as written is vague, ambiguous, overly broad, and unduly burdensome and seeks information outside the scope of relevant discovery in this matter, but rather is written merely as a means to harass or cause embarrassment to this Defendant.

10. State whether YOU have ever been arrested and/or charged with the crime of assault and battery, whether on duty or off, and, if so, state:

    A) the date of each arrest;

    B) where each arrest occurred; and

    C) whether your arrest in each case resulted in a conviction, an acquittal, dismissal of charges, or other disposition of the charges against you.

ANSWER:

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 12, based on the preceding Interrogatories being compound. For his Answer, he states:

No.

11. Describe YOUR educational background High School, College and Post-Secondary.

    a. What degrees have YOU obtained from any educational institution; and

    b. IDENTIFY and list all training certificates or other proofs of training that you received since you became a law enforcement officer with the Espanola Police Department.

ANSWER:

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 13, based on the preceding Interrogatories being compound. For his Answer, he states:

# Exhibit B

Objection. This Interrogatory seeks information outside the scope of discovery of matters at issue in this lawsuit and not likely to lead to the discovery of admissible evidence. Officer Pacheco was not a party to the investigation or execution of search warrant which forms the subject of this lawsuit and thus, his training with regard to criminal investigations or narcotic investigations is not relevant to the facts and circumstances of this matter and this Interrogatory is written merely as a means to cause embarrassment or harassment to this Defendant.

12. IDENTIFY and describe any actions taken by YOU, YOUR supervisor, any investigative body or court involving any citizen complaint(s) made against YOU during YOUR career as a law enforcement officer.

ANSWER:

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 14, based on the preceding Interrogatories being compound. For his Answer, he states:

Objection. This Interrogatory seeks information outside the scope of discovery relative to matters at issue in this case and not likely to lead to the discovery of admissible evidence, but meant merely as a means to harass or cause embarrassment to this Defendant. Defendant further objects to this Interrogatory on the basis it is overly broad and unduly burdensome insofar as it is unlimited in scope as to time or matters involving similar circumstances.

Notwithstanding said objections and without waiving same, Defendant states that with regard to the incident(s) alleged in Plaintiffs' Complaint forming the basis of the present lawsuit, there have been no actions taken by him, his supervisor or any investigative body or court against him.

13. Relating to your answer to the third amended complaint and your contention that Defendant Pacheco actions were objectively reasonable, please:

   a. IDENTIFY all facts which supports this contention;

   b. IDENTIFY all documents which supports this contention;

   c. IDENTIFY all persons who have knowledge of any facts or information relating to this contention;

   d. As to any PERSON who has knowledge of any fact relating to this contention please IDENTIFY each WRITING relating to such knowledge possessed by that PERSON; and

   e. IDENTIFY the present CUSTODIAN of any WRITING identified in your answer to this interrogatory.

Exhibit B

ANSWER:

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 15, based on the preceding Interrogatories being compound. For his Answer, he states:

Pursuant to Fed. R. Civ. P. 33(d), see Defendant's Motion to Dismiss [Doc. 95] and Reply [Doc. 109].

14. Relating to your answer to the third amended complaint and your contention that Plaintiffs' injuries were proximately caused by an independent intervening cause, please:

    a. IDENTIFY all facts which supports this contention;

    b. IDENTIFY all documents which supports this contention;

    c. IDENTIFY all persons who have knowledge of any facts or information relating to this contention;

    d. As to any PERSON who has knowledge of any fact relating to this contention please IDENTIFY each WRITING relating to such knowledge possessed by that PERSON; and

    e. IDENTIFY the present CUSTODIAN of any WRITING identified in your answer to this interrogatory.

ANSWER:

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 16, based on the preceding Interrogatories being compound. For his Answer, he states:

Pursuant to Fed. R. Civ. P. 33(d), see Defendant's Motion to Dismiss [Doc. 95] and Reply [Doc. 109].

15. Relating to your answer to the third amended complaint and your contention that Defendant Pacheco's negligence must be compared with the intentional torts and negligence of Plaintiffs and all other unnamed tortfeasors, please:

    a. IDENTIFY all facts which supports this contention;

    b. IDENTIFY all other tortfeasors that you contend committed intentional torts and/or acted negligently on May 11, 2010;

    c. IDENTIFY all documents which supports this contention;

# Exhibit B

    d. IDENTIFY all persons who have knowledge of any facts or information relating to this contention;

    e. As to any PERSON who has knowledge of any fact relating to this contention please IDENTIFY each WRITING relating to such knowledge possessed by that PERSON; and

    f. IDENTIFY the present CUSTODIAN of any WRITING identified in your answer to this interrogatory.

**ANSWER:**

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 17, based on the preceding Interrogatories being compound. For his Answer, he states:

Pursuant to Fed. R. Civ. P. 33(d), see Defendant's Motion to Dismiss [Doc. 95] and Reply [Doc. 109].

16. Relating to your answer to the third amended complaint and your contention that the Plaintiffs received constitutional due process under the circumstances of their situation, please:

    a. IDENTIFY all facts which supports this contention;

    b. IDENTIFY all documents which supports this contention;

    c. IDENTIFY all persons who have knowledge of any facts or information relating to this contention;

    d. As to any PERSON who has knowledge of any fact relating to this contention please IDENTIFY each WRITING relating to such knowledge possessed by that PERSON; and

    e. IDENTIFY the present CUSTODIAN of any WRITING identified in your answer to this interrogatory.

**ANSWER:**

Defendant provides this Answer to Interrogatory as enumerated answer to Interrogatory No. 18, based on the preceding Interrogatories being compound. For his Answer, he states:

Pursuant to Fed. R. Civ. P. 33(d), see Defendant's Motion to Dismiss [Doc. 95] and Reply [Doc. 109].

# Exhibit B

Respectfully submitted,

[signature]

Robert Cole
Attorney for Danny Pacheco
6303 Indian School Rd. NE, Ste 100
Albuquerque, New Mexico  87110
(505) 872-8626 / 872-8624 (fax)

# Exhibit B