UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and KATHERINE GUERRA,

Plaintiffs,

vs.                                                                                             Case No. 1:12-CV-RHS/LFG

JOE MARTINEZ, individually; CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

Defendants.

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, DANNY PACHECO

Pursuant to Fed.R.Civ.P. 34, Defendant Danny Pacheco, by and through his counsel of record, LAW OFFICE OF ROBERT COLE (by Robert Cole), hereby responds to Plaintiffs' First Request for Production of Documents as follows:

1. Any and all materials IDENTIFIED in YOUR answer to any interrogatories served upon YOU by the plaintiffs.

RESPONSE:   All such records are produced herein.

2. Any and all materials used or relied upon by YOU in preparing YOUR answers to any of the plaintiffs' interrogatories.

RESPONSE:   See Response to Request No. 1.

3. The names and address of all persons who are or may be witnesses to any of the events which are the subject of this lawsuit or of any defense being offered by the defendant.

4. The names and addresses of any and all expert witnesses contact or retained by the defendant or defense counsel in connection with any aspect of this litigation.

RESPONSE:   Objection, as written, this is an Interrogatory rather than a Request for Production of Documents.  Pursuant to the Joint Status Report and Provisional Discovery Plan

**Exhibit C**

[Doc142] filed October 30, 2014, each party is limited to serving twenty-five (25) interrogatories, *including*, discrete subparts upon another party. This Request appears to be an attempt to evade the presumptive limitation under the Provisional Discovery Plan [Doc. 142].

Notwithstanding said objection and without waiving same, responding to this Request as Interrogatory No. 19, Defendant states:

A determination has not yet been made with regard to expert witnesses. Defendant reserves his right to provide this information in accordance with the Federal Rules of Civil Procedure and deadlines set forth by the Court.

5. Any and all written memoranda, reports, correspondence, documents, photographs, video or audio tapes, or other writings or recordings relating in any way to the facts described in plaintiffs' third amended complaint, including but not limited to the following items:

   a. All demonstrative, physical, photographic or audio evidence which you may introduce at trial;

   b. any and all photographs, videos, movies, diagrams, and memoranda related to plaintiff's employment;

   c. any and all general investigative reports, including internal investigations of plaintiff Tony Rapatz;

   RESPONSE:

Objection. This Request is overly broad, unduly burdensome and seeks information either more properly sought through other parties, or just as ascertainable to counsel for Plaintiff as to this Defendant. Notwithstanding said objections and without waiving same, see the Police Incident Report and relative documents produced herein.

   6. any and all performance evaluations for Defendant Robert Vigil.

   RESPONSE:

Defendant is not in possession of any performance evaluations for Defendant Robert Vigil.

   7. Any and all records, reports, documents, writings, materials, orders, directives, reports, memoranda, regulations, and summaries which support YOUR Affirmative Defenses 1 through 12. Please separate identify the documents responsive to each numbered Affirmative Defense.

   RESPONSE:

Please refer to Defendant's Motion to Dismiss [Doc. 95] and Reply in Support of Motion to Dismiss [Doc. 109].

# Exhibit C

8. All records, reports, documents, writings, materials, orders, directives, interviews, memoranda, or other documents contained in or made part of the Defendant Danny Pacheco's personnel file kept at Española Police Department.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432,435 (lOth Cir. 1981).

14. All records, reports, documents, writings, materials, orders, directives, interviews, memoranda, or other documents contained in or made part of the Defendant Danny Pacheco's personnel file kept at Human Resources Department for the City of Espanola.

RESPONSE:

See Response to Request for Production No. 13 and objections stated therein.

15. The complete personnel files, including the complete disciplinary record for Defendant Danny Pacheco.

RESPONSE:

Objection. These files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432,435 (lOth Cir. 1981).

16. Any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial of this case.

RESPONSE:

A determination has not yet been made as to all exhibits Defendant may offer as evidence at trial of this matter and he reserves his right to provide this information in accordance with the Federal Rules of Civil Procedure regarding same and scheduling deadlines set forth by the Court.

# Exhibit C

17. Any and all documents evidencing specific "articulable facts" that provided a "reasonable likelihood" that RAPATZ or anyone else would use weapons against any police officer on May 11, 2013.

RESPONSE:

Objection. Defendant Pacheco did not participate in the preparation of or execution of the Search Warrant or investigation which forms the basis of Plaintiffs' Complaint and therefore, this request is more properly sought through other parties.

18. Any and all police records concerning internal disciplinary procedures, regardless of the outcome, to which the defendant has been subjected while employed as a police officer with any and all police departments.

RESPONSE:

Objection. Defendant Pacheco did not participate in the preparation of or execution of the Search Warrant and investigation which forms the basis of Plaintiffs' Complaint and therefore this Request seeks information outside the matters at issue in this lawsuit, or likely to lead to the discovery of admissible evidence. Further, Defendant states, these files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. *Griswold v. Connecticut*, 381 U.S. 479 (1965). More specifically, corrections officers have a recognized expectation of privacy as to personal matters. *Denver Policemen's Protection Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981).

19. Any and all records, reports, letters, memoranda, exhibits, photographs, etc., concerning any internal investigation by the Police Department of the subject matter of this lawsuit.

RESPONSE:

Objection. Defendant Pacheco did not participate in the preparation of or execution of the Search Warrant or investigation which forms the basis of Plaintiffs' Complaint and therefore, this request is more properly sought through other parties.

# Exhibit C

Respectfully submitted,

*/s/ Robert Cole*

Robert Cole
Attorney for Danny Pacheco
6303 Indian School Rd. NE, Ste 100
Albuquerque, New Mexico 87110
(505) 872-8626 / 872-8624 (fax)

# Exhibit C