UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.                               Case No. 1:12-CV-00827 JCH/SMV

JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

**DEFENDANTS CITY OF ESPANOLA, DANNY PACHECO AND ROBERT VIGIL'S COMBINED RESPONSE TO PLAINTIFFS' MOTION TO COMPEL #1: CITY OF ESPANOLA'S, DEFENDANT PACHECO'S AND DEFENDANT VIGILS' FAILURE TO ADEQUATELY ANSWER PLAINTIFFS' INTERROGATORIES AND RESPOND TO REQUEST FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS [DOCS. 156, 157 and 158]**

        COME NOW Defendants, CITY OF ESPANOLA, DANNY PACHECO and ROBERT VIGIL, by and through their counsel of record, LAW OFFICE OF ROBERT COLE, and in response to Plaintiffs' Motions to Compel [Docs. 156, 157 and 158], state as follows:

        Federal Rule 37(A)(1) requires that the moving party *prior* to the initiation of a motion to compel declare that he or she has in good faith conferred or attempted to confer with the party allegedly failing to making disclosure or provide discovery. That did not happen in this case.

        Plaintiffs did not confer with opposing counsel in good faith to resolve any discovery disputes prior to filing the instant motion. Instead, counsel for Plaintiff makes reference to letters dated February 8, 2015, just one day before their Motions were filed and submits that this meets the "meet and confer" standard. Plaintiffs admit in their Motion the letter was not served upon counsel for Defendant until the Motion to Compel was served and implies this was at the

suggestion of the Court. [Doc. 156, p. 4, ¶6]. Regardless, Defendants would argue that the mere sending of a written communication does not satisfy a requirement to "meet and confer." Defendants contend this requirement can only be satisfied through direct dialogue and discussion and should not be done in a *pro forma* or perfunctory manner as has been done in this case. Fed. R. Civ. P. 37(A)(1), encourage parties to work out their differences informally so as to avoid the necessity of a formal order and in turn lessen the burden of the court and reduce unnecessary expenditure of litigant resources.

Defendants' served discovery responses on December 15, 2014. Pursuant to D.N.M.LR-Civ. P. 26.6, parties served with objections must file a Motion to Compel within 21 days of service. In January 2015, counsel for Plaintiff requested an extension of time to file a Motion to Compel and advised counsel for Defendant that he was in the process of preparing a letter outlining his concerns with Defendant's discovery. Counsel for Defendant did not oppose Plaintiff's request.

On January 5, 2015, Plaintiffs filed a Notice Extending Plaintiffs' time to file a Motion to Compel [Doc. 152] advising the Court that additional time was sought and granted in order to:

> **[D]iscuss** in good faith any deficiencies in Defendants' discovery responses and **if not resolved** to file a Motion to Compel.

[See Doc. 152, p. 2, ¶4] (emphasis added).

Plaintiffs' Notice of Extension was filed more than one month before Plaintiffs' filed their Motion. In that time, not a single request by counsel for Plaintiffs to "meet and confer" or discuss concerns with Defendants' discovery responses was received. Instead, Plaintiffs' simply filed their discovery motion on February 9, 2015.

In addition to the above, in response to Plaintiffs' allegations that Defendants' discovery responses are inadequate, Defendants state that Plaintiffs' discovery as worded requires

2

clarification as to many of the terms used or referred to. This clarification is necessary in order to allow Defendants an opportunity to determine whether it possesses responsive information which was is not subject to privilege or otherwise protected from discovery. Without clear definition, Defendants are unable to independently determine what documents are being sought.

Defendants also deny they asserted boilerplate, blanket, and invalid objections. Defendants' objections were specified and to the extent possible, information responsive or reasonably assumed to be responsive was provided or referenced. As to Plaintiffs' objection regarding Defendants reference to certain documents, Defendant refers to Fed.R.Civ.P.33, which provides that if an answer to an interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing a party's business records and if the burden of deriving or ascertain the answer will be substantially the same for either party, the responding party ***may*** answer by:

> 1) "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.

Regarding Interrogatory No. 4 which seeks information relative to insurance coverage. Defendant does not deny it asserted objections based on the Interrogatory being vague and ambiguous and stands by those objections. However, Defendants produced the declaration page for insurance coverage available to the City of Espanola in regard to this lawsuit and thus contends it has complied with its burden as to this request. Plaintiffs' motion fails to mention at all how the information produced was inadequate. Because no substantive argument has been advanced by Plaintiffs, the discovery motion must be denied.

Defendant also objected in large part to Plaintiffs' discovery on the basis that as worded the requests simply do not comply with the rules governing discovery and, in some cases, are

unanswerable. It is obvious from the wording of the requests themselves that the requests are overbroad, vague, ambiguous or unduly burdensome. Interrogatories should consist of a brief, simple, direct and unambiguous question dealing with one point only and that is not the case with Plaintiffs discovery. Defendants asserted in their objections that pursuant to the Joint Status Report and Provisional Discovery Plan [Doc142], each party is limited to serving twenty-five (25) interrogatories, ***including,*** discrete subparts upon another party and each discrete subpart is considered a ***separate*** Interrogatory. ***Parties cannot evade the presumptive limitation through the device of joining as "subparts" questions that seek information about discrete and separate subjects. (Fed.R.Civ.P. 33 (Advisory Committee Notes) (emphasis added).*** Notwithstanding its objections and without waiving same, Defendant provided information available or in its possession or control which could be reasonably identified as responsive to Plaintiff's requests where possible.

In addition to the over breadth of Plaintiffs' discovery and unrelated discrete and separate subparts, Plaintiffs Interrogatories seek to require Defendant to provide information outside its possession or control (i.e., Interrogatory No. 2). Interrogatory No. 2 seeks Defendant to provide information relative or specific to New Mexico State Police and/or other law enforcement entities. This information is more properly sought through other parties or via subpoena and is just as accessible to Plaintiffs counsel as to this Defendant and therefore is improper. With regard to the officers present from the Espanola police department and to the extent the information sought was relevant to the matters at issue and not subject to privilege or protection, this information was provided.

Plaintiffs' discovery as written constitutes an abuse of the discovery process. It purports to ask Defendants to plead and provide their entire case and to marshal all evidence in response

to single interrogatories by including the various sub-parts to each request. Blockbuster interrogatories such as these constitute an unduly burdensome request as a matter of law. Interrogatories should not require a party to provide a narrative account of their case. *Grynberg v Total S.A., Inc.,* Civil Action No. 03-cv-01280-WYD-BNB, 2006 U.S. Dist. LEXIS 28854 *18 (D. Colo. May 3, 2006).

Plaintiffs made no attempt prior to filing their motion to settle any discovery dispute through a good faith meet and confer effort. Defendants have been afforded absolutely no notice or time to review Plaintiffs' discovery concerns and attempt to negotiate a compromise in good faith to resolve them and state that a meet and confer would possibly have resolved many of the issues had Plaintiffs' counsel not acted so unilaterally.

WHEREFORE, Defendants respectfully request this Court deny Plaintiffs' Motions to Compel and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

LAW OFFICE OF ROBERT COLE

*/s/ electronically by Robert Cole*
ROBERT COLE

*Attorney for Defendants,*
6303 Indian School Road NE, Ste 100 Albuquerque, New Mexico 87102 (505) 872-8626 / 872-8624

Email: rlc@rcolelaw

I HEREBY CERTIFY that on this **23rd** day of ***February, 2015***, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Nathanial V. Thompkins, Esq.
NEW MEXICO FIRM, LLC

*Attorney for Plaintiffs*
103 St. Francis Drive, Unit A
Santa Fe, New Mexico
87501  (505) 988-9750


*/s/ electronically by Robert Cole*
ROBERT COLE