UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

        Case No.: 12-CV-00827 JCH-SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

        Defendants.

**PLAINTIFFS' REPLY TO DEFEENDANTS' COMBINED
RESPONSE TO MOTIONS TO COMPEL # 1: DEFENDANTS
FAILURE TO ADEQUATLEY ANSWER PLAINTIFFS' INTERROGATORIES
AND RESPOND TO REQUEST FOR PRODUCTION OF DOCUMENTS AND FOR
SANCTIONS**

COME NOW the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra [hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V. Thompkins] and for their Reply to Defendants' Combined Response to Plaintiffs' Motion to Compel No. I: Defendants Failure to Adequately Answer Plaintiffs' Interrogatories and Respond to Requests for Production and for Sanctions states as follows:

**INTRODUCTION**

On November 19, 2014, the Court held a Rule 16 Scheduling Conference wherein Judge Vidmar explained his approach to D.N.M.LR-CIV. 26.6 which requires that Motions to compel be filed within 21 days. Judge Vidmar stated, as Plaintiff's counsel understood, that if there are issues with the discovery that counsel should file a motion to compel and during the course of

the motion, if any issues are able to be resolved, then those issue(s) may be withdrawn. As noted in Plaintiffs' Notice Extending Plaintiffs' Deadline to file Motion to Compel [Doc.152] Defendants were granted two (2) extensions upon which to answer and reply to Plaintiffs' discovery requests. Defendants had over two (2) months to file their answers and responses. [*Id.* pg.1, ¶ # 2].

Plaintiffs' requested an extension to file their Motion to Compel because of the holidays (Christmas and New Year's) and because Plaintiffs' counsel had a trial from January 26, 2015 through January 30, 2015. The new deadline for filing the Motion to Compel was February 9, 2015. Plaintiffs, in accordance with the instructions provided by Judge Vidmar, sent to Defendants good faith letters to each Defendant, City [Doc.156-1], Vigil [Doc.157-1] and Pacheco [Doc.158-1] in each letter Plaintiffs wrote "as Judge Vidmar suggested, I will file our Motion to Compel on Monday, February 9, 2015, if we are able to work through some of these issues, we can remove them from the Motion to Compel." Plaintiffs' good faith letters also gave Defendants until March 1, 2015 to submit a response. Plaintiffs filed their Motions to Compel, respectively, against the City of Espanola [Doc.156], Robert Vigil [Doc.157] and Danny Pacheco [Doc.158]. Defendants have not attempted to contact Plaintiffs regarding any issues addressed in the good faith letters and with their response attempt to stand upon technicalities as a basis for not providing discovery to the Plaintiffs.

Defendants argue that the good faith letter requirements can only be satisfied through "direct dialogue". [Defendants' Combined Response, pg.2, ¶ 1]. However, Plaintiffs' letters constituted dialogue and offers Defendants the opportunity to discuss the issues and resolve them before the Motion to Compel is decided. That is exactly what Judge Vidmar suggested at the Scheduling Conference on November 19, 2014. Since February 8, 2015, Defendants have made

no attempt to discuss the issues set forth in the good faith letters or discuss an extension of time to respond to the Motions to Compel.

In *Long v. Eastern New Mexico University Board Of Regents* et al., No. 13-cv-0380 RB/SMV, Judge Vidmar found that although Plaintiff failed in good faith to confer with opposing counsel prior to filing a Motion to Compel he ruled that "the Motion will be denied without prejudice for re-filing within 15 days from the date of this order." *Id.* The facts in *Long* were more egregious than alleged in the instant case. In *Long* the following procedure was noted: "Defendants assert that they were first provided with Plaintiff's discovery concerns via email at 8:08 p.m. *Id.* According to the Court's electronic records, Plaintiff's Motion was filed on 10:59 p.m. the same night. Defendants posit that had there been a meet and confer session some of the issues in the Motion would have been resolved. [Doc. 53] at 6–7. Plaintiff did not reply and has not denied any of these allegations." Even with these facts, Judge Vidmar did not prevent Plaintiff from obtaining discovery and granted the Plaintiff fifteen (15) days in which to refile the Motion to Compel.

In another case, *Quarrie v. New Mexico Inst. Of Mining & Tech., et al,* No. 13-cv-0349 MV/SMV, Judge Vidmar found in relation to Plaintiff's two Motions to Compel that Rule 37 expressly requires that the movant certify that he "has in good faith conferred or <u>attempted to confer</u> with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1)." *Id.* (emphasis ours). Rather than prevent Plaintiffs from obtaining discovery Judge Vidmar dismissed the Motion <u>without prejudice</u> and required that the parties confer. In this case, Plaintiffs have "attempted" to confer in good faith, Defendants have refused to reply to Plaintiffs' offers. The Court, should it deny Plaintiffs' Motions to Compel, should not prohibit discovery but similar to both *Long* and *Quarrie* dismiss

the motions without prejudice and require the parties to confer and allow Plaintiffs to refile the Motions within fifteen (15) days of the Court's Order.

One important distinction regarding the facts in *Quarrie,* is that the Plaintiff in that case admitted that he did not confer or attempt to confer. Plaintiffs in the instant case did attempt to confer and provided Defendants with their concerns in writing and invited Defendants to work through the issues as per Judge Vidmar's suggestion.

### A. Defendants' Raise New Objections Not Found In Either Their Answers or Responses And Are Thereby Waived

Defendants' jointly allege in their "combined responses" that Plaintiffs' discovery as worded requires clarification as to many of the terms used or referred to. [Defendants' Combined Response, *Doc.160*, pgs.3-4]. However, none of the Defendants assert this objection in any of their answer or responses. Instead, as noted in Plaintiffs' Motions to Compel Defendants merely raised boiler plate objections. [See, respective Motions to Compel, *Doc.156,* pgs.5-7, ¶ "A" et seq.; *Doc.157*, pgs.5-7, ¶ "A" et seq.; and *Doc.158,* pgs.5-7, ¶ "A" et seq.]. As noted in Plaintiffs' Motions to Compel, Defendants raise their objections in conclusory fashion. *Id.* Plaintiffs' Motion sets forth case law that provides that "[a] party opposing a discovery request <u>cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, the party resisting discovery **must** show specifically how each discovery request is irrelevant, immaterial, unduly burdensome, or overly broad.</u>" *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) [Also see, respectively, *Doc.156,* pg.6; *Doc.157*, pg. 6; and *Doc.158,* pg.6 quoting *Gheesling*, supra]. Defendants have again, in their combined responses, failed to satisfy their discovery burden.

### B. Defendants' Discovery Responses Are Boiler Plate

Defendants' arguments that their answers and responses are not boiler-plate is equally flawed. [Defendants' Combined Response, pg.3, ¶ 2]. In *Johnson v. Kraft Foods North America, Inc.,* 238 F.R.D. 648, 651 (D. Kan. 2006) (the Court held that defendants had waived their "general objections" by failing to <u>make any meaningful effort to show the application of those general objections to specific requests</u>; ordered defendants to serve additional responses without consideration of their purported 'general objections'") (emphasis ours). When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1). *Id.*

As cited by the Plaintiffs and not refuted by the Defendants, courts have characterized boilerplate objections, <u>without an accompanying affidavit, to lack the specificity required, thus constituting a waiver of such objections</u>. (emphasis ours) See e.g., *O'Bar v. Lowe's Home Centers, Inc.*, 2007 WL 1299180, *5 n. 6 (W.D.N.C. 2007) (noting that an objection based on Rule 26(b)(2)(B) <u>should be stated with particularity "and not in conclusory or boilerplate language</u>"; In both *Oleson v. K-Mart*, 175 F.R.D. 570,571 (D. Kan. 1997) and *Tomlinson v. Combined Underwriters Life Ins. Co.,* 2008 WL 4601578 at *1 (N.D. Okla. 2008) the Courts held that boilerplate objections "evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be construed to secure the 'just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* In each discovery response the Defendants have made no attempt to make any meaningful effort to show the application of their general objections to Plaintiffs' specific requests. Again, as argued in Plaintiffs' Motion,

Defendants have failed to satisfy their respective discovery burdens and their objections should be overruled and Defendants ordered to supplement their discovery answers and responses.

Defendants' general boiler plate objection to interrogatory no. 4. The Courts have disapproved of the practice of asserting general boiler plate objections to the extent that it may apply to particular requests for discovery. *Sonnino v. University of Kansas*, 221 F.R.D. 661, 666-67 (D. Kan. 2004). In *Sonnino*, supra, the Court characterized these types of objections as "worthless for anything beyond delay of the discovery." *Id.* at 667. Such objections are considered mere "hypothetical or contingent possibilities," where the objecting party makes "'no meaningful effort to show the application of any such theoretical objection' to any request for discovery." *Id.* Courts have deemed such "ostensible" objections waived or declined to consider them as objections at all. *Id.*

In no instance do the Defendants set forth any meaningful effort to demonstrate how their conclusory, general and boiler plate objections have any application to the specific interrogatory and/or request for production of documents.

### C. Defendants' Reliance Upon Rule 33 In Answering And Responding To Discovery Is Improperly Utilized and Misplaced

Defendants' respective answers and responses that rely upon Rule 33(d) fails to satisfy the requirements set forth in the rule. Subsection (1) of Rule 33(d) provides: "(1) <u>specify the records that must be reviewed, in sufficient detail to enable the interrogatory party to locate and identify them as readily as the responding party could</u>." Defendants'' answers do not provide any "specificity" that would enable Plaintiffs to locate and identify the answers. In fact Defendants have not properly identified documents produced in response to interrogatories as required by Rule 33(d). Further, the documents identified are not responsive to either the interrogatory or request for production.

Defendants assert in some instances under Rule 33(d) that documents have been produced or will be produced. Additionally, Defendants fail to "specify" which documents related to specific interrogatories and request for production of documents. In *Johnson v. Kraft Foods North America, Inc.,* 236 F.R.D. 535, 540 (D. Kan. 2006) the Court ruled that Rule 34(b) governs request for production of documents and a party who produces documents "shall produce them as they are kept in the usual course of business or <u>shall organize and label them to correspond with the categories in the request</u>." As found by the Court, Rule 34(b) was added to prevent parties from "deliberately . . . mix[ing] critical documents *77 with others in the hope of obscuring significance." *Id.* Therefore, the Court must decide, based on the information now provided by the parties, whether the documents provided by the Defendants were produced as they were kept in the usual course of business. If the Court finds they were not so produced then Defendants were required to organize and label them to correspond to the categories request. Neither of these requirements has been satisfied by the Defendants. Defendants have failed to provide the Court with any information, let alone evidentiary proof, to establish that the documents were produced as kept in the ordinary course of business. The Court held that a party who chooses the Rule 34(b) option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner and that a mere assertion that they were so produced is not sufficient to carry that burden. *Id.* at 540-41.

### D. Defendant Failure To Seek A Protective Order Waived Any Objection To Number of Interrogatories Or, In The Alternative, Plaintiffs' Interrogatories Do Not Have Discrete Subparts And Are Considered One Interrogatory

Defendants do not refute the cases submitted by Plaintiffs regarding their failure to seek a protective order is a waiver of any objection to the number of interrogatories submitted by the

Plaintiffs and therefore should be deemed admitted. Additionally, Defendants have not refuted Plaintiffs' submission of case law standing for the proposition that "an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired may be disputable." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2168.1 at 261 (2d ed. 1994); see also *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte Co.*, 192 F.R.D. 698 (D. Kan. 2000). Defendants have not refuted or attempted to distinguish the application of this proposition to the specific interrogatories in this case. Therefore, Plaintiffs will, without repeating the arguments contained in their Motions to Compel, reference each of them in this Reply to Defendants' Combined Response. [See, respective Motions to Compel, *Doc.156,* pgs.8-11, ¶ "D" et seq.; *Doc.157*, pgs.9-13, ¶ "D" et seq.; and *Doc.158,* pgs.15-18, ¶ "D" et seq.].

### E. Defendants Are Obligated To Provide Answers To Information That Is Within Its Possession And Control

Defendants complain that Plaintiffs have asked them for information related to the New Mexico State Police. [Defendants' combined Response, pg.4, ¶ 2]. Defendants do not deny the fact, as written in the Rio Grande Sun [Exhibit A, attached hereto] in which it list "about 40 Espanola Police and State Police Officers. In accordance with the Espanola Police Department's Directives (hereinafter "EPDD"), prior to the execution of a "High Risk Warrant"[1] a "Case Plan"[2] must be prepared and approved by both Chief Martinez and Captain Lopez. The Case

---

[1] "High Risk Warrants" are covered under EPDD 55.1.16 and are defined as "[w]hen there are facts to suggest that a place to be searched, or persons at the location present a special danger to the officer/detectives, the following steps shall be taken: 1. A Case Plan shall be prepared by the Incident Commander."

[2] Pursuant to Fed.R.Civ.P., Rule 26(a)(1)(ii), "Initial Disclosures", a party must, without awaiting a discovery request, provide to the other parties: (ii) a copy – or description by category and location – all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may be used to support its claims or defenses …".  Defendants have failed to disclose and/or refuse to provide a copy of the Case Plan that should have been developed in this case and pursuant to EPDD.

Plan[3] must include: (1) an explanation of the nature of the operation and its goals; (2) names and addresses etc. of identified targets; (5) <u>names of all personnel involved in the operations and their assignment</u>; (6) <u>numbers of all informants used in the operations</u>; and (10) the <u>names of all outside agencies and the names of the personnel involved in the operation</u>. Defendants have both failed and refused to provide Plaintiffs with any initial disclosures that provides this information in to the Plaintiffs.

Federal Rule of Civil Procedure 34(a) permits a party to request documents or electronically stored information or to inspect, copy, test or sample "tangible things" that are in the respondent's "possession, custody or control." Fed. R. Civ. P. 34(a). The responding party is to produce material within their possession, custody or control, which includes records in their actual possession, custody, or control, or in the possession of others from whom the party has a legal right to demand their return. *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995), *cert. dismissed sub. nom*, *Bankers Trust Co. v. Procter & Gamble Co.*, 517 U.S. 1205 (1996); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). As with initial disclosures and interrogatories, a party and his attorney have a duty to supplement or correct responses to requests for documents "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(b)(2).

In *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, 629 P. 2d 231, 246 (1980) the Court started with the "notion that discovery is designed to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest

---

[3] EPDD 69.1 C [Exhibit B] requires that the Case Plan list 10 specific areas of information.

practical extend.' *United States v. Procter & Gamble*, 356 U.S. 677, 682, 78 S.Ct. 983, 986-87, 2 L.Ed.2d 1077 (1958)." *Id.* at 169. In light of that policy, Rules 33 and 34 must be liberally construed in order to insure that a litigant's right to discovery is "broad and flexible." *Id.* at 170. The rule that "all information available to the interrogated party must be supplied . . . includes information possessed by … the party." *Id.* A party responding to discovery requests has a duty to respond "… truthfully, fully and completely … or explain truthfully, fully and completely why they cannot respond." *Hansel v. Shell Oil Corporation*, 169 F.R.D. 303 (E.D.Pa.1996). It is clear from Defendants' Directives that they are or should be in possession of the requested information, yet they assert general boiler plate objections and refuse to provide initial disclosures that provide Plaintiffs with the discovery that they are entitled to under the rules.

WHEREFORE, Plaintiffs Motion should be granted or in the alternative the Motions to Compel dismissed without prejudice and Plaintiffs have the right to refile them within 15 days of this Court's Order.

**RESPECTFULLY SUBMITTED:**

By: /s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
103 St. Francis Drive, Unit A
Santa Fe, NM 87501
505-988-9750
Fax: (866) 657-8780
Email: nate@newmexicofirm.com
*Attorney for Plaintiffs*

I hereby certify that I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing this 24th day of February, 2014.

Robert L. Cole, Esquire: rlc@rcolelaw.com
*Attorneys for the City of Espanola, et al.*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins