## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Before the Honorable Stephan M. Vidmar
United States Magistrate Judge

### Clerk's Minutes

*Rapatz v. Martinez*, 12-cv-0827 JCH/SMV

### March 31, 2015

| | |
|---|---|
| **Attorney for Plaintiffs:** | Nathaniel V. Thompkins |
| **Attorney for Defendants:** | Robert L. Cole |
| **Proceedings:** | In-Person Oral Argument Hearing regarding: Plaintiffs' First Motion to Compel Directed to the City of Española [Doc. 156]; Plaintiffs' First Motion to Compel Directed to Defendant Robert Vigil [Doc. 157]; Plaintiffs' First Motion to Compel Directed to Defendant Danny Pacheco [Doc. 158] |
| **Recording:** | Liberty – Animas Courtroom |
| **Total Time:** | 3 hours and 40 minutes |
| **Clerk:** | ECT |
| **Notes:** | — Counsel enter their appearances for the record.<br>— The Court addresses Defendants' general objection that Plaintiffs did not comply with Local Rule 7.1(a) regarding obtaining concurrence of opposing counsel prior to filing the motion.<br>— Mr. Cole withdraws his objection as to Plaintiffs' failure to seek concurrence prior to filing.<br>— **The Court will address Plaintiffs' First Motion to Compel Directed to the City of Española [Doc. 156] ("Motion to Compel Directed to the City") as it relates to interrogatories.** The Court is familiar with the Motion to Compel Directed to the City, Defendants' consolidated Response to all three motions [Doc. 160], and Plaintiffs' consolidated Reply [Doc. 161]. |

— The Court states that Defendants object generally on the grounds that Plaintiffs have served more than 25 interrogatories, while the Court has allowed only 25 interrogatories (including discrete subparts). The Court will refer to this as the "numerosity" objection. The Court explains that a subpart is a "discrete subpart" if the main question can be answered completely without referring to the subpart.
— The Court understands that the interrogatories in dispute are Interrogatory Nos. 1, 2, 3, 4, and 7–17, according to the Motion to Compel Directed to the City, [Doc. 156] at 21.
— Counsel affirm this understanding.
— The Motion to Compel Directed to the City [Doc. 156] with respect Interrogatory No. 1 will be granted. The City is to provide an address for Deputy Chief Miguel Maez. Interrogatory No. 1 is counted as 1 interrogatory.
— The Motion to Compel Directed to the City [Doc. 156] with respect Interrogatory No. 2 will be granted. The City is to provide the requested information to the extent it has such information. Interrogatory No. 2 is counted as 1 interrogatory.
— The Motion to Compel Directed to the City [Doc. 156] with respect Interrogatory No. 3 will be granted. If the City does not have the knowledge to answer the interrogatory after reasonable inquiry, it should say so. Interrogatory No. 3 is counted as 1 interrogatory.
— The Motion to Compel Directed to the City [Doc. 156] as to Interrogatory No. 4 will be granted. Interrogatory No. 4 is counted as 1 interrogatory.
— The Court states that the declarations page of the insurance policy should have been disclosed with initial disclosures. Mr. Thompkins states that Plaintiffs never received initial disclosures from Mr. Cole. Mr. Cole states that he had compiled initial disclosures and thought that his initial disclosures had been served on Plaintiffs' counsel. **The Court directs Mr. Cole to submit a copy of Defendants' initial disclosures and the certificate of service to the Court by the end of the week (April 3, 2015).**
— Interrogatory No. 5 is counted as 1 interrogatory. Interrogatory No. 6 is counted as 1 interrogatory.
— Interrogatory No. 7 is counted as 9 interrogatories. The Motion to Compel Directed to the City [Doc. 156] with respect Interrogatory No. 7 will be granted; the City shall expressly answer each subpart in Interrogatory No. 7 without referring to other documents.

2

— Interrogatory No. 8 is counted as 4 interrogatories. The Court will overrule the City's objections and grant the Motion to Compel Directed to the City [Doc. 156] as to Interrogatory No. 8. The City shall answer each discrete subpart.
— Interrogatory No. 9 is counted as 4 interrogatories. The Court will overrule the City's objections and grant the Motion to Compel Directed to the City [Doc. 156] as to Interrogatory No. 9. The City shall answer each discrete subpart.
— Interrogatory No. 10 is counted as multiple interrogatories. The City's objections as to Interrogatory No. 10 are overruled. The Court will grant the Motion to Compel Directed to the City [Doc. 156] with respect to the first sentence of Interrogatory No. 10 and 10(a) but will deny the motion as to all other subparts.
— Interrogatory No. 10(a) is counted as Plaintiffs' twenty-fifth interrogatory. The Court's Scheduling Order limits Plaintiffs to 25 interrogatories; Plaintiffs may move to amend the Scheduling Order and request more interrogatories. The Court will deny the Motion to Compel Directed to the City [Doc. 156] as to all interrogatories after Interrogatory No. 10(a), including Interrogatory Nos. 10(b) and 11–17, because they exceed the 25-interrogatory limit.
— The Court states that the answers to the interrogatories must be signed.
— **The Court turns to Plaintiffs' Motion to Compel Directed to the City [Doc. 156]** a**s** **it relates to requests for production.**
— The Court understands that the requests for production in dispute are Request for Production (RFP) Nos. 1–7, 11–13, 15, 17–20. Counsel affirm.[1]
— The Court will grant Plaintiffs' Motion to Compel Directed to the City [Doc. 156] as to RFP No. 1.
— The Court turns to RFP No. 2. The Court asks whether the City relied on any other documents besides those attached and referenced in the City's response to the RFP. Mr. Cole clarifies that the City did not rely on any other documents besides those in the pages attached. However, Mr. Cole will soon review the City's answers to the interrogatories with City officials.
— The Court will grant Plaintiffs' Motion to Compel Directed to the City [Doc. 156] as to RFP No. 2. If Mr. Cole finds, in reviewing the answers to the interrogatories, that the City has

---

[1] Later in the hearing, counsel clarify that RFP No. 10 is also in dispute.

3

relied on other documents, the response to RFP No. 2 should be supplemented accordingly.
— The Court instructs Mr. Cole to answer the RFPs directly. If Defendants do not have in their possession a document responsive to a request, Defendants should say so expressly.
— RFP No. 3 is an interrogatory rather than an RFP. Accordingly, the Motion to Compel Directed to the City [Doc. 156] as to RFP No. 3 will be denied.
— Similarly, RFP No. 4 is an interrogatory rather than an RFP. The Motion to Compel Directed to the City [Doc. 156] as to RFP No. 4 will be denied.
— The Court discusses RFP No. 5. Defendants did not answer RFP No. 5 at all. The Court will grant the Motion to Compel Directed to the City [Doc. 156] as to RFP No. 5. The City shall respond in full to each subheading and produce the requested documents to the extent it has such documents. If the City does not have a document requested, it should say so directly.
— The Court discusses RFP No. 6, which requests "[a]ny and all performance evaluations for both [Defendant] Vigil and [Defendant] Pacheco." The Court notes that this request relates to performance evaluations and is not asking for a complete file for either Defendant.
— The Court will grant the Motion to Compel Directed to the City [Doc. 156] as to RFP No. 6. However, the City may redact information of a sensitive, personal nature. In the event that the City redacts such information, the City should submit to the Court both a clean (un-redacted) copy of the performance evaluation and a redacted copy so that the Court may determine whether the redactions are appropriate.

*The Court is in recess from 10:47 a.m. to 11:02 a.m.*

— The Court addresses RFP No. 7, which requests "[a]ny and all records, reports, documents, writings, materials, orders, directives, reports, memoranda, regulations, and summaries which support YOUR Affirmatives Defenses 1 through 12." [Doc. 156-3] at 2. The Court looks to the City's Answer to the Amended Complaint [Doc. 79]. The Court will grant the Motion to Compel Directed to the City [Doc. 156] as to RFP No. 7 and order that the City file full and complete responses as to each of the affirmative defenses listed in their Answer to the Amended Complaint [Doc. 79].

4

— The Court will grant the Motion to Compel Directed to the City [Doc. 156] as to RFP Nos. 11, 12, 13, and 15. The City shall provide supplemental responses to RFP Nos. 11, 12, 13, and 15. The City shall Bates-stamp the documents responsive to the request and then refer to the documents by their Bates numbers in the supplemental response.

— The Court discusses RFP No. 17. The Court will overrule the objections that the request is overly broad, vague, and ambiguous; grant Plaintiffs' Motion to Compel Directed to the City [Doc. 156] as to RFP No. 17; and order the City to file a supplemental response expressly stating that it has no documents responsive to this request.

— Mr. Cole believes that the City has already provided the response described by the Court as to RFP No. 17. The Court notes that the City stated in response: "[T]o the extent this Request seeks information relative to any internal affairs investigation concerning [Defendants] Vigil or Pacheco, there were none." [Doc. 156-3] at 5. The City's response leaves open the possibility of investigations not involving Defendants Vigil and Pacheco. The City is ordered to supplement its response to address the entire RFP.

— The Court will deny Motion to Compel Directed to the City [Doc. 156] as to RFP No. 18.

— The Court turns to RFP No. 19. The City provided no response to the request. Mr. Cole apologizes for the lack of response and notes that he does not believe the City has a document responsive to this request. The Court will grant the Motion to Compel Directed to the City [Doc. 156] as to RFP No. 19.

— The Court turns to RFP No. 20, which requests "[a] copy of the Confidential Informant Report for the individual informant referred to as 'IT' in the May 11, 2010 Affidavit for Search Warrant . . . ." [Doc. 156-3] at 6.

— The Court has dealt with confidential informant issues before. The Court explains that under Tenth Circuit law, confidential informant information is not to be disclosed except under exceptional circumstances.

— Mr. Thompkins contends that the confidential informant is fabricated.

— Mr. Cole does not know whether any documents concerning the confidential informant exist.

— The Court will reserve ruling on the Motion to Compel Directed to the City as to RFP No. 20. Defendants shall

submit to the Court any original file concerning the confidential informant. Defendants can send it to the Court via mail, hand deliver it, etc. The Court will conduct an in camera review of the file to determine whether the confidential informant exists. If the Court is not convinced that the confidential informant exists after reviewing the file, the Court will hold another hearing on the matter.
— The Court will issue a separate order as to RFP No. 20.
— The Court asks counsel whether either has a copy of the probable cause affidavit to the search warrant. Mr. Thompkins gives a copy of a document entitled "Search Warrant Affidavit" to the Court. The Court will have the "Search Warrant Affidavit" photocopied and returned to Mr. Thompkins after lunch.
— **The Court will next address Plaintiffs' First Motion to Compel Directed to Defendant Vigil [Doc. 157] ("Motion to Compel Directed to Defendant Vigil") as it relates to interrogatories.**
— The Court understands the following interrogatories to be in dispute: 1, 2, 4, 5, 6, 7, 9–13, and 15–24. Counsel confirm this understanding.
— The Court looks to Interrogatory No. 1, which asks for Defendant Vigil's full name, current residence, telephone number, date of birth, and any names by which he was known in the past. The Court overrules the objection as to relevance. The Motion to Compel Directed to Defendant Vigil [Doc. 157] will be granted in part and denied in part as to Interrogatory No. 1. The Court will deny it as to Defendant Vigil's current residence and telephone number. The Court will grant it as to his full name, any past names, and date of birth. The Court prohibits Mr. Thompkins from sharing this information with his clients and states that this information shall be "attorney eyes only." Interrogatory No. 1 is counted as 1 interrogatory.
— The Court will grant the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to Interrogatory No. 2. Defendant Vigil is to provide a more direct response to the interrogatory. Interrogatory No. 2 is counted as 3 separate interrogatories.
— Interrogatory No. 3 is comprised of 5 discrete subparts and will therefore be counted as 5 separate interrogatories.
— The Court turns to Interrogatory No. 4. The Court will overrule Defendant Vigil's objections and grant the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to

Interrogatory No. 4. The Court asks that Mr. Cole go through the answer with his client. If Defendant Vigil had any conversations with anyone as to Mr. Rapatz selling drugs or cooking methamphetamines from his residence, Defendant Vigil's supplemental response must identify that person.
— Interrogatory No. 4 is counted as 3 interrogatories.
— The Court will overrule Defendant Vigil's objections to and grant the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to Interrogatory No. 5. Defendant Vigil is to provide supplemental responses giving specific answers to each subpart. Interrogatory No. 5 is counted as 2 interrogatories.

*The Court is in recess for lunch from 11:53 a.m. to 1:14 p.m.*

— The Court turns to Interrogatory No. 6, which is counted as 3 interrogatories.
— The Court overrules Defendant Vigil's objections as to Interrogatory No. 6. The Court will grant the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to Interrogatory No. 6 and require Defendant Vigil to provide specific responses to each subpart.
— The Court turns to Interrogatory Nos. 7 and 8. Mr. Thompkins withdraws the Motion to Compel Directed to Defendant Vigil [Doc. 157] as it relates to Interrogatory Nos. 7 and 8.
— Interrogatory No. 8 is counted as 8 separate interrogatories.
— As discussed earlier, the Court's Scheduling Order limits Plaintiffs to 25 interrogatories (including discrete subparts). The Court will deny the Motion to Compel Directed to Defendant Vigil [Doc. 157] with respect to Interrogatory Nos. 9–13 and 15–24 on the grounds that Plaintiff has exceeded the 25-interrogatory limit.
— **The Court turns to Plaintiffs' Motion to Compel Directed to Defendant Vigil [Doc. 157] as it relates to RFPs.**
— The Court understands the following RFPs to be in dispute: 1, 2, 3, 4, 17, 18, 17 (2nd), 18 (2nd), 19, and 20. Counsel confirm this understanding.
— The Court will grant the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to RFP Nos. 1 and 2. Defendant Vigil shall provide supplemental responses to RFP Nos. 1 and 2. Defendant Vigil shall Bates-stamp the documents responsive to the request and then refer to the documents by their Bates numbers in the supplemental response.

- RFP Nos. 3 and 4 are interrogatories rather than RFPs. Accordingly, the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to RFP Nos. 3 and 4 will be denied.
- The Court notes that there are two RFPs listed as "No. 17" and two listed as "No 18."
- The Court will grant the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to the first-listed RFP No. 17; Defendant Vigil shall file a supplemental response specifically identifying the documents responsive to the request.
- Mr. Thompkins states that he seeks a more specific response to the first-listed RFP No. 18. The Court will grant the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to the first-listed RFP No. 18. Defendant Vigil shall file a more specific response.
- The Court will grant the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to the second-listed RFP No. 17. The Court instructs Defendant Vigil to serve a more specific response and expressly state that he does not have tangible materials, etc., apart from those identified in the JSR.
- The Court looks to the second-listed RFP No. 18. Defendant Vigil's response is adequate; the Motion to Compel Directed to Defendant Vigil [Doc. 157] will be denied as to the second-listed RFP No. 18.
- The Court will grant the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to RFP No. 19 and overrule Defendant Vigil's objections to that RFP.
- The Court notes that discovery terminates on May 18, 2015, and encourages counsel to keep this in mind moving forward.
- The Court turns to RFP No. 20. Mr. Cole does not believe that Defendant Vigil has the requested documents. The Court will grant the Motion to Compel Directed to Defendant Vigil [Doc. 157] as to RFP No. 20 and overrule Defendant Vigil's objection. The Court suggests that Defendant Vigil state in response that he does not have the requested documents, has made through his attorney diligent investigation of their existence, and has determined that there are no documents responsive to this request.
- The Court states that the Defendant Vigil must sign both the original Answers and the supplemental answers to the interrogatories.
- **The Court next addresses Plaintiffs' First Motion to Compel Directed to Defendant Pacheco [Doc. 158] ("Motion to Compel Directed to Defendant Pacheco") as it**

**relates to interrogatories.**

— The Court understands the following interrogatories to be in dispute: 1–3 and 5–16. Counsel confirm this understanding.

— The Court looks to Interrogatory No. 1, which asks for Defendant Pacheco's full name, current residence, telephone number, date of birth, and any names by which he was known in the past. The Court overrules the objection as to relevance. The Motion to Compel Directed to Defendant Pacheco [Doc. 158] will be granted in part and denied in part as to Interrogatory No. 1. The Court will deny it as to Defendant Pacheco's current residence and telephone number. The Court will grant it as to his full name, any past names, and date of birth. The Court prohibits Mr. Thompkins from sharing this information with his clients and states that this information shall be "attorney eyes only." Interrogatory No. 1 is counted as 1 interrogatory.

— The Court will grant the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as to Interrogatory No. 2. Defendant Pacheco is to provide a more direct response. Interrogatory No. 2 is counted as 3 separate interrogatories.

— The Court will grant the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as to Interrogatory No. 3 and instruct Defendant Pacheco to provide specific answers for each specific subpart to the extent of his knowledge.

— Interrogatory No. 4 is counted as 4 discrete subparts.

— The Court turns to Interrogatory No. 5, which is counted as 8 interrogatories. The Court overrules Defendant Pacheco's objections that this is compound and overbroad. The Court is not convinced that the interrogatory is so overbroad that it would present difficulty to answer. The Court will grant the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as to Interrogatory No. 5 and require that Defendant Pacheco provide a direct answer to each subpart.

— The Court turns to Interrogatory No. 6. Mr. Cole states that he has reason to believe there may have been a miscommunication with respect to this answer. The Court will grant the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as to Interrogatory No. 6 and require that Defendant Pacheco supplement his response.

— The Court will grant the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as to Interrogatory No. 7 through subpart (b).

— As discussed earlier, the Scheduling Order limits Plaintiffs to

25 interrogatories (including discrete subparts). The Court will deny the Motion to Compel Directed to Defendant Pacheco [Doc. 158] with respect to all interrogatories past Interrogatory No. 7(b), including Interrogatory Nos. 7(c)–(f) and Nos. 8–16, on the grounds that Plaintiff has exceeded the 25-interrogatory limit.

— **The Court turns to the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as it relates to RFPs.**
— The Court understands the following RFPs to be in dispute: 1, 2, 3, 4, 7, 14, 15, and 16. Counsel confirm this understanding.
— The Court will grant the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as to RFP Nos. 1 and 2. Defendant Vigil shall provide a more specific response to the RFPs.
— RFP Nos. 3 and 4 are interrogatories rather than RFPs. Accordingly, the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as to RFP Nos. 3 and 4 will be denied.
— The Court will grant the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as to RFP No. 7. Defendant Pacheco shall provide a supplemental response to RFP No. 7. Defendant Vigil shall Bates-stamp the documents responsive to the request and then refer to the documents by their Bates numbers in the supplemental response.
— The Court turns to RFP Nos. 14 and 15. Mr. Thompkins believes that Defendant Pacheco has access to the information requested and is not expressly prohibited from copying such information for himself. The Court will grant the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as to RFP Nos. 14 and 15 to the extent that Defendant Pacheco has access to the requested documents. Defendant Pacheco may withhold sensitive or confidential information; Defendant Pacheco shall keep a privilege log describing why the documents were not produced.
— The Court will grant the Motion to Compel Directed to Defendant Pacheco [Doc. 158] as to RFP No. 16 to the extent that Defendant Pacheco should file a more specific response.
— **The Court turns to Motion to Compel Directed to the City [Doc. 156] as to RFP No. 10.** It appears that this RFP was skipped earlier, as it was not included in Plaintiffs' summarized list of disputes, *see* [Doc. 156] at 21. The Court will overrule the objections as to RFP No. 10 and grant Plaintiffs' Motion to Compel Directed to the City [Doc. 156] as to RFP No. 10. Defendants may withhold sensitive or

confidential information and shall keep a privilege log describing why such documents were not produced.
— **The Court will reserve ruling on sanctions until after reviewing initial disclosures.**
— **Defendants shall provide supplemental responses by April 23, 2015.**
— There being nothing further, the Court is in recess.