UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

        Case No.: 12-CV-00827 JCH-SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

        Defendants.

**PLAINTIFFS' MOTION FOR A RULING ON PLAINTIFFS'
MOTION TO COMPEL DIRECTED TO THE CITY [DOC. 156]
AND REGARDING RFP NO. 20 AND REQUEST THAT THE COURT
CONDUCT AN IN CAMERA QUESTIONING OF THE DEFENDANTS
AND THE CONFIDENTIAL INFORMANT**

COME NOW the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra [hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V. Thompkins] and for their Motion for a Ruling on Plaintiffs' Motion to Compel Directed to the City [*Doc.* 156] and Regarding RFP No. 20 and Requesting that the Court Conduct an in camera questioning of the Defendants, Vigil and Pacheco and the Confidential Informant state as follows:

Plaintiffs contacted Defendants' counsel, via electronic mail (April 30, 2015) and by telephone (May 1, 2015), seeking Defendants' position on the instant motion. Defendants' counsel responded via e-mail on May 1, 2015, indicating that Defendants' oppose the instant motion.

# I.

## INTRODUCTION

Defendant Danny Pacheco's parents purchased property on Meghill Road and placed their double-wide mobile home next to the residence of Tony Rapatz, Alice Guerra and Katherine Guerra. The Pacheco's immediately had a conflict with Tony Rapatz because Mr. Rapatz, laid-off from work, spent his time refurbishing "muscle cars". Mr. Rapatz' hobby was objectionable to the Pacheco's because on the weekends he would start the vehicles which made a considerable amount of noise. The elder Mr. Pacheco, Sr. verbally complained to his son, the Defendant Officer Danny Pacheco, Jr. The conflict between the Pachecos and Mr. Rapatz rose to such a level that the New Mexico State Police were called.

Not satisfied with the fact that Mr. Rapatz had not broken any laws, the Defendant Officer Pacheco and his parents got together with the co-defendant and fellow Officer Robert Vigil and concocted a story about Mr. Rapatz operating a methamphetamine lab and selling methamphetamines out of his residence. The Affidavit states that the Confidential Informant (hereinafter "CI") advised Defendant Vigil that Mr. Rapatz "admitted to cooking methamphetamines in a different room of the house." Further the CI is alleged that Mr. Rapatz had firearms in the home.

Not only were there no firearms, no methamphetamine lab and no drug sales in the residence but there was no CI with whom Defendant Vigil obtained information. Defendant Vigil's interrogatory answers regarding the CI directly conflicts with the Affidavit and Search Warrant. Defendant Vigil's sworn answers were that he was at all times working "acting as a liaison between the police department and the DEA" and that the "CI was working through the

DEA's office." [*Doc.157-2*, pgs.2-3, ¶ Interrog. # 3]. Defendant Vigil's sworn answers were not confirmed by the DEA and Plaintiffs' submit are also false.

On April 1, 2015, the Honorable Judge Stephan Vidmar issued an Interim Ruling on Plaintiffs' First Motion to Compel directed to Defendant City of Espanola [*Doc.* 156] with Respect to Request for Production No. 20. [See, *Doc.* 169]. The Court noted that Plaintiffs' RFP No. 20 seeks production of '[a] copy of the Confidential Informant Report for the individual informant referred to as 'IT' in the May 11, 2010 Affidavit for Search Warrant …' [Doc. 156-3] at 6." *Id.* While the Court reserved its ruling on Plaintiffs' Motion to Compel regarding RFP No. 20, it ruled that "[n]o later than April 23, 2015, Defendants <u>shall</u> produce the complete, original file pertaining to the confidential informant at the chambers of the Honorable Stephan V. Vidmar … for an in camera review". Judge Vidmar's order provides that, "[t]he Court will issue a ruling on Plaintiffs' Motion to Compel Directed to the City [Doc. 156] with respect to RFP No. 20 following review of the confidential informant file."

On April 23, 2015, Defendants' counsel wrote to Judge Vidmar and stated the following:

> "<u>According to Defendant Officer Vigil, the Confidential Informant file, which is the subject of the Court's Order was removed from the Espanola Police Department by former EPD Lieutenant Christian Lopez when Lt. Lopez left the EPD prior to the filing of Plaintiffs' Complaint</u>. Again, according to Defendant Officer Vigil, <u>Lt. Lopez destroyed the file</u> out of concern for the safety and security of the Informant subsequent to a regime change at the police department."

With Defendants' admission that the CI files were intentionally destroyed by Lt. Lopez, Plaintiffs, as a part this Motion, requests that the Court conduct an in camera interview of the Defendants and the Confidential Informant.

## II.

## ARGUMENT

### A. The Law Regarding Disclosure Of Confidential Informant Information In Civil Proceedings Affords Plaintiffs The Right To AN In Camera Interview And Copy Of The Transcript Of The Interviews Of Defendants And Confidential Informant

Federal Rule of Evidence 501 provides:

> "Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

As noted by the Court in *Chavez v. City of Albuquerque et al.*, [No.13-CV-0557 WJ/SMV] (Memorandum Opinion [Doc.88] Re: Plaintiff's First Motion to Compel Discovery) "the federal common law is instructive on claims of privilege made during the course of a § 1983 Action. See, *Id.* pg.9, ¶ 3, citing *Nixon v. Fitzgerald*, 457 U.S. 731, 769 (1982).

The informer's privilege is "in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Chavez, Id.* citing *Roviaro v. United States*, 353 U.S. 53 (1957) (citations omitted). In *Roviaro*, the United States Supreme Court stated " [t]he purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* A party seeking disclosure of the identity of a confidential informant has the burden of demonstrating a need for disclosure. *United States v. Martinez*, 979 F.2d 1424, 1426 (10th Cir. 1992). One limitation on the applicability of the privilege arises from the fundamental requirements of fairness. *Roviaro*, 353 U.S. at 60. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the

privilege must give way." *Id.* at 60–61; *see United States v. Mendoza*, 236 F. App'x. 371, 386 (10th Cir. 2007) (unpublished).[1] To determine the privilege's applicability, the Supreme Court has set forth a balancing test whereby the public's interest in protecting the flow of information and the personal safety of the informant is weighed against the individual's need for the informant's identity. *Roviaro*, 353 U.S. at 62. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62; *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987).

The Tenth Circuit, in *United States v. Moralez*, 908 F.2d 565 (10th Cir. 1990), described the balancing of interests as follows:

> "[C]ases involving confidential informants fall into several broad categories. At one extreme are the cases where the informant is a mere tipster, and disclosure is not required. At the other extreme are cases such as *Roviaro* itself where the informant has played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial. In addition, there are cases where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant."

*Id.* 908 F.2d at 568 (citing *United States v. Fischer*, 531 F.2d 783, 787 (5th Cir. 1976) (internal citations omitted)).

In applying the *Roviaro* standard, the Tenth Circuit has held that mere speculation about the usefulness of an informant's testimony is not sufficient. *Scafe*, 822 F.2d at 933 (citing *United States v. Zamora*, 784 F.2d 1025, 1030 (10th Cir. 1986); *United States v. Halbert*, 668 F.2d 489, 496 (10th Cir. 1982). Disclosure of an informant is not required where the information sought from him would be merely cumulative, or where the informant is not a participant in the transaction in question.

---

[1] A second limitation on the applicability of the privilege arises "once the identity of the informer has been disclosed to those who would have cause to resent the communication[.]" *Roviaro*, 353 U.S. at 60.

S*cafe*, 822 F.2d at 933 (citing *United States v. Reardon*, 787 F.2d 512, 517 (10th Cir. 1986); *United States v. Perez-Gomez*, 638 F.2d 215, 218 (10th Cir. 1981)). The privilege applies in both civil and criminal cases. *Brock v. On Shore Quality Control Specialists, Inc*., 811 F.2d 282, 283 (5th Cir. 1987); *United States v. One 1986 Chevrolet Van*, 927 F.2d 39, 43 (1st Cir. 1991) (citing *Holman v. Cayce*, 873 F.2d 944, 946 (6th Cir.1989)). The informer's privilege is "arguably stronger" in civil cases "because the constitutional guarantees assured to criminal defendants are inapplicable." *In re Search of 1638 E. 2d St.*, 993 F.2d 773, 775 (10th Cir. 1993). The government is entitled to assert the informer's privilege without showing that reprisal or retaliation is likely. *Id.* at 774.

Ultimately, in assessing whether the informer's privilege is properly invoked, the Court must balance the "public interest in protecting the flow of information against the individual's right to prepare his [cause]." *Roviaro*, 353 U.S. at 63. The balancing is particular to each case, considering such factors as "the crime charged [or claim alleged], the possible defense, the possible significance of the informer's testimony, and other relevant factors." *Id.*

Given the importance of protecting the interests of both parties, courts often have followed an in camera procedure for disclosing the identity of and requesting information from a confidential informant. *See* 3 WEINSTEIN'S FEDERAL EVIDENCE § 510.07 (2d ed. 2011); *see also United States v. Moralez*, 908 F.2d 565, 569 (10th Cir. 1990) (remanding case to the "district court to hold in camera hearings to determine whether the informant's testimony is relevant and whether disclosure is warranted". This procedure preserves the anonymity of the confidential informant while ensuring that the opposing party has access to the testimony of the informant in order to properly vet his or her claims. *Cf. United States v. Harris*, 223 F. App'x. 747, 751–52 (10th Cir. 2007) (unpublished) (affirming district court's rejection of magistrate judge's report and recommendation suggesting disclosure of confidential informant's identity when confidential informant was not involved in drug buy).

Moreover, an in camera procedure may be the fairest approach when the Court faces a dichotomous dilemma; that dilemma being, either deny disclosure, which may render the plaintiff virtually unable to pursue his or her cause of action, or conversely, grant disclosure, which may result in harm to the confidential informant or subsequent difficulty for a governmental entity to recruit citizens to act as confidential informants. *See Rodriguez v. City of Springfield*, 127 F.R.D. 426, 431 (D. Mass. 1989) (recognizing that while an in camera hearing has "its deficiencies both for the defendant and the plaintiff, <u>it offers itself as the fairest and most expeditious method for balancing the parties' competing interests</u>"). Therefore, when a plaintiff's cause of action is contingent upon obtaining information about a confidential informant, an in camera review may be the best method of balancing the parties' competing interests. *See id.* (Emphasis ours).

  i. **Applying The Law To The Facts In The Instant Case Disclosure Via An In Camera Procedure Should Be Granted**

The facts of this case are similar but not completely analogous to the facts of *Roviaro*, where the informant played a crucial role in the alleged criminal transaction, and disclosure and production of the informant were required to ensure a fair criminal trial. The *Roviaro* case involved the informer's privilege, not at a preliminary hearing to determine probable cause for an arrest or search, but at the trial itself where the issue was the fundamental one of innocence or guilt. 353 U.S. at 55. The petitioner there had been brought to trial on a two-count federal indictment charging the sale and transportation of narcotics. *Id.* The informer had been an active participant in the crime and "had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged." *Id.* Only the

informer was "in a position to amplify or contradict the testimony of government witnesses," and his testimony was determined to be "highly relevant and . . . helpful to the defense." *Id.* at 63–64.

Here, the confidential informant provided information to law enforcement regarding alleged methamphetamine manufacturing and selling at Plaintiff's residence. [*Doc.* 94-4] at 6, ¶ 2. In addition, the confidential informant purportedly "observed items such as but not limited to a flask, heating elements, empty boxes of cold allergy medication and acetone. *Id.* Although in this case, the CI did not participate in a drug buys the CI's statements formed probable cause to support the search warrants. It is important to keep in mind that this is not a criminal prosecution for the manufacturing and selling of methamphetamines. Accordingly, here, the informant's participation in allegedly entering Plaintiff's residence was for the purpose of establishing probable cause and is more akin to that of a ―tipster."

The case here involves a civil action where the primary question is not simply whether probable cause can be supported by the "totality of the circumstances" in the issuing of the warrants, but whether Defendants Vigil and Pacheco made false allegations from the outset. As previously noted, the informer's privilege in civil cases is "arguably stronger" because "the constitutional guarantees assured to criminal defendants are inapplicable." *In re Search of 1638 E. 2d St.*, 993 F.2d at 774. At its core, Plaintiffs' civil rights action is targeting Defendants' credibility including, but not limited to, their vetting of the confidential informant, the alleged manufacturing and selling of methamphetamines at the Plaintiffs' residence, and the issuing of the search warrants against the Plaintiff Tony Rapatz. To that end, Plaintiffs argues that information about the confidential informant "including whether he does, in fact, exist" is critical in order to discredit or impeach Defendants' allegations.

On April 1, 2015, the Honorable Judge Stephan Vidmar made an interim ruling on Plaintiffs' First Motion to Compel Directed to Defendant City of Espanola [*Doc.* 156] with

Respect to Request for Production No. 20. [See, *Doc.* 169]. The Court found that Plaintiffs' RFP No. 20 seeks production of '[a] copy of the Confidential Informant Report for the individual information referred to as 'IT' in the May 11, 2010 Affidavit for Search Warrant …' [Doc. 156-3] at 6." *Id.* While the Court reserved its ruling on Plaintiffs' Motion to Compel regarding RFP No. 20, it ruled that "[n]o later than April 23, 2015, Defendants shall produce the complete, original file pertaining to the confidential informant at the chambers of the Honorable Stephan V. Vidmar … for an in camera review". Judge Vidmar held that, "[t]he Court will issue a ruling on Plaintiffs' Motion to Compel Directed to the City [Doc. 156] with respect to RFP No. 20 following review of the confidential informant file."

On April 23, 2015, Defendants' counsel wrote to Judge Vidmar and stated the following:

> "According to Defendant Officer Vigil, the Confidential Informant file, which is the subject of the Court's Order was removed from the Espanola Police Department by former EPD Lieutenant Christian Lopez when Lt. Lopez left the EPD prior to the filing of Plaintiffs' Complaint. Again, according to Defendant Officer Vigil, Lt. Lopez destroyed the file out of concern for the safety and security of the Informant subsequent to a regime change at the police department."

Based upon the intentional destruction of the Confidential Informant files by the Defendants the Court should finds that the in camera procedures, i.e. interview, hearing and transcription of the interview and possible disclosure of the Confidential Informant, are reasonably calculated to lead to the discovery of admissible evidence, and the information sought by Plaintiffs is essential to the fair determination of Plaintiffs' cause. *See Roviaro*, 353 U.S. at 58–62 (noting the potential importance of a confidential informant's testimony when the confidential informant was directly involved in the illegal purchase of heroin, a crime for which the defendant was charged). The in camera procedures are a just solution to the discovery dispute herein presented and the in camera procedure outlined by the court in *Rodriguez*, 127 F.R.D. at 431, are instructive.

Having Ordered the Defendants to turn over the Confidential Informant files, which we now know have been intentionally destroyed by Lt. Lopez, Plaintiffs request that the Court, continuing to following the procedures espoused by *Rodriguez,* enter an order containing the following:

(1) Memorandum Opinion and Order directing Defendants' counsel only to produce Defendants Vigil and Pacheco, along with the confidential informant whose information was used in drafting the probable cause affidavits and in securing the search warrant for the search of Plaintiffs' residence, for an in camera examination by the Court at a place and time to be disclosed in the order. None of Plaintiffs or their counsel should be permitted to attend this examination.

(2) Scheduled the examination at least 21 days from the date the Memorandum Opinion and Order is filed so that the parties will have sufficient time to appeal the Memorandum Opinion and Order if they choose to do so. If any party appeals the Order, the in camera examination will be vacated pending the presiding judge's ruling on the appeal.

(3) If there is no appeal of the Order resulting from the instant motion, Plaintiff's counsel should be permitted to file, in writing, a brief list of suggested questions to be asked by the Court to Defendants Vigil and Pacheco regarding the informant's identity and background, or to the informant himself. The Court will ask the questions it deems appropriate. If the Court decides not to ask a question, it shall explain its reasoning on the record. Defense counsel should not be allowed to object to questions or to question the witnesses himself. The examination will be conducted by the Court and is not a deposition.

(4) A transcript should be made of the in camera examination and sealed.

(5) Counsel for either party may request a redacted copy of the transcript form the court reporter. The informant's name and address, and any other identifying information of persons not parties to this litigation will be redacted from any copies provided to the parties. Nothing in this procedure will limit Plaintiffs' right to depose Defendants Vigil and Pacheco, except that no questions may be asked of them tending to disclose the identity of the informant.

**CONCLUSION**

For all the foregoing reasons, the Court should grant Plaintiffs' Motion to Compel the First Set of Interrogatories regarding RFP No. 20. Order an in camera interview of the Defendants Vigil and Pacheco and the Confidential Informant. Allow Plaintiffs to submit written questions, to the Court for questioning of the Defendants Vigil and Pacheco and the Confidential

Informant. Order that a redacted transcript of the interviews be provided to the parties and Plaintiffs be permitted to depose the Defendants after receipt of the redacted transcripts.

              **RESPECTFULLY SUBMITTED:**

          By: /s/ Nathaniel V. Thompkins
             Nathaniel V. Thompkins
             103 St. Francis Drive, Unit A
             Santa Fe, NM 87501
             505-988-9750
             Fax: (866) 657-8780
             Email: nate@newmexicofirm.com
             *Attorney for Plaintiffs*

I hereby certify that I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing this 2ND day of May, 2015.

   Robert L. Cole, Esquire: rlc@rcolelaw.com
   *Attorney for the City of Espanola, et al.*

By: /s/ Nathaniel V. Thompkins
   Nathaniel V. Thompkins