# Nathaniel Thompkins

**From:** Robert Cole <rlc@rcolelaw.com>
**Sent:** Thursday, April 23, 2015 4:34 PM
**To:** vidmarchambers@nmcourts.fed.us
**Cc:** 'Nathaniel Thompkins'
**Subject:** Rapatz et. al. v City of Espanola et.al.  No. 1:12-CV-827 JCH/SMV

April 23, 2015

Judge Stephan M. Vidmar
U.S. Courthouse
100 Church Street
Las Cruces, New Mexico

Re: Order on Plaintiffs' Motion to Compel Discovery

Regarding the Plaintiffs' Motion to Compel Request for Production No. 20, the Confidential Informant File, the Court's Order is as follows:

"The Court turns to RFP No. 20, which requests "[a] copy of the Confidential Informant Report for the individual informant referred to as „IT" in the May 11, 2010 Affidavit for Search Warrant . . . ."
☐ The Court has dealt with confidential informant issues before. The Court explains that under Tenth Circuit law, confidential informant information is not to be disclosed except under exceptional circumstances.
☐ Mr. Thompkins contends that the confidential informant is fabricated.
☐ Mr. Cole does not know whether any documents concerning the confidential informant exist.
☐ The Court will reserve ruling on the Motion to Compel Directed to the City as to RFP No. 20. Defendants shall submit to the Court any original file concerning the confidential informant. Defendants can send it to the Court via mail, hand deliver it, etc. The Court will conduct an in camera review of the file to determine whether the confidential informant exists. If the Court is not convinced that the confidential informant exists after reviewing the file, the Court will hold another hearing on the matter."

According to Defendant Officer Vigil, the Confidential Informant file, which is the subject of the Court's Order was removed from the Espanola Police Department by former EPD Lieutenant Christian Lopez when Lt. Lopez left the EPD prior to the filing of Plaintiffs' Complaint.  Again, according to Defendant Officer Vigil, Lt. Lopez destroyed the file out of concern for the safety and security of the Informant subsequent to a regime change at the police department.

This information was conveyed to Plaintiffs' counsel, Nathaniel Thompkins on April 16, 2015.  Mr. Thompkins is also copied on this correspondence, as is reflected in his pre-settlement conference demand letter of April 18th.  The revelation regarding the missing file was also conveyed to the defendants' insurer for the purpose of re-evaluation of Plaintiffs' claim in anticipation of the settlement conference scheduled for April 30th.

In consideration of the upcoming settlement conference, Plaintiffs' counsel agreed to a stay regarding all other discovery matters pursuant to the Court's Order, pending the outcome of the Settlement Conference.

Respectfully,

Robert Cole,



# Exhibit A

Attorney for Defendants

```
LAW OFFICE OF ROBERT COLE
6303 Indian School Rd. NE, Suite 100
Albuquerque, NM 87110
505-872-8626; Fax 1-888-233-4794
rlc@rcolelaw.com
```

# Exhibit A