UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

Case No.: 12-CV-00827 RHS/SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

        Defendants.

**PLAINTIFFS' THIRD MOTION TO COMPEL
AND FOR SANCTIONS FOR FAILURE TO
PROVIDE DISCOVERY UNDER RULE 26**

COME NOW the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra [hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V. Thompkins] and for their Third Motion to Compel Failure to provide Discovery under Rule 26, state as follows:

Plaintiffs contacted Defendants' counsel, via electronic mail (April 30, 2015) and by telephone (May 1, 2015), seeking Defendants' position on the instant motion. Defendants' counsel responded via e-mail on May 1, 2015, indicating that Defendants' oppose the instant motion.

**I.**

**INTRODUCTION**

Plaintiffs filed their original Complaint on July 30, 2012. [*Doc.1*]. On January 14, 2013, the Court held a Rule 16 scheduling conference. [*Doc.*25]. At a scheduling conference on November 19, 2014 conducted by Judge Vidmar, counsel for the Plaintiffs advised the Court that while Plaintiffs received Defendants' certificate of service of their initial disclosures, Plaintiffs had not received the actual disclosures. The Court directed Mr. Cole to provide the initial disclosures to Plaintiffs. [See, *Doc.145,* pg.3, last three notations].

On April 4, 2015, Plaintiffs were sent a copy of Defendants' initial disclosures which was dated January 29, 2013. The disclosure listed an insurance policy by Praetorian Insurance Company but did not offer the policy for inspection and copying as required under Rule 26(a)(1)(A)(iv). No documents were attached to Defendants' disclosures. [See, Exhibit A]. After Plaintiffs' counsel requested a copy of the policy, it was delivered via e-mail on April 17, 2015, approximately thirteen (13) days before a scheduled settlement conference on April 30, 2015.

Subsequent to receipt of the Praetorian insurance policy on April 17, 2015, counsel for Plaintiffs learned of an insurance policy with the named insured being the City of Espanola and the insurer as One Beacon America Insurance Company. [See, *Doc. 176*, Affidavit of Plaintiffs' counsel, pgs.1-2, ¶¶s 4-7]. The policy provides coverage for "Law Enforcement Liability" and the policy has a "07/01/1994 Retro Date".[1] [See, Exhibit B, Common Policy Declarations]. Because the policy was not disclosed nor was a copy provided to Plaintiffs in Defendants' initial disclosures, no representative from One Beacon America Insurance Company attended the April 30, 2015 settlement conference. Also, to date, Plaintiffs, have not received a copy of the policy issued to the City of Espanola by One Beacon America Insurance Company. Plaintiffs were

---

[1] The producer of the policy explained that wrongful acts that took place prior to July 7, 1994 are barred from being covered. Plaintiffs' claim occurred in 2010 and the Complaint was filed in 2012 and therefore would be covered under the One Beacon America Insurance Company.

forced to serve the insurance producer with a subpoena requesting a copy of the policies and declaration pages which cover Plaintiffs' injuries and damages.

## II.

## LEGAL STANDARD

### 1. Required Disclosures Without A Discovery Request

Fed. R. Civ. P., Rule 26 provides for automatic production of documents and other information. [See, Rule 26(a) et seq.; see also 8 Charles Alan Wright, *Federal Practice and Procedure*, §§ 2053-2054]. Except to the extent otherwise stipulated or directed by order, a party shall now, without waiting for a discovery request, provide: (2) a copy of or description of document and tangible things in the possession, custody, or control of the party; (4) insurance coverage for which and insurance business may be liable to satisfy <u>all or part of a possible judgment</u> in the action or to indemnify or reimburse for payments made to satisfy the judgment. [Rule 26(a)(1); *Klonoski v. Mahlab,* 156 F.3d 255, 266-68 (1st Cir. 1998). In *Wastson v. United States*, 485 F.3d 1100, 1108 (10th Cir. 2007) the Court noted that Rule 26(a)(1)(A) provides that parties must disclose a copy or location of all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses unless solely for impeachment. *id.*

Pursuant to Fed. R. Civ. P., Rule 26 (a)(1)(iv) - "(a) Initial Disclosure" provides that "(A) … <u>a party must, without awaiting a discovery request, provide to the other parties:</u> … "(iv) for inspection and copying as under <u>Rule 34, any insurance agreement</u> under which an insurance business <u>may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment</u>." *Id.* The timing of the initial disclosures

under Rule 26(C) provides that "… A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference ...". *Id.*

Pursuant to Fed. R. Civ. P., Rule 26(a)(1)(E) "Basis for Initial Disclosure; Unacceptable Excuses", parties "must make its initial disclosures based on the <u>information then reasonably available to it</u>. <u>A party is not excused from making its disclosures because it has not fully investigated the case</u> or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." *Id.* Defendants have failed to satisfy their discovery duties under Rule 26 and should be sanctioned.

### 2. Motion for Sanctions Based Upon Discovery Violations

Title 28 U.S.C. § 636(b)(1) permits federal magistrate judges to hear and determine any nondispositive, pretrial matter. *Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006). Magistrate judges have the authority to impose attorney's fees for discovery violations. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988). Sanctions may be imposed for discovery abuses pursuant to Fed. R. Civ. P. 37(b)(2)(C).

In *Law v. National Collegiate Athletic Ass'n*, 134 F.3d 1438, 1441 (10th Cir. 1998) the Court noted that the language in Rule 37(b)(2), "the reasonable expenses and attorneys' fees", means that "[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained. Where compensation is intended, a fine is imposed, payable to the complainant." *Id.* The Court further noted that a sanction, even if used in a civil contempt order, generally is not appealable as a final order under 28 U.S.C. § 1291. *Id.* at 1443.

"A civil fine is by definition either compensatory or coercive. The Supreme Court has made this plain." *Id.* at 1443. A fine payable to a complainant "must of course be based upon evidence of complainant's actual loss." *United Mine Workers*, 330 U.S. at 304, 67 S.Ct. at 701. The offending party is punished, but a critical feature of civil contempt is that "the punishment is remedial." *Hicks*, 485 U.S. at 631, 108 S.Ct. at 1429 (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911)). "A fine payable to the complaining party and proportioned to the complainant's loss is compensatory and civil." *Hicks*, 485 U.S. at 646-47, 108 S.Ct. at 1437.

## **CONCLUSION**

For all the foregoing reasons, Defendants should be compelled to produce all insurance policies and declarations pages showing insurance coverages for "Law Enforcement Liability" or any other type insurance coverages that may satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment. The policy periods should be from July 1, 2010 to May 1, 2015. Further, Plaintiffs should be awarded their attorney fees and costs for not only for filing the instant motion to compel but also for attending the April 30, 2015 settlement conference in which there was no representative from One Beacon America Insurance Company who attended with full settlement authority. Finally, Plaintiffs should be awarded their attorney fees and costs related to serving the insurance producer with a Subpoena requesting the disclosures that should have been made by the Defendants pursuant to Rule 26.

Plaintiffs' request that the Court grant such other and further relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED:

By: /s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
103 St. Francis Drive, Unit A
Santa Fe, NM 87501
505-988-9750
Fax: (866) 657-8780
Email: nate@newmexicofirm.com
*Attorney for Plaintiffs*

I hereby certify that I filed the
foregoing electronically through
the CM/ECF system, which caused
the following parties or counsel to be served
by electronic means, as more fully reflected
on the Notice of Electronic Filing this 2th
day of May, 2015.

Robert L. Cole, Esquire: rlc@rcolelaw.com
*Attorneys for the City of Espanola, et al.*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins