UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

Case No.: 12-CV-00827 RHS/SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

        Defendants.

**PLAINTIFFS' FIRST AMENDED MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR INTENTIONAL SPOLIATION OF THE CONFIDENTIAL INFORMANTS' FILES**

COME NOW the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra [hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V. Thompkins] and for their Motion for Spoliation of Evidence against the Defendants' state as follows:

Plaintiffs contacted Defendants' counsel, via electronic mail (April 30, 2015) and by telephone (May 1, 2015), seeking Defendants' position on the instant motion. Defendants' counsel responded via e-mail on May 1, 2015, indicating that Defendants' oppose the instant motion.

**I.**

**INTRODUCTION**

On April 1, 2015, the Honorable Judge Stephan Vidmar issued an Interim Ruling on Plaintiffs' First Motion to Compel directed to Defendant City of Espanola [*Doc. 156*] with Respect to Request for Production No. 20. [See, *Doc. 169*]. The Court noted that Plaintiffs' RFP No. 20 seeks production of '[a] copy of the confidential informant Report for the individual informant referred to as 'IT' in the May 11, 2010 Affidavit for Search Warrant …' [*Doc. 156-3*] at 6." *Id.* While the Court reserved its ruling on Plaintiffs' Motion to Compel regarding RFP No. 20, it ruled that "[n]o later than April 23, 2015, Defendants <u>shall</u> produce the complete, original file pertaining to the confidential informant at the chambers of the Honorable Stephan V. Vidmar … for an in camera review". Judge Vidmar's order provides that, "[t]he Court will issue a ruling on Plaintiffs' Motion to Compel Directed to the City [*Doc. 156*] with respect to RFP No. 20 following review of the confidential informant file."

On April 23, 2015, Defendants' counsel wrote to Judge Vidmar and admitted the following:

> "<u>According to Defendant Officer Vigil, the confidential informant file, which is the subject of the Court's Order was removed from the Espanola Police Department by former EPD Lieutenant Christian Lopez when Lt. Lopez left the EPD prior to the filing of Plaintiffs' Complaint</u>. Again, according to Defendant Officer Vigil, <u>Lt. Lopez destroyed the file</u> out of concern for the safety and security of the Informant subsequent to a regime change at the police department."

[See, Exhibit A].

Plaintiffs' <u>Third</u> Amended Complaint alleges, *inter alia*, that Defendants violated their constitutional rights by Defendants Vigil and Pacheco "conspiring to submit false information in the Affidavit and Police Reports." [*Doc. 78,* pg.5, ¶ <u>25</u>]. The search warrant was issued by the First Judicial District Court on May 11, 2010. Plaintiffs allege that the Defendants supplied false information on the search warrant by reporting that a confidential informant entered the

Plaintiffs' home and obtained an admission from Plaintiff that he manufactures and sells methamphetamines out of his home.

In the May 11, 2010 search warrant and affidavit, Defendant Vigil, as the affiant, made the following factual assertions:

"… Affiant had a confidential informant (from hear on known as IT) visit with the occupants of the home. [See, *Doc. 94-4*, pg.6, ¶ 2]. It has worked with affiant in previous cases and has been a good and reliable source. *id.* IT [sic] stated that upon visiting Mr. Rapatz and Alice Guerro[1] [sic] he observed items such as but not limited to a flask, heating elements, empty boxes of cold and allergy medication, and acetone. … Tony Rapatz, they admitted to cooking methamphetamines in a different room of the house. … he observed firearms in the home to include an assault riffle [sic]." *id.*

Defendant Vigil applied for and received a search warrant from the First Judicial District Court based primarily on the information provided by the confidential informant and alleged visit to Plaintiffs' residence, the observations made and the admission of Plaintiffs. However, when Plaintiffs' residence was searched, no narcotics were found, no methamphetamines lab was found, and no firearms were found. Plaintiffs allege that Defendants Vigil and Pacheco essentially fabricated the story about the confidential informant. [*Doc. 78*, pg.5, ¶ 25].

## II.

## **LEGAL STANDARD**

1. **Federal Law Governs Spoliation Issues**

Although it appears that the 10th Circuit Court of Appeals does not appear to have addressed the issue that federal law will govern spoliation of evidence directly, the United States Courts of Appeals in the Fourth, Fifth, Eighth, and Eleventh Circuits have squarely held that

---

[1] Plaintiff's last name is "Guerra".

federal law and not state law governs the spoliation issue. See *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (concluding, despite the parties' agreement that state law governed spoliation, "that a federal law of spoliation applies because . . . the power to sanction for spoliation derives from the inherent power of the court, not substantive law"); *King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003) (federal law governs spoliation of evidence in diversity cases); *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009) (*en banc*) (applying federal law for spoliation sanctions and overruling contrary Sixth Circuit precedent); *Sherman v. Rinchem Co., Inc.*, 687 F.3d 996, 1006 (8th Cir. 2012) ("We now hold, in accordance with our sister circuits, that federal law applies to the imposition of sanctions for the spoliation of evidence."); *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005)("[F]ederal law governs the imposition of sanctions for failure to preserve evidence in a diversity suit."). As the Sixth Circuit explains,

> "… this is the correct view for two reasons. First, the authority to impose sanctions for spoliated evidence arises not from substantive law but, rather, "from a court's inherent power to control the judicial process." *Silvestri*, 271 F.3d at 590 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 . . . (1991)). Second, a spoliation ruling is evidentiary in nature and federal courts generally apply their own evidentiary rules in both federal question and diversity matters. *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003)."

*Adkins v. Wolever*, 554 F.3d at 652. Therefore, Plaintiffs argues that this Court should apply federal law on this issue.

### 2. Sanctions For Spoliation Of Evidence

Spoliation of evidence is an act that is prohibited under Rule 37 of Federal Rules of Civil Procedure.[2] Sanctions for spoliation are preventative, punitive and remedial in nature. Rule

---

[2] Fed. R. Civ. P. Rule 37(b)(2), provides, in relevant part that: "Sanctions Sought in the District Where the Action is Pending" include "If a party … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;

37(b)(2)(C), in addition to any other sanctions, provides for the non-compliant party to pay the expenses, including reasonable expenses and attorney fees, that were caused by that party's failure to comply with the order. *Id.*

"Spoliation is ... the <u>intentional destruction</u> of evidence that is presumed to be unfavorable to the party responsible for its destruction." *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003). Sanctions for spoliation of evidence are appropriate when the party "had a duty to preserve the evidence because it knew or should have known that litigation was imminent, and [the other party] was prejudiced by the destruction of the evidence." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 989 (10th Cir. 2006). A district court has inherent power "to craft proper sanctions for spoliated evidence." *Adkins v. Wolever*, 554 F.3d 650, 651 (6th Cir. 2009) (en banc). "Because failures to produce relevant evidence fall 'along a continuum of fault—ranging from innocence through the degrees of negligence to intentionality,' the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault." See, *Ross v. Am. Red Cross,* pg.7 (6th Cir. 2014) (A full copy of the opinion is attached hereto as Exhibit B). An adverse inference instruction may be an appropriate sanction for spoliation of evidence. *id.* at 988." See, *Moreno v. Taos Cnty. Bd. of Comm'rs*, pg.5 (10th Cir. 2014).

An adverse inference instruction "is appropriate if the Defendants 'knew the evidence was relevant to some issue at trial and . . . [their culpable] conduct resulted in its loss or destruction.'" *Beaven*, 622 F.3d at 553 (quoting *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446,

---

                    \*      \*      \*
   (v)      dismissing the action or proceeding in whole or in part;
   (vi)     rendering a default judgment against the disobedient party;

450 (4th Cir. 2004)) (internal quotation marks and citation omitted). "[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Ross*, supra, at pgs.7-8.

The 10th Circuit further held in *103 Investors I, L.P.* that "Defendant was not required to show that plaintiff acted in bad faith in destroying the evidence in order to prevail on its request for spoliation sanctions. The district court found that plaintiff had a duty to preserve the evidence because it knew or should have known that litigation was imminent, and defendant was prejudiced by the destruction of the evidence because there was no substitute for a direct visual examination of the busway." See*, 103 Investors I, L.P. v. Square D Co.,* 470 F.3d 985, 989 (10th Cir., 2006).

In *Jordan F. Miller Corp. v. Mid-Continent Aircraft Service, Inc.,* No. 97-5089, 1998 WL 68879, pgs. 988-89 (10th Cir. Feb.20, 1998) it was found that "[c]ourts have not generally imposed a similar requirement of bad faith when considering other sanctions for the spoliation of evidence." *Id.* at *4 (citing *Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806-07 (7th Cir.1995); *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267-69 (8th Cir.1993); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368-69 (9th Cir.1992)). In *103 Investors I, L.P.* the 10th Circuit upheld the dismissal of [plaintiff's] damages claim as a spoliation sanction without a showing of bad faith on the part of [plaintiff]." *Id.* at 989. (Emphasis ours).

In the instant case, Plaintiffs mailed a Torts Claim Notice to the City of Espanola via certified mail on May 24, 2010. [*Doc.60-10*, pg.1, ¶ 2]. The Notice expressly stated that

Plaintiffs "are contemplating legal action against the City of Espanola … Espanola Police Officers – Robert Vigil, Danny Pacheco, Lt. Christian Lopez and Chief Joe Martinez …". *id.* The Notice further advised the Defendants that "[t]he Affidavit was based upon false and misleading information that a 'methamphetamine lab' existed at the residence." *id.* Defendants were placed on notice of Plaintiffs' claims and had a duty to preserve the evidence (i.e. confidential informant files) because Defendants knew or should have known that litigation was imminent, and that Plaintiffs would be prejudiced by the destruction of this evidence.[3] We now have learned from Defendant Vigil, in his counsel's letter to the Honorable Judge Vidmar that Lt. Lopez, specifically named in the Torts Claim Notice, intentionally destroyed the confidential informant files.

Defendant Vigil testified in his deposition that Lt. Lopez did not leave the Espanola Police Department until early 2012 which was approximately one (1) year and eight (8) months after the Torts Claims Notice was filed. [See, *Doc.94-8,* pgs.189-90, lns.19-1]. Defendants had "a sufficiently 'culpable state of mind' to warrant the sanction of an adverse inference." *Ross*, supra, at pg.8.

Defendants' Lt. Lopez, with a culpable state of mind, intentionally removed the confidential information file(s)[4] from Defendants' police headquarters contrary to the police department's policy and directives. The Police Department's Directives, 69.1.21 (D)(1) addressed the handling of confidential informant files and provides, in relevant part, that the files

---

[3] The Affidavit of Plaintiffs' counsel, attached hereto as Exhibit D, states that when he spoke with Defendants' counsel regarding the One Beacon America Insurance Company's policy which covers this incident, Plaintiffs' counsel was advised that the May 24, 2010, Torts Claim Notice just got into Praetorian Insurance Company before the July 1, 2010 expiration date.

[4] As noted in the Espanola Policy Department Directives, there are two Confidential Informant files: (1) the Unit file and (2) the Master file. The "unit Sergeant" is required to maintain the unit's confidential informant files in a <u>locked and secured filing cabinet within their office</u>. [Exhibit C, 69.1 (D)(1)]. The "Master file" is maintained by the "Investigation Sec. Sergeant/Lieutenant". [*Id.* 69.1 (D)(2)].

are to be kept in a "locked and secured filing cabinet". [See, Exhibit C]. The files "should not leave the office of the unit sergeant even while being viewed." *Id.* Pursuant to the Espanola Police Department Directives, the department is required to maintain two (2) confidential informant files: (1) "Unit confidential informant files"; and (2) "Master confidential informant files". [See, Exhibit C, 69.1(D) & (E)]. It can only be presumed that since the Defendants have produced neither file that Lt. Lopez destroyed both files.

Defendants in this case rely upon the confidential informant as the basis for establishing probable cause for the issuance of the Search Warrant. The informant is central to their defense and Plaintiffs' claims regarding whether the informant even exists and to determine the veracity or credibility and his basis of knowledge or factual basis. Defendants knew that the confidential informant files were highly relevant and central to the issues at the trial and their culpable conduct resulted in their intentional destruction.

## CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiffs' Motion for Sanctions for Defendants' intentional spoliation of the confidential informant files and give an adverse inference jury instruction as follows:

**SPOLIATION/DESTRUCTION OF EVIDENCE**

Plaintiffs contend that Defendants at one time possessed two (2) confidential informant files. However, Defendants contend that Lt. Christian Lopez destroyed both confidential informant files out of concern about a subsequent regime change at the police department.

You may assume that such evidence would have been unfavorable to Defendants only if you find by a preponderance of the evidence that:

(1) Defendants intentionally destroyed the confidential informant files or caused the confidential informant files to be destroyed; and

(2) Defendants intentionally destroyed the confidential informant files or caused the confidential informant files to be destroyed in bad faith.

Plaintiffs' request that the Court grant such other and further relief that this Court deems just and proper.

**RESPECTFULLY SUBMITTED:**

By: /s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
103 St. Francis Drive, Unit A
Santa Fe, NM 87501
505-988-9750
Fax: (866) 657-8780
Email: nate@newmexicofirm.com
*Attorney for Plaintiffs*

I hereby certify that I filed the
foregoing electronically through
the CM/ECF system, which caused
the following parties or counsel to be served
by electronic means, as more fully reflected
on the Notice of Electronic Filing this 2th
day of May, 2015.

Robert L. Cole, Esquire: rlc@rcolelaw.com
*Attorneys for the City of Espanola, et al.*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins