UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

        Case No.: 12-CV-00827 RHS/SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

        Defendants.

## AFFIDAVIT OF NATHANIEL V. THOMPKINS, ESQUIRE

| STATE OF NEW MEXICO | ) |
|---|---|
|  | ) ss. |
| COUNTY OF SANTA FE | ) |

I, Nathaniel V. Thompkins, upon oath and affirmation state the following:

1.     I am the counsel for the Plaintiffs in the above-referenced matter.

2.     On April 4, 2015, I was presented with Defendants' Rule 26 Initial Disclosures.[1]

3.     On April 17, 2015, Defendants provided me with a copy of the insurance policy referenced in their initial disclosures which was issued by Praetorian insurance company with a policy period from July 1, 2009 to July 1, 2010.

4.     I was subsequently advised by Defendants' counsel that the Torts Claim Notice was submitted to Praetorian, barely before the end of the policy period on July 1, 2010.

---

[1] Although the initial disclosures are dated January 29, 2013, they were not actually received by Plaintiffs' counsel until April 4, 2015.



1 | Page

5.      I personally took the deposition of the Defendant Robert Vigil on June 17, 2013 and specifically asked him when his supervisor, Lt. Christian Lopez left the employment of the Espanola Police Department. The Defendant Robert Vigil testified that Lt. Lopez left the Espanola Police Department in early 2012. Lt. Lopez left the employ of the Espanola Police Department over one (1) year and eight (8) months after the City of Espanola was placed on notice of Plaintiffs' Torts Claim Notice.

6.      In late April, 2015, I spoke with Defendants' counsel regarding the existence of an insurance policy with the named insured being the City of Espanola and the insurer One Beacon America Insurance Company. The policy provides coverage for "Law Enforcement Liability". The policy has a "07/01/1994 Retro Date".[2] I explain to Defendants' counsel that the policy covers wrongful acts which occurred on or after July 1, 1994 through to the end of the policy period.

7.      The insurance policy with One Beacon America Insurance Company was never disclosed by Defendants to Plaintiffs in Defendants' initial Rule 26 disclosures.

8.      I believe these facts to be true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

_____
Nathaniel V. Thompkins

---

[2] The producer of the policy explained that wrongful acts that took place prior to July 7, 1994 are barred from being covered. Plaintiffs' claim occurred in 2010 and the Complaint was filed in 2012 and therefore would be covered under the One Beacon America Insurance Company.



SUBSCRIBED AND SWORN before me this 1st day of May, 2015, by Nathaniel V. Thompkins.

[SEAL]

OFFICIAL SEAL
BINA SHAHANI
Notary Public
State of New Mexico
My Comm. Expires 4/16/19

NOTARY PUBLIC

My Commission Expires on:

4/16/2019

3 | Page

Exhibit D