# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

        Case No.: 12-CV-00827 RHS/SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

        Defendants.

## PLAINTIFFS', TONY RAPATZ, ALICE GUERRA AND KATHERINE GUERRA, MOTION FOR A DIRECTED VERDICT OR JUDGMENT AS A MATTER OF LAW ("JMOL") AND MEMORANDUM IN SUPPORT

COME NOW the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra [hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V. Thompkins] and pursuant to Fed. R. Civ. P., Rule 50 (a) moves this Court for a Directed Verdict or Judgement as a Matter of Law ("JMOL") on Plaintiffs' claim of Judicial Deception (Count I) and 42 U.S.C. § 1983 violation of Plaintiffs' Fourth Amendment Rights (Count II) against the Defendants as set forth in Plaintiffs' Third Amended Complaint [*Doc.78*]:

Plaintiffs' counsel (Nathaniel Thompkins) contacted Defendants' counsel (Robert Cole), via electronic mail (April 30, 2015) and by telephone (May 1, 2015), seeking Defendants' position on the instant motion. Defendants' counsel responded via e-mail on May 1, 2015, indicating that Defendants' oppose the instant motion.

# I.

# INTRODUCTION

On April 1, 2015, the Honorable Judge Stephan Vidmar issued an Interim Ruling on Plaintiffs' First Motion to Compel directed to Defendant City of Espanola [*Doc. 156*] with Respect to Request for Production No. 20. [See, *Doc. 169*]. The Court noted that Plaintiffs' RFP No. 20 seeks production of '[a] copy of the confidential informant Report for the individual informant referred to as 'IT' in the May 11, 2010 Affidavit for Search Warrant …' [*Doc. 156-3*] at 6." *Id.* While the Court reserved its ruling on Plaintiffs' Motion to Compel regarding RFP No. 20, it ruled that "[n]o later than April 23, 2015, Defendants <u>shall</u> produce the complete, original file pertaining to the confidential informant at the chambers of the Honorable Stephan V. Vidmar … for an in camera review". Judge Vidmar's order provides that, "[t]he Court will issue a ruling on Plaintiffs' Motion to Compel Directed to the City [*Doc. 156*] with respect to RFP No. 20 following review of the confidential informant file."

On April 23, 2015, Defendants' counsel wrote to Judge Vidmar and admitted the following:

> "<u>According to Defendant Officer Vigil, the confidential informant file, which is the subject of the Court's Order was removed from the Espanola Police Department by former EPD Lieutenant Christian Lopez when Lt. Lopez left the EPD prior to the filing of Plaintiffs' Complaint</u>. Again, according to Defendant Officer Vigil, <u>Lt. Lopez destroyed the file</u> out of concern for the safety and security of the Informant subsequent to a regime change at the police department."

[See, *Doc.175-1*].

Plaintiffs' Third Amended Complaint alleges, *inter alia*, that Defendants violated their constitutional rights and committed judicial deception by Defendants Vigil and Pacheco "conspiring to submit false information in the Affidavit and Police Reports." [*Doc. 78*, pg.5, ¶¶s

#18 and 25]. The search warrant was issued by the First Judicial District Court on May 11, 2010. Plaintiffs allege that the Defendants supplied false information on the search warrant by reporting that a confidential informant entered the Plaintiffs' home and obtained an admission from Plaintiff that he manufactures and sells methamphetamines out of his home.

In the May 11, 2010 search warrant and affidavit, Defendant Vigil, as the affiant, made the following factual assertions:

> "… Affiant had a confidential informant (from hear on known as IT) visit with the occupants of the home. [See, *Doc. 64-4*, pg.6, ¶ 2]. It has worked with affiant in previous cases and has been a good and reliable source. *id.* IT [sic] stated that upon visiting Mr. Rapatz and Alice Guerro[1] [sic] he observed items such as but not limited to a flask, heating elements, empty boxes of cold and allergy medication, and acetone. … Tony Rapatz, they admitted to cooking methamphetamines in a different room of the house. … he observed firearms in the home to include an assault riffle [sic]." *id.*

Defendant Vigil applied for and received a search warrant from the First Judicial District Court based primarily on the information provided by the confidential informant and the alleged visit to Plaintiffs' residence, the observations made and the admission of Plaintiffs. However, when Plaintiffs' residence was searched, no narcotics were found, no methamphetamines lab was found, and no firearms were found. Plaintiffs allege that Defendants Vigil and Pacheco essentially fabricated the story about the confidential informant and the statements made in the Affidavit and attributed to the informant. [*Doc. 41*, pg.5, ¶ 19].

On May 2, 2015, Plaintiffs filed a Motion for Sanctions based upon Defendants' intentional spoliation of evidence. [*Doc.175*]. Pursuant to D.N.M.LR-Civ. 7.1(a) Plaintiffs adopt by reference Plaintiffs' Motion for Sanctions against Defendants for Intentional Spoliation of the Confidential Informant's Files filed on May 2, 2015 [*Doc.175*].

## II.

## **LEGAL STANDARD**

---

[1] Plaintiff's last name is "Guerra".

1. **The Law Regarding Directed Verdict or JMOL**

Fed. R. Civ. P., Rule 50(a)(2) - Judgment as a Matter of Law – provides, in relevant part that: (2) *Motion*. <u>A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury</u>. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment. (*Id.*) (Emphasis ours). The Rule allows a party to challenge the sufficiency of the evidence prior to submission of the case to the jury and authorizes the Court to grant such motions at the court's discretion. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 396, 126 S. Ct. 980, 983, 163 L. Ed. 2d 974 (2006). "Rule 50(a) provides that a court may enter judgment as a matter of law on an issue when 'there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.' *Burrows v. City of Tulsa, Okl.*, 25 F.3d 1055 (10th Cir. 1994).[2]

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Defendant Robert Vigil submitted an Affidavit in support of the issuance of a Search Warrant for the Plaintiffs' residence on May 11, 2010. [*Doc.94-4*, pg.6, ¶ 2].

2. Defendant Vigil affirmed in the Affidavit the following: "… Affiant had a confidential informant (from hear on known as IT) visit with the occupants of the home." [See, *Doc. 94-4*, pg.6, ¶ 2]. "It [sic] has worked with affiant in previous cases and has been a good and reliable source." *id.* "IT [sic] stated that upon visiting Mr. Rapatz and Alice Guerro[3] [sic] he observed items such as but not limited to a flask, heating elements, empty boxes of cold and allergy medication, and acetone. … Tony Rapatz, they admitted to cooking methamphetamines in a different room of the house. … he observed firearms in the home to include an assault riffle [sic]." *id.*

---

[2] Under CTA 10 Rule 32.1, *et seq.*, this unpublished decision is available on Westlaw and therefore does not require that a copy be attached. The decision may be cited for its "persuasive value".
[3] Plaintiff's last name is "Guerra".

3. On April 1, 2015, the Honorable Judge Stephan Vidmar issued an Interim Ruling on Plaintiffs' First Motion to Compel directed to Defendant City of Espanola [*Doc. 156*] with Respect to Request for Production No. 20. [See, *Doc. 169*].

4. Judge Vidmar ruled on April 1, 2015 that "[n]o later than April 23, 2015, Defendants <u>shall</u> produce the complete, original file pertaining to the confidential informant at his chambers for an in camera review. [See, *Doc. 169*].

5. On April 23, 2015, Defendants' counsel wrote to Judge Vidmar and admitted the following:

> "<u>According to Defendant Officer Vigil, the confidential informant file, which is the subject of the Court's Order was removed from the Espanola Police Department by former EPD Lieutenant Christian Lopez when Lt. Lopez left the EPD prior to the filing of Plaintiffs' Complaint</u>. Again, according to Defendant Officer Vigil, <u>Lt. Lopez destroyed the file</u> out of concern for the safety and security of the Informant subsequent to a regime change at the police department."

[*Doc.178-1*].

## ARGUMENT

**A. Defendants Committed Judicial Deception When They Falsely Stated That A Confidential Informant Went Into Plaintiffs' Home Obtained Admissions From The Plaintiffs, Allegedly Saw Drug Making Materials, And Observed Weapons**

"The Supreme Court has previously stated that the home is entitled to the greatest Fourth-Amendment protection." See, *Kyllo v. United States*, 533 U.S. 27, 31, 121 S. Ct. 2038, 2041-42, 150 L. Ed. 2d 94 (2001). The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." "At the very core" of the Fourth Amendment "stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Id.* Additionally, "[t]he Fourth Amendment provides that no Warrants shall issue, <u>but upon probable</u>

cause, supported by Oath or affirmation, and <u>particularly describing the place to be searched</u>, and <u>the persons or things to be seized</u>. U.S. Const. amend. IV." *Id.* (emphasis ours). See, *Cassady v. Goering*, 567 F.3d 628, 634-35 (10th Cir. 2009).

### i. Probable Cause

In the *United States v. Davis*, 94 F.3d 1465, 1467-68 (10th Cir. 1996) the Court held:

> "... [A]rrests, the most intrusive of Fourth Amendment seizures and <u>reasonable only if supported by probable cause</u>. See, e.g., *Hayes v. Florida*, 470 U.S. 811, 815–16, 105 S.Ct. 1643, 1646–47, 84 L.Ed.2d 705 (1985); *Dunaway v. New York*, 442 U.S. 200, 212–16, 99 S.Ct. 2248, 2256–59, 60 L.Ed.2d 824 (1979)."

*Id.* (Emphasis ours). It has long been recognized that probable cause requires more than a mere suspicion of criminal activity. *Sherouse v. Ratcher*, 573 F.3d 1055, 1062 (10th Cir. 2009). An arrest is distinguished by the involuntary, highly intrusive nature of the encounter. *Manzanares v. Higdon*, 575 F.3d 1135, 1148 (10th Cir. 2009). The <u>use of firearms, handcuffs, and other forcible techniques</u> generally exceed the scope of an investigative detention and <u>enter the realm of an arrest</u>. *Id.* (Emphasis ours). The 10th Circuit noted in *Manzanares v. Higdon*, 575 F.3d 1135, 1148 (10th Cir. 2009) that police have less authority to detain suspects who have witnessed a crime for investigative purposes than to detain criminal suspects. *Id.* at 1149. Further the Court held that a police officer's refusal to exit the home of a suspect's co-worker after the co-worker revoked his consent to enter constituted a violation of the co-worker's clearly established Fourth Amendment rights due to lack of probable cause. As a matter of law Defendants lacked probable cause for the issuance of the search warrant and thereby illegally seize and arrested the Plaintiffs.

### ii. Judicial Deception

A claim of judicial deception asserts that "[an officer] misled the [District Court] judge when applying for the warrant, and had the [District Court] considered all of the facts that the [District Court] would not have found probable cause." See, *Smith v. Almada*, 640 f.3D 931, 937

(9th Cir. 2011). In *S. Meyer v. The Board of County Com'Rs Harper County, OK,* 482 F.3d 1232 (10th Cir. 2007) the Court analyzed the issue of qualified immunity and found that "in a §1983 claim for judicial deception there must be 'a specific affirmative showing of dishonesty by the applicant,' i.e., knowledge of a plaintiff's innocence or that <u>a witness was lying</u>. *Id*. Equally important, a plaintiff must establish that, but for the dishonesty, the challenged action would not have occurred." *Id.* The 10th Circuit in *S. Meyer*, supra, relied upon *Snell v. Tunnell,* 920 F.2d 673, 698 (10th Cir. 1990). The court quoted the following facts from the *Snell*, case:

> "What emerged was a tale of individuals <u>who submitted knowingly false information of sexual abuse and pornography to a state district judge for the sole purpose of obtaining an order to allow the entry and removal of children from the Snell's residence</u>. The Snell's had been at odds with the agency and <u>alleged a retaliatory motive for their complaints</u>. This Court denied qualified immunity on Fourth Amendment grounds, to individual defendants based upon their intentional conduct."

*Id.* As indicated by the Tenth Circuit, if this claim were true, then the deputies' sworn representations as to the existence of probable cause <u>would be perjury</u>, or close to it, and <u>perjury is not objectively reasonable conduct</u>. See, *Snell v. Tunnell,* 920 F.2d 673, 698 (10th Cir. 1990). With this last pronouncement the Court found that the standard for a claim of judicial deception is not determined by the "objective reasonableness" of the Defendant officers. The allegations of knowingly submitting false information is viewed under the "perjury" standard. Plaintiffs have met the Supreme Court's standard that, "a plaintiff must make a substantial showing of <u>deliberate falsehood or reckless disregard for truth</u>, such that would be needed <u>to challenge the presumed validity of an affidavit supporting a search warrant</u> under *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674 2684, 57 L.Ed.2d 667 (1978)." *Id.*

      iii.    **Perjury Is Not Objectively Reasonable**

As indicated by the Tenth Circuit in *Snell v. Tunnell,* 920 F.2d 673, 698 (10th Cir. 1990), if the judicial deception claim is true, then the deputies' sworn representations as to the existence

of probable cause would be perjury, or close to it, and perjury is not objectively reasonable conduct. *Id.* With this last pronouncement the Court found that the standard for a claim of judicial deception is not determined by the "objective reasonableness" of the Defendant officers. The allegations of knowingly submitting false information is viewed under the "perjury" standard. Plaintiffs have met the Supreme Court's standard that, "a plaintiff must make a substantial showing of deliberate falsehood or reckless disregard for truth, such that would be needed to challenge the presumed validity of an affidavit supporting a search warrant under *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674 2684, 57 L.Ed.2d 667 (1978)." *Id.*

### iv. Spoliation Of Evidence Is Attempt To Hide The Lack Of Probable Cause

As argued in Plaintiffs' Motion for Spoliation of Evidence [*Doc.175*], Defendants' intentionally destroyed the confidential informant files to the prejudice of the Plaintiffs, as they Plaintiffs will not able to test the informant's "veracity" (or "credibility") and "basis of knowledge" (or "factual basis") of this hearsay source without the informant's files.

Defendants' defense specifically relies upon the confidential informant as the basis for having established probable cause for Judge Raphelson to have issued the Search Warrant. The informant is central to Defendants' defense. The informant's files are directly related to Plaintiffs' claims regarding whether the informant even exists. Defendants knew that the confidential informant files were highly relevant and central to the issues at the trial and Defendants' culpable conduct resulted in the intentional destruction of the files. Therefore, Plaintiffs are entitled to a directed verdict or JMOL on Count I of their Third Amended Complaint for Judicial Deception.

### B. Defendants' Execution Of A Search Warrant Lacking Probable Cause Violated Plaintiffs' Fourth Amendment Rights

"The Supreme Court has previously stated that the home is entitled to the greatest Fourth-Amendment protection." See, *Kyllo v. United States*, 533 U.S. 27, 31, 121 S. Ct. 2038, 2041-42, 150 L. Ed. 2d 94 (2001). The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." "At the very core" of the Fourth Amendment "stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Id.* Also, "[t]he Fourth Amendment provides that no Warrants shall issue, <u>but upon probable cause</u>, supported by Oath or affirmation …". U.S. Const. amend. IV." *Id.* (emphasis ours). See, *Cassady v. Goering*, 567 F.3d 628, 634-35 (10th Cir. 2009). "[A] violation of the warrant requirement is itself a violation of the Fourth Amendment." *Id.* at 637.

In *United States v. Leon*, 468 U.S. 897, 904, 104 S. Ct. 3405, 3410-11, 82 L. Ed. 2d 677 (1984) the Court held:

> "To the extent that the affidavit set forth facts demonstrating the basis of the informant's knowledge of criminal activity, the information included was fatally stale. <u>The affidavit, moreover, failed to establish the informant's credibility</u>. Accordingly, the Court of Appeals concluded that <u>the information provided by the informant was inadequate under both prongs of the two-part test established in</u> *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).[4] <u>The officers' independent investigation neither cured the staleness nor corroborated the details of the informant's declarations</u>. The Court of Appeals then considered whether the affidavit formed a proper basis for the search of the Sunset Canyon residence. In its view, <u>the affidavit included no facts indicating the basis for the informants' statements concerning respondent Leon's criminal activities and was devoid of information establishing the informants' reliability</u>."

*Id.* (Emphasis ours). As noted by the Court in footnote # 5, even under the "totality of the circumstances" approach the affidavit lacked probable cause and violated Plaintiff's Fourth Amendment Rights. *Id.*

---

[4] *Leon*, foot note # 5: In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), decided last Term, the Court abandoned the two-pronged *Aguilar–Spinelli* test for determining whether an informant's tip suffices to establish probable cause for the issuance of a warrant and substituted in its place a "totality of the circumstances" approach.

The New Mexico Supreme Court, the Tenth Circuit Court of Appeals and United States Supreme Court, in 42 U.S.C. § 1983 cases, limit their review in determining the issue of probable cause in a Warrant to the four corners of the Warrant. See, respectively, *State v. Haidle*, 285 P.3d 668, 673 (2012); *Cassidy v. Goering*, 567 F.3d 628, 643 (10th Cir.); and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986), also see, *United States v. Harvey*, 514 F. Supp. 2d 1257, 1259 (D. Kan. 2007) ("If the judge only considered a supporting affidavit in issuing the warrant, <u>the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners</u>.").

The Supreme Court has held that "[t]he warrant requirement has at least two distinct purposes:

> First, the magistrate's scrutiny is intended to <u>eliminate altogether searches not based on probable cause</u>. The premise here is that any intrusion in the way of search or seizure is an evil, so that no intrusion at all is justified without a careful prior determination of necessity."

See, *Coolidge v. New Hampshire,* 403 U.S. 443, 467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (citations omitted) (emphasis ours). The Warrant in this case contained the perjured statements of the Defendants in order to establish probable cause for the issuance of the search warrant by Judge Raphelson. When the false and perjured states are removed from the warrant there is insufficient probable cause to permit a search, seizure and arrest of the Plaintiffs.

## **<u>CONCLUSION</u>**

For all the foregoing reasons, the Court should grant Plaintiffs' Motion for a Directed Verdict and/or JMOL regarding Count I for Judicial Deception and Count II for violations of Plaintiffs' Fourth Amendment Rights under 42 U.S.C. § 1983. Plaintiffs further request that the Court grant such other and further relief that this Court deems just and proper.

**RESPECTFULLY SUBMITTED:**

By: /s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
103 St. Francis Drive, Unit A
Santa Fe, NM 87501
505-988-9750
Fax: (866) 657-8780
Email: nate@newmexicofirm.com
*Attorney for Plaintiffs*

I hereby certify that I filed the
foregoing electronically through
the CM/ECF system, which caused
the following parties or counsel to be served
by electronic means, as more fully reflected
on the Notice of Electronic Filing this 3rd
day of May, 2015.

    Robert L. Cole, Esquire: rlc@rcolelaw.com
    *Attorneys for the City of Espanola, et al.*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins