UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

Case No.: 12-CV-00827 JCH/SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5, individually,

        Defendants.

**AFFIDAVIT OF NATHANIEL V. THOMPKINS
OF NEW MEXICO FIRM, LLC, SUBMITTED
IN COMPLIANCE WITH THE ORDER [DOC.183]
AWARDING REASONABLE ATTORNEY FEES AND EXPENSES**

STATE OF NEW MEXICO    )
                                    ) ss.
COUNTY OF SANTA FE     )

    I, Nathaniel V. Thompkins, upon oath and affirmation state the following:

    1.    I am an attorney licensed to practice law in the state of New Mexico and admitted to both the State and Federal Bar. I have practiced law in New Mexico for the past 25 years. I am currently the sole member of the New Mexico Firm, LLC;

    2.    New Mexico Firm, LLC, is Plaintiffs' counsel in the above-referenced case. Services rendered and work performed by New Mexico Firm in this action include the following: research of discovery deficiencies regarding interrogatories and request for production of documents in Federal cases; draft letters to opposing counsel regarding discovery; research and draft Motions to Compel; meet with opposing counsel regarding discovery issues; draft and file

joint discovery statement; e-mails and calls to opposing counsel discussing discovery issues; and attend hearing in Las Cruces, New Mexico.

3. The scheduled attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by myself and the paralegal who performed the work in this litigation. The lodestar calculation is based on the firm's current billing rates for Section 1983 cases. The schedule was prepared contemporaneously with a daily calendar, e-mails, and pleadings on computer files that are regularly kept and maintained by my firm.

4. I am familiar with the fees that are customarily charged by attorneys, paralegals and legal assistants and allowed by the court, and know the reasonable value of such legal work.

5. The hourly rates for the attorney and paralegal at the firm are included in Exhibit 1 and are the same as the current rates charged for their services in non-contingent matters and/or which have been accepted in Section 1983 litigation.

6. As reflected in Exhibit 1, attached hereto, the total number of hours expended on this litigation by my firm in connection with the prosecution of the Motions to Compel is fifty-one (51) hours and forty-eight (48) minutes. The total lodestar for my firm is $16,929.04. New Mexico gross receipts taxes are $1,223.44. **The totals together are:** $18,152.48.

7. The Firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expenses items are represented in a separate column and are not duplicated in the firms billing rates.

8. The expenses incurred [Exhibit 2, attached hereto] in connection with the Motions to Compel are reflected on the books and records of the Firm. The books and records are prepared from receipts, credit card or check records and other resource materials and are an

accurate record of the expenses incurred. These records are available for review at the Court's request. The total expenses are: $542.75.

9. In *Mares v. Credit Bureau*, the Tenth Circuit explained that "an award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." 801 F.2d 1197, 1205 (10th Cir. 1986) (citations omitted); see also *Gurule v. Wilson*, 635 F.2d 782, 792 (10th Cir. 1980) ("time spent resolving the fee issue should be included") (citation omitted). See also, *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 162, 164-65 (1990) (explaining that all phases of the litigation, including the pursuit of attorneys' fees, are subject to the same standard in determining the appropriateness of a fee award, for requiring a separate justification for fee litigation would resurrect the financial deterrent that fee-shifting statutes aim to eliminate).

FURTHER AFFIANT SAYETH NOT.

/s/ Nathaniel V. Thompkins
NATHANIEL V. THOMPKINS

SUBSCRIBED AND SWORN before me this 19th day of May, 2015, by Nathaniel V. Thompkins.

[SEAL]
OFFICIAL SEAL
BINA SHAHANI
Notary Public
State of New Mexico
My Comm Expires 4/16/19

NOTARY PUBLIC

My Commission Expires on:

4/16/19

# Exhibit 1

## SUMMARY OF HOURS: NEW MEXICO FIRM, LLC

The following is a summary indicating the amount of time spent by Nathaniel V. Thompkins and the Firm's paralegal who both performed work on the Motions to Compel in RAPATZ, et al. v. CITY OF ESPANOLA, et al.

| Attorney/Paralegal | Total Hours | Billing Rate | Amount |
|---|---|---|---|
| Nathaniel V. Thompkins | 50.1 | $300.00 | $15,030.00 |
| Bina Thompkins | 1.7 | $85.00 | $144.50 |
| Gross Receipts Tax | | 8.1875% | $1,211.79 |
| TOTAL | 46.78 | | $16,386.29 |

# Exhibit 2

## UNREIMBURSED EXPENSES INCURRED BY NEW MEXICO FIRM, LLC

The unreimbursed expenses incurred by New Mexico Firm, LLC, in connection with the Motions to Compel in RAPATZ, et al. v. CITY OF ESPANOLA, et al., are:

| EXPENSE ITEM | Amount |
| --- | --- |
| Hotel | $180.00 |
| Meal (Dinner) | $35.00 |
| Round Trip Mileage | $327.75 |
| TOTAL | $542.75 |