IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

    Plaintiffs,

v.                                                          No. 12-cv-0827 JCH/SMV

JOE MARTINEZ, CHRISTIAN LOPEZ,
ROBERT VIGIL, DANNY PACHECO,
CITY OF ESPAÑOLA EMPLOYEES AND
SUPERVISORS JOHN/JANE DOES, and
CITY OF ESPAÑOLA,

    Defendants.[1]

## ORDER STRIKING AFFIDAVIT FOR ATTORNEY FEES

THIS MATTER is before the Court on the Affidavit of Nathaniel V. Thompkins [for Attorney Fees] [Doc. 185], filed on May 19, 2015. The affidavit will be struck as insufficient. Mr. Thompkins may file an amended affidavit, as outlined herein, no later than **May 26, 2015**.

On May 13, 2015, pursuant to Fed. R. Civ. P. 37(a)(5)(C) and (d)(3), the Court granted Plaintiffs' requests for expenses (including attorney fees) contained in three recent motions to compel [Docs. 156, 157, 158]. Order Granting Plaintiffs' Requests for Expenses [Doc. 183]. Accordingly, the Court ordered Plaintiffs' counsel to submit an affidavit listing his reasonable expenses, including attorney fees, incurred in briefing the motions to compel and in attending the hearing on March 31, 2015. [Doc. 183]. Counsel submitted his affidavit on May 19, 2015, but it is not adequate.

---

[1] Defendants Joe Martinez and Christian Lopez were dismissed as parties on September 30, 2014. [Doc. 135].

The starting point for determining the appropriate amount of attorney fees is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate. *Hensley v. Eckert*, 461 U.S. 424, 433 (1983) (interpreting the attorney fee provision of 42 U.S.C. § 1988); *see also Centennial Archeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (applying the § 1988 attorney-fee case law to Fed. R. Civ. P. 37 attorney-fee issue). This calculation is referred to as the "lodestar" method. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

There are two elements to the reasonableness inquiry: First, whether the attorney has exercised billing judgment and deleted excessive, unnecessary, or redundant fees from his or her fee application, and second, whether the fee award is reasonable in light of the success obtained. *See Hensley*, 461 U.S. at 434. The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case v. Unified School Dist.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). To determine number of hours "reasonably expended," the Court must examine the reasonableness of the total time expended by counsel and the time allotted to specific tasks. *Ramos*, 713 F.2d at 553–54. "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250 (citing *Ramos*, 713 F.2d at 553).

Mr. Thompkins' Affidavit [Doc. 185] contains no detail regarding time expended by specific attorneys on specific tasks. *See* [Doc. 185] at 4. This lack of detail precludes the reasonableness inquiry required by *Hensley* and *Ramos*.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Mr. Thompkins' Affidavit [Doc. 185] is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall file a revised, detailed attorney-fees affidavit no later than **May 26, 2015**. In the event that Defendants dispute the reasonableness of the requested expenses, they shall file a response no later than **June 2, 2015**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**