**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

                                        Case No.: 12-CV-00827 JCH/SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

        Defendants.

**AFFIDAVIT OF NATHANIEL V. THOMPKINS**
**OF NEW MEXICO FIRM, LLC, SUBMITTED**
**IN COMPLIANCE WITH THE ORDER [DOC.183]**
**AWARDING REASONABLE ATTORNEY FEES AND EXPENSES**

STATE OF NEW MEXICO      )
                                   ) ss.
COUNTY OF SANTA FE       )

       I, Nathaniel V. Thompkins, upon oath and affirmation state the following:

       1.       I am an attorney licensed to practice law in the state of New Mexico and admitted to both the State and Federal Bar. I have practiced law in New Mexico for the past 25 years. I am currently the sole member of the New Mexico Firm, LLC;

       2.       New Mexico Firm, LLC, is Plaintiffs' counsel in the above-referenced case. Services rendered and work performed by New Mexico Firm in this action include the following: research of discovery deficiencies regarding interrogatories and request for production of documents in Federal cases; draft letters to opposing counsel regarding discovery; research and draft Motions to Compel; meet with opposing counsel regarding discovery issues; draft and file

joint discovery statement; e-mails and calls to opposing counsel discussing discovery issues; and attend hearing in Las Cruces, New Mexico.

3. The scheduled attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by myself and the paralegal who performed the work in this litigation. The lodestar calculation is based on the firm's current billing rates for Section 1983 cases. The schedule was prepared contemporaneously with a daily calendar, e-mails, and pleadings on computer files that are regularly kept and maintained by my firm.

4. I am familiar with the fees that are customarily charged by attorneys, paralegals and legal assistants and allowed by the court, and know the reasonable value of such legal work.

5. The hourly rates for the attorney and paralegal at the firm are included in Exhibit 1 and are the same as the current rates charged for their services in non-contingent matters and/or which have been accepted in Section 1983 litigation.

6. As reflected in Exhibit 1, attached hereto, the total number of hours expended on this litigation by my firm in connection with the prosecution of the Motions to Compel is fifty-one (51) hours and forty-eight (48) minutes. The total lodestar for my firm is $16,929.04. New Mexico gross receipts taxes are $1,223.44. **The totals together are:** $18,152.48.

7. The Firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expenses items are represented in a separate column and are not duplicated in the firms billing rates.

8. The expenses incurred [Exhibit 2, attached hereto] in connection with the Motions to Compel are reflected on the books and records of the Firm. The books and records are prepared from receipts, credit card or check records and other resource materials and are an

accurate record of the expenses incurred. These records are available for review at the Court's request. The total expenses are: $542.75.

9.   In *Mares v. Credit Bureau*, the Tenth Circuit explained that "an award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." 801 F.2d 1197, 1205 (10th Cir. 1986) (citations omitted); see also *Gurule v. Wilson*, 635 F.2d 782, 792 (10th Cir. 1980) ("time spent resolving the fee issue should be included") (citation omitted). See also, *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 162, 164-65 (1990) (explaining that all phases of the litigation, including the pursuit of attorneys' fees, are subject to the same standard in determining the appropriateness of a fee award, for requiring a separate justification for fee litigation would resurrect the financial deterrent that fee-shifting statutes aim to eliminate).

FURTHER AFFIANT SAYETH NOT.

/s/ Nathaniel V. Thompkins
NATHANIEL V. THOMPKINS

SUBSCRIBED AND SWORN before me this 19th day of May, 2015, by Nathaniel V. Thompkins.

[SEAL]

OFFICIAL SEAL
BINA SHAHANI
Notary Public
State of New Mexico
My Comm Expires 4/16/19

NOTARY PUBLIC

My Commission Expires on:

4/16/19

# Exhibit 1

**SUMMARY OF HOURS: NEW MEXICO FIRM, LLC**

The following is a summary indicating the amount of time spent by Nathaniel V. Thompkins and the Firm's paralegal who both performed work on the Motions to Compel in RAPATZ, et al. v. CITY OF ESPANOLA, et al. [See attachment that follows]

# New Mexico Firm, LLC

103 St Francis Drive, Suite A, Santa Fe, NM 87501 / Phone: (505) 216-9750

| Client | Date | Matter | Time - Attorney | Time - Assist | Details |
|---|---|---|---|---|---|
| Rapatz, A. Guerra & K. Guerra | 12/8/2014 | Draft Discovery Requests | -5.6 | -0.8 | Draft Interrogatories, RFP, Certificate of Service for the City of Espanola, Robert Vigil and Danny Pacheco. File COS with Court. [No charges are included in Attorney Fee affidaivit] |
| | 2/8/2015 | Discover Ltr. | 2.3 | 0.4 | Review City's discovery responses; Research discovery issues; Draft letter to Cole regarding discovery difficiencies. Paralegal review letter before e-mailing and mailing. [Reduction of one (1) our from researching and drafting the three (3) letters for the City, Vigil and Pacheco discovery deficiencies on February 8, 2015]. |
| | 2/8/2015 | Discover Ltr. | 0.8 | 0.4 | Review Vigil's discovery responses; Review research on discovery issues; Draft letter to Cole regarding discovery difficiencies. Paralegal review letter before e-mailing and mailing. |
| | 2/8/2015 | Discover Ltr. | 0.8 | 0.4 | Review Pacheco's discovery responses; Review research on discovery issues; Draft letter to Cole regarding discovery difficiencies. Paralegal review letter before e-mailing and mailing. |
| | 02/7/215 | Draft | 7.8 | 0 | Research and draft Motions to Compel against the City and Vigil; |

# Exhibit 1

| Date | Type | Hours | | Description |
|---|---|---|---|---|
| 2/8/2015 | Draft | 6.4 | 0 | Continue drafting Motions to Compel; Draft Motion to Compel against Pacheco. [Reduction of one (1) hour for drafting all three (3) motions to compel against the City, Vigil & Paheco]. |
| 2/9/2015 | Draft & File | 4.2 | 0 | Finallize Motions to Compel and file with the Court; [Reduced two (2) hours from final drafting and review of Motions and organzation of Exhibits] |
| 2/23/2015 | Review | 0.8 | 0 | Review Defendants' combined response to Plaintiffs' Motions to Compel; [Reduction of .2 time taken in reviewing Defendants' Responses] |
| 2/24/2015 | Research & Draft | 3.1 | 0 | Research and Draft Combined Reply to Defendants' Response to Motion to Compel. [Reduction of one and a half [1.5] hours research cases relied upon by Defendants and reviewing Defendants' Responses] |
| 3/12/2015 | Meeting | 2.5 | 0 | Meeting with Cole and assistant regarding discovery issues; [Reduction of one and a half hours (1 1/2) hours from meeting time with Counsel]. |
| 3/16/2015 | Draft | 1.3 | 0 | Draft letter regarding discovery issues and e-mail to Cole; Reply e-mail from Cole regading the need to have the Judge determine issues; |

# Exhibit 1

| Date | Type | Hours | Hours | Description |
|---|---|---|---|---|
| 3/17/2015 | Draft | 1.8 | 0 | Draft joint discovery statement and forward to Cole; Review Cole's response; File with the Court joint discovery statement; Review Order from Judge amending hearing on Motions to Compel; [Reduced .8 time for discussion and exchanges with opposing counsel regarding content of the statement]. |
| 3/30/2015 | Travel | 4.8 | 0 | Drive to Las Cruces from Santa Fe; [Reduced one (1) hour for dinner] |
| 3/31/2015 | Hearing | 5 | 0 | Prepare and attend hearing before Judge Vidmar; [Reduced one (1) for review and preperation for hearing]. |
| 3/31/2015 | Travel | 4.8 | 0 | Drive back to Santa Fe, NM from Las Cruces; [Deduct one (1) hour for dinner] |
| 5/13/2015 | Call | 1.4 | 0 | Review Order and several telephone calls to and from opposing counsel discussing insurance issues, discovery order and order granting attorney fees & expenses. |
| 5/14/2015 | Draft | 2.3 | 0.5 | Review Order ganting attorney fees and expenses; Draft Affidavit; Prepare Invoice with Costs & attorney fees for submission by May 21, 2015; Paralegal Review docs. [Reduction .5 time in reviewing cases on Lodestar, revising Affidavit and resumitting to the Court]. |
| Hours: | 50.1 | 1.7 |
| Rate: | $300.00 | $85.00 |
| Billing | **$15,030.00** | **$144.50** |
| Gross Receipts | $1,211.79 | $11.65 |
| **TOTAL** | **$16,397.94** | |

Exhibit 1

# Exhibit 2

## UNREIMBURSED EXPENSES INCURRED BY NEW MEXICO FIRM, LLC

The unreimbursed expenses incurred by New Mexico Firm, LLC, in connection with the Motions to Compel in RAPATZ, et al. v. CITY OF ESPANOLA, et al., are:

| EXPENSE ITEM | Amount |
| --- | --- |
| Hotel | $180.00 |
| Meal (Dinner) | $35.00 |
| Round Trip Mileage | $327.75 |
| TOTAL | $542.75 |