UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY RAPATZ, ALICE GUERRA, and
KATHERINE GUERRA,

        Plaintiffs,

vs.

                                   Case No.: 12-CV-00827 JCH-SMV

CITY OF ESPANOLA;
JOE MARTINEZ, individually;
CHRISTIAN LOPEZ, individually;
ROBERT VIGIL, individually;
DANNY PACHECO, individually; and
CITY OF ESPANOLA EMPLOYEES and SUPERVISORS JOHN/JANE DOES 1 through 5,
individually,

        Defendants.

**PLAINTIFFS' MOTION TO COMPEL # 5:
AGAINTS THE DEFENDANTS CITY OF ESPANOLA, ROBERT
VIGIL AND DANNY PACHECO FOR VIOLATING DISCOVERY ORDERS**

COME NOW the Plaintiffs, Tony Rapatz, Alice Guerra, and Katherine Guerra [hereinafter "Plaintiffs"] by and through their counsel, New Mexico Firm, LLC [Nathaniel V. Thompkins] and pursuant to Fed. R. Civ. P. 37(a)(3)(A), (B) & (a)(4) and D.N.M.LR-Civ. 26.3, state the following for their Motion to Compel No. 5 against the Defendants City of Espanola, Robert Vigil and Danny Pacheco for their violating this Court's discovery Orders:

On May 19, 2015, Plaintiffs' counsel wrote to Defendants' counsel giving them until May 22, 2015, approximately one month after the Court ordered date,[1] to supplement their discovery, to provide Plaintiffs with supplemental discovery. [See, Exhibit A, attached hereto]. On Tuesday, May 19, 2015, counsel for Plaintiffs discussed the discovery issues with Defendants' counsel who on this date requested additional time to reply to Plaintiffs' other three pending motions. [*Docs. 174, 175 & 177*]. No agreement was made regarding the instant

---

[1] The Court in *Doc.168*, pg.11, gave Defendants until April 23, 2015 to supplement their Answers and Responses.

discovery which was ordered by the Court. It is therefore presumed that Defendants' oppose this motion.

## INTRODUCTION

1. On February 5, 2015, Plaintiffs filed three Motions to Compel against the Defendants City of Espanola, Robert Vigil and Danny Pacheco. [*Doc.156, 157 & 158*].

2. On March 31, 2015, the Court granted in part and denied in part Plaintiffs' Motion to Compel against the City of Espanola - *Doc.156*. The Court ordered the Defendant City of Espanola to supplement their answers to interrogatories and responses to request for production of documents. [See, *Doc.168,* pgs.2-6].

3. On March 31, 2015, the Court granted in part and denied in part Plaintiffs' Motion to Compel against Robert Vigil - *Doc.157*. The Court ordered the Defendant Robert Vigil to supplement his answers to interrogatories and responses to request for production of documents. [See, *Doc.168,* pgs.6-8].

4. On March 31, 2015, the Court granted in part and denied in part Plaintiffs' Motion to Compel against Danny Pacheco - *Doc.158*. The Court ordered the Defendant Danny Pacheco to supplement his answers to interrogatories and responses to request for production of documents. [See, *Doc.168,* pgs.8-11].

5. Defendants were ordered to provide the supplemental discovery answers and responses to the Plaintiffs by April 23, 2015. [*Doc.168,* pg.11].

6. As of the filing of this Motion, Defendants have failed to comply with the Court's discovery Order and supplement their discovery answers and responses.

## LEGAL ARGUMENT

I. **Failing To Provide Court Order Discovery Prejudices Plaintiffs
And The Court Should Compel Defendants To Comply With Its Orders**

"For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests." *ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc*., 53 F.3d 186, 190 (8th Cir. 1995). It is well-recognized that complete and accurate responses to discovery are imperative to the functioning of the modern trial process. See *Rozier v. Ford Motor Co*., 573 F.2d 1332, 1346 (5th Cir. 1978) (quoting *Dollar v. Long Mfg., N.C.*, 561 F.2d 613, 616 (5th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978)) ("It is axiomatic that '[d]iscovery by interrogatory requires candor in responding.'"). This rule has a simple but important purpose, namely to prevent trial by ambush. See *Reed v. Iowa Marine and Repair Corp*., 16 F.3d 82, 85 (5th Cir. 1994).

Defendants have willfully failed to comply with this Court's Order Granting Plaintiffs' three (3) Motions to Compel [*Docs.156, 157* and *158*]. [See, Clerk's Minutes, D*oc.168*]. Defendants also intentionally failed to comply with the Court's Order requiring the production of the Espanola Police Department's Confidential Informant ("CI") file. [*Doc.169*]. Instead of producing the CI file, Defendants advised the Court that Lt. Christian Lopez intentionally destroyed the CI file because he was allegedly concerned about the new police administration. [*Doc.175-1*]. Defendants intentionally refused to produce in their Rule 26 Initial Disclosures insurance declarations and the policy from One Beacon America Insurance Company. [*Doc.177, 177-1 & 177-2*].

- **History Of Court Ordered Discovery Failures**

Plaintiffs filed their original Complaint on July 30, 2012. [*Doc.1*]. On January 14, 2013, the Court held a Rule 16 scheduling conference. [*Doc.*25]. A second scheduling conference was held by Judge Vidmar on November 19, 2014. At the second conference, counsel for the Plaintiffs advised the Court that while Plaintiffs received Defendants' certificate of service

related to their initial disclosures, Plaintiffs had not received the actual disclosures. The Court directed the Defendants to provide the initial disclosures to Plaintiffs. [See, *Doc.145,* pg.3, last three notations].

On April 4, 2015, Plaintiffs were sent a copy of Defendants' initial disclosures which was dated January 29, 2013. The disclosure listed an insurance policy by Praetorian Insurance Company but did not offer the policy for inspection and copying as required under Rule 26(a)(1)(A)(iv). Additionally, no documents were attached to Defendants' initial disclosures. [*Doc.177-1*]. After Plaintiffs' counsel requested a copy of the policy, it was delivered via e-mail on April 17, 2015, approximately thirteen (13) days before a scheduled settlement conference on April 30, 2015.

Subsequent to receipt of the Praetorian insurance policy on April 17, 2015, counsel for Plaintiffs learned of an insurance policy with the named insured being the City of Espanola and the insurer listed as One Beacon America Insurance Company. [*Doc. 176*, pgs.1-2, ¶¶s 4-7]. The policy provides coverage for "Law Enforcement Liability" and the policy has a "07/01/1994 Retro Date". [*Doc.177-2*]. Because the policy was not disclosed nor was a copy provided to Plaintiffs in Defendants' initial disclosures, no representative from One Beacon America Insurance Company attended the April 30, 2015 settlement conference.

On April 1, 2015, the Court granted Plaintiffs' First Motion to Compel and ordered Defendants to produce the CI file by April 23, 2015. [*Doc.169*]. On April 23, 2015, Defendants' counsel wrote to Judge Vidmar and admitted the following with respect to the CI file:

> "<u>According to Defendant Officer Vigil, the confidential informant file, which is the subject of the Court's Order was removed from the Espanola Police Department by former EPD Lieutenant Christian Lopez when Lt. Lopez left the EPD prior to the filing of Plaintiffs' Complaint</u>. Again, according to Defendant Officer Vigil, <u>Lt. Lopez destroyed the file</u> out of concern for the safety and

security of the Informant subsequent to a regime change at the police department."

[See, *Doc.175-1*]. On May 13, 2015, the Court granted Plaintiffs' request for expenses, including attorney fees, which were incurred in Plaintiffs' First Motions to Compel against all three Defendants. [*Doc.183*].

Courts have consistently held that they have the power to compel adequate answers. See, *Cone Mills Corp. v. Joseph Bancroft & Sons Co.*, 33 F.R.D. 318 (D.Del. 1963). The scope of Rule 37(b)(2) was broadened and extended to include any order "to provide or permit discovery," including orders issued under Rules 37(a) and 35. Various rules authorize orders for discovery— e.g., Rule 35(b)(5), Rule 26(c)(3), as revised, and Rule 37(a)(5); (b)(2)(A); (b)(2)(B); (b)(2)(C); and 26(c) *et seq.* See, Rosenberg, *Sanctions to Effectuate Pretrial Discovery*, 58 Col.L.Rev. 480, 484-486 (1958). Rule 37(b)(2) provides comprehensively for enforcement of all discovery orders. See, *Societe Internationale v. Rogers*, 357 U.S. 197, 207 (1958).

Despite a history of willful discovery abuses and violations of the Orders of this Court, Defendants have intentionally refused to provide Plaintiffs with discovery ordered by this Court to be provided to the Plaintiffs by April 23, 2015. In this case, the Court should sanction Defendants' conduct in this case.

### II. Pursuant To Fed. R. Civ. P. 37 The Court May Impose Sanctions Against The Defendants For Their Failure To Comply With The Court's Discovery Orders

This Court may enter sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) *et seq.* if the Defendants fail to obey a discovery order of this Court. The determination of the appropriate sanction is "a fact-specific inquiry" made by the Court. See, *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Defendants, as set forth above, have demonstrated a habitual failure to

comply with the federal discovery rules, including initial disclosures, and have thwarted the objectives of efficiency and liberal disclosure which underlie the federal discovery rules. See *United States v. Proctor & Gamble*, 356 U.S. 677, 682 (1958); *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir 1973) (proper use of discovery rules conserves precious judicial energies). *Tabatchnick v. G.D.Searle & Co.*, 67 F.R.D. 49, 54 (D.N.J. 1975) (purpose of discovery is to explore everything available and narrow the fact issues in controversy so that the trial process may be efficient and economical). Defendants have now compounded the seriousness of their failures to participate appropriately in the discovery process by failing to obey the Court's discovery orders.

Fed. R. Civ. P., Rule 37(b)(2)(A)(i) – (vii) provides for the imposition of the following sanctions when a party violates discovery orders:

> "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

*Id.*

Also, Rule 37(b)(2)(C) reads: "*Payment of Expenses*. Instead of or in addition to the orders above, the court **must** order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney fees, caused by the failure …". *Id.* Should the Court grant Plaintiffs motion for expenses, Plaintiffs request that they be allow to submit

documentation of the attorney's fees and costs incurred in connection with their Motion for In-Camera Interview [*Doc.174*]; Motion for Sanctions for Intentional Spoliation of the CI files [*Doc.175*]; Third Motion to Compel [*Doc.177*], and the instant Fifth (5th) Motion to Compel.

Fed. R. Civ. P., Rule 37(c)(1)(A), (B) and (C) provides for specific sanctions when a party fails to disclose or supplement. The rule reads as follows:

> (1) *Failure to Disclose or Supplement.* <u>If a party fails to provide information</u> or identify a witness as required by Rule 26(a) or (e), <u>the party is not allowed to use that information</u> or witness <u>to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless</u>. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).
>
> *Id.* (Emphasis ours).

- **Prejudice To Plaintiffs**

Defendants' failure to comply with the Court's ***Order Granting Plaintiffs' Motion to Compel*** [*Doc.168*]; ***Order to Produce the Confidential Informant File***. [*Doc.169*]; and ***Failure To Make Mandatory Rule 26 Initial Disclosures*** [*Doc.177, 177-1 & 177-2*] serves to disadvantage Plaintiffs ability to present and prosecute their case. The prejudice suffered by Plaintiffs includes increased expense and delay that they would not otherwise have incurred, including the costs associated with filing multiple motions to compel Defendants' compliance with the federal rules of procedure and this Court's orders, and having to attend multiple hearings and a settlement conference on these issues.

- **Interference With The Judicial Process**

Defendants have interfered with the judicial process by failing to provide discovery information as required by the federal rules, failing to comply with Court orders requiring him to provide discovery information, and failing to have One Beacon Insurance Company representatives with settlement authority appear at the settlement conference. Defendants' failure to abide by the discovery orders and federal discovery rules in this case, thwarts the Court's ability to effectively manage this case. Defendants' failures have delayed the processing of this case and have interfered with the Court's ability to expeditiously resolve this matter. Defendants have intentionally obstructed the judicial process which they invoked in their response to Plaintiffs' Complaint.

- **Culpability of the Defendants**

On the record in this case, it shows that Defendants are culpable for their intentional failures to follow the federal discovery rules, intentional destruction of highly relevant evidence, and intentional refusal to comply with the Orders of this Court. Defendants' proffered excuse for intentionally destroying the CI file is not credible and represents a troubling state of affairs in the Espanola Police Department when a Police Lieutenant intentionally destroys files out of concern about a change in the police administration. Further, Defendants have offered no excuses or explanation for their intentional refusal to provide mandatory Rule 26 disclosures and their willful violations of this Court's Orders. It was Defendants who chose to answer Plaintiffs' Complaint and aggressively raise a number of affirmative defenses in order to have Plaintiffs' case dismissed or decided in their favor. Having done so, they should not now be free to disregard the requirements of the legal process that they, in setting up a defense, have invoked.

- **The Court Is Not Required Exhaust The Lesser Sanctions**

In *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, 278, 629 P.2d 231 (1980) the New Mexico Supreme Court found that "the case law in New Mexico is not clear as to whether Rule 37(b)(2) is only applicable to a willful or bad faith refusal to obey orders entered under Rule 37(a) and 34." *Id.* Further, the Court was "… unpersuaded that the trial court should have attempted to resolved the problem … by employing lesser sanctions … <u>the court need not exhaust the lesser sanctions</u>. …". *Id.* (Emphasis ours).

The United States Supreme Court in *Societe Internationale v. Rodgers*, 357 U.S. 197, 208-12 (1958), held, in construing the identical language found in New Mexico State District Court's Rule 1-037, to the language in the Federal Rules of Civil Procedure, that:

> "For purposes of subdivision (b)(2) of Rule 37, we think that a party "refuses to obey" simply by failing to comply with an order. So construed the Rule allows a court all the flexibility it might need in framing an order appropriate to a particular situation. Whatever its reasons, petitioner did not comply with the production order. Such reasons, and the willfulness or good faith of petitioner, can hardly affect the fact of noncompliance and are relevant only to the path which the District Court might follow in dealing with petitioner's failure to comply. *Id.* at 208, 78 S.Ct. at 1094. Thus, Rule 37(b)(2) applies to any failure to comply with discovery orders of the type specified therein."

*Id.* The Court then defined "willfulness" as follows:

> "(A) willful violation of a provision of a statute or regulation is any conscious or intentional failure to comply therewith, as distinguished from accidental or involuntary non-compliance, and . . . no wrongful intent need be shown to make such a failure willful."

*Id.* Defendants conduct in each instance set forth above, was willful.

**WHEREFORE**, Plaintiffs, pursuant to Rule 37(b)(2)(A)(i) – (vii) and Rule 37(c)(1)(A), (B) and (C), respectfully requests that the Court impose the following sanctions via an Order establishing the following:

(1) It is an established fact the Defendants did not use a Confidential Informant ("CI") as attested in the May 11, 2010 Affidavit of Robert Vigil;

(2) It is an established fact the Defendants falsely stated in the Affidavit for a Search Warrant that a CI provided information regarding the Plaintiff Tony Rapatz and the CI visited the residence of the Plaintiff Tony Rapatz;

(3) It is an established fact that Defendants did not have probable for the issuance and execution of a Search Warrant, respectively, on May 11, 2010 and May 12, 2010;

(4) It is an established fact that Defendants' Affidavit in support of the Search Warrant contains false information and when the false information is removed there exists no probable cause, in the Search Warrant or Affidavit to search the Plaintiffs' residence on May 12, 2010;

(5) It is an established fact that Defendants had no probable cause to arrest Plaintiffs on May 12, 2010 and Defendants falsely arrested Plaintiffs in violation of their Fourth Amendment Rights under 42 U.S.C. § 1983;

(6) It is an established fact that Defendants actions in making false statements in the Affidavit and regarding the CI constitutes perjury and perjury is not an objectively reasonable act by any law enforcement officer;

(7) It is an established fact that Defendants falsely procured the Search Warrant in order to carry out their plan to exact "Sweet Revenge" upon the Plaintiffs;

(8) It is an established fact that Plaintiffs' injuries were directly and proximately caused by Defendants' acts of perjury on May 11, 2010;

(9) It is an established fact that Plaintiffs committed no intentional torts or committed any acts of negligence which must be compared to the Defendants' actions in this case;

(10) It is an established fact that Defendants were deliberately indifferent to the due process rights of Plaintiffs' when they made false statements in the Affidavit supporting the issuance of the Search Warrant;

(11) It is an established fact that Defendants' committed perjury and otherwise did not act lawfully or in good faith when they obtained a Search Warrant based upon perjured statements concerning the use of a CI;

(12) It is an established fact that Defendants did not have reasonable suspicion for any action taken in applying for, obtaining, executing the Search Warrant in this case;

(13) It is an established fact that Defendants are not entitled to sovereign immunity or qualified immunity in this case;

(14) It is an established fact that Plaintiffs have mitigated their damages;

(15) It is an established fact that Defendants Vigil and Pacheco are liable for punitive damages;

(16) Defendants are prohibited from opposing the designated claims of the Plaintiffs as set forth in the Third Amended Complaint and all of the Defendants' Affirmative Defenses are hereby stricken;

(17) Defendants are prohibited from introducing into evidence any evidence which contradicts or establish a defense to the specific findings of facts as set forth above;

(18) The Court enters a judgment against the Defendants and in favor of Plaintiffs regarding the Third Amended Complaint: Count I (Judicial Deception); Count II (violations of 42 U.S.C. § 1983); and Count III (Excessive Use of Force); and

Pursuant to Rule 37(b)(2)(C) award Plaintiffs their *Expenses* including reasonable attorney fees. Plaintiff requests such other and further relief which the Court deems just and proper.

**RESPECTFULLY SUBMITTED:**

By: /s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
103 St. Francis Drive, Unit A
Santa Fe, NM 87501
Ph.: (505) 988-9750
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing this 22nd day of May, 2015.

Robert L. Cole, Esquire: rlc@rcolelaw.com
*Attorneys for the City of Espanola, et al.*

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins